**Scott F. Kocher, OSB #015088**
scott@forumlawgroup.com
FORUM LAW GROUP LLC
811 SW Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2102
Fax: 503.445.2120

**Rafey S. Balabanian, ILB #6285687***
rbalabanian@edelson.com
**Benjamin H. Richman, ILB #6300668***
brichman@edelson.com
**Eve-Lynn Rapp, ILB #6300632***
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Motion for admission *pro hac vice* forthcoming

Attorneys for Plaintiff  (additional attorneys listed on signature page)

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>**VISALUS, INC.**, a Nevada corporation,<br><br>              Defendant. | Case No.:<br>15-CV-01857<br><br>Plaintiff Lori Wakefield's MOTION FOR CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT<br>Pursuant to Fed. R. Civ. P. 23(b)(2), (3)<br><br>Statutory Action under the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227, *et seq*.) |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | **INTRODUCTION** | 2 |
| II. | **FACTUAL BACKGROUND** | 3 |
| | A. **Common Facts Applicable to All Members of the Classes.** | 3 |
| | B. **Facts Specific to Plaintiff Lori Wakefield** | 3 |
| III. | **ARGUMENT** | 4 |
| | A. **The Proposed Classes** | 4 |
| | B. **The Standard for Certification** | 5 |
| | C. **The Proposed Classes Meet the Requirements of Rule 23(a)** | 6 |
| |     i. *The Numerosity Requirement is Satisfied* | 6 |
| |     ii. *The Commonality Requirement is Satisfied.* | 7 |
| |     iii. *Plaintiff's Claims are Typical of the Classes* | 8 |
| |     iv. *The Adequacy of Representation Requirement is Satisfied* | 9 |
| | D. **The Proposed Classes Meet the Requirements of Rules 23(b)(2) and (b)(3)** | 10 |
| |     i. *Rule 23(b)(2) is Satisfied.* | 10 |
| |     ii. *Rule 23(b)(3) is Satisfied.* | 11 |
| III. | **CONCLUSION** | 14 |

# TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES:**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................................12

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184 (2013)..............................6

*Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015) ..................1

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) .....................................................................2

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ......................................................6, 7, 12

**UNITED STATES CIRCUIT COURT OF APPEALS CASES:**

*Adamson v. Bowen*, 855 F.2d 668 (10th Cir.1988)........................................................................11

*Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) ...........................................................1

*Chapman v. First Index, Inc.*, No. 14-2773, 2015 WL 4652878 (7th Cir. Aug. 6, 2015) ..............1

*Ellis v. Costco Wholesale Corp.,* 657 F.3d 970 (9th Cir. 2011) ......................................................6

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ....................................................8, 9, 11

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000).....................................................9

*Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) ............................................12

*Murray v. GMAC Mortg. Corp.*, 434 F.3d 948 (7th Cir. 2006).....................................................13

*Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012) ........................9, 12

*Parra v. Bashas', Inc.*, 536 F.3d 975 (9th Cir. 2008) ................................................................7, 8

*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011) .........................................................1

*United Steel, Paper & Forestry, Rubber, Mfg. Energy Allied Indus. & Serv. Workers Int'l
    Union, AFL-CIO, CLC, v. ConocoPhillips Co.*, 593 F.3d 802 (9th Cir. 2010) .................12

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996) ............................................12, 13

*Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998)............................................................................11

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010)...................................13

**UNITED STATES DISTRICT COURT CASES:**

*A.F. ex rel. Legaard v. Providence Health Plan*, 300 F.R.D. 474 (D. Or. 2013) ........................... 6

*Dominguez v. Schwarzenegger*, 270 F.R.D. 477 (N.D. Cal. 2010) ............................................... 11

*Holloway v. Full Spectrum Lending*,
    No. CV 06-5975 DOC RNBX, 2007 WL 7698843 (C.D. Cal. June 26, 2007) ................. 13

**STATUTES:**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ......................................... *passim*

**MISCELLANEOUS:**

Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:5 (4th ed. 2002) ......................... 7

