**Joshua M. Sasaki, P.C.**, OSB No. 964182
josh.sasaki@millernash.com
**Jonathan H. Singer,** OSB No. 105048
jonathan.singer@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

        Attorneys for Defendant ViSalus, Inc.

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

**LORI WAKEFIELD**, individually and on behalf of all others similarly situated,

                Plaintiff,

        vs.

**VISALUS, INC**., a Nevada corporation,

                Defendant.

CV No. 3:15-cv-01857-BR

DEFENDANT'S MOTION TO STAY

**ORAL ARGUMENT REQUESTED**

## LR 7-1 CERTIFICATION

        The undersigned counsel certifies that they have made a good faith effort to confer with counsel for plaintiff about this motion but have been unable to resolve the matter.

Page 1 -    Defendant's Motion to Stay

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70069238.2

## MOTION

Defendant ViSalus, Inc., through undersigned counsel, moves the Court to stay this action pending the U.S. Supreme Court's impending decisions in two pivotal cases that directly bear on the disposition of this matter.  This Motion is supported by the Memorandum of Points and Authorities below.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff Lori Wakefield ("Plaintiff") alleges a claim on behalf of herself and two putative classes for statutory damages under the Telephone Consumer Protection Act ("TCPA") based on ViSalus or its agents allegedly calling phone numbers on the national Do Not Call registry, and allegedly making unsolicited and unwanted telemarketing calls using an artificial or prerecorded voice and an automatic telephone dialing system without the called party's prior express written consent.  Plaintiff and the putative classes seek statutory damages only.  [Dkt. 1 ¶¶ 44, 45, 50, 51.]

The Supreme Court is expected to rule in or before June 2016 in *Spokeo, Inc. v. Robins*[1] on whether a plaintiff has standing to allege a bare violation of a statute, without demonstrating the particularized injury required for Article III standing.  The Court is also expected to rule by the end of June 2016 on *Campbell-Ewald Co. v. Gomez* ("*Campbell-Ewald*"),[2] which presents the question of whether a plaintiff and a putative class can proceed with their claims when the defendant makes an offer of judgment under Federal Rule of Procedure 68 to the plaintiff for the entire relief sought in the complaint.  Rulings in the defendant's favor in either of the cases would eliminate Plaintiff's claims.  Therefore, in the interest of avoiding a potential needless

_____

[1] 742 F.3d 409 (9th Cir. 2014) *cert. granted,* --U.S. --, 135 S.Ct. 1892 (2015).

[2] 768 F.3d 871 (9th Cir. 2014) *cert. granted,* -- U.S. --, 135 S.Ct. 2311 (2015).

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70069238.2

expenditure of time and resources in litigation, the Court should use its inherent power to stay these proceedings pending the Supreme Court's ruling on these two cases.

## II.    ARGUMENT

The Court should use its inherent authority to stay this case in order to avoid unnecessary litigation costs when two expected Supreme Court's opinions may dispose of or significantly affect the scope of this litigation.

### A.    The Court has Power to Stay the Case.

It is well established that a federal court has discretion to stay an action, pursuant to its power to control its docket. *See Landis v. N. American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In determining whether to exercise its discretion to grant a stay, courts must weigh the competing interests that will be affected by the grant or denial of a stay. *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962) (affirming stay). The competing interests are (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis,* 299 U.S. at 254–55).

Under this analysis, "[a] trial court may, with propriety, find it is more efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863 (9th Cir. 1979) (remanding for district court to consider the appropriate factors). A stay may be appropriate even if the other proceedings do not control the action before the court. *Id.* at 863–64.

Page 3 -    Defendant's Motion to Stay

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70069238.2

**B.     A Stay is Appropriate Pending *Spokeo*.**

This case should be stayed pending a ruling in *Spokeo* because the Supreme Court's decision could apply directly to dispose of this case.  The *Spokeo* plaintiff alleges that the defendant's posting of inaccurate information about his employment status and other details violates the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  742 F.3d at 710-11. The plaintiff contends that he, and a class of similarly situated individuals, are entitled to statutory damages under the FCRA.  *Id.*  The FCRA provides that a defendant who willfully fails to comply with its provisions is liable to a consumer for "actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000. . .", 15 U.S.C. § 1681n(a).  The Ninth Circuit found that the FCRA "does not require a showing of actual harm when a plaintiff sues for willful violations" or without any "identifiable or measurable actual damages."  *Spokeo*, 742 F.3d at 413 (citation to quoted case omitted).  In other words, Congress "elevated" the bare violation of the FCRA to the status of a legally cognizable injury sufficient for Article III standing. *Id.*

