Scott F. Kocher, OSB #015088
scott@forumlawgroup.com
FORUM LAW GROUP LLC
811 SW Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2102
Fax: 503.445.2120

Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
Eve-Lynn Rapp (Admitted *pro hac vice*)
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the putative class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**VISALUS, INC.**, a Nevada corporation,<br><br>Defendant. | **Case No.: 3:15-cv-01857-BR**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY** |

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................................1

ARGUMENT ..........................................................................................................3

I.      The Legal Standard for Granting a Stay Places the Burden on ViSalus.....................3

II.     Awaiting the Consideration of *Spokeo* or *Campbell-Ewald* Will Not
        Further the Orderly Course of Justice...........................................................4

        A.      The decision in *Spokeo* is unlikely to affect any of Plaintiff's claims ...............4

        B.      The outcome in *Campbell-Ewald* is inapplicable to this case and
                likewise does not justify a stay .......................................................7

III.    The Balance of Harms Councils Against a Stay.................................................10

        A.      ViSalus has not and cannot establish that any hardship
                would result to it in the absence of a stay .........................................10

        B.      Granting a stay would result in significant harm to Plaintiff.........................13

IV.     The Extra-jurisdictional Orders Cited by ViSalus in Support of a Stay
        are Not a Basis to Ignore Application of the Law in this Circuit,
        Nor are They Persuasive ...............................................................14

        CONCLUSION ............................................................................18

# TABLE OF AUTHORITIES

**United States Supreme Court:**

*ASARCO Inc. v. Kadish*, 490 U.S. 605 (1989)............................................................11

*Clinton v. Jones*, 520 U.S. 681 (1997)................................................................ 3-4

*Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013)........................................8

*Gomez v. Campbell-Ewald*, 135 S.Ct. 2311 (2015) ............................................. *passim*

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .........................................................3

*Mims v. Arrow Financial Serv., LLC*, 132 S.Ct. 740 (Jan 18. 2012)......................6, 11

*Spokeo, Inc. v. Robins*, 1235 S.Ct. 1892 (2015) ............................................. *passim*

*Spokeo, Inc. v. Robins*, No. 13-1339, 2014 WL 1802228 (U.S. May 1, 2014) ..............4

**United States Circuit Court:**

*Boyle v. Int'l Bhd. of Teamsters Local 863 Welfare Fund*,
     579 Fed. App'x 72 (3d Cir. 2014)...........................................................9

*Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2011) .............................8, 15, 17

*CMAX, Inc. v. , 10*, 300 F.2d 265 (9th Cir. 1962)........................................ 3-4, 7, 10

*Diaz v. First Am. Home Buyers Protec. Corp.*, 732 F.3d 948 (9th Cir. 2013) ........9, 15

*Edwards v. First Am. Corp.*, 610 F.3d 514 (9th Cir. 2010) ...........................................15

*Family Health Chiropractic, Inc., v. MD On-Line Solutions, Inc.*,
     No. 15-3508 (6th Cir.) ...........................................................................17

*Gates v. Towery*, 430 F.3d 429 (7th Cir. 2005) ......................................................9

*GCB Commun., Inc. v. U.S. S. Commun., Inc.*, 650 F.3d 1257 (9th Cir. 2011)............9

*Gissendaner v. G. Dep't. of Corr.*, 779 F.3d 1275 (11th Cir. 2015)...........................15

*Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014)....................................15

*Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564 (6th Cir. 2013) .........................9

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979)............................................3

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) ....................................3, 10, 14

*McClellan v. Young*, 421 F.2d 690 (6th Cir. 1970)........................................................13

*Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605 (5th Cir. 2014) ............................................9

*Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979 (9th Cir. 2015) ................................12

*Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014)............................................... 5-6, 15

*Simmons v. United Mortg. And Loan Inv., LLC*, 634 F.3d 754 (4th Cir. 2011) ............................9

*Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087 (9th Cir. 2010)....................................12

*Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000) ..............................................................15

*Zinni v. ER Solutions, Inc.*, 692 F.3d 1162 (11th Cir. 2012) ........................................................9

**United States District Court:**

*Bais Yaakov of Spring Valley v. Graduation Source, LLC*,
    No. 14-CV-3232, 2015 WL 8784250 (S.D.N.Y. Dec. 14, 2015) ...........................8, 11, 17

*Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12-cv-04069 (N.D. Ill.) .....................................17

*Boise v. ACE USA, Inc.*, No. 15-cv-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015)..............16

*Booth v. Appstack, Inc.*,
    No. C13-1533JLR, 2015 WL 1466247 (W.D. Wash. Mar. 30, 2015)..............................13

*Boswell v. Panera Bread Co.*,
    No. 4:14-CV-01833, 2015 WL 6445396 (E.D. Mo. Oct. 23, 2015).......................8, 11, 17

*Cedano v. Thrifty Payless, Inc.*,
    No. CV-10-237-HZ, 2011 WL 8609402 (D. Or. May 9, 2011) .........................................4

*Coniglio v. Radian Group, Inc. et al*, No. 8:15-cv-02406 (M.D. Fla.)....................................15, 17

*Del Vecchio v. Amazon.com*,
    No. 11-cv-0366, 2011 WL 1585623 (W.D. Wash. Apr. 27, 2011) ...................................14

*Dennis v. Trans Union LLC*, No. 14-2865 (E.D. Pa.)....................................................................17

*Doe v. Selection.com*,
No. 15-CV-02338, 2015 WL 5853700 (N.D. Cal. Oct. 8, 2015) ....................10-11, 16-17

*Dreher v. Experian Info. Solutions, Inc.*, No. 11-CV-00624 (E.D. Va.) ......................................17

*Duchene v. Westlake Servs., LLC*,
No. 2:13-cv-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015)................................16

*Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*,
No. CV 15-04767, 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015)...................................16

*Hillson v. Kelly Servs., Inc.*,
No. 2:15-cv-10803, 2015 WL 4488493 (E.D. Mich. July 15, 2015)...............................16

*In re Galena Biopharma, Inc. Derivative Litig.*, 83 F. Supp. 3d 1033 (D. Or. 2015) ......... 3, 13-14

*Kafatos v. Uber Technologies, Inc.*, No. 15-cv-03727 (N.D. Cal.) ..............................................17

*Keim v. ADF MidAtlantic, LLC*, No. 12-cv-80577 (S.D. Fla.) .....................................................17

