Scott F. Kocher, OSB #015088
scott@forumlawgroup.com
FORUM LAW GROUP LLC
811 SW Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2102

 [Additional attorneys listed on signature page]

*Attorneys for Plaintiff*

Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
Jonathan H. Singer, OSB No. 105048
jonathan.singer@millernash.com
Miller Nash Graham & Dunn LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Tel: 503.224.5858
Fax: 503.224.0155

[Additional attorneys listed on signature page]

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| LORI WAKEFIELD, individually and on behalf of all others similarly situated, | Case No. 15-CV-01857 |
| Plaintiff, | **PARTIES' JOINT RULE 26(f) REPORT** |
| v. | |
| VISALUS, INC., a Nevada corporation | |
| Defendant. | |

1.   **The following persons participated in a Rule 26(f) conference on January 26, 2016 by telephone:**

Eve-Lynn J. Rapp of Edelson PC on behalf of Plaintiff Lori Wakefield and John S. Craiger and Sarah R. Anchors on behalf of Quarles & Brady LLP on behalf of Defendant ViSalus, Inc.

2.   **Initial Disclosures.**

The Parties propose that the initial disclosures required by Rule 26(a)(1) be completed by March 18, 2016.

3.   **Discovery Plan.** The Parties propose the following discovery plan:

(a)   **Discovery Will be Needed on These Subjects:**

**Plaintiff's Position:** In this putative class action, Plaintiff alleges that Defendant ViSalus—a multi-level marketing company that distributes weight loss shakes and body transformation kits—places (or causes to be placed) thousands of unsolicited telemarketing calls each day to consumers across the country in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the Oregon Unlawful Trade Practices Act, Oregon Rev. Stat. § 646 (the "UTPA"). (Dkt. 36.) Plaintiff alleges that Defendant ViSalus causes these calls—many of which are robocalls and/or made to people who have registered their telephone number on the National Do Not Call Registry (the "DNC Registry")—to be placed through a legion of sales representatives who act as ViSalus's agents on its behalf and are under its control.

As such, Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (i) the total number and identity of individuals to whom Defendant and/or its agents made the unauthorized telephone calls at issue; (ii) the total number of calls Defendant and/or its agents made to those individuals; (iii) the methods by which Defendant and/or its agents

obtained the telephone numbers called; (iv) the equipment Defendant and/or its agents used to make the telephone calls; (v) any records of consent to make the telephone calls that Defendant and/or its agents maintain; (vi) policies and procedures maintained by Defendant and/or its agents related to the making of telephone calls; (vii) contracts exchanged between Defendant and/or its agents related to making telephone calls; (viii) communications exchanged between Defendant and/or its agents related to making telephone calls; (ix) records of the telephone calls made to Plaintiff by Defendant and/or its agents; and (x) communications exchanged between Defendant and/or its agents and Plaintiff, (xi) the identity of Defendant's agents; (xii) Defendant's corporate structure.

**Defendant's Position:** ViSalus is a multi-level marketing company that distributes various products, including a shake mix product containing soy protein. ViSalus sells its products through independent contractors. ViSalus's practice and procedure is to obtain prior express written consent from any person who provides a telephone number that ViSalus calls with a marketing message using an automated telephone dialing system or prerecorded message, in compliance with the TCPA. It is also ViSalus's practice and procedure to not call phone numbers on the National Do Not Call Registry (which have been registered at least 30 days at the time of the call) where the person called had not entered into a purchase or transaction within the 18 months immediately preceding the call or provided prior express consent to call. Finally, it is ViSalus's practice and procedure to remove a person's phone number from its electronic records when the person called requests that ViSalus stop calling.

ViSalus anticipates discovery on the following non-exhaustive list of topics: communications by Plaintiff and putative class members with ViSalus; telephone records for Plaintiff and putative class members; purchases of ViSalus products by Plaintiff and putative class members; and non-privileged communications between Plaintiff and putative class

members regarding calls from ViSalus.

**(b)    Disclosure or Discovery of Electronically Stored Information**:

Plaintiff will provide Defendant a proposed ESI protocol and requests that the Parties further discuss and craft an appropriate stipulation, subject to the Court's approval, governing: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced; (3) the formats for preservation and production of ESI; (4) the protection of confidential and proprietary information; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and (6) any other relevant ESI issues that may arise.

Defendant requests that Plaintiff and any identified putative class members comply with the same ESI protocol.

**(c)    Claims of Privilege:**

The Parties intend to submit to the Court for its review and approval a proposed protective order governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter.

