May 31, 2016

VIA ELECTRONIC FILING

Honorable Judge Anna J. Brown, U.S.D.J.
Mark O. Hatfield United States Courthouse
Room 1407
100 Southwest Third Avenue
Portland, Oregon 97204-2944

>    Re:    _Wakefield v. ViSalus, Inc._, No. 3:15-cv-01857-BR (D. Oregon.)

Dear Judge Brown:

Pursuant to the Court's March 4, 2016 and May 9, 2016 Orders (Dkts. 46 & 51, respectively), Plaintiff Lori Wakefield ("Plaintiff" or "Wakefield"), along with Defendant ViSalus Inc. ("Defendant" or "ViSalus"), jointly submit this monthly status report letter to inform the Court of their respective positions on how this case should proceed in light of the United States Supreme Court's recent ruling in _Spokeo, Inc. v. Robins,_ 2016 WL 2842447 (May 16, 2016).

**Defendant's Position**

On May 16, 2016, the U.S. Supreme Court issued its opinion in _Spokeo, Inc. v. Robins_, holding that to establish standing to sue, a claimant alleging a violation of the Fair Credit Reporting Act must show that the alleged statutory violation caused him "concrete" (as well as particularized) harm. The Court remanded the case to the Ninth Circuit to determine whether Mr. Robins sufficiently alleged the requisite concrete harm for standing under the U.S. Constitution, Article III. Defendant ViSalus, Inc. believes that _Spokeo_ applies here to require each of the putative class members must allege and demonstrate concrete harm. The First Amended Complaint's allegations that classes exist based on bare violations of the Telephone Consumer Protection Act are insufficient and should be struck. _See, e.g._, _Gen. Tel. Co. of Sw. v. Falcon_, 457 U.S. 147, 160 (1982) (a court may strike class allegations if it is clear from the complaint that the class claims cannot be maintained) (citing; _Sanders v. Apple, Inc._, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) ("In light of the foregoing, it is not clear that a nationwide class action is the "superior" method for adjudication of rights.").

Defendant proposes filing a motion to strike class action allegations by June 20, 206. Plaintiff's opposition would be due July 18, 2016. Defendant's reply brief would be due August 5, 2016.

**Plaintiff's Position**

      The Supreme Court's opinion in *Spokeo v. Robins* merely reiterated that Article III jurisdiction requires both a "concrete" and "particularized" injury. Plaintiff Wakefield believes that *Spokeo* confirms that she has Article III standing and Defendant's proposal points to nothing to justify its proposed motion to strike the class allegations, which Plaintiff also believes would be improper and premature. *See, e.g., Hovenkotter v. Safeco Corp.*, C09-218JLR, 2009 WL 6698629, at *9 (W.D. Wash. Aug. 3, 2009) ("District courts within the Ninth Circuit have uniformly stated that such motions are disfavored."); *see also Thorpe v. Abbott Labs., Inc.,* 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for [addressing Rule 23(b)'s requirements]").

      Given that, Plaintiff proposes that discovery in this matter continue. Plaintiff further proposes that she file her motion for class certification by no later than September 28, 2016, at which point Defendant can challenge the propriety of Plaintiff's class allegations. Alternatively, to the extent the Court permits briefing on Defendant's proposed motion to strike, Plaintiff is fine with Defendant's suggested briefing schedule.

\*          \*          \*

Respectfully submitted,

/s/ Eve-Lynn J. Rapp

*Attorney for Plaintiffs*


Respectfully submitted,

/s/ John S. Craiger

*Attorney for ViSalus, Inc.*