IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LORI WAKEFIELD, individually and
on behalf of all others similarly            3:15-cv-01857-BR
situated,
                                             OPINION AND ORDER
        Plaintiff,

    v.

VISALUS, INC., a Nevada
corporation,

        Defendant.


SCOTT F. KOCHER
Forum Law Group LLC
811 S.W. Naito Parkway, Suite 420
Portland, OR 97204
(503) 445-2102

RAFEY S. BALABANIAN
EVE-LYNN RAPP
STEWART R. POLLOCK
Edelson PC
123 Townsend Street, Suite 100
San Francisco, CA 94107
(415) 212-9300

        Attorneys for Plaintiff,

JOSHUA M. SASAKI
JONATHAN H. SINGER
Miller Nash Graham & Dunn LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
(503) 224-5858


1 - OPINION AND ORDER

**SARAH R. ANCHORS**
Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004
(602) 229-5200

        Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff Lori
Wakefield's Renewed Motion (#69) for Class Certification.[1]

     For the reasons that follow, the Court **GRANTS in part** and
**DENIES in part** Plaintiff's Renewed Motion for Class
Certification.


<u>**BACKGROUND**</u>

**I.   <u>Factual Background</u>**

     The following facts are taken from Plaintiff's First Amended
Class Action Complaint (#36), Plaintiff's Renewed Motion for
Class Certification, and Defendant's Response to Plaintiff's
Motion.

     Defendant ViSalus, Inc., is a multi-level marketing company
that sells weight-loss products and dietary supplements to
promote healthy lifestyles.  ViSalus primarily sells its products

---

     [1]  Plaintiff filed an initial Motion (#2) to Certify Class
at the time she filed her Complaint.  That Motion was withdrawn
by Plaintiff on February 5, 2016 (see Docket #37).

through "promoters" who are independent contractors who have enrolled with ViSalus to sell its products through their own business network.  ViSalus also sells a small amount of products directly to customers through its website.

Promoters and customers have online accounts with ViSalus in order to purchase ViSalus products.  The online account has a "communications tab" where the promoter or customer may provide a contact number to receive information from ViSalus by telephone. This contact information can be changed at any time.  ViSalus filters its communications with promoters and customers based on the indicated preferences in the online account.

In June 2012 ViSalus initially created an outbound calling team titled "Outbound Support" to contact people who had attempted to purchase products but whose credit cards were declined.  Subsequently, Outbound Support began to call promoters and customers regarding new products.  They also conducted "Winback" campaigns by calling promoters and customers who had not purchased products for a certain period (generally three to nine months) to let them know about special deals in an effort to regain their business.

Initially the Outbound Support team manually dialed telephone numbers and did not use a prerecorded message or artificial voice.  In late 2014 Outbound Support started using a function on the telephone system titled "Progressive Outreach

Manager" (POM) to dial telephone numbers automatically.  Later
Outbound Support began using prerecorded messages or an
artificial voice to introduce the call and to direct the
recipient to "dial 1" to be connected to a live person.  The
Outbound Support team created lists for the calling campaigns
from ViSalus's online database using parameters for a specific
campaign, and pulled information that matched those parameters
from online account profiles.  The Outbound Support team would
then upload the lists to POM and save copies in a digital folder
for reference.  ViSalus produced "campaign detail reports" that
provided summaries of the number of calls made on a particular
day for a particular campaign and the results of those calls.

Plaintiff states in her Class Action Allegation Complaint
(#1) filed October 1, 2015, that she signed up to be a ViSalus
"affiliate" in February 2013.[2]  Within a month, however,
Plaintiff was "not happy" with the company or its products and
cancelled her account.  Plaintiff alleges after she cancelled her
account, ViSalus repeatedly called her to solicit her return, but
she told them to never contact her again and to stop calling her
number.

---

[2]  ViSalus states in its Memo in Opposition to Plaintiff's
Motion for Certification that Plaintiff and her husband became
promoters in February 2012.  ViSalus references an excerpt from
Plaintiff's deposition, but the page cited is not included in
ViSalus's Exhibit.  For purposes of this Motion, therefore, the
Court accepts Plaintiff's allegation as accurate.

