Scott F. Kocher, OSB#015088
FORUM LAW GROUP
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

* Admitted *pro hac vice*

*(additional counsel listed on signature page)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| **LORI WAKEFIELD**, on behalf of themselves and a class of others similarly situated,<br><br>        *Plaintiff*,<br>    v.<br><br>**VISALUS, INC.**, a Nevada Corporation,<br><br>        *Defendant.* | No. 3:15-cv-01857-BR<br><br>**PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE PLAN**<br><br>*Request for Oral Argument* |

## LR 7-1 CERTIFICATION

The undersigned counsel certify that they have made a good faith effort to confer with counsel for Defendant ViSalus, Inc. ("Defendant") but, at the time of filing the instant motion, Defendant has not taken a position on whether it opposes the relief requested herein.

## MOTION AND MEMORANDUM OF LAW

In accordance with the Court's June 23, 2017 Order granting in part Plaintiff Lori Wakefield's Renewed Motion for Class Certification (Dkt. 81, the "Certification Order"), and pursuant to the requirements for providing class notice under Federal Rule 23(c), Plaintiff now provides the Court with a plan for notifying class members of the pendency of this action and the right to opt-out.

## I. INTRODUCTION

On June 23, 2017, after full briefing on Plaintiff's Renewed Motion for Class Certification, the Court granted certification of a class defined as:

> All individuals in the United States who received a telephone call made by or on behalf of ViSalus: (1) promoting ViSalus's products or services; (2) where such call featured an artificial or prerecorded voice; and (3) where neither ViSalus nor its agents had any current record of prior express written consent to place such call at the time such call was made.[1]

(Dkt. 81) (the "Robocall Class.")

Pursuant to the Court's August 8, 2017 Case Management Order (Dkt. 87), Plaintiff assumed the task of directing to the Robocall Class notice of this pending action. To ensure that the notice complies with Due Process and Rule 23(c)(2), Plaintiff retained Kurtzman Carson Consultants ("KCC"), a reputable class action administrator that is familiar with the requirements of Due Process and Rule 23(c)(2) and has experience creating notice plans in

---

[1] To date, Plaintiff has obtained approximately 1.9 million phone numbers from Defendant's records, through the course of discovery, which includes the phone numbers for the members of the Robocall Class.

similar class actions. With KCC's assistance, Plaintiff developed a proposed notice plan (the "Notice Plan"), which it submits with this Motion for the Court's approval.[2] As described in detail below, Plaintiff proposes a three-part Notice Plan that includes: (1) individual email notice to class members who can be identified with reasonable effort; (2) an online media campaign in the form of banner advertisements; and (3) a dedicated case website with a toll-free number for further class member support. The form and manner of the proposed Notice Plan provides the best notice practicable under the circumstances, thus comporting with Rule 23(c) and Due Process.

Accordingly, Plaintiff respectfully requests that the Court approve the proposed Notice Plan.

## II. THE PROPOSED NOTICE PLAN IS THE BEST PRACTICABLE UNDER THE CIRCUMSTANCES.

Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011). Notice plans are not expected to reach every class member, *see Silber v. Mabon,* 18 F.3d 1449, 1453 (9th Cir. 1994**,** and the Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable. *Federal Judicial Center, Judge's Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), p. 3. Ultimately, "the type of notice to which a member of a class is entitled [under Rule 23(c)] depends upon the information available to the parties about that person." *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1098 (5th Cir. 1977); *cf. Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (U.S.

---

[2] The proposed Notice Plan is attached to the Declaration of Carla Peak ("Peak Declaration") as Exhibit 1.

1950) (explaining that "published notice" is acceptable where individuals' "addresses are unknown to the [party tasked with giving notice]"); *Bruno v. Quten Research Inst., LLC*, No. SACV1100173DOCEX, 2012 WL 12886843, at *5 (C.D. Cal. July 16, 2012) (approving email notification to customers who purchased a product online). Here, Plaintiff's proposed Notice Plan—a multi-tiered approach that includes direct email notice, publication in targeted media, and a case-specific website—is the best practicable under the circumstances.

