# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

LORI WAKEFIELD, individually and on behalf of all others similarly situated,

        Plaintiff,

    vs.

VISALUS, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:15-cv-01857

Honorable Anna J. Brown

## DECLARATION OF CARLA PEAK ON CLASS CERTIFICATION NOTICE PLAN

I, CARLA PEAK, declare:

1.      I am a Vice President of Legal Notification Services at KCC LLC (KCC).

2.      The purpose of this declaration is to provide the Court with KCC's qualifications and experiences regarding the development of class action notice plans and to provide information regarding the Notice Plan for distributing notices about class certification in conjunction with the case of *Wakefield v. ViSalus, Inc*., No. 3:15-cv-01857 (D. Ore.). A copy of the Notice Plan is attached hereto as Exhibit 1.

## FIRM EXPERIENCE

3.      KCC is a leading class action administration firm that provides comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and

reporting, and other related services critical to the effective administration of class action settlements. With more than thirty years of industry experience, KCC has developed efficient, secure and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of these matters to ensure the orderly and fair treatment of class members and all parties in interest. Since 1984, KCC has been retained to administer more than 6,000 class actions and distributed settlement payments totaling well over $20 billion in assets.

4.     Some Telephone Consumer Protection Act (TCPA) case examples which KCC has been involved with include: *In re Monitronics International Inc., Telephone Consumer Protection Act Litigation*, No. 1:13-md-02493 (N.D. W.Va.); *Johnson v. Yahoo!, Inc.*, No. 1:14-cv-02028 (N.D. Ill.); *Etzel v. Hooters of America*, LLC, No. 1:15-cv-01055 (N.D. Ga.); *Elias v. Synchrony Bank*, No. BC555883 (Sup. CT. Cal.); *Charvet v. Plymouth Rock Energy, LLC*, No. 2:15-cv-04106 (E.D. N.Y.); *Prather v. Wells Fargo Bank*, N.A., No. 1:15-cv-04231 (N.D. Ga.); *Luster v. Wells Fargo Dealer Services, Inc.*, No. 1:15-cv-01058 (N.D. Ga.);  *Melito v. American Eagle Outfitters, Inc.*, No. 1:14-cv-02440 (S.D.N.Y.); *Charvat v. Resort Marketing Group, Inc.*, No. 1:12-cv-05846 (N.D. Ill.); *Davenport v. Discover Financial Services*, No. 1:15-cv-06052 (N.D. Ill.); *Youngman v. A&B Insurance and Financial, Inc.*, No. 6:16-cv-01478, (M.D. Fla.); *In Re Midland Credit Management, Inc. TCPA Litigation*, No. 11-md-2286 (S.D. Cal.); *Kolinek v. Walgreen Co.*, No. 13-cv-04806 (N.D. Ill.); *Steinfeld v. Discover Financial Services*, No. 12-cv-01118 (N.D. Cal.); *Boise v. ACE American Insurance Company*, No. 1:15-cv-21264, (S.D. Fla.); *In re: Portfolio Recovery Associates, LLC TCPA Litigation*, No. 11-md-02295 (S.D. Cal.); *Adams v. AllianceOne Receivables Management, Inc.*, No. 08-cv-00248 (S.D. Cal.); *Couser v. Comenity Bank*, No. 12-cv-02484 (N.D. Cal.); *Connor v. JPMorgan*, No. 10-cv-01284 (S.D.

