IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LORI WAKEFIELD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>VISALUS, INC., a Nevada corporation,<br><br>    Defendant. | 3:15-cv-01857-BR<br><br>ORDER |

BROWN, Senior Judge.

    This matter comes before the Court on Plaintiff's Motion (#93) for Approval of Class Notice Plan. The Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion as follows:

    The Court concludes Plaintiff's proposed Notice Plan meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) with the modifications indicated below.

    The Court further concludes the database of proposed class members (1.937 million) is not over-inclusive. To the extent Defendant is able to provide explicit information to Plaintiff that any of the calls to numbers identified in Plaintiff's

database (a) were not marketing calls or (b) did not go through or were not answered either by a person or an answering machine, the Court **DIRECTS** Defendant to provide such information to Plaintiff **no later than March 19, 2018**. If Plaintiff is able to determine based on the information provided by Defendant that calls were not marketing calls or did not go through or were not answered either by a person or answering machine, the Court **DIRECTS** Plaintiff to remove those numbers from the database and to give Notice to remaining potential class members identified in Plaintiff's database. If Plaintiff contests Defendant's information, the Court **DIRECTS** the parties to confer and to file a Joint Status Report **no later than April 2, 2018**, stating each parties' position regarding this issue.

The Court **APPROVES** Plaintiff's proposed Notice Plan with the following modifications:

(1) Notification by email to potential class members is the best notice that is practicable under the circumstances of this case. The Court **DIRECTS** Notice by email to be given to those persons who provided email addresses to ViSalus as part of their contact information. For those persons who provided only a postal address, the Court **DIRECTS** Plaintiff to use a reverse-lookup procedure to identify potential email addresses. For those persons who did not provide either an email or a postal address, the Court **DIRECTS** Plaintiff to attempt to locate either an email or a postal address and is authorized to send initial Notice by email. The Court **DIRECTS** Plaintiff to take necessary precautions to reduce the chance of emails being blocked by spam filters and to send follow-up postal notice for emails that bounce back or that are not delivered or blocked.

2 - ORDER

(2) The Court does **NOT APPROVE** Media Notice (banner ads) to potential class members.

(3) The Court **DIRECTS** the language of Notice forms and the class action Website to be modified as follows:

   a. Use of the terms "automated" or "robocalling" is misleading and confusing and the Court **DIRECTS** Plaintiff to replace those terms with the term "prerecorded."

   b. Use of the word "unsolicited" is not appropriate, and the Court **DIRECTS** Plaintiff to remove such language.

   c. The language "[t]housands of individuals allegedly received the automated calls and are Class Members" does not reflect the finding of the Court, and the Court **DIRECTS** Plaintiff to remove that language from Section 4 of the Website.

   d. The Court **DIRECTS** Plaintiff to modify Section 10 of the Website to state that although a person may have documentation of receiving a call from ViSalus, that documentation may not be sufficient to assert a claim or to establish damages.

IT IS SO ORDERED.

DATED this 15th day of February, 2018.

_____
ANNA J. BROWN
United States Senior District Judge