Scott F. Kocher, OSB#015088
FORUM LAW GROUP
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

* Admitted *pro hac vice*

(additional counsel listed on signature page)

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, on behalf of themselves and a class of others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**VISALUS, INC.**, a Nevada Corporation,<br><br>*Defendant.* | No. 3:15-cv-01857<br><br>**PLAINTIFF LORI WAKEFIELD AND DEFENDANT VISALUS INC.'S JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS** |

In accordance with the Court's Case Management Order dated August 9, 2017 (Dkt. 87), and pursuant to Local Rule 56-1(a), counsel for Plaintiff Lori Wakefield ("Plaintiff" or "Wakefield") and counsel for Defendant ViSalus, Inc. ("Defendant" or "ViSalus," and

collectively, the "Parties") have conferred and hereby submit the following Joint Statement of Agreed Facts.

Both Plaintiff and Defendant believe that several facts exist to which the opposing party has declined to agree. As such, the Parties will rely on the facts set forth below as well as those in their respective dispositive motions (and accompanying papers) to support their positions therein.

### I.    Parties, Venue, and Jurisdiction

1. Plaintiff Lori Wakefield is a citizen of Oregon and a resident of Clackamas County.

2. Defendant ViSalus is a Nevada corporation with a principal place of business in Michigan. ViSalus conducts business throughout this District and the United States.

3. The Court has jurisdiction under 28 U.S.C. § 1331, because the case arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

### II.    ViSalus's Business Model

5. ViSalus is a multi-level marketing company, also known as direct selling or network marketing, that sells weight-loss products and dietary supplements. Such products have included at times a variety of "kits"—such as the "Balance Kit," "Shape-Kit," "Core Kit," "Transformation Kit," and "Challenge Kit," combining different products depending on

customer choice—that customers choose based on what kind of result they're looking for, from losing weight to building muscle.

6. ViSalus makes money primarily through its "promoters," independent contractors who sell ViSalus products through their own business networks.

7. ViSalus supports and incentivizes promoters by building value in its products, opportunities and company, providing training and workshops, creating collateral marketing materials to help promoters sell the products, and offering enticing rewards for the highest-ranking promoters, such as a $300 additional bonus if the qualifying promoter purchased a qualifying BMW.

8. Promoters must enroll with ViSalus, which requires submitting a promoter application either online (through ViSalus's website) or in print (and that information is manually entered into ViSalus's computer system). Consumers may purchase products directly from ViSalus by submitting a purchase form either through ViSalus's website or on a print form.

9. Whether submitted online or in print, the promoter applications are identical and the process for enrollment has been the same since 2011.

10. All active ViSalus promoters have access to an online "Vi-Net" account.

11. ViSalus also maintains an internal online database—the "Exigo" system—which keeps live records of the information on individuals' Vi-Net accounts.

**III.   ViSalus's Calling Campaigns**

12. In June or July 2012, ViSalus created and employed a team of outbound calling agents collectively referred to within the company as "Outbound Support."

13. Although the original purpose of Outbound Support was to contact people who had attempted to purchase products but whose credit cards were declined, the agents eventually began to call customers to inform them of various marketing campaigns.

14. While these campaigns varied in topic, the calls were made for the same general purpose: to retain customers and generate revenue for ViSalus.

15. The Outbound Support team initially dialed telephone numbers manually using an Avaya telephone system. However, sometime in or around 2013 or 2014, ViSalus updated its Avaya system with a feature called the Proactive Outreach Manager ("POM"), which enabled it to place autodialed and agentless calls. ViSalus stopped conducting manually dialed campaigns once it had POM.

16. In 2013, ViSalus began downsizing the company, reducing its overall number of employees.

17. ViSalus placed calls through POM using a systematic two-step process: first, ViSalus created a contact list for the campaign, utilizing information from the Exigo system such as whether a customer had become "inactive;" then, an Outbound Support agent uploaded the contact list to POM and assigned it to run with the appropriate campaign.

18. Once the contact list was uploaded to POM, the Outbound Support team could begin placing calls with the click of a button. Ex. A, Composite of POM Instructions (explaining that once you "[c]lick on the play button" all the caller would have to do is "verify Campaign in running").

19. With POM, ViSalus used two campaign strategies: "Press One" calls (where a prerecorded or artificial voice instructed customers to "press [1] to be connected to a live person now"), and "voice casting" calls (where an audio clip played a prerecorded callback message).

Ex. B, Excerpts of January 20, 2017 Deposition of Justin Call ("Call Dep.") at 98:23-24, 72:11-73:15.

20. "Press One" and "voice casting" calls were all placed through POM.

21. ViSalus's process for placing prerecorded calls remained the same until the Outbound Support team was dissolved in January 2016.

### IV. Plaintiff Wakefield

22. Plaintiff Wakefield briefly signed up to be a ViSalus promoter in February 2012.

23. Plaintiff Wakefield subsequently ended her affiliation with the company.

24. Wakefield received calls from ViSalus, but the exact number of calls received is in dispute.

25. Each call was directed to the landline telephone that Wakefield registered with the National Do Not Call Registry on February 15, 2008. Each call was intended to sell ViSalus's products.

26. At least two of the telephone calls may have been from a live person.

27. Two of the telephone calls by ViSalus to the landline for the Wakefield residence in April 2015 may have used a prerecorded message.

28. Wakefield operated a home daycare for children in April 2015.

29. On April 8, 2015, Wakefield first contacted plaintiff's counsel Stefan Coleman by email through his website.

Respectfully submitted,

**LORI WAKEFIELD, individually and on behalf of all similarly situated individuals,**

Dated: April 20, 2018            /s/ Eve-Lynn J. Rapp

                          **Rafey S. Balabanian, ILB #6285687***
                          rbalabanian@edelson.com
                          **Eve-Lynn J. Rapp, ILB #6300632***
                          erapp@edelson.com
                          EDELSON PC
                          123 Townsend Street, Suite 100
                          San Francisco, California 94107
                          Tel: 415.212.9300
                          Fax: 415.373.9435

                          *Attorneys for Plaintiff and the Class*

                          **VISALUS, INC.**

Dated: April 20, 2018          /s/ Sarah Anchors

                          **Sarah Anchors***
                          QUARLES & BRADY LLP
                          Renaissance One, Two North Central Avenue
                          Phoenix, Arizona 85004-2391
                          Tel: 602.229.5788

                          **Joshua M. Sasaki, P.C., OSB No. 964182**
                          josh.sasaki@millernash.com
                          **Nicholas H. Pyle, OSB No. 165175**
                          nicholas.pyle@millernash.com
                          MILLER NASH GRAHAM & DUNN LLP
                          3400 U.S. Bancorp Tower
                          111 S.W. Fifth Avenue
                          Portland, Oregon 97204
                          Tel: 503.224.5858
                          Fax: 503.224.0155

                          *Attorneys for Defendant ViSalus, Inc.*

## CERTIFICATE OF SERVICE

I, Eve-Lynn J. Rapp, an attorney, certify that April 20, 2018, I served the foregoing by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/     Eve-Lynn J. Rapp