```
 1                IN THE UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF OREGON

 3                           PORTLAND DIVISION

 4
    LORI WAKEFIELD, individually   )
 5  and on behalf of all others    )
    similarly situated,            )
 6                                 )
                      Plaintiff,   ) Case No. 3:15-cv-01857-BR
 7                                 )
                 v.                )
 8                                 ) June 26, 2018
    VISALUS, INC., a Nevada        )
 9  corporation,                   )
                                   )
10                    Defendant.   ) Portland, Oregon
    _____)
11

12

13

14                TELEPHONIC STATUS CONFERENCE

15                    TRANSCRIPT OF PROCEEDINGS

16              BEFORE THE HONORABLE ANNA J. BROWN

17           UNITED STATES DISTRICT COURT SENIOR JUDGE

18

19

20

21

22

23

24

25
```

```
 1                          APPEARANCES
 2
 3   FOR THE PLAINTIFF:
                                EVE-LYNN J. RAPP
 4                              Edelson PC
                                350 North LaSalle Street
 5                              Suite 1300
                                Chicago, IL 60654
 6
 7   FOR THE PLAINTIFF:
 8                              LILY E. HOUGH
                                Edelson PC
 9                              123 Townsend Street
                                Suite 100
10                              San Francisco, CA 94107
11
12   FOR THE PLAINTIFF:
13                              STEPHEN JOSEPH VOORHEES
                                Forum Law Group
14                              811 SW Naito Parkway
                                Suite 420
15                              Portland, OR 97204
16
17   FOR THE DEFENDANT:
18                              SARAH R. ANCHORS
                                Quarles & Brady LLP
19                              2 N. Central Avenue
                                Phoenix, AZ 85004
20
21   FOR THE DEFENDANT:
22                              JOSHUA M. SASAKI
                                Miller Nash Graham & Dunn LLP
23                              111 SW Fifth Avenue
                                Suite 3400
24                              Portland, OR 97204
25
```

```
 1  FOR THE DEFENDANT:

 2                      NICHOLAS H. PYLE
                        Miller Nash Graham & Dunn LLP
 3                      111 SW Fifth Avenue
                        Suite 3400
 4                      Portland, OR 97204

 5

 6  FOR THE DEFENDANT:

 7                      ZACHARY S. FOSTER
                        Quarles & Brady LLP
 8                      101 E. Kennedy Boulevard
                        Suite 3400
 9                      Tampa, FL 33602

10

11

12

13  COURT REPORTER:    Jill L. Jessup, CSR, RMR, RDR, CRR, CRC
                       United States District Courthouse
14                     1000 SW Third Avenue, Room 301
                       Portland, OR 97204
15                     (503)326-8191

16

17                          *   *   *

18

19

20

21

22

23

24

25
```

```
 1                    TRANSCRIPT OF PROCEEDINGS
 2                         (June 26, 2018)
 3   (Telephone conference.)
 4              THE COURT:  All right.  Good afternoon, Counsel.
 5   It's Judge Brown.  We are on the record in your case, Wakefield
 6   against ViSalus.  The point of this call is for me to review
 7   with you what I'm going to say are, I think -- well, let me put
 8   it this way:  I think more work needs to be done with respect
 9   to identifying and resolving particular issues and working
10   through the verdict form that you sent.
11        I'm not satisfied the pretrial order, as proposed, even
12   complies with our local rules because it's more a running
13   commentary about your ongoing conferrals and disputes.  It
14   doesn't actually state claims or elements.  It doesn't clarify
15   where we really are or a mechanism to resolve things.  The
16   verdict form is really not usable in the manner you gave it to
17   me.
18        So I think before giving you further direction on those
19   things, it would be helpful to figure out a motion process now
20   that will resolve the four issues you identified in the
21   transmittal correspondence to me, ahead of the status report,
22   specifically.  Issue one you identified was the meaning of,
23   quote, "residential telephone," closed quote.  Issue two is
24   whether the defendant is permitted to raise the affirmative
25   defense of consent and, if so, how the jury should be
```

