Scott F. Kocher, OSB#015088
Stephen J. Voorhees, OSB#150595
FORUM LAW GROUP
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

\* Admitted *pro hac vice*

*(additional counsel listed on signature page)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, on behalf of themselves and a class of others similarly situated,<br><br>*Plaintiff*,<br>*v.*<br><br>**VISALUS, INC**., a Nevada Corporation,<br><br>*Defendant.* | No. 3:15-cv-01857<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND**<br><br>***Request for Oral Argument*** |

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................ 2

LEGAL STANDARD ........................................................................................................ 5

ARGUMENT ..................................................................................................................... 7

I.      THERE IS NO "GOOD CAUSE" TO MODIFY THE COURT'S
        SCHEDULING ORDER UNDER RULE 16 ............................................................ 7

II.     VISALUS'S PROPOSED AMENDMENT FAILS EVEN RULE 15'S
        STANDARDS ......................................................................................................... 11

        1.     ViSalus's Request to Amend is Unduly Delayed ................................... 12

        2.     Plaintiff Would be Severely Prejudiced if ViSalus was Granted
               Leave to Amend at this Late Juncture .................................................. 15

        3.     Any Amendment by ViSalus Would be Futile ....................................... 17

CONCLUSION ................................................................................................................ 19

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Foman v. Davis*,
    371 U.S. 178 (1962)................................................................................................11

**United States Court of Appeals**

*Coleman v. Quaker Oats Co.*,
    232 F.3d 1271 (9th Cir. 2000) .............................................................................7

*Eminence Capital, LLC v. Aspeon, Inc*,
    316 F.3d 1048 (9th Cir. 2003) .....................................................................11, 15

*Grant v. Capital Mgmt. Servs., L.P.*,
    449 Fed.Appx. 598 (9th Cir. 2011).....................................................................14

*In re Adbox, Inc.*,
    488 F.3d 836 (9th Cir. 2007) .............................................................................11

*Johnson v. Buckley*,
    356 F.3d 1067 (9th Cir. 2004) ...........................................................................17

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ............................................................................6,7

*Lockheed Martin Corp. v. Network Sols. Inc.*,
    194 F.3d 980 (9th Cir. 1999) .............................................................................12

*Morrison v. Mahoney*,
    399 F.3d 1042 (9th Cir. 2005) .............................................................................8

*Royal Ins. Co. of Am. v. Sw. Marine*,
    194 F.3d 1009 (9th Cir. 1999) ......................................................................8, 11

*Schultz v. Wal-Mart Stores, Inc.*,
    68 F. App'x 130 (9th Cir. 2003) ..........................................................................5

*Simmons v. Navajo Cty., Ariz.*,
    609 F.3d 1011 (9th Cir. 2010) ...........................................................................10

*Sosa v. Airprint Sys., Inc.*,
    133 F.3d 1417 (11th Cir. 1998) ...........................................................................6

i

*Van Patten v. Vertical Fitness Grp., LLC*,
    847 F.3d 1037 (9th Cir. 2017) .......................................................................8

*Zivkovic v. S. Cal. Edison Co*.,
    302 F.3d 1080 (9th Cir. 2002) ......................................................9, 11, 16, 19

**United States District Court Cases**

*Addison v. City of Baker City*,
    258 F. Supp. 3d 1207 (D. Or. 2017) .............................................................9

*Anderson v. City & Cty. of S.F.*,
    169 F. Supp. 3d 995 (N.D. Cal. 2016) ..........................................................15

*Axial Vector Engine Corp. v. Transporter, Inc*.,
    No. CIV. 05-1469-AC, 2008 WL 4547795 (D. Or. Oct. 9, 2008)...............12, 16

*Aloha Dog & Cat Hosp., P.C. v. Standard Ret. Servs., Inc*.,
    No. 3:08-CV-927-HA, 2012 WL 13048819 (D. Or. Feb. 2, 2012) ..................11

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
    718 F. Supp. 2d 1167 (N.D. Cal. 2010) .........................................................9

*Bokenfohr v. Gladen*,
    No. 3:17-CV-01870-BR, 2018 WL 2418553 (D. Or. May 29, 2018). ............11

*Dawson v. Genesis Credit Mgmt., LLC*,
    No. C17-0638-JCC, 2017 WL 2800180 (W.D. Wash. June 26, 2017) ...........10

*Hoffman v. Blattner Energy, Inc.*,
    315 F.R.D. 324 (C.D. Cal. 2016) ..................................................................12

*Howard v. Klika*,
    No. Civ.03–792–AA, 2004 WL 2966911 (D. Or. 2004) ..................................15

*Joe Hand Promotions, Inc. v. Estradda*,
    No. 1:10-cv-02165-OWW-SKO, 2011 WL 2413257 (E.D. Cal. 2011) ............10

*Johnson v. Wells Fargo Home Mortg., Inc*.,
    No. 3:05-CV-0321, 2007 WL 3226153 (D. Nev. Oct. 29, 2007) ....................19

*Kaiser v. CSL Plasma Inc.*,
    240 F. Supp. 3d 1129 (W.D. Wash. 2017).....................................................9

*Lennartson v. Papa Murphy's Holdings, Inc.*,

No. C 15-5307 RBL, 2016 WL 51747 (D. Wash Jan. 5, 2016)....................................14, 15

*Mass Engineered Design, Inc. v. Planar Sys.*, *Inc.*,
No. 3:16-CV-1510-SI, 2017 WL 7313944 (D. Or. Nov. 27, 2017)..............................7, 8

