IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of a class of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**VISALUS, INC.**,<br><br>　　　　　Defendant. | Case No. 3:15-cv-1857-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　Plaintiff Lori Wakefield brings two causes of action against defendant Visalus, Inc. The first is an individual claim under the general private right of action enforcement provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), alleging that Defendant violated the TCPA's implementing regulations, specifically 47 C.F.R. § 64.1200(c), by initiating more than one telemarketing call within a 12-month period to Plaintiff's landline telephone number that had been registered with the National Do Not Call Registry for at least 30 days. Plaintiff's second claim is a class claim, alleging that Defendant violated § 227(b)(1)(A)(iii) and

PAGE 1 – ORDER

(b)(1)(B)[1] of the TCPA by improperly using an artificial or prerecorded voice in telemarketing calls to people's residential landline or cellular telephones without their prior express consent. This case is scheduled for a three-day jury trial beginning on November 6, 2018. On August 21, 2018, the case was transferred from U.S. District Judge Anna J. Brown to the undersigned district judge.

Before the Court are three motions relating to specific jury instructions requested by the parties. For the reasons that follow, all three motions are denied. Although the Court will complete final jury instructions after further briefing and the Pretrial Conference, the Court provides some guidance on its current tentative thinking relating to the three specific jury instructions that are the subject of the pending motions.

**A. Defendant's Motion Regarding "Residential" Jury Instruction**

Defendant moves for a jury instruction on what constitutes a "residential" telephone line under the TCPA. Defendant disputes that Plaintiff's telephone line, as well as other class members' telephone lines, were "residential" under the statute. Defendant argues that because Plaintiff used her telephone line, at least for some time, for a home-based business, it was not a residential line. Plaintiff informally provided day care for three to four children over the course of 11 years, gave her phone number to about 11 parents, and charged and received compensation for that day care service, although it was not licensed.

The FCC has declined to promulgate regulations that exempt from the do-not-call rules those calls made to "home-based businesses." RULES AND REGULATIONS IMPLEMENTING THE

---

[1] Although Plaintiff's First Amended Complaint references only 47 U.S.C. § (b)(1)(A)(iii) in the Second Cause of Action, Plaintiff and ViSalus's Joint Proposed Pretrial Order also includes (b)(1)(B) when discussing Plaintiff's class claim. Further, the parties' briefing on the pending motions presumes that Plaintiff's class claim includes both (b)(1)(A)(iii) and (b)(1)(B) allegations. The Court thus considers Plaintiff's class claim to assert allegations under both 47 U.S.C. § (b)(1)(A)(iii) and (b)(1)(B).

PAGE 2 – ORDER

TELEPHONE CONSUMER PROTECTION ACT OF 1991, 70 Fed. Reg. 19,330, 19,331 (April 13, 2005). With respect to "home-based businesses," the FCC has only stated that it would "review such calls as they are brought to [its] attention to determine whether or not the call was made to a residential subscriber." *Id.*

In *Bank v. Independence Energy Group LLC*, the Eastern District of New York denied the defendant's motion to dismiss on the ground there was insufficient evidence to determine whether the telephone line at issue was "residential" for purposes of the TCPA. 2014 WL 4954618, at *4 (E.D. N.Y, Oct. 2, 2014). The court noted that whether a telephone line is registered with the telephone company as "residential" is a good starting point to determine whether the line qualified as "residential." *Id.* at *3. The court, however, rejected any "bright line" test, stating

> if the subscriber holds out such a telephone number to the general public as a business line, the line should not be considered "residential" for the purposes of the TCPA—even if it is registered as "residential" with the telephone company. This more nuanced approach to the phrase "residential telephone line" better comports with Congress's intent in enacting the TCPA and with common sense.
>
> * * *
>
> A telephone subscriber who registers a line with the telephone company as a residential line but then lists the number in the Yellow Pages and other directories as a business line sacrifices the protections afforded by the TCPA.

*Id.* at *3-4.

Similarly, in *Southwell v. Mortgage Investors Corp. of Ohio, Inc.*, U.S. District Judge Pechman in the Western District of Washington denied the defendant's motion for summary judgment. 2014 WL 4057166, at *3 (W.D. Wash., Aug. 14, 2014). The court concluded that the plaintiff was a "residential telephone subscriber" under the TCPA, even though the plaintiff's

PAGE 3 – ORDER

wife testified that the plaintiff at times used his cell phone to sell sheep to his friends. *Id.* The court noted that the defendant did not establish that the farm was incorporated as any kind of business entity or that the plaintiff earned any profit from the farm. *Id.*

Defendant asserts that the burden is on Plaintiff to prove by a preponderance of the evidence that the subject telephone line was residential. The Court agrees. It is one of the statutory elements of 47 U.S.C. § 227(b)(1)(B) that Plaintiff must prove. The Court will consider whether the allocation of the burden of proof needs to be an express part of a specific "residential" jury instruction in the context of the full set of final jury instructions.

