DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**VISALUS, INC.**, a Nevada corporation,<br><br>Defendant. | No. 3:15-cv-01857<br><br>**Plaintiff's lay witness list** |

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*

**I.    Live witnesses.**

The following chart identifies the witnesses that Ms. Wakefield and the Certified Class will or may call live.

| Witness | Estimated length of examination | Summary of testimony | Will call | May call |
|---|---|---|---|---|
| **Shawn Davis**, *Digital Forensics Examiner, Edelson PC*; 350 North LaSalle Street, 14th Fl., Chicago, IL. | 10 minutes | Mr. Davis will testify that Plaintiff's Exhibit 36 is a summary of call outcomes listed on marketing campaign contact spreadsheets produced by ViSalus and identified as such in Mr. Gidley's April 4, 2018 declaration. Mr. Davis will describe how he prepared the summary and explain the information contained in the summary. | √ | |
| **Lance Eves**, *VP/COO, Molalla Communications Company* (address not known)<br><br>Alternatively: other representative of Mollala Communications Company. | 20 minutes | Mr. Eves will testify that Plaintiff's Exhibit 2 is an authentic copy of the call log for the phone number (503) 829-7628 for the period of March 1, 2015 to May 31, 2015. He will testify that the call log is a business record of Molalla Communications Company. He will testify that two numbers belonging to ViSalus (according to its interrogatory response), (248) 764-7514 and (248) 764-7521, appear on the call log for five incoming calls. He will testify as to what the call log shows as the date, start time, and duration of these five calls.<br><br>Mr. Eves will also testify that the phone number (503) 829-7628 is a residential line registered to Ms. Wakefield's home address. | | √ |

| | | | | |
|---|---|---|---|---|
| **ViSalus corporate representative** (occupation and address not known) | 1.5 hours | ViSalus' corporate representative will testify that Ms. Wakefield's residential line, (503) 829-7628, is on the National Do Not Call Registry and has been since 2008. ViSalus' corporate representative will testify that ViSalus placed more than two solicitation calls to that number in April 2015 and that, during those calls, ViSalus delivered a message using an artificial or prerecorded voice. ViSalus' corporate representative will also testify that ViSalus did not have Ms. Wakefield or her husband's prior express consent to do so.<br><br>ViSalus' corporate representative will testify that, in approximately 2013-2016, ViSalus placed solicitation calls to class members' residential telephone or mobile phone lines and delivered messages using an artificial or prerecorded message, without their prior express consent. He or she will also testify about the spreadsheets produced by ViSalus, including ones showing solicitation calls placed by ViSalus to class members (including both contact spreadsheets such as those in Plaintiff's Exhibits 38 and 41 and spreadsheets containing information about ViSalus campaigns such as those in Plaintiff's Exhibit 42).<br><br>ViSalus' corporate representative will testify that ViSalus placed these calls using an Avaya system called the "Proactive Outreach Manager" and will identify several exhibits describing the operation of that system. ViSalus' corporate representative will also testify that certain call list spreadsheets include completion codes showing the | | √ |

| | | outcome of the call. ViSalus' corporate representative will testify that certain completion codes indicate that, during the call, a message was delivered using an artificial or prerecorded voice. ViSalus' corporate representative will also discuss Mr. Gidley's April 4, 2018 declaration identifying those spreadsheets used by ViSalus to conduct marketing campaigns to U.S. residents, as well as those completion codes indicating that an artificial or prerecorded voice could not have played during the call. ViSalus' corporate representative will also testify about the promoter sign-up sheets produced by ViSalus and will identify the information, such as phone numbers, requested from promoters when they signed up. ViSalus' corporate representative will also testify that ViSalus (and employees at ViSalus) knew that ViSalus did not have class members' prior express consent to place phone calls to deliver a message using an artificial or prerecorded voice to class members' residential or cell phone lines, or that ViSalus (and employees at ViSalus) were aware that there was a high risk that it lacked such consent and consciously avoided confirming it. In addition, ViSalus' corporate representative will testify about email communications produced by ViSalus between ViSalus and persons who ViSalus called despite being asked not to on multiple occasions. | | |
|---|---|---|---|---|

Plaintiff's lay witness list　　　　　　　　　　　　　3

| **Lori Wakefield**, 827 E. 4th Street, Molalla, OR. | 1 hour | Ms. Wakefield will testify that (503) 829-7628 is her home phone number and is registered as a residential line. She will authenticate her phone bill for that phone line. She will testify that that phone line is used mostly for non-business-related calls and that only a very small percentage of calls on that line are related to her home daycare business. She will testify that she uses her mobile phone for most of her communications related to her home daycare business. She will testify that her husband is a firefighter and does not have a home business. And she will testify that this phone number has been registered with the National Do Not Call Registry since 2008.

Ms. Wakefield will also testify that she and her husband signed up to be ViSalus promoters in approximately 2013. Ms. Wakefield will testify that the sign-up form she used asked her for her home or cell phone number and that she provided her home phone number, and will testify that the sign-up forms produced by ViSalus asked for the same information as the one she filled out. She will testify that ViSalus is a multi-level marketing company and that a ViSalus promoter buys products from ViSalus and has the opportunity to earn commissions by selling ViSalus products to others. She will testify that she and her husband never earned any money as ViSalus promoters and that they cancelled their membership in March 2013. She will testify that she asked for but was not given a refund for certain "autoship" products and will describe ViSalus records summarizing this interaction and her other interactions with the company. | √ | |
|---|---|---|---|---|

|  |  | Ms. Wakefield will also testify that, in April 2015, ViSalus made solicitation phone calls to her residential phone number approximately five times and that, during at least some of those calls, ViSalus delivered a message using an artificial or prerecorded voice, live and to her answering machine.  Ms. Wakefield will also testify that she did not give ViSalus prior express consent to do this.  Ms. Wakefield will also testify that, during one call, she connected with a ViSalus agent and told ViSalus not to call her.  She will identify one or more recordings produced by ViSalus as being consistent with calls she received.<br><br>Ms. Wakefield will also testify that ViSalus' repeated calls caused her harm, including annoyance, disruption of peace and quiet in her home, disruption of her activities, and reminding her of the poor experience and negative interactions she had with ViSalus. |  |  |
|---|---|---|---|---|

Plaintiff's lay witness list                                                      5

II. **Witnesses called by deposition.**

Ms. Wakefield and the Certified Class may also read deposition testimony given by the following witnesses:

- Justin Call, *Former VP of Sales & Global Support of ViSalus, Inc.*, 5275 Town & Country Blvd., Apt #2458, Frisco, TX 75034
- Scott Gidley, *Compliance Analyst for ViSalus* (address unknown)
- John Laun, *Former VP Marketing of ViSalus, Inc.*, 850 S Norton Ave, Los Angeles, CA 90005.

The expected timing and substance of the testimony that will be read is set forth in Ms. Wakefield and the Certified Class' deposition designations, which will be filed with the Court.

Date: January 16, 2019                              Respectfully submitted,

By: /s/ *Simon Franzini*

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*