DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

(additional counsel listed on next page)

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>**VISALUS, INC.**,<br>  a Nevada corporation,<br><br>      Defendant. | No. 3:15-cv-01857<br><br>**Plaintiff's trial brief** |

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*

## Table of Contents

I.    Introduction. ................................................................................................... 1

       A.    Parties. .................................................................................................. 1

       B.    Claims. ................................................................................................. 1

            1.    "Artificial or prerecorded voice" claims. ......................................... 1

            2.    "Do not call" claims. ..................................................................... 2

II.    Brief summary of material facts and legal contentions. ....................................... 2

       A.    "Artificial or prerecorded voice" claims on behalf of Ms. Wakefield and the Certified Class. ................................................................................. 2

            1.    Elements of the "artificial or prerecorded voice" claims. ................. 2

            2.    Willful and knowing violations of "artificial or prerecorded voice" claims. ................................................................................. 6

            3.    Damages. ...................................................................................... 7

       B.    "Do not call" claim on behalf of Ms. Wakefield individually. ................... 8

            1.    Elements of the "do not call" claim. ............................................... 8

            2.    Willful and knowing violations of the "do not call" claim. .............. 9

            3.    Damages. .................................................................................... 10

## Table of Authorities

**Cases**

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) .................................................................................................. 7

*Grant v. Capital Mgmt. Servs., L.P.*,
  449 F. Appx. 598 (9th Cir. 2011) ............................................................................. 4

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
  23 F.C.C. Rcd. 559 (Jan. 4, 2008) ............................................................................ 5

*Roylance v. ALG Real Estate Servs., Inc.*,
  Case No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930 (N.D. Cal. Mar. 16,
  2015) ......................................................................................................................... 6

*Safeco Ins. Co. of Am. v. Burr*,
  551 U.S. 47 (2007) .................................................................................................... 7

*Sengenberger v. Credit Control Servs., Inc.*,
  Case No. 1:09-cv-02796, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010) ......... 7

*Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*,
  847 F.3d 1037 (9th Cir. 2017) .............................................................................. 3, 4

**Statutes**

47 U.S.C. § 227(b)(1) ....................................................................................... 2, 7, 8, 10

**Regulations**

47 C.F.R. § 64.1200 ................................................................................................... 4, 8

## I.   Introduction.

This case is a certified class action. At trial, Plaintiff Lori Wakefield, individually and on behalf of all others similarly situated, will prove that Defendant ViSalus, Inc. repeatedly violated the Telephone Consumer Protection Act ("TCPA"), a federal law that prohibits certain telephone solicitation calls.

### A.   Parties.

The Plaintiff and class representative, Lori Wakefield, is an individual who lives with her husband in Clackamas County, Oregon.

The Defendant, ViSalus, Inc., is a multi-level marketing company that sells weight-loss products and dietary supplements.

The Certified Class comprises "[a]ll individuals in the United States who received a telephone call made by or on behalf of ViSalus: (1) promoting ViSalus's products or services; (2) where such call featured an artificial or prerecorded voice; and (3) where neither ViSalus nor its agents had any current record of prior express written consent to place such call at the time such call was made." Dkt. 81 (Class Certification Order) at 6.

### B.   Claims.

At trial, Ms. Wakefield will present two claims against ViSalus.

#### 1.   "Artificial or prerecorded voice" claims.

Ms. Wakefield, on behalf of herself and the Certified Class, will prove that ViSalus repeatedly violated 47 U.S.C. § 227(b)(1) of the TCPA by making or initiating solicitation calls, without prior express consent, using a prerecorded message or artificial

voice to residential landlines or cellular telephone lines.  Dkt. 36 (First Amended Complaint), Count II.

### 2. "Do not call" claims.

Ms. Wakefield, individually, will also prove that ViSalus violated 47 C.F.R. § 64.1200(c) of the regulations prescribed under the TCPA by initiating, without prior express consent, more than one solicitation call within a 12-month period to her landline telephone number that had been registered with the National Do Not Call Registry for at least 30 days.  Dkt. 36 (First Amended Complaint), Count I.

## II.   Brief summary of material facts and legal contentions.

The following is a brief summary of the materials, facts, and legal contentions for the "artificial or prerecorded voice" and "do not call" claims.

### A.   "Artificial or prerecorded voice" claims on behalf of Ms. Wakefield and the Certified Class.

#### 1. Elements of the "artificial or prerecorded voice" claims.

The relevant portion of the TCPA provides:

"It shall be unlawful for any person within the United States …

> (A) to make any call (other than a call … made with the prior express consent of the called party) using … an artificial or prerecorded voice… (iii) to any telephone number assigned to a … cellular telephone service …
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party …."

