DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>**VISALUS, INC.,**<br>a Nevada corporation,<br><br>        Defendant. | No. 3:15-cv-01857<br><br>**Plaintiff's motions *in limine* 1-6** |

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*

# Table of Contents

Motion *in limine* #1: No evidence or argument that ViSalus did not know or misunderstood the requirements of the TCPA. ....................................................... 1

Motion *in limine* #2: No evidence or argument regarding the amount of statutory damages for violations of the "artificial or prerecorded voice" section of the TCPA............................................................................................................................. 3

Motion *in limine* #3: No evidence or argument that ViSalus had prior express consent to call Ms. Wakefield or class members. ................................................... 4

Motion *in limine* #4: No evidence or argument that ViSalus applied for a retroactive waiver or that the Federal Communications Commission granted retroactive waivers to other companies. ................................................................. 5

Motion *in limine* #5: No evidence or argument regarding ViSalus' financial condition. ............................................................................................................... 7

Motion *in limine* #6: No evidence or argument regarding class counsels' attorneys' fees. ..................................................................................................................... 8

# Table of Authorities

## Cases

*Bolden v. City of Portland*,
    Case No. 3:13-cv-00224-HA, 2014 U.S. Dist. LEXIS 36286 (D. Or. Mar. 19, 2014)... 5

*Bridgeview Health Care Ctr., Ltd. v. Clark*,
    Case No. 1:09-cv-05601, 2013 U.S. Dist. LEXIS 37310 (N.D. Ill. Mar. 19, 2013)....... 2

*Brooks v. Cook*,
    938 F.2d 1048 (9th Cir. 1991) ................................................................. 8

*Charvat v. Ryan*,
    879 N.E.2d 765 (Ohio 2007) ................................................................. 2

*Davis v. Diversified Consultants, Inc.*,
    36 F. Supp. 3d 217 (D. Mass. 2014). ........................................................ 2

*Herwick v. Budget Rent a Car Sys.*,
    Case No. 2:10-cv-00409-SJO-PLA, 2011 U.S. Dist. LEXIS 163813 (C.D. Cal. Mar.
    22, 2011) ......................................................................................... 8

*In re Homestore.com, Inc. Sec. Litig.*,
    Case No. 2:01-cv-11115-RSWL-CWx, 2011 U.S. Dist. LEXIS 10677 (C.D. Cal. Jan.
    25, 2011) ......................................................................................... 8

*Lardner v. Diversified Consultants, Inc.*,
    Case No. 1:13-cv-22751-UU, 2014 U.S. Dist. LEXIS 68572 (S.D. Fla. May 8, 2014) . 4

*Morrison v. Mahoney*,
    399 F.3d 1042 (9th Cir. 2005). ............................................................... 5

*Redwood Christian Schs v. Cty. of Alameda*,
    Case No. 3:01-cv-04282-SC, 2007 U.S. Dist. LEXIS 8287 (N.D. Cal. Jan. 26, 2007) .. 9

*Roylance v. ALG Real Estate Servs.*,
    Case No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930 (N.D. Cal. Mar. 16,
    2015). ........................................................................................... 2

*Sengenberger v. Credit Control Servs.*,
    Case No. 1:09-cv-02796, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010). ........ 2

*Van Patten v. Vertical Fitness Grp., LLC*,
    847 F.3d 1037 (9th Cir. 2017). ............................................................... 4

*Williams v. Wells Fargo Bank, N.A.*,
    Case No. 5:13-cv-03387-EJD, 2017 U.S. Dist. LEXIS 116087 (N.D. Cal. July 24,
    2017) ............................................................................................. 9

## Statutes

47 U.S.C. § 227 ....................................................................................... 3

47 U.S.C. § 312 ................................................................................................ 1

**Rules**

Fed. R. Civ. Pro. 37 ....................................................................................... 5

Fed. R. Evid. 401 ...................................................................................3, 4, 7, 8, 9

Fed. R. Evid. 403 ...................................................................................3, 4, 7, 8, 9

**Regulations**

47 C.F.R. § 64.1200 ........................................................................................ 7

Plaintiff Wakefield and the Certified Class respectfully bring the following motions *in limine*.

**Motion *in limine* #1: No evidence or argument that ViSalus did not know or misunderstood the requirements of the TCPA.**

Relief requested:  ViSalus is precluded from presenting evidence or argument that it did not know or misunderstood the requirements of the TCPA.

