DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**VISALUS, INC.**, a Nevada corporation,<br><br>Defendant. | No. 3:15-cv-01857<br><br>**Plaintiff's proposed jury instructions** |

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*

The Telephone Consumer Protection Act or "TCPA" is a law that protects consumers from certain unwanted telephone calls.[1]  In this case, Plaintiff Wakefield is accusing Defendant ViSalus of violating two sections of the TCPA.

**Count I.**

The first alleged violation, which I will refer to as "Count I," is for violating a section of the TCPA known as the "do not call registry" section.

The National Do Not Call Registry was created to give consumers a choice about whether to receive telephone solicitation calls—for example, calls intended to sell products or services—at home.  It allows a consumer to register a telephone number on the National Do Not Call Registry to avoid receiving telephone solicitation calls. [2]

The law provides that no person or entity shall initiate any telephone solicitation calls to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry.  Do-not-call registrations must be honored indefinitely, or until the telephone number is cancelled by the consumer or removed by the government database administrator. [3]

---

[1] *See* Telephone Consumer Protection Act, 47 U.S.C. § 227.

[2] Final Jury Instructions, *Thomas H. Krakauer v. Dish Network LLC*, Case No. 1:14-CV-00333-CCE-JEP, Dkt. 293 at 3 (M.D.N.C. Jan. 19, 2017) (attached as Ex. 1) ("*Krakauer* Instructions") ("As you will remember from the beginning of this case, the National Do Not Call Registry was created by the federal government to give consumers a choice about whether to receive telemarketing calls at home.  It allows a consumer to register a telephone number on the National Do Not Call Registry to avoid receiving telemarketing calls.").

[3] *Krakauer* Instructions at 3 ("Federal law provides that no person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry.  Such do-not-call registrations must be honored indefinitely, or until the telephone number is cancelled by the consumer or removed by the government database administrator.  Wireless customers

Plaintiff's proposed jury instructions                    1

Under the law, a person whose residential telephone number is on the National Do Not Call Registry and who receives at least two telephone calls within any 12-month period by or on behalf of the same person or company may bring an action to receive up to $500 for each violation. [4]

To establish a violation of the "do not call registry" section of the TCPA, the burden of proof is on Ms. Wakefield to prove by a preponderance of the evidence four things: first, that her telephone number was listed on the National Do Not Call Registry; second, that after her number had been listed for at least thirty days, ViSalus called the number at least twice during any 12-month period with a telephone solicitation; third, that the calls were received; and fourth, that the number was residential at the time of the call. [5]

---

are protected too, so long as the cell phone is primarily used for residential and not business purposes."); 47 U.S.C. § 227(c)(5) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may … bring … an action to … receive up to $500 in damages for each such violation…."); 47 C.F.R. § 64.1200(c)(2) ("No person or entity shall initiate any telephone solicitation to … [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. … Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if … [i]t has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed.").

[4] *Krakauer* Instructions at 3 ("Under the law, a person whose residential number is on the National Do Not Call Registry and who receives at least two telephone calls within any 12-month period by or on behalf of the same entity may bring an action to receive up to $500 for each violation."); 47 U.S.C. § 227(c)(5) (quoted above).

[5] *Krakauer* Instructions at 8 ("On this issue, the burden of proof is on Dr. Krakauer to prove by a preponderance of the evidence four things:  first, that the

Plaintiff's proposed jury instructions                    2

In deciding whether ViSalus violated the "do not call registry" section of the TCPA, the following instructions and definitions apply.

Once a person places a phone number on the Do Not Call Registry, it remains there indefinitely.  It does not expire and it does not have to be renewed.  It remains until the registration is cancelled by the customer or the registration is removed for some reason by the Registry database administrator.  It is not necessary for anyone on the Do Not Call Registry to complain to the telemarketer or anyone else in order to be protected and covered by the TCPA; registration is all that is required.  Ms. Wakefield does not have to prove that she or anyone complained to ViSalus. [6]

As to the timing, Ms. Wakefield must prove that after the number had been listed for at least thirty days, ViSalus called the number at least twice during any 12-month period.  All of those words have their ordinary meaning. [7]

_____

telephone numbers of the class members were listed on the National Do Not Call Registry at the time of the call; second, that after the number had been listed for at least thirty days, SSN called the number at least twice during any 12-month period with a telephone solicitation on behalf of Dish; third, that the calls were received; and fourth, that the numbers were residential at the time of the call."); 47 U.S.C. § 227(c)(5) (quoted above); 47 C.F.R. § 64.1200 (quoted above).