## MOTION

Plaintiff Lori Wakefield, through her undersigned counsel, hereby moves this Honorable Court for the entry of an order (i) entering and reserving ruling on this Motion for Class Certification; (ii) allowing for discovery to take place on class-wide issues; (iii) granting Plaintiff leave to file an updated memorandum in support of her Motion for Class Certification upon the conclusion of class-wide discovery; (iv) granting Plaintiff's Motion for Class Certification after full briefing of the issues presented herein; and (v) providing all other and further relief that the Court deems equitable and just.[1]

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION

Plaintiff Lori Wakefield, by and through her undersigned counsel, hereby respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), but requests that the Court enter and continue the instant motion until after the completion of discovery on class-wide issues, at which time Plaintiff will

---

[1] Plaintiff files this motion at the outset of the litigation to prevent Defendant from attempting any so-called "pick-off" to moot her representative claims (*i.e.*, terminating her standing to assert any class claims by tendering to her the full amount of her individual claims). Although the Ninth Circuit has held that "a rejected offer of judgment for the full amount of a putative class representative's individual claim" does not "moot[] a class action complaint where the offer precedes the filing of a motion for class certification," *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1084 (9th Cir. 2011), the Supreme Court recently granted *certiorari* in a case dealing with various "pick-off" issues, which casts doubt on this holding from *Pitts*. *See Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885, at *1 (U.S. May 18, 2015). Accordingly, to best protect the interests of the Classes, Plaintiff files this motion at the outset of this litigation in the manner previously contemplated by the Seventh Circuit. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (overruled by *Chapman v. First Index, Inc.*, No. 14-2773, 2015 WL 4652878, at *3 (7th Cir. Aug. 6, 2015)) (noting that a "[c]lass-action Plaintiff can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named Plaintiff . . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation."). Moreover, since following the *Damasco* procedures effectively precludes Plaintiff from being able to meet or confer with a Defendant who has not yet appeared, Plaintiff respectfully requests, in the interest of justice, that this Court suspend application of any conferral requirements of LR 7-1(a) to the extent they may have otherwise been applicable to this motion, pursuant to its LR 1-4 authority. *See* LR 1-4 ("In the interest of justice, a judge may suspend or modify the application of these rules . . . .").

AND MEMORANDUM IN SUPPORT                          1

submit a more detailed memorandum of points and authorities in support of class certification.

## I.    INTRODUCTION

Even at its outset, this case readily satisfies the prerequisites for class certification. Through a common course of conduct, Defendant ViSalus, Inc. ("ViSalus"), sent telemarketing calls to the members of the putative Classes, including artificial or prerecorded voices, without first obtaining express prior written consent to place such calls, and without regard for the National Do Not Call list. This conduct not only harassed the members of the proposed Classes, but also repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), thus entitling all members of the Classes to statutory damages and injunctive relief.

The injuries suffered by Plaintiff and the putative Classes as a result of Defendant's uniform conduct are nearly identical, and all members of each of the putative Classes are entitled to identical calculations of statutory damages under the TCPA. For these reasons and as discussed further herein, the proposed Classes meet each of the prerequisites to certification under Federal Rules 23(b)(2) and (b)(3), and the instant motion may be granted in its entirety.[2] Notwithstanding, Plaintiff respectfully requests that the Court (1) enter and reserve ruling on Plaintiff's Motion for Class Certification; (2) allow for discovery to take place on class-wide issues; (3) grant Plaintiff leave to file a supplemental memorandum in support of her Motion for Class Certification upon the conclusion of class-wide discovery; (4) grant her Motion for Class Certification after full briefing of the issues presented herein; and (5) provide all other and further relief that the Court deems reasonable and just.

---

[2]    While "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," at other times "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Such is the case here.