The question before the Supreme Court is "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."[3]  A ruling in favor of the defendant in *Spokeo* would directly apply to the Plaintiff and putative class in this action.  Like the FCRA, the TCPA allows a plaintiff to recover statutory damages without proof of actual damages.  47 U.S.C. § 227(b)(3) (allowing plaintiff "to recover for actual monetary loss for such a violation, or to receive $500 in damages for each such violation"; and for a plaintiff to recover up to treble damages for a willful or knowing violation).  If the Court finds that the *Spokeo* plaintiff lacks standing, then Plaintiff, and the putative class members here, would likewise lack standing because all they allege are

---

[3]  *Spokeo*'s Question Presented is available at http://www.supremecourt.gov/qp/13-01339qp.pdf.

Page 4 -    Defendant's Motion to Stay

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70069238.2

statutory damages based on an alleged "bare violation" of the TCPA.  [*See*  Dkt. 1 ¶¶ 44, 45, 50, 51.]

Courts within the Ninth Circuit, and around the country, have regularly stayed TCPA and other cases alleging bare violations of consumer protection statutes.  *See, e.g.*, *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. CV 15-04767-AB (JCX), 2015 WL 6579779, at *1 (C.D. Cal. Oct. 19, 2015) (staying alleged class action claim under the TCPA pending rulings in *Spokeo* and *Campbell-Ewald*, after finding:  (a) the plaintiff and class would not be materially harmed by the stay; (b) absent a stay, the defendant and court would have to expend potentially wasted resources in litigation; and (c) the issues raised in the defendants' motion to dismiss were identical to those raised in the Supreme Court cases and thus it made little sense to address those issues when a conclusive decision from the Supreme Court was forthcoming).[4]

Absent a stay here, the Court and parties would expend time and resources on class certification and discovery that would be wasted if *Spokeo* applies to bar standing for Plaintiff and the putative class based on statutory damages alone.  A defense ruling would mean that Plaintiff and all class members would have to prove actual damages, which would likely scuttle

---

[4] *See also Tel. Science Corp. v. Hilton Grand Vacations Co., LLC*, No. 6:15-cv-969-Orl-41DAB, 2015 WL 7444409 (M.D. Fla. Nov. 20, 2015) (**TCPA**); *Lopez v. Miami-Dade County*, No. 15-Civ-22943, 2015 WL 7202905 (S.D. Fla. Nov. 6, 2015) (Fair and Accurate Credit Transaction Act ("FACTA")); *Duchene v. Westlawk Servs., LLC*, No. 2:13-cv-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015) (**TCPA**); *Yaakov v. Varitronics, LLC*, No. CIV. 14-5008 ADM/FLN, 2015 WL 5092501, at *4 (D. Minn. Aug. 28, 2015) (**TCPA**); *Salvatore v. Microbilt Corp.*, No. 4:14-cv-1848, 2015 WL 5008856 (M.D. Pa. Aug. 20, 2015) (FCRA, FACTA); *Provo v. Rady Children's Hospital—San Diego*, No. 15cv0081, 2015 WL 6144029 (S.D. Cal. July 29, 2015) (Fair Debt Collection Practices Act); *Stone v. Sterling Infosystems, Inc.*, 2:15-CV-00711-MCE, 2015 WL 4602968 (E.D. Cal. July 29, 2015) (FCRA); *Hillson v. Kelly Servs., Inc.*, 2:15-cv-10803, 2015 WL 4488493 (E.D. Mich. July 15, 2015) (FCRA); *Boise v. ACE USA, Inc.*, No. 15-civ-21264, 2015 WL 4077433, at **6-7 (S.D. Fla. July 6, 2015) (**TCPA**); *Larson v. Trans Union, LLC*, No. 12-cv-05726 (N.D. Cal. June 26, 2015) (FCRA); *Mey v. Frontier Commc'ns Corp.*, No. 3:13-cv-01191 (D. Conn. May 26, 2015) (Order, Dkt. No. 1118) (**TCPA**); *Williams v. Elephant Ins. Co.*, 1:15-CV-00119-GBL, 2015 WL 33631691 (E.D. Va. May 27, 2015) (**TCPA**).