*Kolinek v. Walgreen Co.*, No. 13 C 4806, 2015 WL 7450759 (N.D. Ill. Nov. 23, 2015) .........6, 17

*Larson v. Trans Union, LLC*, No. 12-cv-05726 (N.D. Cal.)........................................................16

*Lathrop v. Uber Technologies, Inc.*, No. 14-cv-05678 (N.D. Cal.)................................................17

*LG Elecs., Inc. v. Eastman Kodak Co.*,
No. 09-CV-0344H, 2009 WL 1468703 (S.D. Cal. May 26, 2009)............................. 13-14

*Lopez v. Miami-Dade County*,
No. 15-cv-22943, 2015 WL 7202905 (S.D. Fla. Nov. 6, 2015) ................................. 16-17

*Manuel v. Wells Fargo Bank*, No. 3:14-cv-00238 (E.D. Va.) ......................................................17

*Mays v. Grand Daddy's, LLC*,
No. 14-cv-461, 2015 WL 75067 (W.D. Wis. Jan. 6, 2015)......................................... 9-10

*McCaskill v. Navient Solutions, Inc.*, No. 15-cv-01559 (M.D. Fla. Dec. 2, 2015)......................17

*Meyer v. Bebe Stores*, No. 14-cv-00267, 2015 WL 431148 (N.D. Cal. Feb. 2, 2015)...................7

*Milbourne v. JRK Residential Am., LLC*,
No. 12-cv-861, 2014 WL 1369378 (E.D. Va. Apr. 7, 2014) ............................................10

*Montez. v. Chase Home Fin. LLC*,
No. 11-cv-530, 2011 WL 2729445 (S.D. Cal. July 13, 2011).....................................10, 14

*Peters v. Credit Prot. Ass'n LP*,
     No. 2:13-CV-0767, 2015 WL 5216709 (S.D. Ohio Sept. 8, 2015) .......................... *passim*

*Provo v. Rady Children's Hospital—San Diego*,
     No. 15-cv-0081, 2015 WL 6144029 (S.D. Cal. July 29, 2015) .......................................17

*Ricardi v. Ed Ideas, Inc.*, No. 15-cv- 80488 (S.D. Fla.) ........................................................17

*Salvatore v. Microbilt Corp.*,
     No. 4:14-cv-1848, 2015 WL 5008856 (M.D. Pa. Aug. 20, 2015) ...................................16

*Schartel v. OneSource Technology, LLC*,
     No. 1:15-cv-1434, 2015 WL 7430056 (N.D. Ohio Nov. 17, 2015)...................................16

*Seirus Innovative Accessories, Inc. v. Cabela's Inc.*,
     No. 09-CV-102-H, 2011 WL 3268080 (S.D. Cal. July 29, 2011) .................................. 5-6

*Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*,
     No. 1:11-CV-01074, 2011 WL 4005396 (N.D. Ohio Sept. 8, 2011)................................12

*Smith v. Microsoft*,
     No. 11-cv-1958, 2012 WL 2975712 (S.D. Cal. July 20, 2015) ..........................................6

*Smith v. Progressive Fin. Services, Inc.*,
     No. 6:12-CV-1704, 2013 WL 3995004 (D. Or. Aug. 1, 2013) ..........................................9

*Speer v. Whole Food Mkt. Grp., Inc.*,
     No. 14-cv-3035, 2015 WL 2061665 (M.D. Fla. Apr. 29, 2015)................................15, 17

*Starbucks Corp. v. Lundberg*,
     No. 2-cv-948, 2004 WL 2554578 (D. Or. Nov. 10, 2004) ...............................................15

*St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*,
     No. 4:15-cv-01215, 2015 WL 6777873 (E.D. Mo. Nov. 4, 2015) ..................................16

*Stone v. Sterling Infosystems, Inc.*,
     No. 2:15-CV-00711, 2015 WL 4602968 (E.D. Cal. July 29, 2015)................................17

*Tel. Science Corp. v. Hilton Grand Vacations Co., LLC*,
     No. 6:15-cv-969-Orl-41, 2015 WL 7444409 (M.D. Fla. Nov. 20, 2015).........................16

*Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*,
    324 F. Supp. 2d 1152, 1172 (D. Or. 2004) ........................................................3

*U.S. v. Miljus*, No. CV 06-1832, 2007 WL 4976368 (D. Or. July 27, 2007) ..............10

*U.S. v. Miljus*, No. 06-1832, 2007 WL 4287608 (Or. Dec. 3, 2007) ...........................10

*Versa Corp. v. Ag-Bag Int'l. Ltd.*,
    No. cv-01-544, 2001 WL 34046241 (D. Or. Sept. 14, 2001) ...........................12

*Wachner v. Aramark Educ. Services, Inc.*,
    No. CV 02-528-BR, 2004 WL 1354274 (D. Or. June 15, 2004).................. 12-13

*Williams v. Elephant Ins. Co.*,
    No. 1:15-CV-00119, 2015 WL 33631691 (E.D. Va. May 27, 2015) ...............16

*Wolf v. Lyft, Inc.*,
    No. C 15-01441, 2015 WL 4455965 (N.D. Cal. July 20, 2015)........................16

*Woods v. Caremark PHC, L.L.C.*,
    No. 15-cv-00535, 2015 WL 6742124 (W.D. Mo. Nov. 2, 2015) .....................15

*Yaakov v. Varitronics, LLC*,
    No. 14-5008, 2015 WL 5092501 (D. Minn. Aug. 28, 2015)............................16

## State Court:

*Froeber v. Liberty Mut. Ins. Co.*, 222 Or. App. 266 (2008) ..........................................11

*Kellas v. Dept. of Corrections*, 341 Or. 471 (Or. 2006) ...............................................11

*Shea v. Chicago Pneumatic Tool Co.*, 164 Or. App. 198 (1999)...................................12

## Statutes & Rules

15 U.S.C. 1681...............................................................................................*passim*

47 U.S.C. § 227..............................................................................................*passim*

105 Stat. 2394 ........................................................................................................6

District of Oregon Local Rule 7........................................................................................3

Fed. R. Civ. P. 68 ..........................................................................................7, 10, 15

U.S. Const. art. III, § 2 ....................................................................................*passim*

**Miscellaneous**:

*Spokeo* Oral Argument Before the U.S. Supreme Court,
     The National Law Review (Nov. 11, 2015) (http://www.natlawreview.com/
     article/spokeo-oral-argument-us-supreme-court) .................................................................5

In this case, Plaintiff Lori Wakefield alleges that Defendant ViSalus, Inc. ("ViSalus") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by placing thousands of unsolicited robocalls to consumers in an effort to sell its weight-loss products, as well as to recruit them to join its sales and marketing efforts. As detailed in Wakefield's Complaint, ViSalus's telemarketing calls are particularly invasive, as many of the individuals it calls have placed their numbers on the National Do Not Call Registry (the "DNC Registry") specifically so they are not contacted in this manner or harassed by companies like Defendant.