**(d)    Dates for Commencing and Completing Discovery:**

**Plaintiff's Position:** Plaintiff proposes that an eight (8) month fact discovery period (for both class and merits) that commences immediately after the Parties' Rule 16 conference. Defendant proposes that discovery be stayed until after the Court rules on its yet-to-be file renewed motion to stay pending the Supreme Court's ruling in *Spokeo Inc. v. Robins*, 1235 S.Ct. 1892 (2015)—and indefinitely if the Court grants that motion—and that discovery be bifurcated into separate class and merits phases. Defendant's proposal is not an efficient way to proceed in

this case.

First, a stay in this matter is not warranted. Specifically, and as explained more fully in Plaintiff's response in opposition to Defendant's original motion to stay: (i) the decision in *Spokeo*—which is likely to be limited to the wording of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA")—is unlikely to affect any of Plaintiff's TCPA claims, (ii) ViSalus cannot establish that any hardship would result to it in the absence of a stay, (iii) and granting a stay would result in significant harm to Plaintiff. (*See* Dkt. 23.) Moreover, and as has been the topic of various recent news outlet discussions, it is possible that the Supreme Court will not issue a decision in the *Spokeo* matter until Justice Scalia's vacancy has been filed—an event that itself could take many months if not longer.

Second, Defendant's proposal that discovery be bifurcated into separate class and merits phases is inefficient and will inevitably lead to the unnecessary duplication of efforts by the Parties and the Court. Indeed, Plaintiffs' claims—on behalf of herself and the putative Classes—stem from one fundamental premise: that Defendants collectively and systematically violated the TCPA and UTPA by repeatedly making telemarketing robocalls without having the necessary consent and by calling individuals who specifically registered their numbers on the DNC List and/or requested that Defendant's calls stop. Thus, the information necessary for Plaintiff to certify the Classes will overlap substantially with the information necessary to succeed on the merits of both her TCPA and UTPA claims. For example, the discovery needed to establish the merits issue that Defendants used robocalling technology to make the calls at issue will be key to class certification in that Plaintiffs will need to show that Defendants' use a standardized practice with respect to the Robocall Class as a whole. Likewise, discovery into the issue of consent will

be equally necessary for both certification and summary judgment briefing, as will discovery into Defendant's policies for adhering to do-not-call requests.

Accordingly, Plaintiff proposes that a more efficient approach to discovery in this matter is to proceed with both class and merits discovery—as to Plaintiffs and the putative class members—immediately upon the completion of the Rule 16(f) conference, and for a period of no longer than eight (8) months. Thereafter (and as further outlined in Section 4), Plaintiff will then move the Court for an order certifying this case as a class action and the Parties will be prepared to resolve any additional pretrial motions or other issues, and to proceed to trial. In this way, the parties and the Court will avoid what would assuredly be an unnecessarily lengthy and duplicative discovery process.

**Defendant's Position:** This case should be stayed pending the U.S. Supreme Court ruling in *Spokeo, Inc. v. Robins* because, as discussed in depth in Defendant's motion to stay, the certified question before the Supreme Court is directly applicable here on the question of standing. The Court is considering whether Robins has standing to assert a claim based on a bare violation of a consumer protection statute, without having to demonstrate that he has a particularized injury as required under Article III of the Constitution. Plaintiff and the putative class members are in the same position as Robins—they allege that they are entitled to statutory damages for each phone call that allegedly violated the TCPA, without having to demonstrate that they suffered any particularized harm from the alleged violation. Thus if the Court finds Robins lacks standing, Defendant expects that the Court here would grant a motion to dismiss for lack of standing. Any stay would be brief, as the Court is expected to rule this summer in *Spokeo*.

If this matter does proceed to discovery, Defendant requests that discovery proceed in two phases: During Phase I, discovery will be directed at issues relating to class certification. During Phase II, after any class certification motion has been granted, discovery will be directed at the merits of Plaintiff's claims and Defendant's defenses. Bifurcation is the more economical and efficient strategy for handling this matter because if class certification is not granted, it greatly alters the scope of merits discovery, as well as settlement positions. Bifurcation directly serves Rule 23's requirement that courts must, "[a]t an early practicable time after a person sues or is sued as a class representative determine by order whether to certify the action as a class action."