4 - OPINION AND ORDER

Plaintiff alleges in April 2015 she began receiving calls from ViSalus at the telephone number that she had registered with the National Do-Not-Call Registry.  During one of those calls Plaintiff instructed the caller to stop calling her and to make sure she was on ViSalus's internal do-not-call list.  Plaintiff alleges ViSalus, nevertheless, continued to call her.

## II.  <u>Procedural Background</u>

On October 1, 2015, Plaintiff filed a Class Action Allegation Complaint (#1) in which she alleges ViSalus violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

On February 5, 2016, Plaintiff filed her First Amended Class Action Allegation Complaint (FAC)(#36) alleging three separate claims against ViSalus.  In Claim One Plaintiff alleges ViSalus violated § 227(c)(5) of the TCPA when ViSalus made more than one unsolicited telemarketing call to her and putative class members within a 12-month period without having "prior express consent" to place such calls even though Plaintiff and putative class members' telephone numbers had been registered with the National Do-Not-Call Registry for at least 30 days.  In Claim Two Plaintiff alleges ViSalus violated § 227(b)(1)(A)(iii) of the TCPA when ViSalus made unsolicited telemarketing calls to her and putative class members without "prior express consent" and used artificial or prerecorded voices when placing such calls.  In Claim Three Plaintiff alleges ViSalus violated Oregon Revised

Statutes § 646.563 when ViSalus called Plaintiff and putative class members after they had advised ViSalus that they did not want to receive such unsolicited telemarketing calls.

On February 10, 2017, Plaintiff filed her Renewed Motion for Class Certification seeking to certify three classes defined as follows:

> **"Do-Not-Call Class"** (based on Claim One) - All individuals in the United States who received more than one telephone call made by or on behalf of ViSalus within a 12-month period: (1) promoting ViSalus's products or services; (2) at a telephone number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call; (3) where such individual had not entered into any purchase or transaction with ViSalus within the 18 months immediately preceding such calls; and (4) where neither ViSalus nor its agents had any current record of express written consent to place such calls at the times such calls were made.

> **"Robocall Class"** (based on Claim Two) - All individuals in the United States who received a telephone call made by or on behalf of ViSalus: (1) promoting ViSalus's products or services; (2) where such call featured an artificial or prerecorded voice; and (3) where neither ViSalus nor its agents had any current record of prior express written consent to place such call at the time such call was made.

> **"Oregon-Stop-Calling Class"** (based on Claim Three) - All residents of the State of Oregon who (1) received a telephone call made by or on behalf of ViSalus; (2) promoting ViSalus's products or services; (3) where ViSalus or its agents had a "stop calling" request on record for the telephone number called at the time such call was made.

Plaintiff also seeks appointment as the class representative

and appointment of her attorneys as class counsel.[3]

## STANDARDS

Federal Rule of Civil Procedure 23 governs class certification and provides:

> (a)  Prerequisites.  One or more members of a class may sue . . . as representative parties on behalf of all members only if:
>
>   (1)  the class is so numerous that joinder of all members is impracticable;
>
>   (2)  there are questions of law or fact common to the class;
>
>   (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
>   (4)  the representative parties will fairly and adequately protect the interests of the class.
>
> (b)  Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:
>
>                          * * *
>
>   (3)  the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

---

[3]  ViSalus does not address either of these requests in their Response, and, therefore, the Court considers the requests to be unopposed.

    (A)  the class members' interests in
          individually controlling the prosecution
          or defense of separate actions;

    (B)  the extent and nature of any litigation
          concerning the controversy already begun
          by or against class members;

    (C)  the desirability or undesirability of
          concentrating the litigation of the
          claims in the particular forum; and

    (D)  the likely difficulties in managing a
          class action.

In *Wal-Mart Stores, Inc. v. Dukes* the United States Supreme Court addressed class-action certification and set out general standards under Rule 23:

> The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–701 (1979). In order to justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)(quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)). Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. The Rule's four requirements — numerosity, commonality, typicality, and adequate representation — "effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)(quoting *General Telephone Co. of Northwest v. EEOC*, 446 U.S. 318, 330 (1980)).