**First,** the proposed Notice Plan provides "individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c). Email notification is particularly suitable to this case, given that the bulk of individuals who provided their phone numbers to Defendant provided their email addresses as an alternative form of contact, not to mention that all class members utilized the online Vi-Net portal to provide their phone numbers to Defendant in the first place. *See Browning v. Yahoo! Inc.*, C04-01463 HRL, 2006 U.S. Dist. LEXIS 100686, *24 (N.D. Cal. Dec. 27, 2006) (approving email notification to class members in class action settlement because the class members' "allegations arise from their visits to Defendants' Internet websites, demonstrating that the Settlement Class Members are familiar and comfortable with email and the Internet"). Here, Plaintiff has amassed from Defendant's records a pool of phone numbers from which class members can be identified[3] and has taken significant measures to

---

[3] Defendant does not have complete records indicating, for each contact list, whether the telephone system actually called the telephone number or whether a pre-recorded message was delivered on the call. In that vein, the pool of phone numbers that Plaintiff collected from Defendants records is somewhat over-inclusive. As the Court held, this over-inclusiveness does not preclude certification of the Robocall Class (*see* Certification Order at 14-15 ("The possibility that some members within the class may not have sustained injury does not preclude certification of the class.")), and it also ensures that all class members are receiving the best notice practicable. *See Macarz v. Transworld Sys., Inc.,* 201 F.R.D. 54, 61 (D. Conn. Jan. 8, 2001) (allowing individual notice to an over-inclusive list of class members because the list contained the entire universe of class members).

determine email addresses for as many individuals in that pool as possible.[4] Under the proposed Notice Plan, direct email notice is expected to reach approximately 63 percent of the pool. (*See* Peak Declaration ¶ 15.) And because direct notice is somewhat over-inclusive, the percentage of class members who will receive the direct notice will be greater than that. The proposed form of direct email notice (the "Email Notice") is attached to the Notice Plan as Attachment A.

**Second,** the proposed Notice Plan supplements the Email Notice with a number and variety of targeted publications sufficient to disseminate adequate and reasonable notice to any potential class members who don't receive direct notice by email. Specifically, KCC will publish notice as Internet banner ads (the "Publication Notice") designed to generate approximately 43 million impressions that target the class demographics (adults 18 and over) across the Google Display Network, which is estimated to reach 18 percent of adults 18 and older. (*See id*. ¶¶ 11, 15.) Combining the Email Notice and Publication Notice, the Notice Plan is thus expected to reach 70 percent of putative class members. (*Id.* ¶¶ 15, 18.) The proposed forms of Publication Notice are attached to the Notice Plan as Attachment B.

**Third,** the Publication Notice, along with the Email Notice, will direct class members to a case-specific website (with an easily-remembered domain), which will be created and maintained by KCC. (*See id.* ¶ 12.) The case website will contain the traditional long form notice (the "Long Form Website Notice"), relevant court documents and dates, answers to frequently

---

[4] Some, but not all, of Defendant's records of phone numbers also contained email addresses and/or mailing addresses associated with the phone number. Specifically, Plaintiff was able to uncover from Defendant's records email addresses for approximately 53.7% of the pool and mailing addresses for approximately 34.7% of the pool. Plaintiff then, with the assistance of KCC, will use "reverse phone lookups" and "email appends" to retrieve any email addresses associated with the remaining phone numbers in the pool. First, KCC will perform reverse phone lookups on 224,856 individuals (the remaining 11.6% of the pool of phone numbers that did not have an associated email or postal address in Defendant's records) to locate postal addresses. (*See* Peak Declaration ¶ 7.)  KCC will then perform an email append on all postal addresses (both those in Defendant's records and those resulting from the reverse lookup) to locate valid email addresses. (*Id*. ¶ 10.)

asked questions, and other pertinent case information. (*Id.*)[5] The website will also contain a toll-free number through which class members can access additional settlement information, request notice packets, and obtain contact information for Plaintiff's counsel and KCC. (*Id.*) The proposed Long Form Website Notice is attached to the Notice Plan as Attachment C.