Cal.); *Allen v. JPMorgan Chase Bank*, No. 13-cv-08285 (N.D. Ill.); *Newman v. AmeriCredit*, No. 11-cv-3041 (S.D. Cal.); *Guarisma v. Blue Cross Blue Shield of Florida*, No. 13-cv-21016-FAM (S.D. Fla.); *Hetherington v. Omaha Steaks*, No. 13-cv-2152 (D. Ore.); *Charvat v. AEP Energy*, No. 14-cv-3121 (N.D. Ill.); *Lees v. Anthem Ins. Cos., Inc.*, No. 13-cv-01411 (E.D. Mo.); *Abdeljalil v. GE Capital Retail Bank*, No. 12-cv-02078-JAH-MDD (S.D. Cal.); *Coffman v. Glide Talk, Ltd.*, No. 13-cv-05190 (N.D. Ill.); *Luster v. Duncan Solutions*, No. 14-cv-00112 (N.D. Ga.); *Bayat v. Bank of the West*, No. 13-cv-2376 (N.D. Cal.); *Sherman v. Kaiser Foundation Health Plan, Inc.*, No. 13-cv-00981 (S.D. Cal.); *Prater v. Medicredit, Inc.*, No. 14-cv-00159 (E.D. Mo.); *Martin v. Global Marketing Research Services, Inc.*, No. 14-cv-1290 (M.D. Fla.); *Jonsson v. USCB, Inc.*, No. 13-cv-8166 (C.D. Cal.); *In re Life Time Fitness*, MDL No. 2564 (D. Minn.); *Rinky Dink Inc. v. World Business Lenders LLC*, No. 14-cv-00268 (W.D. Wash.); *Cummings v. Sallie Mae, Inc.*, No. 12-cv-9984 (N.D. Ill.); *Grannan v. Alliant Law Group, P.C.*, No. 10-cv-02803 (N.D. Cal.); *Wannemacher v. Carrington Mortgage Servs.*, No. 12-cv-02016 (C.D. Cal.); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-cv-4462 (N.D. Ill.); *Animal Medical Center of Orland Park v. JP Morgan Chase & Co.*, 14-cv-01251 (N.D. Ill.); and *Hageman v. AT&T Mobility LLC*, 13-cv-50 (D. Mont.). More information on KCC's experience can be found at www.kccllc.com.

## NOTICE PLAN

### *Case Background*

5.     The following known factors were considered when designing the Notice Plan recommendation: (1) the precise size of the Class is unknown, but it is estimated to include over one million Class Members; (2) Class Members are located throughout the U.S.; (3) for reach calculating and planning purposes, a target of all U.S. adults 18 years of age and older has been

used; and (4) Plaintiffs believe phone numbers are available for all Class Members; however the list of phone number is over-inclusive and a reasonable effort cannot separate and identify the phone numbers of only Class Members. As a result, the individual notice effort will be supplemented with a consumer media campaign. In other words, because the precise size of the Class is unknown, the Notice Plan was designed to reach approximately 70% of *likely* Class Members through a combination of individual notice and Internet advertisements.

### Class Definition

6.     The Court certified a Class consisting of all individuals in the United States who received a telephone call made by or on behalf of ViSalus: (1) promoting ViSalus's products or services; (2) where such call featured an artificial or prerecorded voice; and (3) where neither ViSalus nor its agents had any current record of prior express written consent to place such call at the time such call was made.

### Individual Notice

7.     It is KCC's understanding that phone numbers are available for approximately 1.9 million individuals, however this list is believed to be over-inclusive of the Class. Of the 1.9 million phone numbers, email and postal addresses are available for approximately 220,000, only email addresses are available for approximately 820,000, only postal addresses are available for approximately 673,000, and approximately 224,000 do not have an associated email or postal address. As discussed in more detail below, KCC will conduct reverse lookups to identify names and addresses for the phone numbers that do not have an associated postal address. The results of the reverse lookup will then go through an email append process to locate an email address for the associated postal address.

8.     Plaintiffs have provided KCC with all of the telephone numbers and contact

information they have for Class Members. KCC will merge this data into one comprehensive database (the "Notice List"). KCC will then de-duplicate the Notice List to ensure, as best as possible, that each telephone number appears on the list a single time. Where duplicate telephone numbers appear on the Notice List with matching email addresses, the duplicate telephone numbers will be removed. Where duplicate telephone numbers appear on the Notice List with matching postal addresses, the duplicate telephone numbers will be removed. Where duplicate telephone numbers appear on the Notice List with unique email addresses, the duplicate telephone numbers will be retained. Where duplicate telephone numbers appear on the Notice List with unique postal addresses, the duplicate telephone numbers will be retained. After de-duplication, KCC will perform a reverse directory search using the phone numbers provided on the Notice List to first obtain a postal address. KCC will then use the postal addresses to conduct an email append search to return the email address associated with that postal address.

9. KCC routinely performs reverse directory searches and lookups. This process has been used in at least a dozen KCC administrations of TCPA matters this year, and has been relied upon by KCC for a number of administrations in past years for the purpose of notice. KCC will facilitate lookups to identify names, postal addresses and email addresses associated with phone numbers.