 1  instructed on the issue.  Issue three was the type of proof the
 2  plaintiff must put forth to establish the claims of the
 3  certified class.  And issue four was whether plaintiff in the
 4  certified class must establish that a prerecorded message was
 5  left when an answering machine responded to the call in order
 6  to prove their TCP claim in Count 2.
 7      As I say, I've got several issues with the proposed form
 8  of the pretrial order, and I simply can't adopt it in the form
 9  given; but rather than spend your time fussing with that now, I
10  think we need to identify the motion mechanism to resolve these
11  four issues.  And once those are resolved, I can give you more
12  specific direction on filing a new form of proposed pretrial
13  order and potential verdict form.
14      I've got a lot of issues; but one, for example, is that
15  the proposed pretrial order states the plaintiff intends to
16  proceed on only two claims, an individual claim by the
17  plaintiff for violating the Do Not Call Registry and a class
18  claim for violating the TCP, the Telephone Consumer Protection
19  Act, by initiating telemarketing calls with a prerecorded or
20  artificial voice to class members without express consent.
21      Nowhere in the pretrial order is there any reference to
22  the claim the plaintiff had previously brought for violating
23  Oregon stop calling statute.
24      When claims are not disposed of, there's an ambiguity in
25  the record that -- that is a source of confusion; so, among

1  other things, the next form of pretrial order needs to clarify
2  what claims are going to the jury and what happened to the
3  other claims.  Your -- your factual issues and proposed verdict
4  forms, I'll give you an -- another example of a problem.
5  You've stated in the pretrial order that a fact is agreed and
6  then you're asking the jury to make a finding of fact about
7  that question specifically on the claim for violating the
8  Do Not Call Registry.  The first question on the verdict form
9  asks the jury to decide if the defendant initiated calls to
10 plaintiff at her number in April of 2015, but in the Agreed
11 Facts section of the pretrial order the parties seem to state
12 plaintiff received calls from defendant in April of 2015.  Each
13 call was directed to the landline telephone that plaintiff
14 registered with the DNC register and the calls were placed for
15 marketing purposes.
16      So at least to me, as a reader, that seems confusing and
17 ultimately will need to be addressed.  But right now I don't
18 want to belabor the point.  I just want to express clearly that
19 the form of pretrial order that you proposed and the form of
20 verdict, which is an editorial comment that's virtually
21 undecipherable, needs way more work before you expect the Court
22 to make some decisions.
23      I want to talk to you about how to get to a procedural and
24 legal resolution of the four issues you've identified.  The
25 first is, as I noted, the meaning of "residential telephone."

1   It seems to me one way to address this is for a party to file a
2   motion asking for a jury instruction defining the term
3   "residential telephone" for purposes of whatever claim that
4   term is relevant to and then setting forth the legal argument
5   about the definition that party wants the Court it adopt, and
6   then an opposing party can file an opposing brief if there
7   isn't agreement, which I take it there isn't, since you've
8   listed it as an issue, explaining why the proponent's language
9   is wrong and setting forth in a cross-motion and type of
10  response what the argument ought to be and isolating that
11  single issue so we have some clear foundation on which a court
12  of appeals, in the end, can decipher what you proposed and what
13  the Court ruled; but, in the meantime, what -- I need a more
14  direct way to get to a solution on that.  And so that's one way
15  to address the residential telephone issue.
16       The issue about the not pleaded affirmative defense of
17  consent, I think, needs to be raised, in light of its
18  significance here, by a motion to amend.
19       So the defendant ought to, it seems to me, file a motion
20  to amend because the claim or the affirmative defense has not
21  been pleaded, and there's an argument about whether it should
22  go forward.  So the standards relevant to amending need to be
23  identified and evaluated, and then the opposing party, the
24  plaintiff, can file a memorandum in opposition, and I can sort
25  through that, and we will have a very clear foundational record

1   from which whatever ruling I make can be reviewed on appeal,
2   and it will resolve whether or not that issue gets put in the
3   next version of the pretrial order.
4       Both the issue about the type of proof the plaintiff has
5   to put forth to establish the claims of the certified class and
6   whether plaintiff and the class have to establish a prerecorded
7   message was left and so forth.  I think those are matters that
8   could be best fleshed out in a motion in limine.  Somebody has
9   to take the lead, and it seems to me the party who's trying to
10  limit the approach that plaintiff wants to take, i.e., the
11  defendant, should probably be the moving party, move in limine
12  to exclude whatever types of proof defendant contends are not
13  admissible to establish the claims of the class and a separate
14  motion in limine to -- to state the legal basis why a
15  prerecorded message left and when an answering machine
16  responded isn't sufficient and therefore shouldn't be allowed
17  by the plaintiff in the first place, something on that order.
18      So what I propose today is that we just ignore your
19  proposed pretrial order for now and your verdict form for now,
20  and I want you to come up with the most efficient way for us to
21  get to a clear record any correct legal ruling on these four
22  issues.
23      I've suggested, as I say, a jury instruction motion on the
24  first one, a motion to amend on the second, motions in limine
25  on the third and fourth, but I don't know if that's the way you