*McGrew v. Countrywide Home Loans, Inc.*,
No. 08-CV-1831 DMS, 2009 WL 10672820 (S.D. Cal. May 27, 2009) ..........................17

*Nguyen v. Saxon Mortg. Servs., Inc.*,
No. CV-10-353-HZ, 2011 WL 2600998 (D. Or. June 30, 2011) ...............................12, 13

*Stephen v. Country Mut. Ins. Co.*,
No. 14-cv-01345-BR, 2017 WL 555992 (D. Or. Feb. 10, 2017) (Brown,
J.)..............................................................................................................10

*Unigestion Holding, S.A. v. UPM Tech., Inc.*,
305 F. Supp. 3d 1134 (D. Or. 2018) ................................................................9

*Wortman v. Boeing Co.*,
No. 3:15-CV-1735-AC, 2016 WL 2869060 (D. Or. May 16, 2016) ................................6

**Statutory Provisions**

47 C.F.R. § 64.1200 ..........................................................................14, 15, 17

47 U.S.C. § 227 ................................................................................................2

Fed. R. Civ. P. 8 ..............................................................................................10,

Fed. R. Civ. P. 16 .............................................................................................5

Or. Rev. Stat. § 646..........................................................................................2

**Miscellaneous Authorities**

5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice &
Procedure* § 1278 (2d ed. 1990) .....................................................................8

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and
Procedure 2d* § 1487 ....................................................................................16

Black's Law Dictionary (10th ed. 2014) ..........................................................9

District of Oregon, Local Rules of Civil Practice 16.3(a) ................................6

*In re Rules & Regs. Implementing the TCPA*,

PL.'S MEMO IN OPPOSITION TO
DEF.'S MOTION FOR LEAVE TO AMEND

23 FCC Record 559 (2008) ..................................................................................8

*In re Rules and Regs. Implementing the Tel. Consumer Prot. Act of 1991*,
    CG Docket No. 02-278, Report and Order, FCC 12-21 (February 15,
    2012) .................................................................................................14, 17, 18

*In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*,
    21 F.C.C. Rcd. 3787 (2006) ...................................................................14, 18

iv

## INTRODUCTION

Plaintiff Lori Wakefield filed this lawsuit against Defendant ViSalus, Inc. nearly three years ago. Now, on the eve of trial—and two and a half years after filing its initial answer, two years after the deadline to amend the pleadings, eighteen months after the close of discovery, eight weeks after the dispositive motion deadline, and more than six weeks after the parties' first telephonic status conference setting trial dates—ViSalus seeks leave to add three brand new affirmative defenses to its answer. Among them, that ViSalus had an established business relationship with Plaintiff and the other class members, and also that it had their consent to make the calls. Leave to amend should be summarily denied for several reasons.

First, notwithstanding ViSalus's blatant disregard of the Court's instruction to clarify whether it intended to assert a defense to Plaintiff's "*Do-Not-Call*" claim, ViSalus's Motion should be denied because it offers no excuse for ViSalus's failure to assert these defenses in its original Answer, which it could have achieved with the slightest diligence. Also, leave to amend should be denied because ViSalus has shown that it can neither satisfy Rule 16(b)'s good cause standard when it comes to modifying the Court's scheduling order, nor Rule 15(a)'s more liberal amendment of pleading standard. Under either analysis, allowing for an amendment would be inappropriate, where it would undoubtedly be predicated on ViSalus's lack of diligence and resulting prejudice to Plaintiff.

Finally, ViSalus's request should be denied in its entirety because its affirmative defenses lack both factual and legal bases, and thus fail under Rule 15's futility standards. Where an amendment is futile, the Court may rightfully deny it. In the end, there is simply no reason to put the trial on ice and go through the laborious process of reopening the litigation on issues that

ViSalus should have raised years ago, and only to arrive at the same position where the parties find themselves at this moment. The Court should deny ViSalus's request for leave to amend.

## BACKGROUND

Although the Court is by now familiar with the background and procedural posture of this case, there are events germane to ViSalus's current motion that warrant a brief discussion. Specifically, Plaintiff filed her class action complaint on October 1, 2015 (Dkt. 1), which she amended on February 5, 2016 (Dkt. 36, "FAC").[1] On February 22, 2016, ViSalus answered the FAC, asserting fifteen affirmative defenses (Dkts. 40, 41, the "Answer").[2] In its Answer, not one of ViSalus's affirmative defenses discussed ViSalus's "prior express invitation or permission" or "established business relationship," much less even mention terms like "consent," "permission," or "business relationship," that would suggest ViSalus intended to rely on such defenses.

On June 20, 2016, pursuant to Federal Rule 16(b), this Court entered the parties' Jointly Proposed Scheduling Order (the "Scheduling Order"). (Dkts. 55, 61.) The Court set August 30, 2016 as the deadline to amend the pleadings. That deadline, as well as the Court-ordered deadlines to complete merits discovery (December 6, 2017), file any discovery motions (January 2, 2018), and file dispositive motions (May 10, 2018) have long since passed. On June 20, 2018,

---

[1]    The FAC alleges three counts against ViSalus Inc. for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Oregon state law on behalf of three classes: a "Do Not Call" Class for violations of the TCPA's do-not-call rules (Count One), a "Robocall" Class for violations of the TCPA's prohibition against prerecorded or artificial voice calls (Count Two), and an "Oregon Stop Calling" Class for violations of Or. Rev. Stat. § 646 (Count Three). On June 23, 2017, the Court certified the Robocall Class (the "Certified Class"). (Dkt. 81.) In the parties' Joint Proposed Pretrial Order, Plaintiff clarified that she only intends to pursue Count One, individually, and Count Two on behalf of herself and the Certified Class. (Dkt. 121.)