As for the specific definition of "residential," the Court finds that a telephone line is residential if the phone is primarily used for residential purposes. On the other hand, if the phone is held out to the public as a business number, then the protections of the TCPA are forfeited. Thus, the Court's tentative analysis on a "Residential Telephone Line" jury instruction is:

> I have previously instructed you regarding prohibitions under the TCPA relating to a "residential telephone line" and to a "residential telephone subscriber." This prohibition applies both to landlines and cellular telephone numbers, but does not apply to calls made to businesses. The parties agree Plaintiff's telephone number was a landline, but disagree whether it was a "residential" telephone line. You must decide this issue based on the evidence presented.
>
> In deciding this issue, you must give the word "residential" it usual and ordinary meaning. You may consider whether the number was registered as a residential number or a business number. You may also consider whether the number was publicized or held out to the general public as a business number, even if it was registered as a residential number. The fact that a telephone number is used for some business calls does not necessarily make it a business telephone number, so long as it is used primarily as a residential number

**B. Plaintiff's Motion on "Initiated" versus "Received" or "Heard"**

Plaintiff moves for a jury instruction that she need only prove that Defendant initiated a call, not that Plaintiff actually heard an artificial or prerecorded voice or that a message was left.[2] Plaintiff cites the statutory text of the two relevant provisions of 47 U.S.C. § 227(b)(1). First, Plaintiff argues that § 227(b)(1)(A)(iii) only requires that Defendant "make any call . . . using . . . an artificial or prerecorded voice," and making a call does not require that the call be heard or a message left. Next, she argues that § 227(b)(1)(B) only requires that Defendant "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message," and the plain text of the phrase "initiate any telephone call" does not require that a voice be "heard" or a message actually be delivered.

Defendant responds that *using* an artificial voice in § 227(b)(1)(A)(iii) requires the voice actually be used, which means it must speak, which means someone must answer the phone or a message must be left. Defendant also argues that Plaintiff's interpretation ignores the part of § 227(b)(1)(B) that requires that the artificial voice is being *used to deliver a message*, which again requires that the voice be used and also requires that the message be delivered. Defendant further argues that this precise question was addressed by the Fifth Circuit in *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 641 (5h Cir. 2015). The court in *Ybarra* explained:

> To be liable under the "artificial or prerecorded voice" section of the TCPA, we conclude that a defendant must make a call and an artificial or prerecorded voice must actually play. A couple of considerations compel this conclusion. First, under traditional rules

---

[2] When Plaintiff requested certification of the class based on her Second Cause of Action, Plaintiff requested, and the Court adopted, a class defined as all persons who "received" certain calls. The "receipt" of a call is a requirement under 47 U.S.C. § 227(c)(5) and Plaintiff's First Cause of Action, but is not required under 47 U.S.C. § 227(b) and Plaintiff's Second Cause of Action. Plaintiff does not discuss the class definition in her briefing on how the Court should instruct the jury on Plaintiff's class claim, but instead focuses on the statutory elements, which do not require receipt of a call.

PAGE 5 – ORDER

> of statutory interpretation, we "look at the plain meaning of the statutory language." *United States v. Spurlin*, 664 F.3d 954, 964 (5th Cir. 2011). In the context of the TCPA, the word "using" is best interpreted as meaning the artificial voice "spoke." That the prerecorded voice was on standby as the call was placed is not sufficient when the statute requires that the voice be "used."
>
> Second, the TCPA makes it unlawful to make any call using an "automatic telephone dialing system." In contrast, it is not unlawful under the TCPA to make a call using an artificial or prerecorded voice system. Rather, what is precluded by the TCPA is making a call using "an artificial or prerecorded voice." The omission of the word "system" must be given effect. *See Burnett Ranches, Ltd. v. United States*, 753 F.3d 143, 148 (5th Cir. 2014).

*Id.* at 640-41. The Fifth Circuit then concluded:

> We hold that making a call in which a prerecorded voice might, but does not, play is not a violation of the TCPA. Instead, the prerecorded voice must "speak" during the call. A party who makes a call using an automatic telephone dialing system uses the system to make the call, regardless of whether the recipient answers, and thereby triggers TCPA liability. With a prerecorded voice, though, unless the recipient answers, an artificial or prerecorded voice is never used.

*Id.* at 641. The Court finds this reasoning persuasive.

The Court's tentative analysis is that the jury instruction relating to Plaintiff's class claim must include some statement to the following effect:

> To be liable under the "artificial or prerecorded voice" section of the TCPA, Plaintiff must prove that Defendant made a call and used an artificial or prerecorded voice, or initiated a call and used an artificial or prerecorded voice to play a message. A call "used" an artificial or prerecorded voice if the message actually began to play or the prerecorded or artificial voice began to speak. A call that was intended to use an artificial or prerecorded voice but the voice never spoke or the message never played is not a violation of the TCPA.