47 U.S.C. § 227(b)(1).

Accordingly, to prove that ViSalus violated this provision of the TCPA, at trial Ms. Wakefield will present evidence that:

Plaintiff's trial brief                                     2

(1) ViSalus made solicitation calls within the United States to Ms. Wakefield and members of the Certified Class;

(2) such calls used an artificial or prerecorded voice to deliver a message;

(3) such calls were made to residential telephone lines, or telephone numbers assigned to a cellular telephone service. [1]

At trial, Ms. Wakefield will prove that ViSalus made solicitation calls within the United States to Ms. Wakefield, at her residential phone number (503) 829-7628, in April 2016; and to each member of the Certified Class, between 2014 and 2016.

To determine whether a telephone line or number is a residential line or telephone number, the word "residential" has its usual and ordinary meaning. Dkt. 149 (Order Regarding Proposed Jury Instructions) at 4.

Factors that demonstrate whether a telephone line or number is a residential line or number include whether the phone number was:

- registered as a residential number or a business number; and

- publicized or held out to the general public as a business number, even if it was registered as a residential number.

Dkt. 149 (Order Regarding Proposed Jury Instructions) at 4.

---

[1] As explained below, because "express consent" is an affirmative defense, Ms. Wakefield does not need to prove lack of consent to establish that ViSalus violated this provision of the TCPA as part of her *prima facie* case. *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1044 (9th Cir. 2017) ("Express consent is not an element of a plaintiff's *prima facie* case but is an affirmative defense for which the defendant bears the burden of proof.").

Plaintiff's trial brief                                3

The fact that a telephone number is used for some business calls does not necessarily make it a business telephone number, so long as it is used primarily as a residential number.  Dkt. 149 (Order Regarding Proposed Jury Instructions) at 4.

Express consent is an affirmative defense, not an element of Ms. Wakefield's *prima facie* case:

- "Express consent is not an element of a plaintiff's *prima facie* case but is an affirmative defense for which the defendant bears the burden of proof." *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1044 (9th Cir. 2017);

- "'[E]xpress consent' is not an element of a TCPA plaintiff's *prima facie* case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. Appx. 598, 600 n.1 (9th Cir. 2011);

- "[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. … Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (Jan. 4, 2008).

The rules implementing the TCPA, 47 C.F.R. § 64.1200, define "prior express consent" as follows:

"The term prior express written consent means an agreement, in writing,

bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

> (i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that:
>
>> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>>
>> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.
>
> (ii) The term "signature" shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law."

ViSalus has stipulated that it will not present evidence or argue that it obtained express consent to make the violating calls:

> "To set the record clear, ViSalus does not claim that Plaintiff's Count I claim is barred in its entirety by her giving ViSalus permission or consent, and does not claim that for Count II, Plaintiff's or the class's claims are barred by them giving ViSalus prior express written consent under 47 C.F.R. § 64.1200(a)(2)-(3)."

Dkt. 145 (Notice of Withdrawal of Motion to Amend its Answer to add this defense) at 2. [2]

---

[2] Based on ViSalus' representation to Ms. Wakefield and the Court, Ms. Wakefield is filing a motion *in limine* to preclude ViSalus from introducing evidence or argument that ViSalus had prior express consent to place calls featuring an artificial or prerecorded voice to Ms. Wakefield or any member of the Certified Class.

Plaintiff's trial brief        5

### 2. Willful and knowing violations of "artificial or prerecorded voice" claims.

In addition to establishing the elements of the "artificial or prerecorded voice" claims, at trial Ms. Wakefield will also establish that ViSalus' violations of the "artificial or prerecorded voice" claims were knowing or willful.

To establish that ViSalus' violations were knowing or willful, Ms. Wakefield must establish that ViSalus knew, or was willfully blind to the fact, that it was making a telephone solicitation call to a residential or mobile telephone line using an artificial or prerecorded voice to play a message, without obtaining prior express consent from the called party. *Roylance v. ALG Real Estate Servs., Inc.*, Case No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, at *31 (N.D. Cal. Mar. 16, 2015) ("Although neither the TCPA nor the FCC regulations define the terms 'willfully or knowingly' . . . courts have generally interpreted willfulness to imply only that an action was intentional.") (quoting *Sengenberger v. Credit Control Servs., Inc.*, Case No. 1:09-cv-02796, 2010 U.S. Dist. LEXIS 43874, at *16 (N.D. Ill. May 5, 2010)); *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-58 (2007) ("Where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well."); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("[P]ersons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts.").

At trial, Ms. Wakefield will prove that ViSalus knew, or was willfully blind to the fact, that it was making telephone solicitation calls to residential or mobile telephone lines of Ms. Wakefield and the Certified Class using an artificial or prerecorded voice to

Plaintiff's trial brief                                       6

play a message, without obtaining prior express consent from Ms. Wakefield and the Certified Class.

### 3. Damages.

At trial, Ms. Wakefield will prove the number of calls made by ViSalus that violated the "artificial or prerecorded voice" provision of the TCPA to Ms. Wakefield and the members of the Certified Class.