Ms. Wakefield and the class allege that ViSalus' violations of the TCPA were willful and knowing, and that, as a result, the Court should award treble damages.  Dkt. 36 (First Amended Complaint) at ¶¶ 46, 52.  To rebut these allegations, ViSalus intends to present evidence and argument that it did not know or that it misunderstood the requirements of the TCPA—and thus did not intend to violate them.  Dkt. 145 (Notice of Withdrawal of Motion for Leave to Amend Answer) at 2 (asserting that ViSalus intends to argue that it had a "practice and policy of placing marketing calls only to its customers and promoters"—and thus incorrectly thought it had prior express consent to place such calls—"for purposes of negating Plaintiff's claim that ViSalus's alleged violations of the TCPA were willful or knowing.").

ViSalus' argument is incorrect as a matter of law.  As a result, the Court should preclude ViSalus from making it.

The TCPA is part of the Communications Act of 1934.  The Act defines "willful" as "the conscious and deliberate commission or omission of [an] act, <u>irrespective of any intent to violate any provision of this Act</u>."  47 U.S.C. § 312(f)(1) (emphasis added).  As a result, as courts around the country have recognized, "a person need not have intent to commit an unlawful act in order to act willfully or knowingly under the TCPA."

*Roylance v. ALG Real Estate Servs.*, Case No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, at *31 (N.D. Cal. Mar. 16, 2015).

"[I]n the context of the TCPA, the term acting 'willfully' means that the defendant acted voluntarily, and under its own free will, <u>regardless of whether the defendant knew that it was acting in violation of the statute</u>." *Sengenberger v. Credit Control Servs.*, Case No. 1:09-cv-02796, 2010 U.S. Dist. LEXIS 43874, at *16-17 (N.D. Ill. May 5, 2010) (emphasis added) (internal citations and quotations omitted). Similarly, "[f]or an award of treble damages under the TCPA, the term 'knowingly' requires that liability be imposed <u>even without [a defendant's] knowledge that the conduct violated the statute</u>." *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (emphasis added). "'[T]he knowledge requisite to knowing violation of a statute <u>is factual knowledge as distinguished from knowledge of the law</u>.'" *Id* at 770 (emphasis added) (quoting *Bryan v. United States*, 524 U.S. 184, 192 (1998)). Thus, "'the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense.'" *Id.*; *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 226-27 (D. Mass. 2014) ("[T]he willful or knowing standard [of the TCPA] require[s] only that a party's actions were intentional, <u>not that it was aware that it was violating the statute.</u>") (emphasis added); *Bridgeview Health Care Ctr., Ltd. v. Clark*, Case No. 1:09-cv-05601, 2013 U.S. Dist. LEXIS 37310, at *21-22 (N.D. Ill. Mar. 19, 2013) ("[A] plaintiff <u>need not prove that defendant had knowledge of the TCPA's provisions</u> in order to establish that the defendant willfully or knowingly violated the TCPA.") (emphasis added) (internal citations and quotations omitted).

Because ViSalus' theory that it did not willfully or knowingly violate the TCPA because it lacked knowledge of the TCPA's provisions is incorrect as a matter of law, the Court should preclude ViSalus from presenting evidence or argument on this topic.  Fed. R. Evid. 401, 403.

**<u>Motion <i>in limine</i> #2</u>: No evidence or argument regarding the amount of statutory damages for violations of the "artificial or prerecorded voice" section of the TCPA.**

<u>Relief requested</u>:  ViSalus is precluded from presenting evidence or argument that Ms. Wakefield and class members are entitled to minimum statutory damages for violations of the "artificial or prerecorded voice" section of the TCPA.

For each violation of the "artificial or prerecorded voice" section of the TCPA, a plaintiff may "recover for actual monetary loss" or "receive $500 in damages … whichever is greater."  47 U.S.C. § 227(b)(3)(B) (providing that a plaintiff may "receive $500 in damages" for each violation). [1]

At trial, Ms. Wakefield and the class will seek $500 per violation and not actual damages.  *See* Dkt. 176 (Trial brief) at 10.  As a result, the jury will not be asked to determine damages.  *See* Dkt. 180 (Proposed verdict form).  Thus, that Ms. Wakefield and the class are entitled to receive $500 per violation is not relevant to any issue before the jury. [2]

---

[1] As set forth above, the Court may treble this amount for willful violations.  *See* motion *in limine* #1.