[6] *Krakauer* Instructions at 10 ("Once a person places a phone number on the Do Not Call Registry, it remains there indefinitely.  It does not expire and it does not have to be renewed.  It remains until the registration is cancelled by the customer or the registration is removed for some reason by the Registry database administrator.  It is not necessary for anyone on the Do Not Call Registry to complain to the telemarketer or anyone else in order to be protected and covered by the TCPA; registration is all that is required.  Dr.  Krakauer does not have to prove that he or anyone complained to Dish or SSN."); 47 C.F.R. § 64.1200 ("Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.").

[7] *Krakauer* Instructions at 10 ("As to the timing, Dr.  Krakauer must prove that after the number had been listed for at least thirty days, SSN called the number at least

The calls must have been telephone solicitations, which means a telephone call or message for the purpose of encouraging the purchase of goods or services such as weight management nutritional products. [8]

A call is received if the telephone call goes through and is connected so that the phone rings or the call is otherwise capable of being answered. A call can be received in any number of ways. Certainly if the call is answered by a person or picked up by an answering machine, the call is received. But a call is also received if the ringing phone is heard by a person or if a person receives any other indication that there is a phone call available to be answered, such as a beep on call waiting or visual notification from a caller ID service, for example, even if the person does not actually answer the call. In other words, it is not necessary that the call be answered by a live human being or by an answering machine. It is not necessary that the call be of any particular duration. It is not necessary that a conversation occur between the caller and the recipient. [9]

---

twice during any 12-month period. All of those words have their ordinary meaning."); 47 U.S.C. § 227(c)(5) (quoted above).

[8] *Krakauer* Instructions at 10 ("The calls must have been telephone solicitations, which means a telephone call or message for the purpose of encouraging the purchase of goods or services such as satellite television products."); 47 U.S.C. § 227(a)(4) ("The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person….").

[9] *Krakauer* Instructions at 11 ("A call is received if the telephone call goes through and is connected so that the phone rings or the call is otherwise capable of being answered. A call can be received in any number of ways. Certainly if the call is answered by a person or picked up by an answering machine, the call is received. But a call is also received if the ringing phone is heard by a person or if a person receives any other indication that there is a phone call available to be answered, such as a beep on call waiting or visual notification from a caller ID service, for example, even if the person does not actually answer the call. In other words, it is not necessary that the call be

This section of the TCPA does not prohibit calls to business numbers, only to residential numbers on the Registry. [10]

In deciding this issue, you must give the word "residential" its usual and ordinary meaning. You may consider whether the number was registered as a residential number or a business number. You may also consider whether the number was publicized or held out to the general public as a business number, even if it was registered as a residential number. The fact that a telephone number is used for some business calls does not necessarily make it a business telephone number, so long as it is used primarily as a residential number. [11]

The TCPA permits someone to make a solicitation telephone call to a number on the National Do Not Call Registry if the called party gave them express written consent to make such calls. ViSalus does not contend that it had express written consent to make any calls to numbers on the National Do Not Call Registry.

The "do not call registry" section of the TCPA provides that up to $500 can be awarded for each call made in violation of the Act. You can award any amount from $0 to $500 per call. The overall purpose of the Act is to prevent unwanted telephone calls to those on the Do Not Call Registry and to reduce the invasion of privacy these calls cause.

---

answered by a live human being or by an answering machine. It is not necessary that the call be of any particular duration. It is not necessary that a conversation occur between the caller and the recipient.").

[10] *Krakauer* Instructions at 11 ("This section of the TCPA does not prohibit calls to business or government numbers, only to residential numbers on the Registry."); 47 C.F.R. § 64.1200 (quoted above).

[11] Dkt. 149 (Order Regarding Proposed Jury Instructions) at 4.

In determining the appropriate amount, you can consider the severity or minimal nature of the violation, as you decide in light of the total number of unlawful calls made, the duration of the individual calls and in total, and the nature of the privacy invasion that results from the unlawful calls generally. You can and should also consider the need to punish companies that violate the Act, and the need to deter future violations, as well as any other relevant circumstances. Ms. Wakefield is not required to prove that she suffered monetary loss as a result of the violations, though as I stated you can consider the nature of the injury suffered in determining an appropriate award for each violation. [12]

If you reach this issue, you should write the amount you find, by the greater weight of the evidence, to be an appropriate sum for Ms. Wakefield to receive for the calls she received that violate the "do not call registry" section of the Act.

**Count II.**

The second alleged violation, which I will refer to as "Count II," is for violating a section of the TCPA known as the "artificial or prerecorded voice" section.