## II. FACTUAL BACKGROUND

### A. Common Facts Applicable to All Members of the Classes.

Defendant ViSalus is a is a multi-level marketing company best known for selling a soy protein and sucralose weight-loss concoction, known as "the shake mix that tastes like a cake mix," through a legion of highly motivated salespersons ("Representatives"). (Plaintiff's Complaint ("Compl.") ¶ 1.) Unfortunately for consumers, in an effort to promote its products, Defendant launched a nationwide telemarketing campaign in which the same sorts of telephone calls, including those featuring artificial or prerecorded voices, were placed, without consent, to untold thousands of individuals, many of whom had their numbers listed on the National Do Not Call Registry. (*Id.* ¶ 3.) Defendant not only placed calls to consumers who never purchased any ViSalus products, but also made repeated calls to consumers who, regardless of whether they have ever purchased any ViSalus products, have made express requests to no longer receive telephone calls from Defendant. (*Id.* ¶¶ 15-18.)

Defendant and/or its agents made these telemarketing calls while knowing they did not have the prior express written consent of the call recipients. (*Id.* ¶¶ 18, 27.) In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA. (*Id.*)

### B. Facts Specific to Plaintiff Lori Wakefield.

In February of 2013, Plaintiff Wakefield briefly agreed to be a ViSalus Representative and try some ViSalus products. (*Id.* ¶ 20.) She quickly grew unhappy with the company and its products, however, and cancelled her affiliation within a month. (*Id.*) After she cancelled, ViSalus repeatedly called her to solicit her return, but she told it to stop calling her number and to never contact her again. (*Id.*)

Nonetheless, two years later, ViSalus and/or its agents started calling Plaintiff again, at a number she had listed on the National Do Not Call Registry. (*Id*. ¶ 20.) On a call with Defendant occurring on or around April 9, 2015, Plaintiff Wakefield expressly told Defendant to stop calling her and asked to be placed on its internal do-not-call list. (*Id*. ¶ 21.) Nonetheless, Plaintiff Wakefield continued receiving telemarketing calls from Defendant or its agents, at least one of which featured a prerecorded voice. (*Id*. ¶ 22.) Plaintiff did not provide Defendant or its agents with express written consent to receive such calls, had no existing business relationship with Defendant or its agents at the time of such calls, had not entered into any business transactions with Defendant or its agents during the 18 months preceding such calls, and had received all such calls at a number that she had listed on the National Do Not Call Registry since at least February of 2008. (*Id*. ¶¶ 19-25.)

## II.    ARGUMENT

### A.    The Proposed Classes.

Plaintiff Wakefield brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and two Classes, defined as follows:

> **Do Not Call Class**: All individuals in the United States who received more than one telephone call made by or on behalf of ViSalus within a 12-month period: (1) promoting ViSalus's products or services; (2) at a telephone number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call; (3) where such individual had not entered into any purchase or transaction with ViSalus within the 18 months immediately preceding such calls; and (4) where neither ViSalus nor its agents had any current record of express written consent to place such calls at the times such calls were made.
>
> **Robocall Class**: All individuals in the United States who received a telephone call made by or on behalf of ViSalus: (1) promoting ViSalus's products or services; (2) where such call featured an artificial or prerecorded voice; and (3) where neither ViSalus nor its agents had any current record of prior express written consent to place such call at the time such call was made.
>
> The following people are excluded from the Classes: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

Plaintiff anticipates a potential need to revise the Class definitions following a reasonable period for discovery and respectfully reserves the right to do so. As demonstrated below, the proposed Classes meet each of Rule 23's prerequisites, and the instant motion should be granted in its entirety.

### B.   The Standard for Certification.

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23. Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) the named-representative and her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

In this case, Plaintiff seeks certification of the proposed Classes under both Rule 23(b)(2) and 23(b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a

whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2). Similarly, in order to certify a class under Rule 23(b)(3), there must be questions of law or fact common to the proposed class members, which predominate over any questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013). Indeed, "a district court has no authority to conduct a preliminary inquiry into the merits of a suit at class certification unless it is necessary to determine the propriety of certification," as "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id*. (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552, n. 6 (2011)) (internal citations omitted). "Rule 23 does not authorize a preliminary inquiry into the merits of the suit for purposes other than determining whether certification was proper." *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 983, n. 8 (9th Cir. 2011).