Page 5 -    Defendant's Motion to Stay

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70069238.2

class certification because individual questions would predominate.  Compared to this potential expenditure of tens of thousands of dollars in litigation, the brief stay would not cause any material harm.  This case is new—ViSalus's answer is not due until December 28, 2015. [Dkt. 15.]  At most, a stay would delay the start of discovery for only a few months. Accordingly, in the interest of the fair and efficient administration of justice, the Court should stay this action (as so many district courts have done) until the Supreme Court rules in *Spokeo*.

### C.     The Case Should Be Stayed Pending a Ruling in *Campbell-Ewald*.

The Court should also stay this action pending the Supreme Court ruling in *Campbell-Ewald*, which is expected around the same time.  The relevant Questions Presented are: (1) "Whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim"; and (2) "Whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified."[5]  If the Court in *Campbell-Ewald* rules in the defendant's favor, then ViSalus intends to make a Rule 68 offer of judgment to Plaintiff for the full relief she seeks, thereby mooting her claims and defeating the class action.

Courts in this district, and around the country, have stayed TCPA and other putative-class litigation pending the Supreme Court's decisions in *Campbell-Ewald*.  *See e.g.*, *Eric B. Fromer Chiropractic, supra*; *Wolf v. Lyft, Inc.*, C 15-01441 JSW, 2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015) (issuing stay because *Campbell-Ewald* applied directly to the case, both parties would be harmed by potentially needless litigation, and a stay would be finite and brief).[6] Accordingly, the Court should stay this litigation pending a ruling in *Campbell-Ewald* because a

---

[5] *See Question Presented* available http://www.supremecourt.gov/qp/14-00857qp.pdf.

[6] *See also Schartel v. OneSource Technology, LLC*, No. 1:15-cv-1434, 2015 WL 7430056 (N.D. Ohio Nov. 17, 2015) (FCRA); *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, 4:15-CV-01215-AGF, 2015 WL 6777873 (E.D. Mo. Nov. 4, 2015) (**TCPA**); *Duchene*, *supra*; *Yaakov, supra*; *Boise*, *supra*; *Williams*, *supra*.

Page 6 -    Defendant's Motion to Stay

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70069238.2

ruling in that case will provide ViSalus with guidance regarding an offer of judgment to Plaintiff, and it could be that an offer for the full relief Plaintiff seeks would moot the case.

**III.    CONCLUSION**

For all of the foregoing reasons, ViSalus requests the Court stay this case pending the last of the U.S. Supreme Court rulings in *Spokeo* and *Campbell-Ewald*.


DATED this 29th day of December, 2015.

MILLER NASH GRAHAM & DUNN LLP


*/s/ Jonathan H. Singer*
Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
Jonathan H. Singer, OSB No. 105048
jonathan.singer@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for Defendant*

Page 7 -    Defendant's Motion to Stay

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70069238.2

I hereby certify that I served the foregoing Defendant's Motion to Stay on:

Scott F. Kocher
FORUM LAW GROUP LLC
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Telephone: 503.445.2102
Fax: 503.445.2120
E-mail: scott@forumlawgroup.com

*Attorneys for Plaintiff*

Rafey S. Balabanian (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Eve-Lynn Rapp (*pro hac vice*)
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: 312.589.6370
Fax: 312.589.6378
E-mail: rbalabanian@edelson.com
        brichman@edelson.com
        erapp@edelson.com

*Attorneys for Plaintiff*

Stefan L. Coleman
Law Offices of Stefan Coleman, LLC
201 S. Biscayne Blvd., 28th Floor
Miami, Florida 33131
Telephone: 877.333.9427
Fax: 888.498.8946
Email: law@stefancoleman.com

*Attorneys for Plaintiff*

by the following indicated method or methods on the date set forth below:

☒       **CM/ECF system transmission.**

DATED this 29th day of December, 2015.

/s/ Jonathan H. Singer
Jonathan H. Singer, OSB No. 105048

Of Attorneys for Defendant

Page 1 -     Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70069238.2