Defendant now seeks to stay this case—and Plaintiff's efforts to make these intrusive calls stop—pending the resolution of *Spokeo, Inc. v. Robins*, 1235 S.Ct. 1892 (2015) and *Gomez v. Campbell-Ewald*, 135 S.Ct. 2311 (2015), two cases that were recently argued before the Supreme Court. According to ViSalus, the impending decisions in these cases will "directly bear" on Plaintiff's TCPA claims, and, if ruled on in its favor, entirely dispose of her case. ViSalus is wrong and it has failed to demonstrate how any of the factors that must be considered warrant a stay.

With regard to the first factor, a stay would not serve the interests of justice as neither a decision in *Spokeo* nor *Campbell-Ewald* will have a determinative effect on this case. As to *Spokeo*, there exists a significant possibility that the Supreme Court affirms the Ninth Circuit's decision and confirms that the violation of a statutory right alone is a sufficient injury to confer Article III standing. But even if the Court reverses and adopts Spokeo's arguments—which are based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") and not presently at issue here—Plaintiff still wouldn't be barred from moving forward given the concrete privacy injuries

(in addition to the statutory violations) alleged here. *Campbell-Ewald*—which concerns whether an offer of complete relief moots a plaintiff's claims—is even less applicable. ViSalus hasn't made an offer of any kind to Wakefield—let alone one that provides "complete relief"—so the idea that the Supreme Court's ruling will "provide ViSalus with guidance" is far too speculative to warrant the "extraordinary" relief it now seeks.

Next, ViSalus has similarly failed to demonstrate that the second and third factors to be considered—which balance the hardship that may result from granting a stay, with that which might result from requiring the case to go forward—justify a stay either. Putting aside the significant possibility that the Supreme Court's rulings will *not* favor Defendant, the Ninth Circuit has made clear that merely being required to defend against a lawsuit is not sufficient hardship to warrant a stay. ViSalus's argument is further weakened by the fact that a forum will inevitably exist in which Plaintiff can press her claims regardless of the outcome of *Spokeo*, and given that Defendant has already answered, the efforts spent by the Parties engaging in discovery simply will not be "unnecessarily" expended. By contrast, Plaintiff would suffer substantial prejudice and harm in the face of a stay, as witness memories fade with the passage of time and crucial evidence held by unidentified third parties could be destroyed if not preserved. Thus, the second and third factors to be considered do not merit a stay either.

Finally, ViSalus references a handful of non-binding cases in which a stay has been granted. These authorities are no more compelling. Primarily, ViSalus neglects that this Court has "no authority" to await a decision from the Supreme Court where the Ninth Circuit has already decided the issue. It also conveniently fails to mention that at least an equal number of cases—which are far more on point and persuasive—have ruled the other way.

For these reasons, and as explained below, the Court should deny Defendant's Motion.[1]

## ARGUMENT

### I.     The Legal Standard for Granting a Stay Places the Burden on ViSalus.

Federal courts possess the inherent power to stay proceedings. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). A stay, however, is considered an extraordinary remedy and should only be permitted in "rare circumstances." *In re Galena Biopharma, Inc. Derivative Litig.*, 83 F. Supp. 3d 1033, 1042 (D. Or. 2015) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)). Courts in this Circuit consider the three factors in *CMAX, Inc. v. Hall* in deciding whether to grant a stay: (1) the possible damage that may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law that could result from a stay. 300 F.2d 265, 268-69 (9th Cir. 1962). It is ViSalus's burden to demonstrate that such relief is warranted. *See Clinton v. Jones*, 520 U.S.

---

[1]     In its Motion, Defendant certifies, pursuant to LR 7-1, that it "made a good faith effort to confer" with Plaintiff about this motion "but was unable to resolve the matter." (Mot. at 1.) Plaintiff does not agree. Specifically, Defendant's counsel emailed for the first time over a holiday weekend (specifically, on December 28, 2015), citing a single case and asking if Plaintiff would stipulate to a stay pending the decisions in *Campbell-Ewald* and *Spokeo*, claiming that the rulings in those cases may be "dispositive" of Plaintiff's claims. Plaintiff's counsel responded the next day, explaining that they did not understand why Defendant believed either *Campbell-Ewald* or *Spokeo* would be "dispositive" of the claims at issue, but that they would "be happy to talk more about it." In response, Defendant merely referenced the same opinion it had previously cited, and within hours after Plaintiff's counsel indicated their concern that the Parties might be talking past each other, filed the instant Motion. As such, Plaintiff does not believe that Defendant made "a good faith effort through *personal or telephone conferences* to resolve the dispute" or "discuss each claim, defense, or issue that is the subject of the [ ] motion," as was required. *See* LR7-1(a)(1)(A),(B) (emphasis added). Denial of the Motion is warranted on this ground alone. *See* LR 7-1(a)(3) ("The Court may deny any motion that fails to meet this certification requirement."); *Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004) (denying motion for failure to comply with Local Rule 7's meet and confer provision).

681, 708 (1997). ViSalus comes nowhere close to making the requisite showing here.

## II.   Awaiting the Consideration of *Spokeo* or *Campbell-Ewald* Will Not Further the Orderly Course of Justice.

In support of its Motion, ViSalus relies primarily on the third *Hall* factor—the orderly course of justice—which is largely a "question of judicial economy." *Cedano v. Thrifty Payless, Inc.*, No. CV-10-237-HZ, 2011 WL 8609402, at *4 (D. Or. May 9, 2011). Specifically, ViSalus contends that a stay is justified because a decision favoring its position in either *Spokeo* or *Campbell-Ewald* would purportedly "eliminate [all] Plaintiff's claims." (Mot. at 2.) That argument is just wrong. For one, it is unlikely that the Supreme Court's decision in *Spokeo*—a case asserting violations under FCRA and where plaintiff suffered a far less concrete harm—will have any impact on Plaintiff's TCPA claims. *Campbell-Ewald* is similarly unlikely to have any effect, as that case addresses the effect of offers of complete relief, and as ViSalus admits, it has not offered any type of relief (complete or otherwise) here. Thus, the judicial economy factor councils strongly against a stay.