Accordingly, Defendant proposes that Phase I of discovery focus on whether commonality exists, as well as the other class certification requirements. Topics of discovery would include Defendant's policies and procedures relating to any use of an automatic telephone dialing system or pre-recorded voice, obtaining person's prior express consent to call, avoiding unlawful calls to phone numbers on the National Do Not Call Registry, and responding to any called parties' request to cease calling; Plaintiff's and each known class member's communications with ViSalus regarding requesting that ViSalus not continue to call the person's phone number; Plaintiff's and each known class member's attempt to use the opt-out mechanism to opt-out of future calls; Plaintiff's and each known class member's registration on the National Do Not Call Registry; Plaintiff's and each known class member's purchases of ViSalus products; and Plaintiff's and each known class member's express consent to ViSalus to call the phone number. During this class discovery, Defendant suggests the Court allow the Plaintiff to conduct a Rule 30(b)(6) deposition of Defendant. Defendant would expect to depose Plaintiff

and each known class member.

If class certification is granted, then during Phase II, merits discovery, Defendant expects the topics of discovery to include the phone calls made to Plaintiff and each class member after the person allegedly revoked consent to call.

**(e)     Maximum Number of Interrogatories and Requests for Production:**

The Parties propose that, consistent with Fed. R. Civ. P. 33, the Parties be permitted to propound a maximum of twenty-five (25) interrogatories each, unless otherwise stipulated or ordered by the Court.

Defendant proposes that the Parties be permitted to propound a maximum of twenty-five (25) Rule 34 requests for production each, unless otherwise stipulated or ordered by the Court. The Parties further propose that responses to interrogatories and requests for production of documents shall be due in accordance with the Federal Rules of Civil Procedure. Plaintiff disagrees with Defendant's suggested limitation on the number of Rule 34 requests for production.

**(f)     Maximum Number of Requests for Admission:**

The Parties propose that they be permitted to propound no more than fifty (50) requests for admission, unless otherwise stipulated or ordered by the Court. The Parties further propose that responses to requests for admission shall be due in accordance with the Federal Rules of Civil Procedure.

**(g)     Maximum Number and Length of Depositions:**

The Parties proposes that, consistent with Fed. R. Civ. P. 33, they each be permitted to conduct a maximum of ten (10) depositions, each of which will be limited to one (1) day of

seven (7) hours, unless otherwise stipulated or ordered by the Court.

**(h)    Deadlines for Exchanging Expert Reports:**

**Plaintiff's Position:** Plaintiff proposes that (i) the Parties each submit their expert reports relating to class certification, if any, by no later than one (1) month following the close of fact discovery, (ii) they each depose the opposing party's experts relating to class certification no later than two (2) months after the close of fact discovery, and that (iii) they disclose any rebuttal experts relating to class certification by no later than three (3) months following the close of fact discovery. Plaintiff also proposes that she disclose expert witnesses relating to merits issues no later than four (4) weeks following the Court's Order on class certification and that Defendant discloses rebuttal expert witnesses relating to merits issues no later than eight (8) weeks following the Court's order on class certification. (*See* Section 4 below for proposed briefing schedule on motion for class certification.)

**Defendant's Position:** Defendant proposes that class certification experts be disclosed before merits discovery starts, pursuant to the schedule set forth below.  Defendant requests the following schedule: simultaneous disclosure of expert witnesses relating to class certification May 19, 2016; rebuttal class certification expert disclosures June 13, 2016; completion of class certification expert witness depositions July 8, 2016; completion of expert discovery relating to class certification July 22, 2016.  Defendant proposes that the expert disclosures for witnesses on the merits would be the same as proposed by Plaintiff.

**(i)    Dates for Supplementations Under Rule 26(e):**

Pursuant to Fed. R. Civ. P. 26(e), the Parties propose that they supplement any discovery responses in a timely manner upon discovery of new facts.

**4.     Other Scheduling Matters:**

The Parties' respective positions as to the scheduling of other matters are set forth in the below chart:

| EVENT | PLAINTIFF'S PROPOSED DEADLINE | DEFENDANT'S PROPOSED DEADLINE (ASSUMING THE CASE IS NOT STAYED) |
|---|---|---|
| *Deadline for Defendant to file a motion to stay* | March 11, 2016 | Same as Plaintiff's proposed deadline |
| *Deadline for Plaintiff to oppose the motion to stay* | March 28, 2016 | Same as Plaintiff's proposed deadline |
| *Deadline for Defendant to file a reply supporting the stay motion* | April 14, 2016 | Same as Plaintiff's proposed deadline |
| *Deadline to Join Parties or Amend Pleadings* | Four (4) Months after the start of discovery | Four (4) months after the start of Phase II discovery. |
| *Deadline to Complete Fact Discovery (Both Class and Merits)* | Eight (8) months following the Rule 16 Conference | Phase I: Discovery Directed at Class Certification Issues<br>June 1, 2016: Class certification discovery closes<br><br>Phase II: Merits Discovery.<br>Merits discovery commences seven (7) days after the Court's ruling on the motion for class certification.<br>Merits discovery closes six (6) months after commencement of merits discovery. |
| *Deadline to Disclose Expert Witnesses Relating to Class Certification* | Eight (8) months following the Rule 16 Conference | May 19, 2016 |
| *Deadline to Depose Expert Witnesses Relating to Class Certification* | Nine (9) months following the Rule 16 Conference | July 8, 2016 |
| *Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification* | Ten (10) months following the Rule 16 Conference | June 13, 2016 |
| *Deadline to Complete Expert Discovery Relating to Class Certification* | Eleven (11) months following the Rule 16 Conference | July 22, 2016 |