564 U.S. 338, 348 (2011).

The decision to grant or to deny class certification is within the discretion of the trial court. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). The plaintiff

has the burden to comply with Rule 23.  *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010).  A class may be certified only if the court is satisfied "after a rigorous analysis that the prerequisites of Rule 23(a) have been satisfied."  *Wal-Mart*, 564 U.S. at 350-51 (citing *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982)).  A class may be certified as to one or more claims without certifying the entire complaint.  Fed. R. Civ. P. 23(c)(4).

The court must determine whether certification is based on actual as opposed to presumed compliance with the requirements of Rule 23.  *Wal-Mart*, 564 U.S. at 350 (citing *Falcon*, 457 U.S. at 160).  Because Rule 23 "is not a mere pleading standard," a party seeking class certification "must affirmatively demonstrate compliance with the Rule."  *Wal-Mart,* 564 U.S. at 351.  This inquiry may in some cases overlap into the "merits of plaintiff's underlying claim" because "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action."  *Id.* (quoting *Falcon*, 457 U.S. at 160).

"Parties seeking class certification bear the burden of demonstrating that they have met each of the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011)(citation omitted).

**DISCUSSION**

Plaintiff proposes to bring this action against ViSalus for violation of the TCPA on behalf of several classes. ViSalus, however, opposes certification of each proposed class on the ground that Plaintiff has not satisfied the requirements of Rule 23.

**I.   Telephone Consumer Protection Act (TCPA)**

Under the TCPA it is unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service" or "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A),(B). In addition, the TCPA allows a private right of action for a person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the TCPA if the person's number was listed on the National "Do-Not-Call" Registry. 47 U.S.C. § 227(c)(5).

Oregon law similarly provides a person engages in an unlawful practice "if, during a telephone solicitation, the called party states a desire not to be called again and the

10 - OPINION AND ORDER

person making the telephone solicitation makes a subsequent telephone solicitation of the called party at that number." Or. Rev. Stats. § 646.563.

## II.  **The Robocall Class**

ViSalus contends the Robocall Class should not be certified on the grounds that (1) individual class members lack standing, (2) the class definition is over-inclusive because it includes members who were not harmed, (3) the class does not meet superiority and predominance requirements of Rule 23(b)(3), and (4) certification would result in denial of procedural fairness and have an undesirable result.

### A.  **Standing**

ViSalus contends the Robocall Class cannot be certified on the grounds that standing for each class member cannot be determined based on common proof due to the individualized nature of each class member's injuries.  ViSalus argues each class member must be shown to have suffered an "injury-in-fact" and such injury does not exist based merely on the use of an autodialer.

Plaintiff, in turn, contends unsolicited contact without any additional harm is sufficient to confer standing under the TCPA, that Plaintiff has standing because she alleges such a violation, and that Plaintiff's standing alone is sufficient to support class certification.

11 - OPINION AND ORDER

In *Bates v. UPS* the Ninth Circuit stated:

> In a class action, standing is satisfied if
> at least one named plaintiff meets the
> requirements.  See *Armstrong v. Davis*, 275
> F.3d 849, 860 (9th Cir. 2001).  The plaintiff
> class bears the burden of showing that the
> Article III standing requirements are met.
> See *id.* at 860-61.  As we know from the oft-
> repeated passages in *Lujan*, standing requires
> that (1) the plaintiff suffered an injury in
> fact, *i.e.*, one that is sufficiently
> "concrete and particularized" and "actual or
> imminent, not conjectural or hypothetical,"
> (2) the injury is "fairly traceable" to the
> challenged conduct, and (3) the injury is "likely"
> to be "redressed by a favorable decision."  *Lujan
> v. Defenders of Wildlife*, 504 U.S. 555 (1992)
> (quotation marks and citations omitted).

511 F.3d 974, 985 (9th Cir. 2007).  The requirement of standing

is satisfied if at least one named plaintiff meets the

requirements of Article III standing.  *Fox-Quamme v. Health Net

Health Plan of Oregon, Inc.,* 2017 WL 1034202, at *4 (D. Or. Mar.

9, 2017)(citing *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007)).