In short, the proposed Notice Plan is the best practicable under the circumstances and is one that has proven effective. Indeed, notice plans analogous to the instant Plan have been approved by other courts. *See, e.g., Flynn v. Sony Elecs., Inc.,* No. 09–cv–2109, 2015 WL 128039, at *4 (S.D. Cal. Jan. 7, 2015) (approving a multi-tiered notice plan that included individualized emails to class members for whom the parties had contact information, publication of notice in national magazines, and a case-specific website); *cf. Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 238–39 (N.D. Cal. 2014) (finding that notice plan comported with due process where "plaintiffs indicated that they [would] attempt to provide direct notice to many retail customers whose contact information may be on file with the retailer" and that "an extensive but targeted internet and print media campaign [would] be aimed at providing notice to other potential class members"). Plaintiff respectfully submits that here too, a combination of direct email notifications, targeted Internet publications, and a case-specific website offers the

---

[5] The Manual For Complex Litigation confirms that using a dedicated website to provide supplemental information is an effective notice technique:

> Posting notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice, might be provided at a relatively low cost, and will become increasingly useful as the percentage of the population that regularly relies on the Internet for information increases. An advantage of Internet notice is that follow-up information can easily be added, and lists can be created to notify class members of changes that may occur during the litigation. Similarly, referring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement. Many courts include the Internet as a component of class certification and class settlement notice programs.

*Ann. Manual Complex Lit*. § 21.311 (4th ed.).

best practicable notice under the circumstances. Accordingly, the Court should approve the proposed Notice Plan.

### III. THE PROPOSED FORM AND CONTENT OF THE NOTICE ARE EASY TO READ AND UNDERSTAND, AND THUS, COMPORT WITH RULE 23 AND DUE PROCESS.

Adequate notice should be easily understood by the average class member. Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*, §11:53, 167 (4th ed. 2002). That is, it should use clear and concise language that explains: 1) the nature of the action; 2) the definition of the class certified; 3) the class claims and defenses at issue; 4) that class members may enter an appearance through counsel if so desired; 5) that class members may request to be excluded from the class; and 6) that the effect of a class judgement shall be binding on all class members. Fed. R. Civ. 23(c)(2)(B); Alba Conte & Herbert B. Newberg, 5 *Newberg on Class Actions*; § 8:12 (5th ed. 2013). "The federal judicial center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms." Adv. Cmte. Notes (2003) to Fed. R. Civ. P. 23(c).

The form and content of the Email Notice, Publication Notice, and Long Form Website Notice are based upon the question and answer format suggested by the Federal Judicial Center and comply with Rule 23(c)(2)(B) and Due Process. Moreover, each notification is written in plain language, is easy to read, will be readily understood by the average class member, and thus satisfy the requirements of Rule 23 and Due Process. The Court should therefore approve the form and content of the proposed Notice Plan as well.

### IV. CONCLUSION

For the reasons explained above, Plaintiff Lori Wakefield respectfully requests that the Court enter an Order (1) approving the proposed Notice Plan, finding that it comports with both

Rule 23 and Due Process, (2) authorizing the Email Notice to be sent by email to all class members for whom Plaintiff has email addresses, (3) authorizing the online dissemination of the Publication Notice, and (4) authorizing the creation of a case-specific website that contains the Long Form Website Notice.

Respectfully submitted,

**LORI WAKEFIELD, individually and on behalf of all similarly situated individuals,**

Dated: October 16, 2017  /s/ Lily E. Hough

**Rafey S. Balabanian, ILB #6285687\***
rbalabanian@edelson.com
**Eve-Lynn J. Rapp, ILB #6300632\***
erapp@edelson.com
**Lily Hough, SBN #315277\***
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Attorneys for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

      I, Lily E. Hough, an attorney, certify that on October 16, 2017, I served the foregoing by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.


                                              /s/ Lily E. Hough