10. KCC will conduct a search to identify email addresses for all phone numbers that have an associated postal address, as well as for those records that result in a name and postal address during the reverse directory search. Based on a sample email append report, KCC estimates that 63% of the postal addresses that are processed in the email append will return email addresses. Upon completion of the above-referenced searches, KCC will update the Notice List with the information obtained and will de-duplicate and review the entire Notice List. KCC

will then send a summary notice (the "Email Notice") to each email address on the Notice List. A copy of the Email Notice is attached to Exhibit 1 as **Attachment A**.

***Internet Banner Advertisements***

11.     According to data from GfK Mediamark Research & Intelligence, LLC,[1] 87.1% of all U.S. adults 18 years of age and older have access to the Internet at home using a computer and 80.2% have looked at or used the Internet in the last 30 days. KCC's Legal Notification Services team will purchase approximately 43 million internet impressions to be delivered over the Google Display Network. The impressions will be targeted to adults 18 years of age and older. All of the Internet banner notices (the "Publication Notice") will contain an embedded hyperlink to the case website. Copies of the Publication Notice are attached to Exhibit 1 as **Attachment B**.

***Case Website***

12.     KCC will create and maintain a case-specific website and post relevant documents and answers to frequently asked questions. Class Members will have the option to download copies of case documents, including the Long Form Notice, Class Action Complaint, and the Court's Class Certification Order. The Case Website will also provide Class Members with additional information about the litigation, their options and rights, and contact information for counsel and KCC (the "Long Form Website Notice"). A copy of the Long Form Website Notice is attached to Exhibit 1 as **Attachment C**.

---

[1] GfK Mediamark Research & Intelligence, LLC (MRI), is a nationally accredited research firm that provides consumer demographics, product and brand usage, and audience/exposure in all forms of advertising media. Established in 1979, MRI measures the usage of nearly 6,000 product and service brands across 550 categories, along with the readership of hundreds of magazines and newspapers, internet usage, television viewership, national and local radio listening, yellow page usage, and out-of-home exposure. Based on a yearly face-to-face interview of 26,000 consumers in their homes, MRI's Survey of the American Consumer™ is the primary source of audience data for the U.S. consumer magazine industry and the most comprehensive and reliable source of multi-media audience data available.

### *Toll-Free Number*

13.     KCC will set up a toll-free number to provide Class Members with an additional opportunity to learn more about the litigation. The toll-free number will provide answers to frequently asked questions, as well as allow Class Members to request to have more information mailed directly to them.

### *Opt-Out Processing*

14.     KCC will process all opt-outs and provide copies to counsel and the Court.

### *Reach and Frequency*

15.     This individual notice reach was conservatively calculated using the largest possible class size of all phone numbers on the Notice List. After the reverse lookup and email append processes are completed, KCC estimates that it will send the Email Notice to approximately 1.5 million individuals (out of the approximately 1.9 million unique phone numbers on the Notice List). KCC estimates that approximately 20 percent of the emails sent will result in bounce-backs. Based on these assumptions, KCC estimates that individual notice will reach approximately 63% of the Notice List. In addition, the Publication Notice is expected to reach approximately 18% of adults 18 years of age and older. Combined, the Notice Plan is expected to reach approximately 70% of likely Class Members.

### CONCLUSION

16.     Based on KCC's class action notice planning experience, the notice tactics utilized in the Notice Plan are consistent with other effective class action notice plans.

17.     The attached notice forms, including the Email Notice, the Publication Notice, and Long Form Website Notice are consistent with other effective class action notice documents and have been written in clear, concise, plain, and easily understood language.

18.     The Notice Plan provides the best notice practicable under the circumstances of this case. It provides the same reach and frequency evidence that Courts have approved and that has withstood appellate scrutiny, other expert critiques, as well as collateral review. The Notice Plan is also consistent with the 70-95% reach guideline set forth in the Federal Judicial Center's Judges' *Class Action Notice and Claims Process Checklist and Plain Language Guide*.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 16, 2017

_Carla Peak_
Carla Peak

© KCC LLC 2017



**Exhibit 1**



**Legal Notification Services**

_____

# Class Certification Notice Plan

## _Wakefield v. ViSalus, Inc._

## Case No. 3:15-cv-01857

United States District Court
District of Oregon

**Prepared: October 16, 2017**

© 2017 KCC LLC
Proprietary and Confidential

# Table of Contents

Page

Media Terms ........................................................................................................................... 3

Media Resources ................................................................................................................... 4

Program Overview .................................................................................................................. 5

Notice Schedule ..................................................................................................................... 6