1    want to do it.
2         I suggest that you all confer and send me a single joint
3    email message as to the mechanism you think is the most
4    efficient and direct to get to rulings on those issues,
5    together with a proposed calendar for that -- and I'm thinking
6    sooner rather than later, like the motions being filed in the
7    next week or two and responses and so forth -- so that I can
8    get to a place where those issues are resolved by ruling, and
9    then we can go back to a proposed form of pretrial order that
10   already has these issues resolved, and I can also give you more
11   specific guidance about the issues I have with what you've sent
12   in.
13        So that's the point of today's call, is to express my
14   concern about those filings and to try to get us to a place
15   where we can make some forward progress on those issues.
16        And, as I say, I'm satisfied just to let you go with that
17   reaction and have you confer about a process for motion
18   practice to resolve these issues, unless there are things you
19   want to raise with me now.
20        Ms. Rapp, what do you think?
21             MS. RAPP:  Thank you, Your Honor.  We all, I'm sure,
22   appreciate the time you obviously already put into this.
23   That's fine for plaintiff, and if -- unless they have a
24   different approach, I would suggest maybe that we send you an
25   email by Thursday or Friday, even sooner, if that's what you

```
 1  want, setting forth a proposal for you as well as the calendar
 2  dates which will get everything on file.
 3              THE COURT:  Okay.  Ms. Anchors?
 4              MS. ANCHORS:  Yes, Your Honor.  Thank you very much
 5  for the time you've spent as well.  In terms of your direction
 6  here, I just want to make sure that, because the trial
 7  documents were not due at this time, that -- that a process
 8  order -- we'd be filing potentially proposed jury instructions
 9  or there would be some motion in limine filings.  That would
10  not alter the deadline for any other jury instruction and
11  motion in limine filings.  At this point, those are set for
12  October 1st; is that correct?
13              THE COURT:  I don't want -- I don't want you to file
14  any of those things until we get to a much clearer formulation
15  of the pretrial order and the issues for the jury to decide, so
16  first we're going to --
17              MS. ANCHORS:  Understood.
18              THE COURT:  We're going to get to a place where these
19  four legal issues get presented and resolved, and I think that
20  will clean things up a lot, but there may be more that needs to
21  be done.  So you're okay with my approach of your conferring
22  with opposing counsel and sending me a joint email message with
23  respect to the type of motion you all propose in order to get
24  to a legal ruling on those issues and then a proposed briefing
25  schedule for that?
```

```
 1              MS. ANCHORS:  Yes, Your Honor.  Thank you.
 2              THE COURT:  Can you confer and then send me that
 3   joint message by, say, Friday at noon?  Ms. Rapp?
 4              MS. RAPP:  Not a problem for plaintiff, Your Honor.
 5              THE COURT:  Okay.
 6              MS. ANCHORS:  That works for defendant as well,
 7   Your Honor.
 8              THE COURT:  Okay.  So we'll just have the minutes for
 9   this conference reflect that the Court discussed with the
10   parties their proposed pretrial order and proposed verdict
11   form, directed the parties to confer regarding forms of motion
12   practice to address the four legal issues that were identified
13   in the telephone conference, and the parties are to provide the
14   Court, no later than noon on Friday, a single joint email
15   message with a proposed schedule for that motion practice.
16        I'll review it, and then I'll issue an order on how to do
17   that.  We'll just leave the proposed pretrial order and the
18   proposed verdict forms pending further development after these
19   issues get boiled down a little more.  All right?
20              MS. RAPP:  Thank you, Your Honor.
21              MS. ANCHORS:  Thank you, Your Honor.
22              THE COURT:  Okay.  That's all for today.
23                       (Hearing concluded.)
24
25
```

C E R T I F I C A T E


Lori Wakefield v. ViSalus, Inc.

3:15-cv-01857-BR

TELEPHONIC STATUS CONFERENCE

June 26, 2018


I certify, by signing below, that the foregoing is a true and correct transcript, to the best of my ability, of the telephonic oral argument heard via conference call, taken by stenographic means.  Due to the telephonic connection, parties appearing via speakerphone or cell phone, speakers overlapping when speaking, speakers not identifying themselves before they speak, fast speakers, the speaker's failure to enunciate, and/or other technical difficulties that occur during telephonic proceedings, this certification is limited by the above-mentioned reasons and any technological difficulties of such proceedings occurring over the speakerphone at the United States District Court of Oregon in the above-entitled cause. A transcript without an original signature, conformed signature, or digitally signed signature is not certified.


/s/Jill L. Jessup, CSR, RMR, RDR, CRR, CRC
_____
Official Court Reporter          Signature Date: 6/29/18
Oregon CSR No. 98-0346           CSR Expiration Date:  9/30/20