[2]    ViSalus originally answered the amended complaint with fourteen affirmative defenses, but later that same day, it filed an amended answer asserting a fifteenth affirmative defense.

PL.'S MEMO IN OPPOSITION TO
DEF.'S MOTION FOR LEAVE TO AMEND

the parties submitted to the Court a Proposed Pretrial Order identifying the claims and defenses that would be presented at trial. (Dkt. 121.) ViSalus's statement on the claims and defenses did not mention any "established business relationship" defense. (*Id.*) As for "consent," ViSalus stated that, with respect to Count One (Ms. Wakefield's individual "Do-Not-Call" claim), "ViSalus had express permission from Ms. Wakefield to call her…" (Dkt. 121 at 12). With respect to Count Two (the class "Robocall" claim), ViSalus did not make reference to any "consent" defense.[3] (*Id.*)

On June 26, 2018, the Court held a telephonic status conference in which the parties explained their differing positions regarding whether ViSalus could raise the issue of consent as an affirmative defense to Plaintiff's Do-Not-Call claim. (Dkt. 125.) Plaintiff argued that because ViSalus did not properly plead consent as an affirmative defense (to any of Plaintiff's claims), it could not now, on the eve of trial, assert it. The Court directed ViSalus to "file by 7/13/2018 a Motion for leave to amend its Answer to assert an affirmative defense of consent with regard to Plaintiff's 'Do-Not-Call' claim, including any argument in support of Defendant's position that it has 'already sufficiently asserted such a defense,' and proposed jury instructions on the issue of consent." (Dkt. 126.)

On July 13, 2018, ViSalus filed the present Motion, inexplicably disregarding the Court's clear direction, and seeking leave to amend the Answer to set forth ***three*** new affirmative

---

[3]      ViSalus likewise did not state that it could broadly "can submit evidence of consent," as it now states in its Motion. (Dkt. 133, "Mot.," at 3.) Rather, ViSalus stated that "to the extent the Court reaches the willful/ knowing question," ViSalus would present "evidence that it called only its customers and promoters," evidence regarding promoters and customers "agreeing to receive telephone calls from ViSalus," and evidence "making customers and promoters aware that ViSalus may call them with promotional calls." (Dkt. 121 at 13-14.)

defenses: 1) ViSalus had "express invitation or permission" to place calls subject to the "Do-Not-Call" claim; 2) ViSalus had "prior written consent" to place any calls subject to an allegedly willful or knowing violation of the TCPA;[4] and 3) ViSalus had an "established business relationship" with individuals subject to the "Do-Not-Call" claim. (Mot. at 5.) In justification of its new defenses, ViSalus argues that it previously "informed Plaintiff that it was raising a defense as to every element of the TCPA, including express invitation or permission as to Count I and prior express consent as to Count II" ("by denying Plaintiff's allegations and asserting compliance with the TCPA") and in its Rule 26(f) Report (which "stated that its practice and procedure is to obtain prior express written consent"). (Mot. at 8.) On July 18, 2018, five days after the Court-ordered filing deadline, ViSalus filed a proposed jury instruction. (Dkt. 136.)

For the reasons discussed below, allowing an amendment of this nature at this advanced stage of the case is inappropriate and would be highly prejudicial to Plaintiff and the Certified Class.[5]

---

[4]    As has apparently been ViSalus's strategy throughout the course of the litigation, it remains unclear from ViSalus's Motion as to which counts ViSalus seeks to assert the affirmative defense of consent, despite the Court's clear direction to file a motion to amend as it relates to Plaintiff's "Do-Not-Call" claim only. For example, in its Motion, ViSalus now argues that "**[r]elevant to both counts**, ViSalus had prior express written consent from Plaintiff and class members to call" (Mot. at 3 (emphasis added)), but then later claims that it maintains this argument to demonstrate "it cannot be held liable for willful or knowing violations." (Mot. at 6.) Because ViSalus has repeatedly shown that it will say one thing, yet do another – the same tactics that caused Plaintiff to believe ViSalus had no intention of raising its recently proclaimed defenses – Plaintiff interprets ViSalus's Motion as seeking to raise the affirmative defense of consent as to both Count One and Two, and responds accordingly.

[5]    Given the improper and untimely filing of ViSalus's proposed consent instruction (in the form of a Notice of Errata and, five days delayed, and two days before Plaintiff's response deadline), Plaintiff has simultaneously filed a motion to strike. If the Court denies Plaintiff's motion and/or permits ViSalus to amend its Answer, Plaintiff respectfully requests that she be given an opportunity to fully brief the Court on her opposition to ViSalus's proposed jury instruction and to propose a counter instruction on the issue of consent (which, of course, will depend on how the Court rules on the present Motion).

## LEGAL STANDARD

A party seeking to amend a pleading past a Court-ordered deadline must show "good cause" to modify the Court's scheduling order. Fed. R. Civ. P. 16(b)(4). Attempting to sidestep the requirements of the Federal Rules, ViSalus asserts that because the Court "direct[ed] defendant to file [its] motion for leave to amend the Answer," it must have "already found that good cause exists for allowing amendment." (Dkt. 133 at 1, fn. 1.) The Court, however, made no such finding. Contrary to ViSalus's bald assumption, the Court's invitation to file a motion for leave to amend was merely an invitation to brief the issue of whether good cause exists to modify the Court's scheduling order. As explained below, the answer to that question is plainly "no."