## C. Defendant's Motion Regarding Class Actions and Nature of Proof

Defendant asserts that Plaintiff must prove the elements of the class claim as to each individual member of the class. Defendant requests a jury instruction that includes a section

PAGE 6 – ORDER

instructing the jury that Plaintiff must prove "that each and every class member satisfies each element of this Count II. You may not find in favor of an absent class member unless you are convinced by a preponderance of the evidence that the class member satisfies the elements of his or her claim." Defendant argues that issues such as whether the telephone called was a residential or cellular line cannot be proven classwide simply by Plaintiff proving that her telephone was a residential line.

Plaintiff responds that when the Court certified the class action, the claim was considered to have class issues that predominate. Plaintiff argues that Defendant is essentially re-litigating class certification. Plaintiff also notes that classes may be overinclusive, and that it is commonplace to have an involved post-trial claims process, even including one that requires an affidavit by class members to prove their eligibility, such as attesting that their telephone numbers are cellular or residential.

Defendant had the opportunity to challenge Plaintiff as a class representative and to challenge class certification. At trial, Plaintiff must prove every element of her claim to succeed on the merits. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017). After trial, Defendant "will have similar opportunities to individually challenge the claims of absent class members if and when they file claims for damages." *Id.* At this stage of claims processing, "parties have long relied on claim administrators, various auditing processes, sampling for fraud detection, follow-up notices to explain the claims process, and other techniques tailored by the parties and the court to validate claims." *Id.* (quotation marks omitted). Indeed, "the need for such individualized claim determinations after a finding of liability" is specifically contemplated by Rule 23 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment as "explaining that certification may be proper 'despite the

PAGE 7 – ORDER

need, if liability is found, for separate determinations of the damages suffered by individuals within the class'" and *Levya v. Medline Indus. Inc.*, 716 F.3d 510, 513-14 (9th Cir. 2013) as reaffirming, after *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), "that the need for individualized damages determinations after liability has been adjudicated does not preclude class certification").

Defendant argues that the absent class members' individual adjudication involve more than damages determinations. Because the damages are $500 statutory damages per claimant, with possible trebling by the Court, a post-trial determination of whether a class member is eligible to submit a claim is, for practical purposes, only a damages calculation. If an absent class member turns out not to be eligible because that person did not use his or her phone for residential purposes, or for some other reason that releases Defendant from liability under the TCPA, the result would be that Defendant owes less in total damages.

The Court's tentative analysis on an appropriate instruction relating to class action claims and the nature of proceedings is:

> Count II of this lawsuit is a class action claim for violation of the TCPA. In a class action claim, one person brings the case as plaintiff and acts as the representative in court for all of the class members. This is intended to avoid duplication of effort and expense from multiple lawsuits asserting the same claim by multiple people in different locations. Lori Wakefield is the representative of the class in this case. She is representing a class of all individuals in the United States who allegedly received a telephone call from ViSalus promoting ViSalus's products or services, when the call featured an artificial or prerecorded voice and when ViSalus did not have prior express written consent to place the call when it was made.
>
> You should not hold the physical absence of any class member from trial against Plaintiff or think of it as a lack of concern or interest in the outcome of this litigation. Similarly, the fact that Count II is proceeding as a class action claim does not mean any decision has been made about the merits of the case. You must

       make that determination, and I have already instructed you about the elements of the claim and the burden of proof.

**D.  Remaining Issues**

The Clerk of the Court is instructed to set a telephone conference with the parties reasonably promptly to set a pretrial conference and the deadline for an amended Pretrial Order. The Court also, however, invites the parties to consider that *Gallion v. Charter Communications, Inc.*, Ninth Circuit Case No. 18-55667, is currently pending before the Ninth Circuit. In that case, Charter Communications challenges 47 U.S.C. § 227(b)(1)(A)(iii) as containing an unconstitutional content-based restriction in violation of the First Amendment because it allows calls to collect government debt while prohibiting other calls. Notably, 47 U.S.C. § 227(b)(1)(B) contains the same exception for government debt collection calls. The current briefing schedule before the Ninth Circuit has the reply brief due October 22, 2018. Oral argument has not yet been scheduled. Other cases involving these TCPA provisions have been stayed pending the Ninth Circuit's decision in *Gallion*. *See, e.g.*, *Fontes v. Time Warner Cable, Inc.*, Case No. 2:14-cv-2060-CAS-AS, ECF 107 (C.D. Cal. August 20, 2018) (Order granting motion to stay). The Court would like the parties' views on whether the trial of this case similarly should be stayed.

## CONCLUSION

The parties' motions relating to jury instructions (ECF 128, 129, 132) are DENIED. The Court will set a telephone conference to discuss the remaining matters noted in this Order.

**IT IS SO ORDERED.**

DATED this 24th day of August, 2018.

                                              /s/ *Michael H. Simon*
                                              Michael H. Simon
                                              United States District Judge