The TCPA provides statutory damages in the amount of $500 per call for initiating solicitation calls using a prerecorded message or artificial voice without prior express written consent from the recipient. 47 U.S.C. §§ 227(b)(3)(B)-(C).

In addition, the $500 per call may be trebled at the Court's discretion if the Court finds that ViSalus' conduct was committed willfully or knowingly. 47 U.S.C. § 227(b)(3)(C); 47 U.S.C. § 227(c)(5)(C).

Because the amount of damages is set by statute, the jury need only determine the number of calls and need not determine the actual amount of the judgment.

After the jury determines the number of calls that ViSalus made that violates this provision of the TCPA, the Court can determine the amount of the judgment by (a) multiplying the number of violating calls by $500 and (b) increasing the judgment up to three times based on finding ViSalus' conduct willful or knowing. [3]

---

[3] The amount of the statutory damages for each violation of the TCPA under 47 U.S.C. § 227(b)(3)(B) is irrelevant for the jury because it is not probative of any factual issue to be determined by the jury. The statutory damages are fixed by statute and are not discretionary. The jury's role at trial will be to determine the number of calls that violated the statute. As a result, Ms. Wakefield is bringing a motion *in limine* to preclude ViSalus from presenting evidence or argument of the amount of statutory damages for violating the artificial or prerecorded voice claims.

Plaintiff's trial brief                                                  7

**B.     "Do not call" claim on behalf of Ms. Wakefield individually.**

    **1.     Elements of the "do not call" claim.**

The relevant portion of the TCPA provides:

"A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may … bring … (B) an action to … receive up to $500 in damages for each such violation …."

47 U.S.C. § 227(c)(5).

The underlying regulations provide:

"(c) No person or entity shall initiate any telephone solicitation to: …

> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. … Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if: … (ii) It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed."

47 C.F.R. § 64.1200.

Accordingly, to prove that ViSalus violated this provision of the TCPA, Ms. Wakefield will present evidence that:

(1) Ms. Wakefield registered her phone number (503) 829-7628 with the national do-not-call-registry for at least 30 days;

(2) ViSalus made, and Ms. Wakefield received, two or more solicitation calls within any 12-month period to Ms. Wakefield's number; and

(3) Ms. Wakefield's phone number is a residential telephone number. [4]

At trial, Ms. Wakefield will prove that she registered her landline telephone (503) 829-7628 with the National Do Not Call Registry on February 15, 2008.

At trial, Ms. Wakefield will prove that ViSalus made at least five solicitation calls to Ms. Wakefield at (503) 829-7628 in 2015, when her number was registered on the Do Not Call Registry.

At trial, Ms. Wakefield will prove her phone line (503) 829-7628 is a residential telephone number. *See* Section II(A)(1) above.

As described above, express consent is an affirmative defense, not an element of Ms. Wakefield's *prima facie* case. *See* Section II(A)(1) above.

### 2. Willful and knowing violations of the "do not call" claim.

In addition to satisfying the elements necessary to establish the "do not call" claim, Ms. Wakefield will also establish at trial that ViSalus' violation of this "do not call" claim was willful and knowing.

To establish that ViSalus' violations were willful and knowing, Ms. Wakefield must establish that ViSalus knew, or was willfully blind to the fact, that it initiated a telephone solicitation call to a residential telephone subscriber who had registered her telephone number with the National Do Not Call Registry, without obtaining prior express consent to do so. *See* cases cited above.

---

[4] As with the "artificial or prerecorded voice" claim, because "express consent" is an affirmative defense, Ms. Wakefield need not prove lack of consent to establish that ViSalus violated this provision of the TCPA as part of her *prima facie* case. *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1044 (9th Cir. 2017) ("Express consent is not an element of a plaintiff's *prima facie* case but is an affirmative defense for which the defendant bears the burden of proof.").

Plaintiff's trial brief                        9

At trial, Ms. Wakefield will prove that ViSalus knew, or was willfully blind to the fact, that it initiated a telephone solicitation call to Ms. Wakefield's residential telephone number that she had registered with the National Do Not Call Registry, without obtaining prior express consent to do so.

### 3. Damages.

The TCPA provides statutory damages up to $500 per call for violating the Do Not Call regulations. 47 U.S.C. § 227(c)(5). At trial, Ms. Wakefield will demonstrate that the jury should award her the full $500 per call based on the facts set forth above.

The TCPA also provides that the amount determined by the jury may be trebled at the Court's discretion if the Court finds that ViSalus' conduct was committed willfully or knowingly. 47 U.S.C. § 227(c)(5). After the jury returns a verdict, Ms. Wakefield will request that the Court treble the amount determined by the jury based on ViSalus' willful and knowing conduct.

Date: January 16, 2019

Respectfully submitted,

By: /s/ *Simon Franzini*

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*