[2] Ms. Wakefield also alleges a violation of the "do not call" section of the TCPA. This section provides for "<u>up to</u> $500" in damages per violation, rather than a fixed amount.  47 U.S.C. § 227(c)(5) (emphasis added).  If the jury finds one or more

In addition, at trial, Ms. Wakefield and the class will demonstrate that ViSalus violated the "artificial or prerecorded voice" section of the TCPA millions of times. *See* Dkt. 176 (Trial brief). If the jury is told that the TCPA provides for $500 in damages per violation, the magnitude of the potential damages might improperly influence the jury's determination as to liability.

Because the amount of statutory damages for violations of the "artificial or prerecorded voice" section of the TCPA has no possible relevance to any jury issue in this case and could improperly influence the jury, ViSalus should not be allowed to present any evidence or argument on this topic. Fed. R. Evid. 401, 403; *Lardner v. Diversified Consultants, Inc.*, Case No. 1:13-cv-22751-UU, 2014 U.S. Dist. LEXIS 68572, at *1 (S.D. Fla. May 8, 2014) ("As the issue of minimum statutory damages has already been resolved by the Court in its Order on Summary Judgment, … this evidence is irrelevant and Plaintiff's Motion [*in limine* to exclude such evidence] shall be granted.").

### Motion *in limine* #3: No evidence or argument that ViSalus had prior express consent to call Ms. Wakefield or class members.

Relief requested: ViSalus is precluded from presenting evidence or argument that it had prior express consent to call Ms. Wakefield or class members.

Prior express consent is an affirmative defense to the TCPA violations at issue in this case. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017)

---

violations of this section, the jury will have to decide what amount "up to $500" to award. Thus, Plaintiff is not seeking to preclude evidence regarding the amount of damages available for violations of the "do not call" section.

("Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof."). To preserve this defense for trial, ViSalus would have had to raise it in its Answer. *See Morrison v. Mahoney,* 399 F.3d 1042, 1046 (9th Cir. 2005) ("Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived."); *Bolden v. City of Portland*, Case No. 3:13-cv-00224-HA, 2014 U.S. Dist. LEXIS 36286, at *14 (D. Or. Mar. 19, 2014) ("Because defendants did not raise the notice requirement defense in their Answer to the Second Amended Complaint, defendants waived the defense and are not permitted to raise it now or at trial.").

ViSalus did not raise a prior express consent affirmative defense in its Answer. Dkt. 41 (Amended Answer). Moreover, although ViSalus filed a motion to amend its answer to add a prior express consent defense, it later withdrew the motion. And in its notice of withdrawal, it expressly represented that it would <u>not</u> raise this defense at trial. Dkt. 145 (Notice of Withdrawal of Motion for Leave to Amend Answer) at 2.

ViSalus should not be allowed to present a defense it failed to disclose in its Answer, and should be held to the representations it made in its filings with the Court. Accordingly, the Court should preclude ViSalus from presenting evidence or argument that it had prior express consent to call Ms. Wakefield or class members at trial. Fed. R. Civ. Pro. 37.

### Motion *in limine* #4: No evidence or argument that ViSalus applied for a retroactive waiver or that the Federal Communications Commission granted retroactive waivers to other companies.

<u>Relief requested</u>:  ViSalus is precluded from presenting evidence or argument that it applied for a retroactive waiver of the prior express consent requirements contained in 47 C.F.R. § 64.1200(a)(2), (a)(3) and (f)(8), or that the FCC granted such waivers to other companies.

The rules implementing the TCPA set forth a number of requirements that must be satisfied to obtain "prior express consent" to place calls that would otherwise violate the statute.  *See* 47 C.F.R. § 64.1200(a)(2), (a)(3) and (f)(8).  These requirements went into effect in October 2013.

In June of 2017, ViSalus filed a petition with the FCC seeking a retroactive waiver of the requirements for prior express consent.  *See* Ex. 1 (Petition for Retroactive Waiver).  In its Petition, ViSalus asserted that other companies had obtained retroactive waivers of these requirements.  *Id*. at 5-7.  The retroactive waivers permitted those companies to rely—for a limited time—on prior express consents obtained prior to October 2013, even if those consents did not comply with all of the new requirements of the rules.  *Id.*  ViSalus' Petition has not been granted.

Because ViSalus' Petition has not been granted, it could not possibly have any relevance to any issue in this case.

Moreover, if the Petition were granted, it would still have no relevance to any issue in this case because—unlike the companies that actually obtained retroactive waivers—ViSalus does not have any evidence that it had <u>any type</u> of prior express consent (compliant with the requirements of the October 2013 rules implementing the TCPA or not).  Moreover, ViSalus did not raise a prior express consent defense in its

Answer, and instead represented that it would not do so.  *See* motion *in limine* #3 above. Thus, ViSalus could not—and should not be allowed to attempt to—put forward a prior express consent defense, even if it were to obtain a retroactive waiver.