---

[12] *Krakauer Instructions* at 13-14 ("The TCPA provides that up to $500 can be awarded for each call made in violation of the Act. You can award any amount from $0 to $500 per call. The overall purpose of the Act is to prevent unwanted telephone calls to those on the Do Not Call Registry and to reduce the invasion of privacy these calls cause. In determining the appropriate amount, you can consider the severity or minimal nature of the violation, as you decide in light of the total number of unlawful calls made, the duration of the individual calls and in total, and the nature of the privacy invasion that results from the unlawful calls generally. You can and should also consider the need to punish companies that violate the Act, and the need to deter future violations, as well as any other relevant circumstances. Dr. Krakauer is not required to prove that he or the class members suffered monetary loss as a result of the violations, though as I stated you can consider the nature of the injury suffered in determining an appropriate award for each violation."); 47 U.S.C. § 227(c)(5) (quoted above).

The law provides that no person or entity shall make any telephone solicitation call (for example, ones intended to sell products or services) to a residential or mobile telephone line and use an artificial or prerecorded voice to play a message, unless they have prior express consent to do so. [13]

Under the law, a person who receives a telephone solicitation call to their residential or mobile telephone line that uses an artificial or prerecorded voice may bring an action against the caller. [14]

To establish a violation of the "artificial or prerecorded voice" section of the TCPA, Ms. Wakefield must prove by a preponderance of the evidence three things: first, that ViSalus made a call with a telephone solicitation (for example, a call intended to sell a product or service) to a telephone number; second, that the call used an artificial or prerecorded voice; and third, that the number was a residential or cell phone number at the time of the call. [15]

In deciding whether ViSalus violated the "artificial or prerecorded voice" section of the TCPA, the following instructions and definitions apply.

---

[13] 47 U.S.C. § 227(b)(1) ("It shall be unlawful for any person within the United States … (A) to make any call (other than a call … made with the prior express consent of the called party) using … an artificial or prerecorded voice … (iii) to any telephone number assigned to a … cellular telephone service … (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party ….").

[14] 47 U.S.C. § 227(b)(3) ("A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.").

[15] 47 U.S.C. § 227(b)(1) (quoted above).

The calls must have been telephone solicitations, which means a telephone call or message for the purpose of encouraging the purchase of goods or services such as weight management nutritional products. [16]

The "artificial or prerecorded voice" section of the TCPA does not prohibit calls to business numbers, only to residential and mobile phone numbers.

In deciding whether a phone number is a business or residential number, you must give the word "residential" its usual and ordinary meaning.  You may consider whether the number was registered as a residential number or a business number.  You may also consider whether the number was publicized or held out to the general public as a business number, even if it was registered as a residential number.  The fact that a telephone number is used for some business calls does not necessarily make it a business telephone number, so long as it is used primarily as a residential number. [17]

Unlike the "do not call registry" section of the TCPA, however, the "artificial or prerecorded voice" section does not require the number in question to be registered with the National Do Not Call Registry.  A call to a residential or mobile number can violate the "artificial or prerecorded voice" section of the TCPA even though the number was never registered with the National Do Not Call Registry. [18]

---

[16] 47 U.S.C. § 227(a)(4) ("The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person …."); *see Krakauer* Instructions at 10 (quoted above).

[17] Dkt. 149 (Order Regarding Proposed Jury Instructions) at 4.

[18] 47 U.S.C. § 227(b)(1) (quoted above) (no registration requirement).

To be liable under the "artificial or prerecorded voice" section of the TCPA, Plaintiff must prove that Defendant made a call and used an artificial or prerecorded voice, or initiated a call and used an artificial or prerecorded voice to play a message.  A call "used" an artificial or prerecorded voice if the message actually began to play or the prerecorded or artificial voice began to speak.  A call that was intended to use an artificial or prerecorded voice but the voice never spoke or the message never played is not a violation of the TCPA.  An artificial voice can speak, or prerecorded message can be played, to a live person or to an answering machine. [19]

The TCPA permits someone to make an artificial or prerecorded voice telephone call if the called party gave them express written consent to make such calls. [20]  ViSalus does not contend that it had express written consent to make any calls using an artificial or prerecorded voice. [21]

Unlike the "do not call registry" section of the TCPA, the amount of damages for a violation of the "artificial or prerecorded voice" section is set by law.  As a result, if you find a violation of this section, you will not need to determine damages.  Damages will be set during a separate proceeding that will take place later. [22]

Count II of this lawsuit is a class action claim for violation of the "artificial or prerecorded voice" section of the TCPA.  In a class action claim, one person brings the case as plaintiff and acts as the representative in court for all of the class members.  This

---

[19] Dkt. 149 (Order Regarding Proposed Jury Instructions) at 6.
[20] 47 U.S.C. § 227(b)(1) (quoted above).
[21] Dkt. 145 (Notice of Withdrawal of Motion for Leave to Amend Answer) at 2.
[22] 47 U.S.C. § 227(b)(3) (quoted above).