As explained further below, the proposed Classes in this case meet all of the requirements of Rules 23(a), (b)(2), and (b)(3), and therefore can be properly certified.

### C. The Proposed Classes Meet the Requirements of Rule 23(a).

#### i. The Numerosity Requirement is Satisfied.

The numerosity requirement is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement, a plaintiff need not demonstrate the exact number of class members, as there is no "bright-line test or minimum number of class members necessary to meet the numerosity requirement." *A.F. ex rel. Legaard v.*

*Providence Health Plan*, 300 F.R.D. 474, 480 (D. Or. 2013). Generally, however, "40 class members is sufficient to meet the numerosity requirement," and classes numbering in the thousands are clearly sufficient. *Id.*

Here, Plaintiff alleges—and discovery will show—that Defendant has made unauthorized telephone calls to thousands of individuals throughout the country. (Compl. ¶¶ 3, 14-18.) *See* Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:5, 243–46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). Accordingly, the proposed Classes satisfy the numerosity requirement.[3]

    ii. *The Commonality Requirement is Satisfied.*

The second threshold to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This rule is "construed permissively." *Parra v. Bashas', Inc.*, 536 F.3d 975, 978 (9th Cir. 2008). Commonality may be demonstrated when the claims of all class members "depend upon a common contention" and "even a single common question will do." *Dukes*, 131 S.Ct. at 2545, 2556; *see also Parra*, 536 F.3d at 978 ("[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class"). The common contention must be of such a nature that it is capable of class-wide resolution, and that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S.Ct. at 2545. Moreover, the permissive standard of commonality provides that "[w]here the circumstances of each particular class member vary but

---

[3] To the extent the Court requires additional details regarding the number of members in the Classes, such information may be obtained from Defendant's records through discovery.

retain a common core of factual or legal issues with the rest of the class, commonality exists." *Parra*, 536 F.3d at 978-79.

Here, all members of the proposed Classes share common questions of both law and fact, including (i) whether Defendant's conduct violated the TCPA; (ii) whether Defendant and/or its agents made more than one telephone call to the members of the Do Not Call Class within a 12-month period at telephone numbers registered with the National Do Not Call Registry; (iii) whether Defendant systematically made telephone calls to members of the Robocall Class using artificial or prerecorded voices; (iv) whether Defendant made the calls at issue without having records of prior express written consent to make such calls; and (v) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct. (Compl. ¶ 30.)

As only one common question of law *or* fact is required, Plaintiff has easily established the commonality requirement.

       *iii.*    *Plaintiff's Claims are Typical of the Classes.*

Rule 23 next requires that class representatives have claims that are typical of those of the putative class members. Fed. R. Civ. P. 23(a)(3). "The typicality prerequisite of Rule 23(a) is fulfilled if the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.*; *see also General Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982) (noting how the requirements of commonality and typicality "merge").

In this case, as in other TCPA cases, Plaintiff and the proposed members of the Classes

were all uniformly subject to Defendant's telemarketing misconduct. *See Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (affirming district court's finding of typicality in TCPA class action). As Plaintiff alleges, Defendant made improper telemarketing calls to Plaintiff and to all members of the Classes without having prior express written consent. (Compl. ¶¶ 2–3.) As a result of Defendant's misconduct, Plaintiff and the other members of the Classes suffered the same injuries (in the form of the violations of their statutory rights under the TCPA) and are entitled to identical calculations of statutory damages (per call). (*Id.* ¶¶ 27, 37.) As such, by pursuing her own claims, Plaintiff will necessarily advance the interests of the proposed Classes in satisfaction of Rule 23(a)(3)'s typicality requirement.

    iv.  *The Adequacy of Representation Requirement is Satisfied.*

To determine whether a plaintiff satisfies the adequacy factor, the court must ask: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000), as amended (June 19, 2000) (citing *Hanlon*, 150 F.3d at 1020). In addition, "the class representative must not have interests antagonistic to the unnamed class members, and [] the representative must be able to prosecute the action vigorously through qualified counsel." *Id.* (citation and quotation omitted). It is persuasive evidence that proposed class counsel have been found adequate in prior cases. *See id*.