### A.   The decision in *Spokeo* is unlikely to affect any of Plaintiff's claims.

ViSalus first argues that *Spokeo* could "apply directly to dispose" of Plaintiff's and the putative class members' standing to proceed in this action because, as in *Spokeo*, Plaintiff only alleges a "bare violation" of a statutory provision under the TCPA. (Mot. at 4.) This assertion is fundamentally flawed.

Foremost, it is clear from the briefing and oral argument that the broad question framed by the petition in *Spokeo* (and suggested by ViSalus)[2] is likely to be limited to the wording of FCRA, a statue that is not at issue. To be sure, during oral argument a number of the Justices

---

[2]     Whether Congress may confer Article III standing to a plaintiff who suffers no concrete harm, and thereby, authorize a private right of action based on the violation of a federal statute. *Spokeo, Inc. v. Robins*, No. 13-1339, 2014 WL 1802228, at *1 (U.S. May 1, 2014).

questioned Spokeo's counsel why, apart from the statutory violation, the injury alleged

(dissemination of false information about a person in their credit report) is not a judicially

cognizable injury, and the remaining justices focused on the wording of the statute itself. *See* Tr.

of Oral Arg., *Spokeo, Inc. v. Robins*, a copy of which is attached hereto as Exhibit 1 at 6:2-11

("I'll just say, seems like a concrete injury to me."); 11:13-23 ("Don't we owe [Congress] a little

bit of respect that they've actually identified a real-world harm that's out there?"); 19:5-20:3,

22:1-14 ("So in fact, Congress has not identified misinformation as a suable harm. That's not

what this statute does."); 24:1-14 ("But the person who has been inaccurately represented can

come in and say he's suffered exactly the concrete injury that this statute is designed to protect

against.").

The Justices' questions strongly suggest that the case will not turn on whether the Ninth

Circuit is right or wrong that "the violation of a statutory right" is "a sufficient injury in fact to

confer standing." *See Robins v. Spokeo, Inc.*, 742 F.3d 409, 412 (9th Cir. 2014). The National

Law Review agrees, and made a similar observation:

> Although the issue that was certified for appeal was whether a statutory violation
> alone is sufficient to confer Article III standing, it appears unlikely that a ruling
> will address this directly, and more likely that the decision will focus on whether
> Robins suffered actual harm as a result of Spokeo's alleged publication of false
> information about him.

*Spokeo* Oral Argument Before the U.S. Supreme Court, The National Law Review (Nov. 11,

2015) (http://www.natlawreview.com/article/spokeo-oral-argument-us-supreme-court) (last

accessed January 19, 2015).

Defendant's reliance on the petition for certiorari, rather than the actual arguments

advanced by the litigants at the merits stage, is thus unavailing, and—as many other cases have

recognized—insufficient to justify the relief sought. *See, e.g., Seirus Innovative Accessories, Inc.*

*v. Cabela's Inc.*, No. 09-CV-102-H, 2011 WL 3268080, at *2 (S.D. Cal. July 29, 2011) (denying stay pending decision in other circuit because "there is no guarantee that the precise issue will be addressed" by another court); *see also, e.g.*, *Kolinek v. Walgreen Co.*, No. 13 C 4806, 2015 WL 7450759, at *5 (N.D. Ill. Nov. 23, 2015) (approving settlement over *Spokeo*-related objection because the case was "unaffected by the Supreme Court's decision to address whether an individual who has not alleged any physical or economic harm has standing to sue for statutory damages under the [FCRA]").

Even if the Court agrees that *Spokeo* could apply in this case, the harm suffered here would still be sufficient to confer Article III standing as the injury suffered by Plaintiff and the putative class members is far more concrete.[3] That is, Plaintiff Wakefield alleges that she was concretely harmed by the invasion of privacy that resulted from Defendant's intrusive, unauthorized, and harassing telemarketing calls. To be sure, Congress has specifically recognized such "unrestricted telemarketing" as an "intrusive invasion of privacy," *see Mims v. Arrow Financial Serv., LLC*, 132 S. Ct. 740, 745 (Jan 18. 2012) (internal citations omitted) (quoting 105 Stat. 2394, note following 47 U.S.C. § 277), and courts around the country—and, in particular, the Ninth Circuit—have likewise found the type of injury that results from these calls to be sufficiently concrete. *See Robins*, 742 F.3d at 412; *Smith v. Microsoft*, No. 11-cv-1958, 2012 WL 2975712 (S.D. Cal. July 20, 2015) (finding that the plaintiff had established a particularized injury in satisfaction of Article III based on the invasion of his privacy even absent

---

[3]  Curiously, Defendant asserts that "Plaintiff and the putative classes seek statutory damages only" (Mot. at 2), but that is incorrect. To the contrary, the Complaint specifically alleges that "members of the Classes suffered actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the *monies paid to their telephone carriers for the receipt of such calls*." (Dkt. 1, ¶ 5 (emphasis added); *see also id*. ¶ 44 (alleging that "the members of the Do Not Call Class suffered actual damages"); *id*. ¶ 50 (same)). Thus, unlike in *Spokeo*, where the plaintiff and the class had simply been victims of defendant's alleged statutory violations, many of the class members here are out real money.

economic harm); *Meyer v. Bebe Stores*, No. 14-cv-00267, 2015 WL 431148 (N.D. Cal. Feb. 2, 2015) (same).

Thus, in order for the outcome in *Spokeo* to affect this Court's jurisdiction, the Supreme Court would need to go well beyond the facts and issues litigated in *Spokeo* and radically alter the law. Given how unlikely those scenarios are, the "orderly course of justice" factor weighs strongly against the grant of a stay here.

**B.     The outcome in *Campbell-Ewald* is inapplicable to this case and likewise does not justify a stay.**

ViSalus also seeks a stay pending the Supreme Court's decision in *Campbell-Ewald*, again contending that a favorable decision in this case could "dispose of this case." (Mot. at 3, 6.) Defendant's argument is even worse off here. The question presented in *Campbell-Ewald* is whether an offer of complete relief moots the plaintiff's claim—a maneuver often called a "pick-off." But in this case, ViSalus hasn't made any offer of relief. In other words, as it stands right now, the decision in *Campbell-Ewald* will have absolutely no effect on this case whatsoever. Therefore, a stay based on *Campbell-Ewald* could not possibly "simplify[] issues, proof, and questions of law" or promote the "orderly course of justice," *Hall*, 300 F.2d at 268, as Defendant is required to demonstrate.