| | | |
|---|---|---|
| *Plaintiff's Deadline to File Motion for Class Certification* | Twenty-eight (28) days following the close of expert discovery relating to class certification | August 24, 2016 |
| *Defendant's Deadline to File Opposition to Motion for Class Certification* | Twenty-eight (28) days following the filing of Plaintiff's motion for class certification | September 22, 2016 |
| *Plaintiff's Deadline to File a Reply in Support of Motion for Class Certification* | Twenty-one (21) days following the filing of opposition to Plaintiff's motion for class certification | October 14, 2016 |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification | Same as Plaintiff's proposed deadline |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification | Same as Plaintiff's proposed deadline |
| *Deadline to Complete Expert Discovery Relating to Merits Issues* | Six (6) weeks following Defendant's disclosure of rebuttal expert witnesses relating to merits issues | Same as Plaintiff's proposed deadline |
| *Deadline to File All Pretrial, Discovery, and Dispositive Motions* | Ten (10) weeks following the close of expert discovery relating to merits issues | Same as Plaintiff's proposed deadline |
| *Deadline to File a Proposed Pretrial Order* | Sixty (60) days before the start of trial | Same as Plaintiff's proposed deadline |
| *Final dates for submitting Rule 26(a)(3) Witness Lists, Designations of Witnesses Whose Testimony will be Presented by Deposition, and Exhibit Lists:* | Thirty (30) days before the start of trial | Same as Plaintiff's proposed deadline |
| *Final Dates to File Objections Under Rule 26(a)(3)* | Fourteen (14) days after the deadline to submit final Rule 26(a)(3) disclosures. | Same as Plaintiff's proposed deadline |
| *Pretrial Conference* | Thirty (30) days before the start of trial | Same as Plaintiff's proposed deadline |
| *Trial to begin* | TBD | Same as Plaintiff's proposed deadline |

5.   **Matters Related to Settlement and ADR**

(a)   **Prospects of Settlement:**

The Parties may enter settlement discussions, but do not require the assistance of a

mediator at this time.

**(b)    Identify Any Alternative Dispute Resolution Procedure that May Enhance Settlement Prospects:**

The Parties believe that a settlement conference provided by the Court may enhance the settlement prospects of this lawsuit if and when the Parties are ready to further discuss the possibilities of settlement of this matter.

**6.    Suggested Trial Date and Estimate of Trial Length:**

The Parties propose that the Court set dates for trial at a later date. The Parties anticipate that a trial in this matter will require five (5) court days.

\*            \*            \*

**LORI WAKEFIELD**, individually and on behalf of all others similarly situated,

Dated: March 2, 2016        By: Eve-Lynn J. Rapp
                One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Eve-Lynn Rapp (Admitted *Pro Hac Vice*)
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Scott F. Kocher, OSB #015088
scott@forumlawgroup.com
FORUM LAW GROUP LLC
811 SW Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2102

Fax: 503.445.2120

**VISALUS, INC.**

Dated: March 2, 2016            By: John S. Craiger
                                    One of Defendant's Attorneys

Joshua M. Sasaki
josh.sasaki@millernash.com
Jonathan H. Singer
jonathan.singer@millernash.com
Miller Nash Graham & Dunn LLP
111 SW Fifth Avenue
Suite 3400
Portland, OR 97204
503-205-2410
Fax: 503-224-0155

John S. Craiger
john.craiger@quarles.com
Sarah R. Anchors
sarah.anchors@quarles.com
Quarles & Brady LLP
2 N. Central Avenue
Renaissance One
Phoenix, AZ 85004
602-229-5618
Fax: 602-229-5690

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing *Parties' Joint Rule 26(f) Report* on all counsel record by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **E-mail.** As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 2nd day of March, 2016.

*/s/Eve-Lynn J. Rapp*

Page 1 -    Certificate of Service