In *Van Patten v. Vertical Fitness Group, LLC*, the Ninth

Circuit held the "[u]nsolicited telemarketing phone calls or text

messages, by their nature, invade the privacy and disturb the

solitude of their recipients.  A plaintiff alleging violation

under the TCPA 'need not allege any *additional* harm beyond the

one Congress identified.'"  847 F.3d 1037, 1043 (9th Cir.

2017)(quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549

(2016))(emphasis in original).  The court noted:

> The TCPA establishes the substantive right to be
> free from certain types of phone calls and texts

> absent consumer consent.  Congress identified
> unsolicited contact as a concrete harm, and gave
> consumers a means to redress this harm.  We
> recognize that Congress has some permissible role
> in elevating concrete, *de facto* injuries
>
> previously inadequate in law "to the statute of
> legally cognizable injuries."  Citation omitted.

847 F.3d at 1043.

Here Plaintiff alleges she, in addition to other members of the class, received unsolicited telemarketing calls from ViSalus using an autodialer system in violation of the TCPA.

On this record the Court concludes Plaintiff sufficiently alleges an injury for purposes of standing, and, therefore, Plaintiff may maintain this action on behalf of herself and putative class members.

**B.    Over-Inclusive**

ViSalus contends the Robocall Class is over-inclusive on the grounds that it includes uninjured members who did not answer the calls or did not receive a prerecorded message and such members are not a *de minimis* portion of the class.  *See In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2017 WL 679367, at *11 (N.D. Cal. Feb. 21, 2017)(finding over-inclusiveness, including plaintiffs who were not harmed in the class definition, "would not defeat class certification as long as the uninjured parties represent a *de minimis* portion of the class").  *See also In re Nexium Antitrust Litig.*, 777 F.3d 9, 25 (1st Cir. 2015)("We think that a certified class may include a *de*

13 - OPINION AND ORDER

*minimis* number of potentially uninjured parties.").

Plaintiff contends the *de minimis* requirement applies to Plaintiff's theory of liability rather than to the number of members in the class. Thus, as long as the class definition is "reasonably co-extensive with [p]laintiff's chosen theory of liability," it is not over-inclusive even if it includes some members who did not sustain any injury. *See Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1136-37 (9th Cir. 2016).

In *Torres* the Ninth Circuit noted "even a well-defined class may inevitably contain some individuals who have suffered no harm as a result of a defendant's unlawful conduct." *Id.* at 1136. The court held inclusion of uninjured members in the class did not defeat the class certification. *Id.* Instead the court concluded members' injuries constituted a merits dispute regarding the scope of liability rather than an issue for resolution at the class-certification stage. *Id.* at 1136-37.

Here the Robocall Class definition includes persons "who received a telephone call . . . promoting products or services . . . [using] an artificial or prerecorded voice . . . [without] prior express written consent" and is consistent with Plaintiff's theory of violation of the TCPA. Thus, pursuant to *Torres*, the possibility that some members within the class may not have sustained injury does not preclude certification of the class.

14 - OPINION AND ORDER

On this record the Court concludes the Robocall Class is not over-inclusive.

## C.    Predominance and Superiority Requirements

The predominance element of Rule 23 "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). A "central concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common issues will help achieve judicial economy.'" *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 944 (9th Cir. 2009)(quoting *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1189 (9th Cir. 2001)). The predominance inquiry imposes on the Court the "duty to take a 'close look' at whether common questions predominate over individual ones." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). The superiority element requires courts to consider the "likely difficulties in managing a class action" when evaluating whether a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3)(D).

ViSalus contends Plaintiff fails to meet the predominance and superiority requirements of Rule 23(b)(3) on the ground that the proposed class is "unmanageable" because there is not an "objective" way to reliably identify class members.

In response Plaintiff contends ViSalus is attempting to

argue an "ascertainability" requirement, which the Ninth Circuit rejected in *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (2017). In any event, Plaintiff asserts she has objectively defined the Robocall Class based on ViSalus's conduct.

In *Briseno v. ConAgra Foods, Inc.*, the Ninth Circuit held class proponents are not required to demonstrate that there is an administratively feasible way to determine who is in the class in order for the class to be certified.  844 F.3d at 1133. The court noted "a separate administrative feasibility prerequisite to class certification is not compatible with the language of Rule 23."  *Id.* at 1123.  The appeals court upheld the district court's determination that it was sufficient at the certification stage for the class to be defined by an objective criterion; *i.e.*, purchase of the defendant's product during the class period in that case.  *Id.* at 1124.