Individual/Direct Notice .......................................................................................................... 7

Publication Notice .................................................................................................................. 8

Additional Support ................................................................................................................. 9

Notice Design ....................................................................................................................... 10

Draft Forms of Notice ........................................................................................................... 11


Attachment A – Email Notice

Attachment B – Publication Notice

Attachment C – Long Form Website Notice

© 2017 KCC LLC
Proprietary and Confidential

# Media Terms

The following provides the meaning of media terms highlighted throughout the Notice Plan:

**Impressions or Exposures:** Total number of opportunities to be exposed to a media vehicle or combination of media vehicles containing a notice. It is a gross or cumulative number that may include the same person more than once. Impressions can exceed the population size.

**Frequency:** Estimated average number of times a population group is exposed to a media vehicle or combination of media vehicles containing a notice within a given period of time.

**Reach or Coverage:** Net percentage of a specific population group exposed to a media vehicle or a combination of media vehicles containing a notice at least once within a given period of time. Reach factors out duplication, representing the total different/net persons.

# Media Resources

The resources used to quantify the plan approach include the same resources used by media professionals to guide the billions of dollars of advertising we see today:

**GfK Mediamark Research & Intelligence, LLC (MRI)**

MRI is a nationally accredited research firm that provides consumer demographics, product and brand usage, and audience/exposure in all forms of advertising media. Established in 1979, MRI measures the usage of nearly 6,000 product and service brands across 550 categories, along with the readership of hundreds of magazines and newspapers, Internet usage, television viewership, national and local radio listening, yellow page usage, and out-of-home exposure. Based on a yearly face-to-face interview of 26,000 consumers in their homes, MRI's *Survey of the American Consumer*™ is the primary source of audience data for the U.S. consumer magazine industry and the most comprehensive and reliable source of multi-media audience data available.

**comScore, Inc. (comScore)**

comScore is a leading cross-platform measurement and analytics company that precisely measures audiences, brands and consumer behavior everywhere, capturing 1.9 trillion global interactions monthly. comScore's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reached more effectively. comScore operates in more than 75 countries, serving over 3,200 clients worldwide.

**Class Definition**

The Court certified a Class consisting of all individuals in the United States who received a telephone call made by or on behalf of ViSalus: (1) promoting ViSalus's products or services; (2) where such call featured an artificial or prerecorded voice; and (3) where neither ViSalus nor its agents had any current record of prior express written consent to place such call at the time such call was made.

**Case Analysis**

The following known factors were considered when designing the Notice Plan recommendation:

(1) the precise size of the Class is unknown, but it is estimated to include over one million Class members;

(2) Class members are located throughout the U.S.;

(3) for reach calculating and planning purposes, a target of all U.S. adults 18 years of age and older has been used; and

(4) Plaintiffs believe phone numbers are available for all Class Members; however, the list of phone numbers is over-inclusive and a reasonable effort cannot separate and identify the phone numbers of only Class Members.

**Target Audience**

MRI data was studied among all U.S. adults 18 years of age and older (Adults), because this broad, over-inclusive target group best represents the Class.

**Notice Design**

The Notices have been designed to provide a clear, concise, plain language statement of Class members' legal rights and options.

© 2017 KCC LLC
Proprietary and Confidential

# Notice Schedule

Following is a hypothetical schedule outlining the notice activity.

| Notice Tactic | Issued | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 |
|---|---|---|---|---|---|---|
| Individual Mailings | | | | | | |
| *Publication Notice* | Daily | | | | | |
| Case Website | Constant | | | | | |
| Toll-Free Number | Constant | | | | | |

# Individual/Direct Notice

- An summary Email Notice will be emailed to the email addresses of identifiable potential Class members.

- It is KCC's understanding that phone numbers are available for approximately 1.9 million individuals, however this list is believed to be over-inclusive of the Class. Of the 1.9 million phone numbers, email and postal addresses are available for approximately 220,000, only email addresses are available for approximately 820,000, only postal addresses are available for approximately 673,000, and approximately 224,000 do not have an associated email or postal address. As discussed in more detail below, KCC will conduct reverse lookups to identify names and address for the phone numbers that do not have an associated postal address. The results of the reverse lookup will then go through an email append process to locate an email address for the associated postal address.