Just as much, ViSalus's assumption that good cause exists to modify the Court's scheduling order conveniently allows it to short-circuit the more stringent Rule 16 analysis and appeal to the liberal standard of the Rule 15(a). *See Schultz v. Wal-Mart Stores, Inc.*, 68 F. App'x 130, 132 (9th Cir. 2003) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). But showing "good cause" is not optional. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).[6]

---

[6]    As the Ninth Circuit has recognized, "a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (internal citation omitted); *see also Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) (explaining that to permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) "would render scheduling orders meaningless and effectively…read Rule 16(b) and its good cause requirement out of the Federal Rules[.]")

Therefore, in moving to amend its Answer, ViSalus must first demonstrate that there is good cause to modify the scheduling order under Federal Rule 16(b)(4) before turning to the Rule 15(a) analysis. *See Wortman v. Boeing Co.,* No. 3:15-CV-1735-AC, 2016 WL 2869060, at *2 (D. Or. May 16, 2016) ("A party seeking to amend a pleading after a scheduling order has been entered pursuant to Federal Rule of Civil Procedure 16(b) must first show 'good cause' for amending the scheduling order before the court considers whether the amendment satisfies the requirements of Rule 15(a).") (citing *Johnson*, 975 F.2d at 608); *see also* District of Oregon, Local Rules of Civil Practice 16.3(a) (further requiring that requests to modify court-imposed deadlines: "(1) [S]how good cause why the deadlines should be modified[;] (2) Show effective prior use of time; (3) Recommend a new date for the deadline in question [; and] (4) Show the impact of the proposed extension upon other existing deadlines, settings, or schedules.").

For the reasons explained below, ViSalus has not shown good cause to modify the Court's scheduling order to allow for ViSalus's requested amendment. And, in any case, applying the more liberal Rule 15(a) standard would produce the same result. Where leave to amend is neither required nor justified by either standard, it should be denied.

## ARGUMENT

## I. VISALUS HAS NOT SHOWN "GOOD CAUSE" TO MODIFY THE COURT'S SCHEDULING ORDER UNDER RULE 16

ViSalus cannot show that good cause exists to modify the August 30, 2016 deadline proposed by the parties and established by the Court's Scheduling Order. (Dkts. 55, 61.) The primary measure of good cause is the movant's diligence in attempting to meet the court-ordered deadline. *Johnson*, 975 F.2d at 609. Where the moving party fails to demonstrate diligence, "the inquiry should end." *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294–95 (9th Cir. 2000).

6

On the issue of whether ViSalus acted with diligence in seeking to amend at this late stage, the Motion is remarkably silent on the issue.  Indeed, ViSalus offers zero explanation for its failure to amend before the deadline, such as a change in the law, newly discovered facts, or other changed circumstances.  That's likely because there are none. Nor were the defenses hard to forecast. "Prior express consent" is one of only a few viable defenses to a TCPA claim, and it would have taken only the slightest bit of diligence for ViSalus to add "prior express consent" or "established business relationship" to the affirmative defenses listed in its Answer. Yet, for whatever reason, it opted not to. Moreover, ViSalus had months after the parties' Rule 26(f) conference (in March 2016) and initial discovery (in April 2016) to realize its omission and correct it before the Court's August 30, 2016 deadline to amend the pleadings. But again, it decided not to. These circumstances demonstrate a lack of diligence. *See Mass Engineered Design, Inc. v. Planar Sys., Inc.*, No. 3:16-CV-1510-SI, 2017 WL 7313944, at *2 (D. Or. Nov. 27, 2017).

The court drew the same conclusion in *Mass Engineered*, a patent dispute where, when plaintiff moved to exclude evidence related to an affirmative defense not stated in the pleadings, defendant, like ViSalus, argued that it sufficiently asserted the defense in its answer by making general statements about the patents' invalidity "under the Patent Laws of the United States." *Id.* at *1. The court found that the defense was not sufficiently pleaded, that defendant always had sufficient facts to plead the defense, and that "a reasonable defendant would have realized that it needed to amend its answer to assert this affirmative defense." *Id.* at *2. Rejecting defendant's argument that it was diligent because it did not believe it needed to amend its answer, the court observed:

> Following Planar's logic, whenever a court finds that a party had not sufficiently
> alleged a claim or defense and was not diligent in seeking to amend, the party

7

could simply respond (as does Planar) that it did not think it needed to amend, and now that the court has clarified that the party needed to amend, the party moves to amend and is being diligent. This circular reasoning would render the application of Rule 16(b) in these circumstances meaningless. The Court declines to adopt such an exception to Rule 16(b) . . .

Moreover, under Planar's theory, parties with poorly-drafted pleadings on a particular issue would actually obtain a benefit. Because of the poor pleading . . . [a] problem would not arise until the party with the poor pleading tried to assert (likely at trial) that issue for which no notice has been given . . . [T]he party who inadequately alleged the issue could simply argue that it did not know it had inadequately pleaded and needed to amend and so it must now be given the chance to amend well after applicable deadlines.

*Id.* at *3.