Furthermore, the fact that other companies may have obtained a waiver has nothing to do with whether ViSalus—which did not obtain a waiver—is liable in this case.

Finally, evidence or argument that ViSalus applied for—or that other companies obtained—retroactive waivers from the FCC would be confusing to the jury and prejudicial.  The jury would not understand and will not be instructed on the FCC rulemaking process, the circumstances under which the FCC grants retroactive waivers, or the effect of FCC retroactive waivers on liability for TCPA violations.  And if the jury were told that other companies obtained retroactive waivers, it might believe that those companies were immunized from liability for their TCPA violations and that, as a result, it would be unfair to hold ViSalus accountable for the violations at issue here.

Thus, evidence or argument that ViSalus applied for, or that other companies received, retroactive waivers would be irrelevant, confusing, and prejudicial.  The Court should preclude ViSalus from presenting such evidence or argument.  Fed. R. Evid. 401, 403.

**Motion *in limine* #5: No evidence or argument regarding ViSalus' financial condition.**

Relief requested:  ViSalus is precluded from presenting evidence or argument regarding its financial condition.

At trial, ViSalus may seek to garner the jury's sympathy by presenting evidence or argument that its financial condition is deteriorating, that it is insolvent, or that it would not be able to afford to pay a judgment entered in this case.

"Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case." *In re Homestore.com, Inc. Sec. Litig.*, Case No. 2:01-cv-11115-RSWL-CWx, 2011 U.S. Dist. LEXIS 10677, at *7 (C.D. Cal. Jan. 25, 2011) (granting motion *in limine* "to exclude reference to or evidence of Plaintiff's financial condition"); *Herwick v. Budget Rent a Car Sys.*, Case No. 2:10-cv-00409-SJO-PLA, 2011 U.S. Dist. LEXIS 163813, at *26-27 (C.D. Cal. Mar. 22, 2011) (granting motion *in limine* to preclude reference to Defendant the City of Los Angeles' financial condition because "evidence of the City of Los Angeles' lack of financial resources is irrelevant to Plaintiffs' remaining causes of action"). Moreover, ViSalus will not be able to show that its financial condition or ability to pay a judgment has any relevance to any element of the alleged TCPA violations or any other issue at trial.

Accordingly, the Court should preclude ViSalus from presenting evidence or argument concerning its financial condition at trial. Fed. R. Evid. 401, 403.

**Motion *in limine* #6: No evidence or argument regarding class counsels' attorneys' fees.**

Relief requested: ViSalus is precluded from presenting evidence or argument regarding class counsels' attorneys' fees.

"The award of attorneys' fees is a matter of law for the judge, not the jury." *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991). Accordingly, evidence or

argument regarding the availability of attorneys' fees in class actions is not relevant to any issue before the jury.  *See Williams v. Wells Fargo Bank, N.A.*, Case No. 5:13-cv-03387-EJD, 2017 U.S. Dist. LEXIS 116087, at *1 (N.D. Cal. July 24, 2017) (granting motion *in limine* excluding evidence of attorneys' fees and costs); *Redwood Christian Schs v. Cty. of Alameda*, Case No. 3:01-cv-04282-SC, 2007 U.S. Dist. LEXIS 8287, at *7 (N.D. Cal. Jan. 26, 2007) (granting motion *in limine* to exclude evidence of the availability of attorneys' fees because such evidence "is irrelevant and . . . unfairly prejudicial").

ViSalus should therefore be precluded from presenting any evidence or argument on this topic at trial.  Fed. R. Evid. 401, 403.


Date: January 16, 2019                          Respectfully submitted,

                                                By: /s/ *Simon Franzini*

                                                DOVEL & LUNER, LLP
                                                Simon Franzini, Cal. Bar #287631*
                                                simon@dovel.com
                                                Gregory S. Dovel, Cal. Bar #135387*
                                                greg@dovel.com
                                                Jonas Jacobson, Cal. Bar #269912*
                                                jonas@dovel.com
                                                201 Santa Monica Blvd., Suite 600
                                                Santa Monica, California 90401
                                                Tel: (310) 656-7066
                                                Fax: (310) 656-7069

                                                EDELSON PC
                                                Rafey S. Balabanian, ILB #6285687*
                                                rbalabanian@edelson.com
                                                Eve-Lynn J. Rapp, ILB #6300632*
                                                erapp@edelson.com

Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the
Certified Class*