Plaintiff's proposed jury instructions                    9

is intended to avoid duplication of effort and expense from multiple lawsuits asserting the same claim by multiple people in different locations.  Lori Wakefield is the representative of the class in this case.  She is representing a class of all individuals in the United States who allegedly received a telephone call from ViSalus promoting ViSalus' products or services, when the call featured an artificial or prerecorded voice and when ViSalus did not have prior express written consent to place the call when it was made. [23]

You should not hold the physical absence from trial of any class member against Plaintiff or think of it as a lack of concern or interest in the outcome of this litigation. Similarly, the fact that Count II is proceeding as a class action claim does not mean any decision has been made about the merits of the case.  You must make that determination, and I have already instructed you about the elements of the claim and the burden of proof. [24]

If you find a violation of Count I or Count II, you will also need to decide whether the violation was knowing or willful.

To establish that ViSalus' violation was knowing or willful, Ms. Wakefield must prove by a preponderance of the evidence that ViSalus knew, or was willfully blind to, the facts that constituted the offense. [25]  A person or company knows of a fact if they are

---

[23] Dkt. 149 (Order Regarding Proposed Jury Instructions) at 8.

[24] *Id*. at 8-9.

[25] *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-58 (2007) ("Where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well."); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("[P]ersons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts."); *United States v. McBride*, 908 F. Supp. 2d 1186, 1204-05 (D. Utah 2012)

Plaintiff's proposed jury instructions                    10

actually aware of that fact. A person or company is willfully blind to a fact if they subjectively believe that there is a high probability that the fact is true, and take deliberate acts to avoid confirming whether or not the fact is true. [26]

To establish that ViSalus knowingly or willfully violated the TCPA does not require proof that ViSalus knew that its conduct actually violates a law. Ms. Wakefield does not need to show that ViSalus knew about the TCPA or knew that its acts were violating the TCPA. Ignorance of the law is not a defense. [27]

---

("Where willfulness is a condition of civil liability, it covers 'not only knowing violations of a standard, but reckless ones as well.'") (internal citation omitted).

[26] *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) ("While the Courts of Appeals articulate the doctrine of willful blindness in slightly different ways, all appear to agree on two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.").

[27] 47 U.S.C. § 312(f)(1) (Communications Act of 1934, of which the TCPA is a part) ("The term 'willful', when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act or by a treaty ratified by the United States."); *Sengenberger v. Credit Control Servs.*, Case No. 1:09-cv-02796, 2010 U.S. Dist. LEXIS 43874, at *16-17 (N.D. Ill. May 5, 2010) ("[I]n the context of the TCPA, the term acting 'willfully' means that the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute.") (emphasis added) (internal citations and quotations omitted); *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) ("For an award of treble damages under the TCPA, the term 'knowingly' requires that liability be imposed even without [a defendant's] knowledge that the conduct violated the statute.") (emphasis added); *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 226-27 (D. Mass. 2014) ("[T]he willful or knowing standard [of the TCPA] require[s] only that a party's actions were intentional, not that it was aware that it was violating the statute.") (emphasis added); *Bridgeview Health Care Ctr., Ltd. v. Clark*, Case No. 1:09-cv-05601, 2013 U.S. Dist. LEXIS 37310, at *21-22 (N.D. Ill. Mar. 19, 2013) ("[A] plaintiff need not prove that defendant had knowledge of the TCPA's provisions in order to establish that the defendant willfully or knowingly violated the TCPA.") (emphasis added) (internal citations and quotations omitted).

To establish a knowing or willful violation of Count I, Ms. Wakefield must prove only that ViSalus knew, or was willfully blind to the fact, that it initiated a telephone solicitation call to a residential telephone subscriber who had registered her telephone number on the National Do Not Call Registry, without obtaining prior express consent from Ms. Wakefield. [28]

To establish a knowing or willful violation of Count II, Ms. Wakefield must prove only that ViSalus knew, or was willfully blind to the fact, that it was making a telephone solicitation call to a residential or mobile telephone line using an artificial or prerecorded voice to play a message, without obtaining prior express consent from the called party.

Date: January 16, 2019

Respectfully submitted,

By:  /s/ *Simon Franzini*

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com

---

[28] *See* authority cited in preceding footnote.

Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the
Certified Class*