In this case, Plaintiff has the same interests as the members of the proposed Classes. To market its goods and services, Defendant made telemarketing calls to Plaintiff and each member of the putative Classes—using prerecorded voices when calling the members of the Robocall Class, and calling multiple times for the members of the Do Not Call Class—without first

obtaining prior express written consent to do so, all in violation of the TCPA. (*Compl*. ¶¶ 14-27.) Therefore, like the other members of the Classes, Plaintiff's interests lie in ensuring that Defendant's unlawful conduct does not continue in the future and that she and the other members of the Classes recover the statutory damages and injunctive relief to which they are entitled. Further, Plaintiff has no interests antagonistic to those of the Classes. (*Id*. ¶ 32.)

Similarly, Plaintiff's counsel are well-respected members of the legal community, who have extensive experience in class actions of similar size, scope, and complexity to the instant action. (*See* Declaration of Benjamin H. Richman ¶¶ 4-5, a true and accurate copy of which is attached hereto as Exhibit 1.) Moreover, they have regularly engaged in major complex litigation involving the TCPA and consumer privacy issues, have the resources necessary to conduct litigation of this nature, and have frequently been appointed lead class counsel by courts throughout the country. (*Id*.; *see also* Firm Resume of Edelson PC, a true and accurate copy of which is attached as Exhibit 1-A to the Richman Declaration.) Proposed class counsel have already diligently investigated the claims at issue in this action and dedicated substantial resources to the case, and they will continue to do so throughout its pendency. (*Id*. ¶ 6.)

As such, Plaintiff and her counsel have and will continue to adequately represent the Classes, and Rule 23's adequacy requirement is met as well.

###     D.      The Proposed Classes Meet the Requirements of Rules 23(b)(2) and (b)(3).

Once the prerequisites of Rule 23(a) have been satisfied, one of the three subsections of Rule 23(b) must be satisfied as well. Here, Plaintiff seeks certification of the proposed Classes under Rules 23(b)(2) and (b)(3).

####         i.      *Rule 23(b)(2) is Satisfied.*

Rule 23(b)(2) provides that the party opposing certification must have "acted or refused

to act on grounds generally applicable to the class," thereby making injunctive relief appropriate. Fed. R. Civ. P. 23(b)(2). "It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998); *see also Dominguez v. Schwarzenegger*, 270 F.R.D. 477, 487 (N.D. Cal. 2010) citing *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir.1988) (emphasizing that, although "the claims of individual class members may differ factually," certification under Rule 23(b)(2) is a proper vehicle for challenging "a common policy").

Here, there should be no question that Defendant acted on grounds generally applicable to the Classes as a whole. Within each of the putative Classes, Defendant and/or its agents made virtually identical unsolicited telemarketing calls, all without consent and all in violation of the same provisions of the TCPA. (Compl. ¶¶ 11-27.) Within each of the putative Classes, Defendant's conduct did not vary significantly from Class member to Class member and therefore, final injunctive relief is appropriate to protect Plaintiff and the other members of the Classes from such conduct in the future. Thus, the requirements of Rule 23(b)(2) are satisfied.

        ii.       *Rule 23(b)(3) is Also Satisfied.*

Plaintiff also seeks certification of the Classes under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). Certification under Rule 23(b)(3) is appropriate and encouraged "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at 1022. As discussed below, this case readily

meets the predominance and superiority requirements.

Rule 23(b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Courts look to whether "the adjudication of common issues will help achieve judicial economy" in finding predominance. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012). Further, when the plaintiff advances a theory of liability in its certification motion, the court should determine whether common issues predominate under this theory without evaluating the theory itself. *See United Steel, Paper & Forestry, Rubber, Mfg. Energy Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC, v. ConocoPhillips Co.*, 593 F.3d 802, 808-09 (9th Cir. 2010). Common legal and factual issues have been found to predominate where the class members' claims arose under the TCPA. *See, e.g., Meyer*, 707 F.3d at 1042.