Hoping to get around the fact that its reliance on *Campbell-Ewald* is entirely misplaced, ViSalus assures that a stay is warranted because "if the Court [ ] rules in [its] favor, ViSalus *intends* to make a Rule 68 offer of judgment . . . thereby mooting her claims." (Mot. at 6 (emphasis added).) But such speculation is not sufficient. To be sure, ViSalus has failed to cite even a single case where a stay has been granted in such circumstance, and courts have consistently held that even a partial offer of judgment (i.e. one for some relief) is too attenuated to warrant a stay. *See, e.g., Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-0767, 2015 WL

5216709, at *9 (S.D. Ohio Sept. 8, 2015) (denying motion to stay upon finding that the decision in *Campbell-Ewald* will not be controlling in the case at bar because the defendant did not tender an offer of complete relief); *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, No. 14-CV-3232, 2015 WL 8784250, at *3 (S.D.N.Y. Dec. 14, 2015) ("In light of the difference between Defendants' offer of judgment and the damages sought by Plaintiff, even if the Supreme Court holds that a complete offer of relief moots a TCPA case, this Court could not make such a finding based on the presently incomplete offer of judgment made by [d]efendants."); *Boswell v. Panera Bread Co.*, No. 4:14-CV-01833, 2015 WL 6445396, at *9 (E.D. Mo. Oct. 23, 2015) (holding that *Campbell-Ewald* "would not alter this Court's jurisdiction because . . . Panera has not offered [p]laintiffs complete relief on their individual claims.").

ViSalus's argument is also severely flawed from a practical standpoint. That is, accepting it would encourage a practice in which defendants argue that they *may* pursue a *potential* course of action based on any number of *potential* decisions a higher court may issue,[4] at some unknown time in the future. If that were permitted, nothing would ever get done in litigation. More problematic, even if the Supreme Court did rule in favor of mooting a putative class representative's claims, there would be no way to stop ViSalus from simply deciding that it does not want to tender a full offer in order to resolve Plaintiff's claims. That kind of uncertainty cannot justify the extraordinary remedy of a stay.

Finally, it is not clear that *Campbell-Ewald* would apply to this case even if Defendant had made the strategic decision to make an offer to Wakefield prior to requesting that this matter be stayed. That is because the *Campbell-Ewald* decision will only affect cases where an offer of

---

[4] It is far from certain that the Supreme Court will actually answer the question presented in *Campbell-Ewald*, as the Court originally granted certiorari to decide it in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), but ultimately punted. *See Bais*, 798 F.3d at 49; *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2011).

*complete* relief has been tendered and the Court would still have to determine whether any offer was in fact "complete" before *Campbell-Ewald* could apply. As the Ninth Circuit has made clear, a defendant's offer of judgment must give complete satisfaction to the plaintiff for the case to be considered moot. *See GCB Commun., Inc. v. U.S. S. Commun., Inc.*, 650 F.3d 1257, 1267 (9th Cir. 2011) (holding that a case will "become moot" only "when an opposing counsel has agreed to everything the other party has demanded"); *Diaz v. First Am. Home Buyers Protec. Corp.*, 732 F.3d 948, 952 (9th Cir. 2013) (confirming the holding in *GCB Commun.*).[5] Indeed, "as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Smith v. Progressive Fin. Services, Inc.*, 6:12-CV-1704, 2013 WL 3995004, at *4 (D. Or. Aug. 1, 2013).

Thus, regardless of how the Supreme Court decides *Campbell-Ewald*, ViSalus will not be entitled to a dismissal unless it makes an offer of judgment providing complete monetary and injunctive relief. That question is not so straightforward, however—especially where, as in this case, a request for injunctive relief is at issue—and has routinely been a basis for denying motions to dismiss after an offer has been made. *See, e.g.*, *GCB Commun., Inc.* 650 F.3d at 1267 (holding that the district court "certainly . . . did not lose jurisdiction over the case" where proposal to settle only offered certain of the improvements requested); *see also, e.g., Smith*, 2013 WL 3995004, at *10; *Peters*, 2015 WL 5216709, at *9; *Mays v. Grand Daddy's, LLC*, No. 14-

---

[5]      This is a well-established rule of law across the country. *See Boyle v. Int'l Bhd. of Teamsters Local 863 Welfare Fund*, 579 Fed. App'x 72, 75 (3d Cir. 2014) ("[A] unilateral offer of relief that fails to cover the entire claim does not render moot a plaintiff's claim."); *accord Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 607 (5th Cir. 2014); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013); *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166-67 (11th Cir. 2012); *Simmons v. United Mortg. And Loan Inv., LLC*, 634 F.3d 754 (4th Cir. 2011); *Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005).

cv-461, 2015 WL 75067, at *3-4 (W.D. Wis. Jan. 6, 2015); *Milbourne v. JRK Residential Am.,*
*LLC*, No. 12-cv-861, 2014 WL 1369378, at *4 (E.D. Va. Apr. 7, 2014).

Accordingly, ViSalus's assurance that it "intends to make a Rule 68 offer . . . for the
relief [Wakefield] seeks" pending a favorable ruling, is meaningless unless Wakefield has the
offer in hand and can evaluate whether it actually provides everything she seeks. Without it,
there is simply no way to determine whether *Campbell-Ewald* will have any effect on this
litigation.

## III. The Balance of Harms Councils Against a Stay.

Next, the balance of the respective harm to the parties—which essentially considers the
first and second *Hall* factors, *see U.S. v. Miljus*, CV 06-1832, 2007 WL 4976368, at *4 (D. Or.
July 27, 2007), *report and rec. adopted in part, rejected in part on other grounds,* No. 06-1832,
2007 WL 4287608 (D. Or. Dec. 3, 2007) (citing *Lockyer*, 389 F. 3d at 110)—likewise weighs
against a stay of these proceedings.