Here members of the Robocall Class are defined as any individuals who received calls from ViSalus promoting products or services that featured an artificial voice or prerecorded voice when there was not any record of prior express consent to receive such a call.  Accordingly, the Court concludes the Robocall Class definition reflects an objective criterion for determining class members and is appropriate at the certification stage.

The Robocall Class also seeks to hold ViSalus liable for telemarketing calls using an artificial or prerecorded

16 – OPINION AND ORDER

message without prior express consent in violation of the TCPA. The individual issues of damages and express consent, however, are not determinative at the certification stage.

Accordingly, the Court concludes adjudication of issues common to Robocall Class members predominate over individual class-member issues.

**D.  Superiority Requirement, Procedural Fairness, and Undesirable Results**

ViSalus contends certification of the Robocall Class does not meet the superiority requirement of Rule 23(b)(3), will sacrifice procedural fairness, and will result in an undesirable damage award. *See Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 211 (9th Cir. 1975). ViSalus argues Plaintiff and putative class members suffered little or no harm compared to the potentially significant and disproportionate award of statutory damages against ViSalus, which could be in the billions of dollars and could put ViSalus out of business.

Plaintiff contends she has met the requirements of Rule 23, and the possibility of a significant damages award should not be the basis for the Court to deny class certification.

Although Plaintiff does not seek a specific amount of damages, the TCPA provides for statutory damages of between $500 and $1,500 for willful violations.  In addition, the Advisory Committee Notes to Rule 23 provide:

17 - OPINION AND ORDER

> Subdivision (b)(3) encompasses those cases in
> which a class action would achieve economies of
> time, effort, and expense, and promote uniformity
> of decisions as to persons similarly situated,
> without sacrificing procedural fairness or
> bringing about other undesirable results.

39 F.R.D. 69, at 102-03.

In *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010), the plaintiff filed a class-action complaint against the defendant for violating the Fair and Accurate Credit Transactions Act by printing more than the last five digits of the consumer's credit or debit card number on receipts. The statutory provision allowed consumers to recover damages between $100 and $1,000 for each willful violation without having to prove actual damages. The district court denied the plaintiff's motion for class certification on the grounds that the proposed class failed to meet the "superiority requirements" of Rule 23(b)(3); *i.e.,* the district court determined class treatment would render the magnitude of the defendant's potential liability "enormous and completely out of proportion to any harm suffered" by the plaintiff. The Ninth Circuit reversed that decision and held the enormity of damages under the statutory scheme and any disproportionality between the potential damages and the actual harm suffered did not justify denial of class certification on superiority grounds. 623 F.3d at 723.

Based on *Bateman,* this Court concludes the superiority requirements of Rule 23(b)(3) and procedural fairness are

18 - OPINION AND ORDER

satisfied, and the potential enormity or disproportionality of damages does not constitute a proper basis to deny class certification under these circumstances.

In summary, the Court concludes Plaintiff has met the requirements of Rule 23 at this stage of the case and **GRANTS** Plaintiff's Motion for certification of the Robocall Class.

## III. **The Do-Not-Call Class**

ViSalus contends the Do-Not-Call Class should not be certified on the grounds that (1) the class definition is over-inclusive, (2) common questions of law or fact are lacking and individual issues predominate, (3) there is not any proof of numerosity, and (4) superiority and predominance under Rule 23(b)(3) are lacking.

### A.   **Over-Inclusive**

A person who has registered their number on the National Registry and "received more than one telephone call within any 12-month period" from the same entity may seek recovery of damages under the TCPA.  Under 47 C.F.R. § 64.1200(f)(5), however, a business may call the telephone number of a person on the National Registry if the person has made an "inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call."

ViSalus contends the Do-Not-Call Class is over-

19 - OPINION AND ORDER

inclusive as it includes individuals who, although their telephone numbers were registered on the National Do-Not-Call Registry, made "an inquiry or submitted an application" to ViSalus within the three months before the call, and, therefore, were not called in violation of the TCPA. ViSalus also contends the number of those persons is more than *de minimis*.