- Plaintiffs have provided KCC with all of the telephone numbers and contact information they have for Class Members. KCC will merge this data into one comprehensive database (the "Notice List"). KCC will then de-duplicate the Notice List to ensure, as best as possible, that each telephone number appears on the list a single time. Where duplicate telephone numbers appear on the Notice List with matching email addresses, the duplicate telephone numbers will be removed. Where duplicate telephone numbers appear on the Notice List with matching postal addresses, the duplicate telephone numbers will be removed. Where duplicate telephone numbers appear on the Notice List with unique email addresses, the duplicate telephone numbers will be retained. Where duplicate telephone numbers appear on the Notice List with unique postal addresses, the duplicate telephone numbers will be retained. After de-duplication, KCC will perform a reverse directory search using the phone numbers provided on the Notice List to first obtain a postal address.  KCC will then use the postal addresses to conduct an email append search to return the email address associated with that postal address.

- KCC will facilitate lookups to identify names, postal addresses and email addresses associated with phone numbers. KCC will conduct a search to identify email addresses for all phone numbers that have an associated postal address, as well as for those records that result in a name and postal address during the reverse directory search. Upon completion of the above-referenced searches, KCC will update the Notice List with the information obtained and will de-duplicate and review the entire Notice List to ensure a single Summary Notice is emailed.

- Because the actual size of the Class is unknown, and the list of phone numbers available for potential Class members is over-inclusive, KCC has conservatively calculated the reach of the individual notice using the largest possible class size of all phone numbers on the Notice List.

According to data from GfK Mediamark Research & Intelligence, LLC, 87.1% of Adults have access to the Internet at home using a computer and 80.2% have looked at or used the Internet in the last 30 days.

Using comScore data, we have determined the number of impressions necessary to effectively extend reach among likely Class Members. Based on our analysis, we recommend purchasing 43 million internet impressions to be distributed over Google Display Network. The internet banners will appear on both mobile and desktop devices. The online ads will be targeted to Adults and will include an embedded link to the case website.



© 2017 KCC LLC
Proprietary and Confidential

# Additional Support

**Case Website**
- Provides a simple way for Class Members to obtain additional information about the case
- Allows Class Members the ability to obtain additional information and documents including the detailed Long Form Website Notice, Class Action Complaint, Defendants' Answers, Class Certification Order and any other information the Court may require
- Prominently displayed in all printed notice materials

**Toll-Free Telephone Support**
- Provides a simple way for Class Members to obtain additional information about the case
- Allows Class Members the opportunity to learn more about the case in the form of frequently asked questions and answers
- Allows Class Members to request to have more information mailed directly to them
- Prominently displayed in all printed notice materials

.

The Notices are clear and concise, and written in plain, easily understood language, The design and content of all of the notice materials are consistent with the FJC's "illustrative" forms of model plain language notices, available at www.fjc.gov.

**Email Notice**
- Bold headline captures attention and speaks directly to Class Members, alerting them that they should read the Notice and why it is important
- Legal significance is highlighted to ensure readers that the communication carries legitimate information from the court
- Content includes all required information
- Toll-free number and case website invite response, allowing Class Members the opportunity to obtain additional information

**Publication Notice**
- Rotating text captures attention and draws the reader in
- Bold headline speaks directly to Class Members, alerting them that their rights may be affected
- Large "Learn More" button invites interaction
- Contains a direct link to the case website

**Long Form Website Notice**
- Prominent "Your Legal Rights and Options" table on first page immediately informs readers of their rights and options in the case
- Bold headline captures attention and speaks directly to Class Members, alerting them that they should read the Notice and why it is important
- Provides more detailed information than that of a Summary Notice
- Content includes all required information
- Toll-free number and case website invite response, allowing Class Members the opportunity to obtain additional information

# Draft Forms of Notice

**Attachments A, B, and C** contain the draft forms of the following notice documents:

- The **Email Notice** that will be emailed to all email addresses on the Notice List.

- The **Publication Notice** that will be posted on a variety of web properties.

- The detailed **Long Form Website Notice** that will be made available at the website. The Long Form Notice will be mailed to Class Members who call the toll-free number to request one.

# Attachment A

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

*Wakefield v. ViSalus, Inc.*, Case No. 3:15-cv-01857 (D. Ore.)

# If you received an automated call promoting ViSalus weight-loss products and dietary supplements, a class action lawsuit may affect your rights.