This is the precise theory undergirding ViSalus's Motion. ViSalus's only explanation for its tardy amendment is that it believed it had always properly asserted its affirmative defenses and it now only seeks to *more specifically* assert them in a Second Amended Answer. (Mot. at 3.)[7] According to ViSalus, it already pleaded its consent defense in its Answer by "assert[ing] the affirmative defenses that the [FAC] failed to state a claim upon which relief may be granted; [that] ViSalus had at all times complied with the [TCPA] and regulations thereunder; and that Plaintiff and the [Certified Class] could not meet the statutory requirements to recover damages for a willful TCPA violation." (Mot. at 7 (citing Answer, at 6, ¶¶ 1, 2, 6).) But ViSalus plainly

---

[7]    Curiously, ViSalus argues that "'prior express consent' is an element of Plaintiff's TCPA claim," and that "whether the call recipient . . . has given the caller permission or invitation to call is likewise an element of a TCPA claim under the [DNC] provisions" thereby suggesting that Plaintiff bears the burden of proof on this issue. (Mot. at 7.) That's simply not true. As the Ninth Circuit has repeatedly made clear, "consent is an affirmative defense on which the *defendant* bears the burden of proof." *See In re Rules & Regs. Implementing the TCPA*, 23 FCC Record 559, 565 (2008) (emphasis added); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). And it is axiomatic that a defendant's failure to raise an affirmative defense in its answer effects a waiver of that defense. *See Morrison v. Mahoney,* 399 F.3d 1042, 1046 (9th Cir. 2005); 5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1278 (2d ed. 1990).

8

did not plead any affirmative defenses related to consent, and the idea that it somehow already asserted them fails for multiple reasons.

First, the statements that ViSalus quotes from in its Answer are not affirmative defenses. It is well-settled under Ninth Circuit precedent that "a defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002). Rather, "[a]n affirmative defense is defined as a defendant's assertion raising *new* facts and arguments that, if true, will defeat the plaintiff's claim, even if all allegations in the complaint are true." Black's Law Dictionary (10th ed. 2014) (emphasis added); *see also Addison v. City of Baker City,* 258 F. Supp. 3d 1207, 1239 (D. Or. 2017) (collecting cases with similar definitions of "affirmative defense"). Accordingly, ViSalus's statement that "the [FAC] failed to state a claim" is not an affirmative defense because it does not raise any *new* facts to defeat Plaintiff's claim. *See Kaiser v. CSL Plasma Inc.,* 240 F. Supp. 3d 1129, 1134 (W.D. Wash. 2017) (defense of failure to state a claim is not a proper affirmative defense). Similarly, the statement that ViSalus "complied with the [TCPA]" is, at best, a general denial, not an affirmative defense. *See Unigestion Holding, S.A. v. UPM Tech., Inc*., 305 F. Supp. 3d 1134, 1143 (D. Or. 2018) ("A defense that does no more than point out a defect in a plaintiff's prima facie case, however, is a "negative defense" that can be set up by a denial, not an affirmative defense."). And the statement that Plaintiff "could not meet the statutory requirements to recover damages" likewise fails. *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (it is not an affirmative defense to assert defenses on elements on which defendant does not have the burden of proof). In short, because these statements are not claims that "preclude[] liability even if all the elements of the plaintiff's claim are proven," they should not be treated as "affirmative defenses", *see Joe*

*Hand Promotions, Inc. v. Estradda*, No. 1:10-cv-02165-OWW-SKO, 2011 WL 2413257, *1
(E.D. Cal. 2011).

Second, the language referenced by ViSalus does not come close to putting Plaintiff on
notice of the defenses ViSalus intended to assert as the Federal Rules require. As outlined in Fed.
R. Civ. P. 8(c), in order to state a viable defense, a defendant must set forth "some facts
establishing a nexus between the elements of an affirmative defense and the allegations in the
complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests.
*Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Stephen v. Country Mut.
Ins. Co.*, No. 14-cv-01345-BR, 2017 WL 555992, at *5 (D. Or. Feb. 10, 2017) (Brown, J.) ("The
Ninth Circuit has held 'the key to determining the sufficiency of pleading an affirmative defense
is whether it gives plaintiff fair notice of the defense'. . . 'Fair notice generally requires that the
defendant state the nature and grounds for the affirmative defense.'") (citations omitted). Here,
ViSalus does not so much as even mention the words "consent," "permission," or "established
business relationship" in its Answer, let alone provide "the nature and grounds" to support its
assertions. *See Id.* at *5; *see also Dawson v. Genesis Credit Mgmt., LLC,* No. C17-0638-JCC,
2017 WL 2800180, at *1 (W.D. Wash. June 26, 2017) (fair notice requires specifying "which
defenses apply to which claims, cite relevant statutes, and enumerate relevant facts"); *Mass
Engineered*, 2017 WL 7313944 at *2 (affirmative defense not adequately pleaded when
defendant merely cited "an entire multipart statute" without "reference to factual allegations
sufficient to describe the affirmative defenses within the multipart statute [defendant] intended to
raise"). Thus, it is inconceivable that simply "denying Plaintiff's allegations and asserting
compliance with the TCPA" (Mot. at 8) would give Plaintiff fair notice.

Finally, ViSalus's argument that it sufficiently pleaded the affirmative defense of consent by giving Plaintiff notice outside the pleadings rings equally hollow. "Federal Rule of Civil Procedure 8(a) and (c) provide that a defendant's failure to raise an 'affirmative defense' *in his answer* effects a waiver of that defense." *In re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007) (citing *Morrison v. Mahoney,* 399 F.3d 1042, 1046 (9th Cir. 2005) (emphasis added); 5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1278 (2d ed. 1990)); *Aloha Dog & Cat Hosp., P.C. v. Standard Ret. Servs., Inc*., No. 3:08-CV-927-HA, 2012 WL 13048819, at *2 (D. Or. Feb. 2, 2012). As such, the fact that ViSalus contends that it has suggested a consent defense in other filings (*e.g.,* in its Joint Rule 26(f) Report or responding to Plaintiff's initial discovery requests) is a nonstarter. Rather, it shows that ViSalus not only should have, but did, consider the applicability of this defense to Plaintiff's claims, yet failed to diligently amend its Answer to put Plaintiff on notice of its intended affirmative defenses.