Here, the claims of Plaintiff and the other members of the Classes all arise from Defendant's standardized conduct of making unauthorized calls to their telephones. (Compl. ¶¶ 11-27.) Thus, the common questions described above, predominate over any issues affecting only individual Class members (*e.g.*, the total number of telephone calls received by each individual Class member). Moreover, the answers to these questions are necessarily subject to common proof, primarily from information to be found within Defendant's own records. *See Dukes*, 131 S. Ct. at 2551 (2011) ("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to

generate common answers apt to drive the resolution of the litigation."). That is, evidence of the telemarketing calls themselves, how Defendant made them, and to what phone numbers they were made will come from within Defendant's own records. Thus, the only claims at issue in this case—Defendant's alleged violations of the TCPA—simply will not require individual proof such that class treatment would be inappropriate and resolution of that common issue will "help achieve judicial economy." *See Valentino*, 97 F.3d at 1234.

Finally, the instant class action is superior to any other method available to fairly and efficiently adjudicate the claims of the members of the Classes. The superiority requirement's purpose is one of judicial economy and to assure that a class action is the "most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010). "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Id.* at 1175. Moreover, the class action mechanism is superior to individual actions in consumer cases with thousands of members as "Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Holloway v. Full Spectrum Lending*, CV 06-5975 DOC RNBX, 2007 WL 7698843 at *9 (C.D. Cal. June 26, 2007) (citing *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006)).

This case is particularly suited for class treatment because the claims of the Plaintiff and the proposed Classes involve identical alleged violations of a federal statute, namely the making of unsolicited telephone calls by or on behalf of Defendant. In addition, absent a class action, most members of the Classes would find the cost of litigating their claims—each of which is statutorily limited by the TCPA to a maximum of $500 (or $1,500 if trebled)—to be prohibitive

and as such multiple individual actions would be judicially inefficient. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress or that Defendant would not return to their unauthorized calling activities. Accordingly, common questions predominate and a class action is the superior method of adjudicating this controversy.

### III.   CONCLUSION

For the foregoing reasons, and for reasons which will be borne out by Class discovery, this case is appropriate for class certification. Accordingly, Plaintiff, individually and on behalf of the proposed Classes, respectfully requests that the Court issue an order (i) entering and reserving ruling on this Motion for Class Certification; (ii) allowing for discovery to take place on class-wide issues; (iii) granting Plaintiff leave to file an updated memorandum in support of her Motion for Class Certification upon the conclusion of class-wide discovery; (iv) granting Plaintiff's Motion for Class Certification after full briefing of the issues presented herein; and (v) providing all other and further relief that the Court deems equitable and just.[4]

Dated: October 1, 2015                    Respectfully Submitted,

                                          **LORI WAKEFIELD**, individually and on behalf
                                          of classes of similarly situated individuals,

                                          By: s/ Scott F. Kocher
                                               Of Plaintiff's Attorneys

                                          **Scott F. Kocher, OSB #015088**
                                          scott@forumlawgroup.com
                                          FORUM LAW GROUP LLC
                                          811 SW Naito Parkway, Suite 420
                                          Portland, Oregon 97204
                                          Tel: 503.445.2102
                                          Fax: 503.445.2120

---

[4]   Plaintiff respectfully reserves the right to amend the definitions of the Classes, as appropriate, at the conclusion of class-wide discovery.

**Rafey S. Balabanian, ILB #6285687\***
rbalabanian@edelson.com
**Benjamin H. Richman, ILB #6300668\***
brichman@edelson.com
**Eve-Lynn Rapp, ILB #6300632\***
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**Stefan Coleman, NY #4734091\***
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1309 Jericho Tpke, 2nd Floor
New Hyde Park, New York 11040
Tel: 877.333.9427
Fax: 888.498.8946

\*Motion for admission *pro hac vice* forthcoming

Attorneys for Plaintiff