### A. ViSalus has not and cannot establish that any hardship would result to it in the absence of a stay.

Foremost, ViSalus contends that a stay would result in hardship because it would require
the Parties to waste time and resources on class certification and discovery. (Mot. at 5.) This is a
non-starter. Putting aside that there is a significant possibility that the Supreme Court will *affirm*
the *Spokeo* and *Campbell-Ewald* decisions—nullifying Defendant's speculative arguments
entirely—the Ninth Circuit has made clear that "being required to defend suit, without more,
does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*,
398 F. 3d. at 1112; *see also Montez. v. Chase Home Fin. LLC*, No. 11-cv-530, 2011 WL
2729445, at *1 (S.D. Cal. July 13, 2011) (rejecting the argument that class discovery amounted
to hardship under *Lockyer*); *Doe v. Selection.com*, No. 15-CV-02338, 2015 WL 5853700, at *4-5

(N.D. Cal. Oct. 8, 2015) (same). Moreover, and as noted above, Defendant cannot seriously argue that harm will result by pressing forward without a ruling in *Campbell-Ewald*, where no offer has even been made. *See, e.g., Peters*, 2015 WL 5216709, at *9; *Bais*, 2015 WL 8784250, at *3; *Boswell*, 2015 WL 6445396, at *9.

More significantly, however, proceeding expeditiously imposes no hardship on ViSalus because the chance a defendant-favorable decision in *Spokeo* will dispose of this case is essentially zero. Putting aside that Plaintiff has alleged a far more concrete harm than the one at issue in *Spokeo* and it is unlikely that the Court's ruling will reach TCPA cases (*see supra* Section II.A), Defendant's argument presupposes that only a federal forum exists for Plaintiff's claims. That is not so. There can be no doubt that both state and federal courts have concurrent jurisdiction over private suits arising out of the TCPA. *See generally, Mims*, 132 S. Ct. 740. And, it is equally clear that Article III standing requirements do not apply in Oregon state courts. *See Kellas v. Dept. of Corrections*, 341 Or. 471, 478 (Or. 2006) (explaining that "the constraints of Article III do not apply to state courts" and further holding that Oregon Courts will not "import federal law regarding justiciability . . . to fabricate constitutional barriers to litigation with no support in either the text or history of Oregon's character of government.") (citing *ASARCO Inc. v. Kadish,* 490 U.S. 605, 617 (1989)).

As such, even in the unlikely event that *Spokeo* establishes that Plaintiff cannot proceed in federal court, she will pursue her claims in state court where the Parties would litigate class certification under near identical standards and using the same discovery. *See, e.g., Froeber v. Liberty Mut. Ins. Co.*, 222 Or. App. 266, 277, n. 9 (2008) ("Oregon statutes governing class actions are modeled after the federal rules."). Therefore, it is clear that even if this case does not

move forward in this District, it will proceed in some forum, no matter the outcome of *Spokeo*.[6]

Thus, ViSalus's argument that it would be required to unnecessarily expend "tens of thousands

of dollars in litigation" absent a stay, is simply not true. *See Versa Corp. v. Ag-Bag Int'l. Ltd.*,

No. cv-01-544, 2001 WL 34046241, at *5 (D. Or. Sept. 14, 2001) (denying stay because it was

"quite apparent" that litigation of the case was "inevitable, regardless of the outcome at the

Federal Circuit" and "granting the stay would merely delay the inevitable"); *Siding & Insulation*

*Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-CV-01074, 2011 WL 4005396, at *1 (N.D. Ohio

Sept. 8, 2011) (explaining that "[e]ven if the Supreme Court later holds that federal district

courts have no jurisdiction in private TCPA actions, the Plaintiffs are likely to refile this case in [

] state court," and therefore, "any discovery could likely be used in that refiled case, and it would

not promote judicial economy and efficiency to delay discovery").[7]

---

[6]     Likewise, considering Plaintiff's allegations that Defendant's unlawful conduct affects thousands of consumers, offering relief to a single plaintiff is extremely unlikely to be the end of the road for ViSalus. Pick-off or no pick-off, it will eventually have to engage in discovery and litigate the claims with which it is now charged.

[7]     Defendant's concern that a "defense ruling [in *Spokeo*] . . . would likely scuttle class certification" because it would require individuals to prove damages, and as a result, create individualized issues (Mot. at 5-6), is likewise overstated. As the Ninth Circuit has made clear, "damage calculations alone cannot defeat certification," *see Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 986 (9th Cir. 2015) (quoting *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010), and this is especially true where various other common issues—such as, *inter alia*, the overarching legality of Defendant's telemarketing campaign, whether the calls contained a prerecorded voice, and whether treble damages are warranted—predominate. And, while the "Oregon statutes governing class actions are modeled after the federal rules," *see Froeber*, 222 Or. App. at 277, n. 9—necessitating the same discovery—Oregon's certification requirements are even less stringent, which further weakens Defendant's argument. *See Shea v. Chicago Pneumatic Tool Co.*, 164 Or. App. 198, 207 (1999) (Oregon state law requires the "predominance of common questions of law and fact as a 'pertinent' matter that the trial court must consider. It does not *require* predominance as a *sine qua non* of certification of any class.") (citation omitted emphasis in the original).

**B.    Granting a stay would result in significant harm to Plaintiff.**

In contrast to the harm Defendant claims it would suffer, the prejudicial effect of a stay on Plaintiff is by no means speculative. Plaintiff will no doubt be disadvantaged—potentially irreparably—by having to wait months to conduct discovery, while witnesses' memories fade and documents inevitably become misplaced. *See Wachner v. Aramark Educ. Services, Inc.*, CV 02-528-BR, 2004 WL 1354274, at *2 (D. Or. June 15, 2004) (Brown, J.) (finding the argument that the plaintiff "may be prejudiced by loss of witnesses if the trial is delayed" to be persuasive); *In re Galena Biopharma*, 83 F. Supp. 3d at 1043 (explaining that "the passage of time inevitably impairs the discovery process, especially as to the memories of witnesses" and agreeing "that [the p]laintiffs w[ould] be harmed by a stay because of potential loss of evidence"). This is likely to be a particular problem in the instant matter as Plaintiff alleges that "Defendant uses a multi-level marketing structure" and employs "representatives . . . to carry out its sales" calls by offering "long-shot opportunities" that are "rarely paid in practice" (Compl. ¶¶ 2, 12), which likely affects employee retention. *See LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344, 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009) (denying motion to stay and finding that prejudice could result "as the parties' naturally experience turnover in workforces during a stay, [and] they may lose their ability to compel deposition and trial testimony from employees who leave the companies.") (citation omitted).