Plaintiff, however, contends the class definition specifically excludes individuals who "entered into any purchase or transaction with ViSalus within the 18 months immediately preceding" a call from ViSalus and, therefore, would exclude persons who made an inquiry or submitted an application within the three months before such call.

Plaintiff's exclusion of persons "who made purchases or transactions" with ViSalus during the preceding 18 months, however, does not equate with the regulation's exemption of persons "who made an inquiry or application" in the three months prior to the call. Thus, it is arguable that Plaintiff's class definition could include persons who were not called in violation of the TCPA. Nevertheless, as previously noted, "even a well-defined class may inevitably contain some individuals who have suffered no harm as a result of a defendant's unlawful conduct." *See Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1136-37 (9th Cir. 2016). Thus, the *Torres* court held inclusion of uninjured members in the class does not necessarily defeat class

20 - OPINION AND ORDER

certification.  *Id.*

On this record the Court concludes at this time under these circumstances that the Do-Not-Call Class definition is not overly inclusive.

**B.  Commonality and Predominance**

Commonality requires claims to "depend upon a common contention . . . of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011).  As noted, even unsolicited contact without any additional harm constitutes an infringement on privacy and violates the TCPA.  *Van Patten*, 847 F.3d at 1043.

ViSalus contends individual issues predominate in the Do-Not-Call Class.  ViSalus asserts the Court will be required to determine for each class member when they registered their number with the National Registry, when they provided their number to ViSalus for some reason, and when the calls were made.  ViSalus contends this information cannot be objectively determined from its records.

Plaintiff, however, contends the class claims are based on the common contention that ViSalus violated the TCPA by making calls to persons whose numbers were on the National Registry. Plaintiff seeks to hold ViSalus liable for calls made in

violation of the TCPA to her and to putative class members whose numbers were registered on the National Registry.  Plaintiff contends even though ViSalus is not precluded from litigating any affirmative defense of consent or the existence of a business relationship, such evidence does not prevent class certification.

On this record the Court concludes Plaintiff has established a common question capable of classwide resolution.

**C.    Numerosity**

Rule 23(a)(1) does not provide a bright-line test or minimum number of class members necessary to meet the numerosity requirement.  Instead the Court must evaluate the specific facts of each case. *General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980).  In general, classes of 15 members or fewer are too small and classes of 16 to 39 members may or may not be sufficiently numerous depending on the facts of the case. *Id.*  In this district there is a "rough rule of thumb" that 40 class members is sufficient to meet the numerosity requirement. *See, e.g., Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013); *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010)

"A party seeking class certification must affirmatively demonstrate his compliance with the Rule - that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties. . . ." *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350

(2011)(emphasis in original).  The plaintiff must provide

"reliable evidence" to show the number of potential members of

the class.  *Smith v. City of Corvallis*, No. 6:14-cv-01382, 2016

WL 3193190, at *10 (D. Or. June 6, 2016).

ViSalus contends Plaintiff cannot establish proof of

the number of individuals on the National Registry who received

calls nor that an exception does not apply to the majority of

calls made by ViSalus.

Plaintiff, however, contends in light of the millions

of calls that ViSalus made and the number of Americans who have

registered on the National Registry, the Court may easily

conclude ViSalus called at least 40 people in violation of the

TCPA.  Specifically, Plaintiff alleges:

> {ViSalus] and/or its Representatives placed
> thousands of outbound telemarketing calls each to
> consumers nationwide.  Many of these calls were
> placed to numbers that are listed on the National
> Do Not Call Registry.
>
> . . .
>
> The exact sizes of the Classes are unknown and not
> available to Plaintiff at this time, but it is
> clear that individual joinder is impracticable.
> On information and belief, [ViSalus] has made
> calls to thousands of consumers who fall into each
> of the Classes.  Members of the Classes can be
> identified through [ViSalus]'s records.

FAC ¶¶ 15, 29.