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

Records indicate that you may be affected by a class action lawsuit claiming that ViSalus, Inc. ("ViSalus" or "Defendant") violated a federal law called the Telephone Consumer Protection Act ("TCPA"). ViSalus denies that it violated the law. The lawsuit is called *Wakefield v. ViSalus, Inc.*, No. 3:15-cv-01857 (D. Ore.). The Court decided this lawsuit should be a class action on behalf of a "Class," or group of people that could include you. This notice summarizes your rights and options before any decision is reached on whether Plaintiff or Defendant is right. If you're included in the Class, you have to decide whether to stay in the Class and be bound by whatever results, or ask to be excluded and keep your right to separately sue ViSalus. **There is no money available now and no guarantee that there will be.**

### Am I part of the Class?

You may be a Class Member if you received an automated telephone call (i.e., a call containing a prerecorded message or used a robotic voice)—without your prior written consent—made by or on behalf of ViSalus, promoting its products or services. You are receiving this Notice because records produced in this case indicated that you likely received one of these calls. More information is in the detailed Long Form Website Notice at www.[WEBSITE].net.

### What is this case about?

The lawsuit claims that by making and authorizing automated telephone calls promoting its goods and services, ViSalus violated the federal Telephone Consumer Protection Act because consumers did not consent to receive these calls. The lawsuit seeks damages for each Class Member of $500 per call, or up to $1,500 per call if the Plaintiff can demonstrate that the calls were "willfully" made. The Court has not decided whether the Class or ViSalus is right. If the case is not resolved through legal motions or settled, the lawyers for the Class will have to prove their claims at a trial.

### Who represents me?

The Court has appointed lawyers from the firms Forum Law Group LLC and Edelson PC to represent you as "Class Counsel." You do not have to pay Class Counsel or anyone else to participate. Instead, if Class Counsel gets money or benefits for the Class, they may ask the Court for attorneys' fees and costs. If the Court grants Class Counsel's request, the fees and costs would either be deducted from any money obtained for the Class or paid separately by ViSalus. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Lori Wakefield is a Class Member like you and the Court appointed her as the "Class Representative."

### What are my options?

You have a choice of whether to stay in the Class or not, and **you must decide this now**. If you do not do anything, you are choosing to stay in the Class. You will be bound by all orders of the Court and you won't be able to separately sue, or continue to separately sue, ViSalus about the calls at issue in this lawsuit. If money or benefits are obtained, you will be notified about how to get a share. You may also exclude yourself from the Class by sending a letter to the address below no later than [**date**] saying you want to be excluded from the lawsuit. Include your name, address, signature and the phone number that received the calls. If you exclude

yourself, you will not get any money or benefits from the lawsuit if they are awarded, but you keep any rights you may have to sue ViSalus over the legal issues in this case.

### How and when will the Court decide who is right?

Class Counsel will have to prove the Plaintiff's claims at a trial if the case is not settled or decided through legal motions. The trial will be heard at Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, Oregon 97204, but a trial date is not yet scheduled. A trial may be scheduled without further notice to you. During the trial, a jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiff or Defendant is right about the claims in the lawsuit. There is no guarantee that the Plaintiff will win or that they will get any money for the Class, nor is there any guarantee that you will be considered a Class Member.

### How do I get more information?

For more information, including a detailed Long Form Website Notice and other documents about this lawsuit and your rights, visit to www.[WEBSITE].net, contact the administrator at 1-___-___- ____ or write to *Wakefield v. ViSalus* Class Action Administrator, [address], or call Class Counsel at 1-___-___-____.

This message was intended for:
You were added to the system [DATE]
For more information click here. Update your preferences
Unsubscribe | Unsubscribe via email

# Attachment B

If you received an automated call promoting ViSalus weight-loss products and dietary supplements, a class action lawsuit may affect your rights.



www.example.com

---

If you received an automated call promoting ViSalus weight-loss products and dietary supplements, a class action lawsuit may affect your rights.

**Learn More**

www.example.com

---

If you received an automated call promoting ViSalus weight-loss products and dietary supplements, a class action lawsuit may affect your rights.

**Learn More**

www.example.com

# Attachment C

# If you received an automated call promoting ViSalus weight-loss products and dietary supplements, a class action lawsuit may affect your rights.

*A Federal Court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A lawsuit has been filed against ViSalus, Inc. ("ViSalus" or "Defendant") claiming it authorized and/or took part in robocalling campaigns to promote its products and services.