In short, ViSalus did not sufficiently assert its affirmative defenses of consent or established business relationship, plainly exhibited a lack of diligence in correcting this omission over the last two years, and thus lacks good cause to assert them now.

## II.    VISALUS'S PROPOSED AMENDMENT FAILS EVEN RULE 15'S STANDARDS

Even if the Court found "good cause" to modify its scheduling order under Rule 16(b), the Court still has discretion to deny ViSalus's motion under Rule 15. As even ViSalus's own authority shows, undue delay, prejudice to the opposing party, and futility of the amendment provide the court with grounds for denying leave to amend, even under Rule 15(a)'s liberal standard. *See Eminence Capital, LLC v. Aspeon, Inc,,* 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis,* 371 U.S. 178,182 (1962)); *Zivkovic*, 302 F.3d at 1087 ("Although leave to amend shall be freely given when justice so requires, it is not to be granted automatically.")

11

(internal quotations omitted). Consideration of these factors here requires denial of ViSalus's Motion.

**1.      ViSalus's Request to Amend is Beyond Untimely.**

The Court should deny ViSalus's request for leave to amend because the delay in ViSalus's proffered amendments is egregious and comes without explanation. Specifically, ViSalus's request to amend comes two years after the August 30, 2016 deadline to do so, eighteen months after the discovery deadline, eight weeks after the summary judgment deadline, six weeks after the parties' first telephonic status conference setting trial dates, and only now because of the Court's recent order directing ViSalus to clarify its position. *See Axial Vector Engine Corp. v. Transporter, Inc.*, No. 05-1469-AC, 2008 WL 4547795, at *3 (D. Or. Oct. 9, 2008) (denying motion to amend brought two years after complaint was originally filed and both discovery and dispositive deadlines had passed). And, other than wrongly asserting that it adequately notified Plaintiff of its defenses (which it did not, as discussed above), ViSalus has provided absolutely no justification for its delay.[8] *Id.*; *see also Lockheed Martin Corp. v. Network Sols. Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (stating that delay is especially relevant when unjustified). Surely, nothing in ViSalus's proposed amendment relies on facts that were unavailable before the Court-ordered deadline; all of the evidence described in support of ViSalus's consent defense ostensibly comes from its own records. *See Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009 (9th Cir. 1999) (holding plaintiff's knowledge of the relevant facts

---

[8]      Rather than explain the delay, ViSalus merely relies on its claim of no prejudice to Plaintiff to carry its Motion. As delay is a relevant and independent factor to consider, this is not the proper approach to a Rule 15(a) analysis. *See Lockheed Martin Corp.*, 194 F.3d at 986; *cf. Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 336 (C.D. Cal. 2016) (denying request to amend after scheduling order deadline passed because, despite no prejudice to opposing party, movant failed to show diligence).

PL.'S MEMO IN OPPOSITION TO
DEF.'S MOTION FOR LEAVE TO AMEND

from inception of the lawsuit were grounds for denial of amendment); *Nguyen v. Saxon Mortg. Servs., Inc.*, No. 10-353-HZ, 2011 WL 2600998, at *2 (D. Or. June 30, 2011) (finding undue delay where movant knew allegations raised by amendment during original pleading but waited to amend until after dispositive motions were briefed). Thus, ViSalus's unexplained and undue delay warrants denying their eleventh-hour request.

> **2.     Plaintiff Would be Severely Prejudiced if ViSalus was Granted Leave to Amend at this Late Juncture.**

Next, ViSalus's Motion must be denied because, if granted, it will critically prejudice Plaintiff. *See Aspeon*, 316 F.3d at 1052 (explaining that undue prejudice to the opposing party carries the greatest weight in determining a motion to amend); *Nguyen*, 2011 WL 2600998, at *4 ("the prejudice factor weighs heavily in favor of [opposing party] and is determinative").

Specifically, while Plaintiff's counsel did obtain *some* discovery on the issue of consent (as is their firm's routine practice in all its TCPA cases), Plaintiff would have sought additional discovery had it been clearer that ViSalus intended to raise consent in the manner it now suggests. For example, Plaintiff would have filed a motion compelling ViSalus to produce all the copies of screenshots purportedly evidencing consent, which ViSalus withheld during discovery on grounds of burden. (See Ex. 1, September 1, 2017 Excerpts of Defendant's Third Supplemental Responses and Objections to Document Requests). More importantly, however, because ViSalus never affirmatively raised the defense of prior express consent in its Answer, Plaintiff did not seek summary judgment on this issue, which she certainly would have done had ViSalus sufficiently asserted its position. Specifically, at the close of discovery, Defendant had not produced any documents that could conceivably defeat Plaintiff and the Certified Class's claims on the basis of consent. Rather, ViSalus has only produced: (i) a single document—unaccompanied by any evidence that class members were actually aware of, viewed, or

13

completed it—that its representative described as a fillable online form where promoters and

purchasers can modify their communications preferences (Ex. 2,

VISALUS_WAKEFIELD0000042, Communication Preferences; Ex. 3, Excerpts of December

16, 2016 Deposition of Scott Gidley ("Gidley Dep.") at 131:12-30),[9] and (ii) a series of unsigned

enrollment forms that, even if provided and agreed to by class members, never state that they

will be contacted with a prerecorded message. This evidence falls well short of satisfying