Moreover, Wakefield has a strong interest in proceeding expeditiously—and will be harmed if she cannot—in order to ensure that the documentary evidence she needs remains intact. *See id.* at *2 (denying a stay based, in part on "the unavoidable risk that important documents might be lost"). This concern is similarly heightened in the instant litigation given that the key pieces of evidence necessary to prove Plaintiff's and the class members' claims—

such as telephone call logs—are nearly always in the possession of third parties as well. *See, e.g.,* *Booth v. Appstack, Inc.*, No. C13-1533, 2015 WL 1466247, at *5 (W.D. Wash. Mar. 30, 2015) (identifying the need for third-party records to identify call recipients in a TCPA class action); *LG Elecs., Inc.*, 2009 WL 1468703, at *2 (denying the stay and noting that the "risk [of losing necessary evidence] is greater when important documents are under the control of third parties, as [third parties] might not be obligated to preserve that evidence.").

Finally, Defendant has not represented that its alleged privacy violations have ceased, and any delay in obtaining the ultimate injunctive relief sought by Plaintiff to stop the invasive calls will certainly be harmful if permitted to continue. *See Montez*, 2011 WL 2729445, at *2 (finding that there was a "fair possibility that a stay would harm [p]laintiffs and members of the putative class" where plaintiffs "not only s[ought] damages, but also injunctive relief"); *Del Vecchio v. Amazon.com*, No. 11-cv-0366, 2011 WL 1585623, at *1 (W.D. Wash. Apr. 27, 2011) (denying motion for a discovery stay because "plaintiffs could suffer prejudice by a … stay, in part because they seek to enjoin on-going allegedly wrongful conduct.")

In the end, because ViSalus has failed to satisfy its burden of demonstrating any hardship absent a stay, and Plaintiff will suffer significant harm if a stay issues, Defendant's Motion should be denied. *See In re Galena Biopharma*, 83 F. Supp. 3d at 1043 (where "there is a fair possibility that [p]laintiffs will be harmed by a stay, the [m]oving [d]efendants must make a "clear case of hardship or inequity in being required to go forward.") (citing *Lockyer,* 398 F.3d at 1109).

## IV. The Extrajurisdictional Orders Cited by ViSalus in Support of a Stay are Not a Basis to Ignore Application of the Law in this Circuit, Nor are They Persuasive.

Finally, Defendant seems to suggest that granting the stay is warranted simply because "so many [other] district courts have done" so. (Mot. at 6.) This logic is not compelling. As an

initial matter, ViSalus neglects that "this court does not have authority to await a ruling by the Supreme Court when the Ninth Circuit has already decided an issue of law," *Starbucks Corp. v. Lundberg*, No. 02-cv-948, 2004 WL 2554578, at *1 (D. Or. Nov. 10, 2004) (citing *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) and *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970)), which is the exact situation here. Indeed, the law in the Ninth Circuit is clear that Plaintiff has the requisite Article III standing to bring her TCPA claims, *see Robins*, 742 F.3d at 412 ("the violation of a statutory right is usually a sufficient injury in fact to confer standing") (citing *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010)), as well as that an unaccepted offer of judgment—had one been made—could not moot her claims. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 875 (9th Cir. 2014) ("[A]n unaccepted Rule 68 offer that would fully satisfy a plaintiff's claim is insufficient to render the claim moot") (quoting *Diaz*, 732 F.3d at 950). This Court is bound by, and should not stray from, this authority. *Starbucks Corp.*, 2004 WL 2554578, at *1.[8]

    That aside, the handful of opinions cited by ViSalus do not support the grant of a stay

---

[8]    To be sure, various courts across the country have refused to issue stays based on the same premise, *see, e.g.*, *Woods v. Caremark PHC, L.L.C.*, No. 15-cv-00535, 2015 WL 6742124, at *3 (W.D. Mo. Nov. 2, 2015) (denying motion to stay, noting that "[a]lthough the Court recognizes that *Spokeo might* impact this case, Eighth Circuit precedent presently provides Plaintiff has standing to bring this claim") (emphasis in original); *Speer v. Whole Food Mkt. Grp., Inc.*, No. 14-cv-3035, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) ("The Court concludes … that a grant of certiorari by the Supreme Court does not change the law and does not constitute new law [and] that a stay of these proceedings to await a decision from the Supreme Court in *Spokeo* is not warranted."); *Coniglio v. Radian Group, Inc. et al*, No. 8:15-cv-02406, Dkt. 32 (M.D. Fla. Oct 13, 2015) (denying a stay based on the impending *Spokeo* decision and noting that "until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent") (quoting *Gissendaner v. G. Dep't. of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (internal quotations omitted), and the Seventh Circuit has gone so far as to as to reverse itself and affirmatively change its law on the mootness issue, despite that *Campbell-Ewald* was pending. *See Chapman*, 796 F.3d at 786 (explaining that although "[t]he issue is before the Supreme Court in *Gomez*, we think it best to clean up the law of this [C]ircuit promptly, rather than require Chapman and others in his position to wait another year for the Supreme Court's decision.").

either. In addition to the fact that not a single one of these cases is binding on this Court, their persuasiveness is limited because the factual circumstances in those cases are plainly distinguishable. *See, e.g.*, *Tel. Science Corp. v. Hilton Grand Vacations Co., LLC*, No. 6:15-cv-969-Orl-41, 2015 WL 7444409, at *3 (M.D. Fla. Nov. 20, 2015) (granting stay where "there [wa]s no indication that [the plaintiff] will suffer any prejudice"); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. CV 15-04767, 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015) (granting stay because "plaintiff d[id] not suggest that a stay would harm anyone" and where Defendant had made an offer of judgment and moved to dismiss based on a lack of standing argument); *Larson v. Trans Union, LLC*, No. 12-cv-05726, Dkt. 86 (N.D. Cal. June 26, 2015) (granting stay based on *Spokeo* in FCRA action because discovery had already been completed);[9] *Wolf v. Lyft, Inc.*, No. 15-01441, 2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015) (granting stay based on *Campbell-Ewald* where offer of judgment had been made); *Boise v. ACE USA, Inc.*, No. 15-cv-21264, 2015 WL 4077433, at *6-7 (S.D. Fla. July 6, 2015) (same).[10]

---

[9]    Indeed, in *Doe*, 2015 WL 5853700, at *4, Judge Orrick distinguished his previous decision to grant a stay in *Larson*—a case cited by Defendants here (*see* Mot. 5, n. 4)—explaining that the basis for the stay there was that the case was significantly "developed, procedurally-speaking," and class certification had already been briefed.