Plaintiff notes in her Renewed Motion for Class

Certification:

23 – OPINION AND ORDER

> To be sure, ViSalus produced nearly one thousand
> contact lists, collectively containing names and
> telephone numbers of [redacted information].[4]
> [(Citations omitted)].  As such, this fact alone
> makes it "reasonable" to estimate that each of the
> Classes are sufficiently numerous. [Citation
> omitted].
>
>                    . . .
>
> Next, given that approximately 72% of Americans
> have registered their numbers on the National DNC
> Registry, and ViSalus admits to placing more than
> a [redacted information] of people [citation
> omitted], there can be no doubt that there are
> well over forty class members in the Do Not Call
> Class as well.

Pl.'s Renewed Mot. (#69) at 17-18.  These statements, however, do
not affirmatively establish by "reliable evidence" that "there
are in fact sufficiently numerous parties" who have suffered a
violation of the TCPA.  In fact, Plaintiff has merely shown a
large category of individuals are listed on the National Registry
who may have received calls from ViSalus.

On this record the Court concludes Plaintiff has not
provided reliable evidence to show the number of potential
members of the class.  Accordingly, the Court **DENIES** Plaintiff's
Motion to certify the Do-Not-Call Class.[5]

---

[4]  Plaintiff redacted various information in its Motion
pursuant to the terms of the Protective Order (#49) issued by the
Court.  Because that information is not part of the public
record, the Court also excludes it from this Opinion.

[5]  ViSalus also contends the Do-Not-Call Class does not meet
the requirements of Rule 23(b)(3).  Inasmuch as the Court has
concluded Plaintiff has not established "numerosity" for this
Class, the Court need not address this issue.

## IV.  **The Oregon Stop-Calling Class**

ViSalus contends the Oregon Stop-Calling Class does not meet the requirements of Rule 23 on the grounds that (1) Plaintiff has not established commonality or the predominance of issues, (2) Plaintiff's claim is not typical of class claims, and (3) Plaintiff has not demonstrated numerosity.

### A.  **Commonality and Predominance**

As noted, commonality requires claims to "depend upon a common contention . . . of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011).  "[T]his provision requires Plaintiff to 'demonstrate that the class members have suffered the same injury,' not merely violations of 'the same provision of law.'"  *Parsons v. Ryan*, 754 F.3d 657, 674-75 (9th Cir. 2014)(citing *Wal-Mart*, 563 U.S. at 349).

ViSalus contends there is not any evidence that ViSalus disregarded requests by individuals to stop calling.  ViSalus argues it did not include the telephone numbers on its call lists for persons who had requested not to be contacted, and, therefore, Plaintiff has not established a common question for class resolution.

Plaintiff, however, contends ViSalus did not adhere to

25 - OPINION AND ORDER

its own do-not-call policy and continued to call her and other putative class members despite requests that ViSalus stop making such calls.

The central issue for this Class is whether ViSalus continued to call a person after that person requested ViSalus to stop calling. Although the issue can be resolved as to Plaintiff's individual claim, there is not any common evidence that certain individuals made such a request, and, therefore, this issue cannot be resolved on a class-wide basis due to the individual nature of the inquiry.

The Court, therefore, concludes there is not any commonality of claims sufficient to certify the Oregon Stop-Calling Class. Accordingly, the Court **DENIES** Plaintiff's Motion to certify the Oregon-Stop-Calling Class.[6]

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Renewed Motion (#69) for Class Certification as follows:

1. The Court **GRANTS** Plaintiff's unopposed request to be appointed as class representative;

---

[6] Inasmuch as the Court has concluded Plaintiff has not established commonality for this Class, the Court need not address ViSalus's other contentions.

26 – OPINION AND ORDER

2.     The Court **GRANTS** Plaintiff's unopposed request for her attorneys to be appointed as class counsel;

3.     The Court **GRANTS** Plaintiff's Renewed Motion for Class Certification as to the Robocall Class only; and

4.     The Court **DENIES** Plaintiff's Renewed Motion for Class Certification as to the Do-Not-Call Class and the Oregon Stop-Calling Class.

The Court directs the parties to confer and to submit a Joint Status Report **no later than July 24, 2017**, summarizing the issues that remain for resolution together with a jointly proposed case-management schedule for doing so.

IT IS SO ORDERED.

DATED this 23rd day of June, 2017.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

27 - OPINION AND ORDER