- The Court decided this lawsuit should be a class action on behalf of any person who received an automated telephone call (i.e., a call containing a prerecorded message or that used a robotic voice)— without your prior written consent—made by or on behalf of ViSalus, promoting its goods or services.

- The Court has not yet decided whether Defendant did anything wrong. **There is no money available now and no guarantee that there will be.** Your legal rights are affected, however, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT: | |
| --- | --- |
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br>By doing nothing, you automatically keep the possibility of getting money or benefits that may come from a trial or settlement. But, you give up any rights to separately sue Defendant about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.**<br>If you ask to be excluded and money benefits are later awarded, you won't share in those. But, you keep any rights to separately sue Defendant about the same legal claims in this lawsuit. |

- Your options are explained in this Notice. To ask to be excluded, you must act before **[date].** To remain a part of the class action, you do not need to do anything.

- If this case is not dismissed or settled before trial, lawyers must prove the claims against Defendant. If money or benefits are obtained from Defendant, you will be notified about how to ask for a share.

# BASIC INFORMATION

## 1. Why was this Notice issued?

The Court authorized this Notice to explain that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise in this case, as described below. Judge Anna J. Brown of the United States District Court for the District of Oregon is overseeing this class action. The lawsuit is known as *Wakefield v. ViSalus, Inc.*, No. 3:15-cv-01857 (D. Ore.).

## 2. What is this lawsuit about?

This lawsuit claims that ViSalus promoted its products and services by causing unsolicited automated telephone calls to be made. The lawsuit also claims that, through this conduct, ViSalus violated the federal Telephone Consumer Protection Act ("TCPA") because consumers did not provide prior consent to receive these calls.

## 3. What is a class action and who is involved?

In a class action, one or more people called "Class Representatives" (in this case, Lori Wakefield) sue on behalf of a group of people who have similar claims. The people together are a "Class" or "Class Members." The individual who sues—and all the Class Members like them—is called the Plaintiff. The company they sue (in this case ViSalus, Inc.) is called the Defendant. In a class action, the Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- Thousands of individuals allegedly received the automated calls and are Class Members;
- There are legal questions and facts that are common to each of them;
- Lori Wakefield's claims are typical of the claims of the rest of the Class;
- Ms. Wakefield, and the lawyers from Forum Law Group LLC and Edelson PC representing the Class, will fairly and adequately represent the Class's interests;
- The common legal questions and facts outweigh questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order and Opinion, which is available in the "Court Documents" section of this website.

# THE CLAIMS IN THE LAWSUIT

## 5. What does the lawsuit complain about?

This lawsuit claims that ViSalus promoted its products and services through unsolicited automated telephone calls made to consumers nationwide.

Plaintiff claims that, by causing these automated calls to be made, Defendant violated the federal Telephone Consumer Protection Act because consumers did not consent to receive these automated calls. You can read a copy of the Plaintiff's First Amended Class Action Complaint in the "Court Documents" section of this website.

## 6. How does ViSalus answer?

ViSalus denies that it did anything wrong or violated any law. You can read Defendant's Answers to Plaintiff's First Amended Class Action Complaint in the "Court Documents" section of this website.

## 7. Has the Court decided who is right?

The Court has not decided whether the Plaintiff or Defendant is correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiff will win or lose this case. Unless the case settles, Plaintiff must prove her claims at a trial or through legal motions to recover money.

## 8. What is the Plaintiff asking for?

The Plaintiff is asking the Court to award each Class Member monetary damages of $500 per unsolicited automated call they received. If Plaintiff is able to show that Defendant "willfully" made these automated calls, she will ask for up to $1,500 per Class Member, per call. Plaintiff is also asking the Court to enter an order prohibiting the Defendant from making these unsolicited automated calls in the future.

## 9. Is there any money available now?

No money or benefits are available now because the Court has not decided whether Defendant did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits will ever be obtained. If they are, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS

You need to determine whether you are affected by this lawsuit.

## 10. Am I part of the Class?

The Court certified a Class on behalf of individuals in the United States who received an automated telephone call (i.e., a call containing a prerecorded message or that used a robotic voice) made by or on behalf of ViSalus that promoted its products or services and ViSalus or companies working on their behalf did not have prior express consent to place the call.