Defendant's burden to prove that it had the informed, written, consent of Plaintiff and the

Certified Class. *Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed.Appx. 598, 600 n.1 (9th Cir. 2011)

(explaining defendants bear the burden of demonstrating consent) (citing *In the Matter of Rules*

*& Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565

(2008)); *see also In re Rules and Regs. Implementing the Tel. Consumer Prot. Act of 1991*, CG

Docket No. 02-278, Report and Order, FCC 12-21, ¶ 28 (February 15, 2012) (the "*2012 Order*")

(explaining that "prior express written consent" requires, in relevant part, "an agreement, in

writing, bearing the signature of the person called that clearly authorizes the seller to deliver or

cause to be delivered to the person called advertisements or telemarketing messages using

an *[ATDS] or an artificial or prerecorded voice . . .*") (emphasis added); 47 C.F.R. §

64.1200(f)(8) (same);  *Lennartson v. Papa Murphy's Holdings, Inc.*, No. 15-5307, 2016 WL

---

[9]       Importantly, ViSalus confirmed that it does not maintain any records that would enable
ViSalus to show whether class members consented to receive calls during the relevant time
period. (Ex. 3, Gidley Dep. at 131:9-20; 215:4-24 (explaining that because ViSalus maintains
these records in a live database, it cannot show whether an individual "consented" at any time
other than the present).) Moreover, although that screen shot purports to inform consumers that
ViSalus "may call the [designated phone number] with prerecorded advertising marketing
messages, or using an automatic telephone dialing system" (Ex. 2,
VISALUS_WAKEFIELD0000042), ViSalus admits that this screenshot only represents "the
communications tab used as of June 2016" (Dkt. 74 at 5 (citing Dkt. 69-15)), well after Ms.
Wakefield filed received the calls and initiated this lawsuit. As such, it's irrelevant.

51747, at *3 (D. Wash Jan. 5, 2016) (finding consent without disclosing the use of an autodialer to be insufficient).

Thus, it seemed clear that, given its failure to assert the defense, coupled with the insufficiency of the evidence, ViSalus would not be relying on consent as a defense at trial. Had Plaintiff known that would be the case, she would have swiftly moved for summary judgment to dispense the issue of consent. *Lennartson*, 2016 WL 51747, at *3 (granting plaintiff's motion for summary judgment because defendant failed to obtain adequate consent). As such, if leave to amend is granted, Plaintiff and the Certified Class will have been deprived of their chance to dispense with a key legal defense prior to trial. That would be highly prejudicial. *See Anderson v. City & Cty. of S.F.*, 169 F. Supp. 3d 995, 1038 (N.D. Cal. 2016) (party moving to amend after summary judgment must make a "substantial showing" to support amendment); *Howard v. Klika,* No. 03–792–AA, 2004 WL 2966911, at *1 (D. Or. 2004) ("an amended complaint is [generally] not permitted after the close of discovery and after a motion for summary judgment has been filed").

The same is true for ViSalus's arguments that it had an established business relationship with Plaintiff, with respect to both discovery and summary judgment. That is, although Plaintiff initially sought discovery on the issue (as is also her counsel's routine practice), following the Court's certification decision, Plaintiff agreed, at the urging of Defendant's counsel, to take these requests off the table as they were no longer relevant to the claims and defenses at issue for trial.[10] As a result—although Plaintiff is confident she would have succeeded at summary

---

[10]    Specifically, Plaintiff's discovery requests sought "documents sufficient to identify the purchases made, if any, by Plaintiff and the call recipients prior to receiving a phone call." (Ex. 1, Doc. Request No. 37 (*see* 47 C.F.R. 64.1200(f)(5) (defining "established business relationship" on the "basis of the subscriber's purchase or transaction with the entity within the

judgment had she been aware of the need to move on this issue—Plaintiff has not obtained full discovery on this claim and, should Defendant now be permitted to assert it, would certainly be prejudiced as a result. *See, e.g., Zivkovic*, 302 F.3d 1080 at 1087 (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); *Wortman v. Boeing Co.,* No. 3:15-CV-1735-AC, 2016 WL 2869060, at *4 (D. Or. May 16, 2016) (concluding that "Plaintiff has delayed too long seeking to amend his complaint and that delay, combined with passage of discovery close date and the summary judgement deadline, result in [sic] significant prejudice to Defendant").

Moreover, at this point, Plaintiff is well into her trial preparation, and if ViSalus is suddenly allowed to shift its litigation strategy, Plaintiff will need additional time to adjust her trial planning accordingly. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure 2d* § 1487 ("[I]f the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial."). To rectify this prejudice, the Court would have to grant Plaintiff leave to file a motion for summary judgment to afford her the proper opportunity to dispense with these legal issues prior to trial. Of course, these necessary adjustments would inevitably delay the proceedings, and on

---

eighteen (18) months immediately preceding the date of the telephone call…")).) On August 31, 2017, Plaintiff's counsel conferred with Defendant's counsel to discuss outstanding discovery issues. At that time, Defendant's counsel suggested that Plaintiff withdraw the request because it was only relevant to defenses that could be raised against the "Do-Not-Call" Class. On the understanding that Defendant would not be raising any defenses based on an "established business relationship," Plaintiff agreed to withdraw.

PL.'S MEMO IN OPPOSITION TO
DEF.'S MOTION FOR LEAVE TO AMEND

these grounds alone, the Court is well within its discretion to deny ViSalus's request to amend. *See Axial*, 2008 WL 4547795, at *5.