[10]    *See also, e.g.*, *Duchene v. Westlake Servs., LLC*, No. 2:13-cv-01577, 2015 WL 5947669, at *3 (W.D. Pa. Oct. 13, 2015) (offer of judgment made and "substantial discovery" was already completed so risk of loss of evidence and/or witnesses was not "meaningful"); *Yaakov v. Varitronics, LLC*, No. 14-5008, 2015 WL 5092501, at *4 (D. Minn. Aug. 28, 2015) (same); *Schartel v. OneSource Technology, LLC*, No. 1:15-cv-1434, 2015 WL 7430056 (N.D. Ohio Nov. 17, 2015) (FCRA case and offer of judgment made); *Williams v. Elephant Ins. Co.*, No. 1:15-CV-00119, 2015 WL 3631691 (E.D. Va. May 27, 2015) (defendant made offer of judgment and moved to dismiss for lack of jurisdiction); *Salvatore v. Microbilt Corp.*, No. 4:14-cv-1848, 2015 WL 5008856 (M.D. Pa. Aug. 20, 2015) (FCRA case); *Provo v. Rady Children's Hospital—San Diego*, No. 15-cv-0081, 2015 WL 6144029 (S.D. Cal. July 29, 2015) (same); *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711, 2015 WL 4602968 (E.D. Cal. July 29, 2015) (same); *Hillson v. Kelly Servs., Inc.*, No. 2:15-cv-10803, 2015 WL 4488493 (E.D. Mich. July 15, 2015) (same); *Lopez v. Miami-Dade County*, No. 15-cv-22943, 2015 WL 7202905 (S.D. Fla.

It is likewise undermined by the fact that equally as many (if not more) cases have come out the exact opposite way. *See Doe*, 2015 WL 5853700, at *5 (denying stay in FCRA action based on *Spokeo*); *Keim v. ADF MidAtlantic, LLC*, No. 12-80577, Dkt. 123 (S.D. Fla. Dec. 17, 2015) (denying stay of TCPA action based on *Spokeo* despite that plaintiff "seeks solely statutory damages" because *Spokeo's* "outcome is unlikely to have an effect on this case"); *McCaskill v. Navient Solutions, Inc.*, No. 15-cv-01559, Dkt. 48 (M.D. Fla. Dec. 2, 2015) (same); *Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12-cv-04069, Dkt. 360 (N.D. Ill. Nov. 24, 2015) (denying stay in TCPA action where the right to recover actual damages had been waived (*see* Dkt. 241 at 25), within 24 hours and without requiring briefing; *Lathrop v. Uber Technologies, Inc.*, No. 14-cv-05678, Dkt. 112 (N.D. Cal., Jan 8, 2015) (denying stay of TCPA case based on *Spokeo*); *Kafatos v. Uber Technologies, Inc.*, No. 15-cv-03727, Dkt. 40 (N.D. Cal., Jan 8, 2015) (same); *Peters*, 2015 WL 5216709, at *10 (denying motion to stay pending outcome of *Campbell-Ewald*); *Family Health Chiropractic, Inc., v. MD On-Line Solutions, Inc.*, No. 15-3508, Dkt. 35 (6th Cir. Sept. 2, 2015) (same).[11] Thus, Defendant's argument here does nothing to

---

Nov. 6, 2015) (non-TCPA case); *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-cv-01215, 2015 WL 6777873 (E.D. Mo. Nov. 4, 2015) (offer of judgment made and jurisdictional motion to dismiss filed).

[11]     *See also, e.g., Bais*, 2015 WL 8784250 (denying stay in TCPA case); *Ricardi v. Ed Ideas, Inc.*, No. 15-cv- 80488, Dkt. 41 (S.D. Fla. Dec. 3, 2015) (declining to issue stay in TCPA case); *Woods*, 2015 WL 6742124, at *3 (denying stay of FCRA action based on *Spokeo*); *Speer*, 2015 WL 2061665, at 1 (denying stay of FCRA action based on *Spokeo* without briefing); *Coniglio*, No. 15-cv-02406, Dkt. 32 (denying stay in TCPA action); *Chapman*, 796 F.3d at 786 (denying a stay based on *Campbell-Ewald*); *Boswell*, 2015 WL 6445396, at *8 (same); *Kolinek*, 2015 WL 7450759, at *5 (N.D. Ill. Nov. 23, 2015) (approving TCPA settlement over *Spokeo*-related objection because the case was "unaffected by the Supreme Court's decision to address whether an individual who has not alleged any physical or economic harm has standing to sue for statutory damages under the [FCRA]"); *Dreher v. Experian Info. Solutions, Inc.*, Case No. 11-CV-00624, Dkt. 344 (E.D. Va. Apr. 30, 2015) (denying *Spokeo* motion to stay); *Manuel v. Wells Fargo Bank*, No. 3:14-cv-00238, Dkt. 92 (E.D. Va. Aug. 18, 2015) (same); *Dennis v. Trans Union LLC*, No. 14-cv-2865, Dkt. 49 (E.D. Pa. Jan. 12, 2016) (denying stay of FCRA action based on *Campbell-Ewald*).

further its position.

## CONCLUSION

Defendant's Motion to Stay should therefore be denied in its entirety.



Respectfully submitted,

**LORI WAKEFIELD**, individually and on behalf
of all similarly situated individuals,

Dated: January 19, 2016        By: /s/ Eve-Lynn J. Rapp
             One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
Eve-Lynn Rapp (Admitted *pro hac vice*)
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Scott F. Kocher, OSB #015088
scott@forumlawgroup.com
FORUM LAW GROUP LLC
811 SW Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2102
Fax: 503.445.2120

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing ***Plaintiff's Response in Opposition to***

***Defendant's Motion to Stay***:


Joshua M. Sasaki, P.C.
Josh.sasaki@millernash.com
Jonathan H. Singer
Jonathan.singer@millernash.com
Miller Nash Graham & Dunn LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Tel: 503.224.5858
Fax: 503.224.0155


by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **E-mail.** As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 19th day of January, 2016.

/s/ Eve-Lynn J. Rapp