You may be part of the Class if you received one of these calls and any of the following is also true:

- Your information appeared in Defendant's records, in which case you would have likely received an email from the *Wakefield v. ViSalus* Class Action Administrator;

- Even if you did not receive an email notifying you of this action, you may still be part of the Class if your number appears in Defendant's records; or

- You recall getting one of the automated telephone calls and you have or are able to obtain some documentation of the call, including but not limited to any of the following things: a telephone bill showing that you received the call; a recording of the call; a caller ID record of the call; or a screenshot of the call.

You may be able to obtain your telephone bill and/or records from your telephone carrier, but you do not need to submit that information at this time. If you have any questions about how to obtain this information, call the lawyers in this case at the phone number listed in question 21 for assistance.

## 11. What if I'm still not sure if I am included?

If you are still not sure whether you are included, you can call the *Wakefield v. ViSalus* Class Action Administrator at [###-#####]. Or you can get free help by calling the lawyers in this case at the phone number listed in question 21.

## YOUR RIGHTS AND OPTIONS

You have a choice about whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

## 12. What happens if I do nothing at all?

By doing nothing you are staying in the Class. If you stay in the Class and the Plaintiff obtains money or benefits, either as a result of any trial or settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you are a member of the Class and you do nothing now, regardless of whether the Plaintiff wins or loses the legal motions or trial, you will not be able to separately sue, or continue to separately sue, Defendant—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you may not be able to sue ViSalus for unsolicited automated telephone calls promoting its products or services. You will also be legally bound by all of the orders the Court issues and judgments the Court makes in this class action.

## 13. Why would I ask to be excluded?

If you already have your own lawsuit against Defendant for the same automated telephone calls, and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class—which also means to remove yourself from the Class, and is sometimes called "opting out" of the Class—you won't get any money or benefits from this lawsuit if any are awarded or obtained as a result of the trial, legal motions, or from any settlement (that may or may not be reached) between Defendant and the Plaintiff. However, you will be able to separately start your own lawsuit against, or continue to separately sue, Defendant for making or authorizing the alleged unsolicited automated telephone calls at issue in this case. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Defendant after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you exclude yourself so you can start or continue your own lawsuit against Defendant, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations or other deadline.

## 14. How do I ask the Court to exclude me from the Class?

To exclude yourself from the Class, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from *Wakefield v. ViSalus, Inc.*, No. 3:15-cv-01857 (D. Ore.). Your letter or request for exclusion must include your name and address, the phone number that received the automated call at issue, and your signature. You must mail your exclusion request no later than **[exclusion deadline]**, to:

*Wakefield v. ViSalus* Class Action Administrator
PO Box 0000
City, ST 00000-0000

# THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in the case?

The Court has appointed a team of lawyers from the firms Forum Law Group LLC and Edelson PC to represent the Class. They are called "Class Counsel." They are experienced in handling similar class action cases. More information about these lawyers, their law firms, and their experience is available at forumlawgroup.com and www.edelson.com, respectively.

## 16. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want to hire your own lawyer, you certainly can, but you will have to pay that lawyer yourself. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**17. How will the lawyers be paid?**

If Class Counsel obtains money or benefits for the Class, they may ask the Court for attorneys' fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by Defendant.

# THE TRIAL

**18. How and when will the Court decide who is right?**

As long as the case is not decided through legal motions or settled, Class Counsel will have to prove the Plaintiff's claims at a trial. The trial will be heard at Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, Oregon 97204, but a trial date is not yet scheduled. During the trial, a jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiff or Defendant is right about the claims in the lawsuit. There is no guarantee that the Plaintiff will win or that she will get any money for the Class.

**19. Do I have to come to the trial?**

You do not need to attend the trial. Class Counsel will present the case for the Plaintiff and Defendant will present their defenses. You or your own lawyer are welcome to come at your own expense.

**20. Will I get money after the trial?**

If the Plaintiff obtains money or benefits as a result of the trial or a settlement, you will be notified about how to apply for a share or what your other options are at that time. Currently, we do not know if any benefits will be available or how long this process will take.

# GETTING MORE INFORMATION

**21. Where do I get more information?**

This website www.[WEBSITE].net contains several Court Documents that contain additional information about the case. It will be updated with the most current information about the lawsuit as it becomes available. You may also write with questions to *Wakefield v. ViSalus* Class Action Administrator, PO Box 0000, City, ST 00000-0000. You can call the *Wakefield v. ViSalus* Class Action Administrator at [1-000-000-0000] or Class Counsel at 1-000-000-0000, if you have any questions. Before doing so, however, please read this full Notice carefully.