### 3.    Any Amendment by ViSalus Would be Futile.

Finally, ViSalus's proposed amendments are futile. A defense is futile if "no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim [or defense]." *Bokenfohr v. Gladen,* No. 3:17-CV-01870-BR, 2018 WL 2418553, at *8 (D. Or. May 29, 2018). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal citation omitted).

Here, ViSalus's requested affirmative defenses are futile because, even if permitted, given the evidence presented by ViSalus to date, they could not be successfully sustained. In regards to Defendant's proposed established business relationship defense (for Count I), Defendant could not possibly succeed on its position. Putting aside that the FCC eliminated the "'established business relationship' exemption as it previously applied to telemarketing robocalls to residential lines" in 2013, *see 2012 Order*, 27 FCC Rcd. at 1845-46,[11] even if such defenses were still available as it relates to Plaintiff's "Do-Not-Call" claim, it would require Defendant to show a "prior or existing relationship . . . on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry…within three months immediately preceding the date of the call" in which "the relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(5) (definition of "established business relationship"); *see also McGrew v.*

---

[11]    Presumably, Defendant asserts this defense because it is not clear if the FCC's elimination of the established business relationship defense applies to "Do-Not-Call" claims to landlines. While the law is unclear as to whether this defense can still be asserted in this manner, for the reasons referenced above, it would fail here.

17

*Countrywide Home Loans, Inc.,* No. 08-CV-1831, 2009 WL 10672820, at *3 (S.D. Cal. May 27, 2009) (explaining that the burden of proof to demonstrate an established business relationship is on the sender) (citing *In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 21 F.C.C. Rcd. 3787, 3793-96 (2006)). However, Plaintiff testified that she cancelled her account with ViSalus in 2012—three years before ViSalus made the illegal phone calls at issue—and did not purchase anything from ViSalus thereafter (Ex. 4, Excerpts of November 1, 2016 Deposition of Lori Wakefield ("Wakefield Dep.") at 39: 16-18.) Defendant has not provided any evidence to refute that claim.  (Ex. 3, Gidley Dep. at 179:17-20 (confirming that Plaintiff cancelled her account). As such, there is no set of facts under which ViSalus could succeed on this defense.

ViSalus's attempt to successfully assert a defense of prior express consent to Plaintiff's and the Certified Class's "Robocall" claim (Count Two) is even more futile. Specifically, as discussed above, this defense requires Defendant to adduce evidence of a signed, written agreement, which demonstrates that Plaintiff and the other class members specifically agreed to receive robocalls. *See 2012 Order* at ¶ 28; *see also Lennartson*, 2016 WL 51747, at *3 (finding consent without disclosing the use of an autodialer or robotic voice to be insufficient). Discovery closed long ago, and ViSalus has provided no evidence of the type of informed, express, written, consent that is required. Rather, ViSalus relies on its customer enrollment forms and a single screenshot from its online "communications preferences" as evidence of consent. However, as discussed above, the terms and conditions on ViSalus's customer forms do not disclose that ViSalus will use the enrollee's contact information to deliver prerecorded telemarketing calls. Therefore, signed or unsigned, these forms simply cannot establish that ViSalus obtained "prior express written consent." (Ex. 5, Composite of Promoter and Purchaser Forms.) Moreover, one

18

unsigned form is not sufficient evidence of the "prior express invitation" of Plaintiff or any class members, and ViSalus admits that it does not maintain records of the original forms submitted to it (either in print or electronically). (Ex. 3, Gidley Dep. at 131:9-20; 215:4-24.) Thus, because ViSalus simply lacks records establishing consent, it will be impossible for ViSalus to meet its burden of proof on this defense with respect to either the "Robocall" or "Do-Not-Call" claims.

As such, allowing Defendant to amend at this juncture would be futile as it could not possibly succeed in asserting consent or an established business relationship as defenses to Plaintiff's and/or the Certified Class's claims.[12] There is absolutely no need to prolong this litigation by permitting amendment.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's Motion for Leave to Amend Its Answer, and for such further relief as the Court deems reasonable and just.

Respectfully submitted,

**LORI WAKEFIELD, individually and on behalf of all similarly situated individuals,**

Dated: July 20, 2018                     /s/ Eve-Lynn J. Rapp.

**Rafey S. Balabanian, ILB #6285687\***

---

[12] Even if ViSalus is granted leave to amend, their proposed affirmative defenses are still not properly pleaded as they simply suggest that Plaintiff cannot meet her evidentiary burden of demonstrating that ViSalus's violations were willful or knowing—a contention that, as discussed above, is not an affirmative defense. *See Johnson v. Wells Fargo Home Mortg., Inc.*, No. 3:05-CV-0321, 2007 WL 3226153, at \*3 (D. Nev. Oct. 29, 2007) ("[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense") (quoting *Zivkovic*, 302 F.3d at 1088).

PL.'S MEMO IN OPPOSITION TO
DEF.'S MOTION FOR LEAVE TO AMEND

rbalabanian@edelson.com
**Eve-Lynn J. Rapp, ILB #6300632\***
erapp@edelson.com
**Lily E. Hough, SBN #315277\***
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

**Scott F. Kocher, OSB#015088**
**Stephen J. Voorhees, OSB#150595**
FORUM LAW GROUP
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

*Attorneys for Plaintiff and the Certified Class*


# CERTIFICATE OF SERVICE

I, Eve-Lynn J. Rapp, an attorney, certify that on July 20, 2018, I served the foregoing by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.


/s/      Eve-Lynn J. Rapp

PL.'S MEMO IN OPPOSITION TO
DEF.'S MOTION FOR LEAVE TO AMEND