Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER,         )
          )
       Plaintiff,      )
          )
    v.         )    1:14-CV-433
          )    FINAL INSTRUCTIONS
DISH NETWORK LLC,       )
          )
       Defendant.   )

## FINAL JURY INSTRUCTIONS

Members of the Jury:

You have heard all the evidence and it will soon be your duty to find the facts of this case and then to apply the law that I am about to give you to those facts. Once I have instructed you on the law, you will go to the jury room and begin your deliberations. You will have the duty to decide at least one and perhaps as many as three issues, with some sub-issues on Question Two, all arising out of telemarketing phone calls allegedly made by SSN.

You must make your decision only on the basis of the testimony and other evidence presented here in this courtroom during the trial. You must not be influenced in any way by bias, sympathy, or prejudice for or against any of the parties, or by anything that you have heard or read outside the courtroom.

You also must follow the law as I explain it to you—whether you agree with that law or not—and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law. If I do not specifically define words or terms, you should apply their ordinary, everyday meanings.

In a civil lawsuit, the person who makes a claim bears the burden of proving his claims by a preponderance of the evidence. This means that the plaintiff who brings a lawsuit, here, Dr. Krakauer, has the burden of proving each essential element of his claim and the claims of the class by a preponderance of the evidence.

To prove something by a preponderance of the evidence means to prove that the facts supporting the claim are more likely true than not. A preponderance of the evidence refers to the persuasiveness of the evidence, not to the number of witnesses who testified or the number of documents and other exhibits presented. In other words, a preponderance of the evidence means such evidence that, when compared to the evidence opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. If you find the scales tip, however slightly, in favor of Dr. Krakauer and the class, then you should find in their favor. If, however, Dr. Krakauer fails to establish any essential part of his claim by a preponderance of the evidence, then you should find against him and the class and in favor of Dish.

I may, from time to time, refer to "the greater weight of the evidence." This has the same meaning as "a preponderance of the evidence."

2

You may remember some of my instructions from the beginning of the case. If anything you remember from those instructions is different from what I am telling you now, you must go by the instructions that I am giving you now, after all the evidence has been heard. I believe they are generally the same, though the instructions I am giving you now are much more detailed.

As you will remember from the beginning of this case, the National Do Not Call Registry was created by the federal government to give consumers a choice about whether to receive telemarketing calls at home. It allows a consumer to register a telephone number on the National Do Not Call Registry to avoid receiving telemarketing calls.

Federal law provides that no person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. Such do-not-call registrations must be honored indefinitely, or until the telephone number is cancelled by the consumer or removed by the government database administrator. Wireless customers are protected too, so long as the cell phone is primarily used for residential and not business purposes.

Under the law, a person whose residential number is on the National Do Not Call Registry and who receives at least two telephone calls within any 12-month period by or on behalf of the same entity may bring an action to receive up to $500 for each violation. Dr. Krakauer contends that he and each class member had their residential numbers on the National Do Not Call Registry, that he and the class members each received at least two calls within a 12-month period from SSN, and that SSN was acting on behalf of Dish

3

when it made these calls.  Dish contends that the plaintiff's evidence is insufficient to prove that the class members were on the Do Not Call Registry at the relevant time and/or to prove that the numbers were residential.  Dish also contends that SSN was not its agent and that SSN was not acting in the course and scope of any agency.

Basically, the plaintiff must prove by a preponderance of the evidence (1) that he and the class members each received at least two telephone solicitations in any 12-month period, (2) that the numbers called were residential numbers, (3) that the calls were made by or on behalf of Dish Network, and (4) that the calls were made when the telephone numbers were on the National Do Not Call Registry for over thirty days.

You will decide the issues in this case by answering the questions on the verdict sheet, which you have in front of you and which we will go over now.  You must answer Issue One about agency, and depending on your answer to that issue, there are other questions you may need to answer.

I will go over the law that applies to each of these issues now, in more detail.

## ISSUES

ISSUE ONE

1.     Was SSN acting as Dish's agent when it made the telephone calls at issue from May 11, 2010, through August 1, 2011?

It is undisputed in this case that Dish itself did not make the telephone calls at issue; SSN did.  In order for Dish to be liable for any TCPA violations committed by SSN, the plaintiff must prove two things by the greater weight of the evidence:  first,

4

that SSN was Dish's agent and second, that SSN was acting in the course and scope of that agency when it made the phone calls at issue, which were made from May 11, 2010, through August 1, 2011.

When an agent acts on behalf of its principal, and within the scope of its authority, then the principal is responsible for the act. If Dr. Krakauer proves to you by the greater weight of the evidence that SSN was acting on behalf of Dish in connection with its telemarketing, that is, that SSN was Dish's agent and was acting in the course and scope of that agency, then you would answer this issue Yes. If Dr. Krakauer fails to so prove, then you would answer the issue No.

An agent is a person or company empowered by another person or company to act on its behalf. The person granting the authority to the agent to act on its behalf is called the "principal." In deciding whether SSN was Dish's agent and acted within the scope of that agency in connection with the telemarketing at issue in this case, you may consider direct evidence and circumstantial evidence.

Actual authority exists where the principal has expressly or impliedly authorized the agent to act on the principal's behalf as to a particular matter. Authority may be expressly granted by the principal by word of mouth, or by writing, or it may be implied from the circumstances, such as when the principal's reasonably interpreted words or conduct would cause an agent to believe that the principal consents to have an act done on its behalf. This could arise from conduct of the principal amounting to consent or acquiescence. An agent acts with actual authority when, at the time of the action, the agent reasonably believes, based on the principal's words or conduct, that the principal

5

wishes the agent to so act.

In order for agency to exist, the principal must have the power to direct and control the agent's actions.  It is not necessary that the power be exercised.

In determining whether SSN was Dish's agent in connection with its telemarketing activities, you should consider all of the evidence.  This includes the contracts between SSN and Dish, as well as other writings between the parties and other conduct and statements by Dish and SSN.  The parties' characterization of their relationship as one of independent contractor is not binding or controlling, though you may consider it, along with other evidence in the contract and elsewhere, as to whether Dish and SSN agreed or reasonably understood that Dish had the power to control and direct SSN's telemarketing activities.

A principal is not bound by the act of an agent unless that act falls within the scope of actual authority granted by the principal to the agent.  In order to determine the scope of an agent's authority, it is necessary to look to the conduct and statements of the principal.  An agent may not extend its authority by its own conduct standing alone.

The act of the agent is treated in law as the act of the principal and for that reason an agent is expected to act for the benefit of the principal.  Generally speaking, actions taken against the principal's interest are not within the scope of the agent's authority.  The agent's determination that an action is in the principal's interest must be reasonable and based on its reasonable understanding of the principal's interests, as expressed by the principal.  If the principal consents or acquiesces in the conduct, even if the conduct

6

or act is illegal, then the agent may reasonably conclude that the conduct is in the principal's best interests. To decide that the principal acquiesced or consented, you must find that the principal knew of prior similar activities by the agent and consented or did not object to them.

Written limits on SSN's authority are relevant, but they are not necessarily conclusive. You will need to evaluate those written limits as well as Dish's actions and inactions, its conduct, and its other writings and statements to decide whether Dish's conduct was consistent with written limits and whether SSN reasonably understood it was authorized to act differently than the written limits stated.

So, in determining whether SSN acted within the course and scope of its authority, just as with the question of whether agency existed, you will need to examine and consider the written documents and agreements between the parties, as well as other statements and actions by Dish and SSN and prior dealings between the parties. In other words, you should consider all of the evidence, direct and circumstantial, in evaluating whether SSN acted within the course and scope of any agency relationship it had with Dish.

So, as to Issue One, if you find by the greater weight of the evidence that SSN was Dish's agent for purposes of telemarketing and that SSN acted within the course and scope of that agency when making the telephone calls to the class members, then you would answer this issue Yes, in favor of Dr. Krakauer and the class. If you do not so find or are unable to say as to either or both of these elements, then you would answer

7

this issue No in favor of Dish.

If you answer No, do not answer Issues Two and Three. Date and sign the verdict form, and let us know you have reached a verdict. If you answer Yes, then you will move on to Issue Two and answer it.

ISSUE TWO

2.    Did SSN make and class members receive at least two telephone solicitations to a residential number in any 12-month period by or on behalf of Dish, when their telephone numbers were listed on the National Do Not Call Registry?

As I mentioned, the second issue concerns whether the plaintiff has proven that the class numbers were on the Do Not Call Registry and the numbers were residential at the time of the calls, and that at least two calls were made to the registered numbers during a 12-month period.

On this issue, the burden of proof is on Dr. Krakauer to prove by a preponderance of the evidence four things: first, that the telephone numbers of the class members were listed on the National Do Not Call Registry at the time of the call; second, that after the number had been listed for at least thirty days, SSN called the number at least twice during any 12-month period with a telephone solicitation on behalf of Dish; third, that the calls were received; and fourth, that the numbers were residential at the time of the call.

Before I begin with these elements, let me mention two things that Dr. Krakauer does not have to prove here. First, you have heard some evidence that SSN told Dish it thought it had an established business relationship with Dr. Krakauer and others who had

8

bought DirecTV through SSN in the past. This evidence was admitted to show the course of conduct between Dish and SSN, and in connection with Dish's contention that it believed that SSN was complying with the law and was acting within the scope of the written agreement between SSN and Dish. However, this case does not concern the Established Business Relationship defense, and there has been no showing that in fact Dr. Krakauer or any class member had an established business relationship with SSN or Dish during the class period and no showing that any such relationship meant that the telephone solicitation calls at issue were allowed by law. In other words, there is no Established Business Relationship defense to the calls at issue in this case, and you should not consider the evidence about SSN's statements to Dish concerning established business relationship as a reason, by itself, to rule against Dr. Krakauer or the class. You should only consider that evidence as you evaluate the agency issue, Issue One. Dr. Krakauer does not have to prove that the class members did not have relationships with Dish.

Second, you heard some evidence about whether names and addresses match up in the data used in this case. There is no issue for you to decide in connection with names and addresses or the identities of class members. That is something that may be decided down the road in other proceedings. Your job is to decide whether the telephone numbers called were residential numbers on the Do Not Call list at the time of the call and if so, whether SSN made at least two solicitation calls to those numbers. You may consider the evidence about names and addresses in evaluating the general reliability of the data underlying the plaintiff's evidence, but you should not consider it for any reason

9

other than that. Dr. Krakauer does not have to prove here whether names or addresses match up with phone numbers.

Now, turning to the things that Dr. Krakauer must prove—that the telephone numbers of the class members were listed on the National Do Not Call Registry; that after the number had been listed for at least thirty days, SSN called the number at least twice during any 12-month period with a telephone solicitation on behalf of Dish; that the calls were received; and that the numbers were residential—I give you these instructions and definitions.

Once a person places a phone number on the Do Not Call Registry, it remains there indefinitely. It does not expire and it does not have to be renewed. It remains until the registration is cancelled by the customer or the registration is removed for some reason by the Registry database administrator. It is not necessary for anyone on the Do Not Call Registry to complain to the telemarketer or anyone else in order to be protected and covered by the TCPA; registration is all that is required. Dr. Krakauer does not have to prove that he or anyone complained to Dish or SSN.

As to the timing, Dr. Krakauer must prove that after the number had been listed for at least thirty days, SSN called the number at least twice during any 12-month period. All of those words have their ordinary meaning.

The calls must have been telephone solicitations, which means a telephone call or message for the purpose of encouraging the purchase of goods or services such as satellite television products.

10

A call is received if the telephone call goes through and is connected so that the phone rings or the call is otherwise capable of being answered. A call can be received in any number of ways. Certainly if the call is answered by a person or picked up by an answering machine, the call is received. But a call is also received if the ringing phone is heard by a person or if a person receives any other indication that there is a phone call available to be answered, such as a beep on call waiting or visual notification from a caller ID service, for example, even if the person does not actually answer the call. In other words, it is not necessary that the call be answered by a live human being or by an answering machine. It is not necessary that the call be of any particular duration. It is not necessary that a conversation occur between the caller and the recipient.

This section of the TCPA does not prohibit calls to business or government numbers, only to residential numbers on the Registry. In determining whether a number is a residential number, you should consider the ordinary English meaning of that phrase. For example, if the number is for a landline associated with a home, whether a house, an apartment, a condominium, or any other kind of dwelling place, or if it is cell phone primarily used for personal calls, similar to the use of a residential landline, then it would be a residential number. The fact that a number may be used for some business calls as well as personal purposes does not necessarily mean it is not a residential number, so long as the phone associated with the number is primarily used as a residential number.

So if you find by the greater weight of the evidence that the telephone numbers of Dr. Krakauer and the class members were listed on the National Do Not Call Registry at the time of the call; that, after the number had been listed for at least thirty days, SSN

11

called the number at least twice during any 12-month period with a telephone solicitation on behalf of Dish; that the calls were received; and that the numbers were residential at the time of the calls, you would answer this second issue Yes, as to Dr. Krakauer and all class members, and check the first box there under Issue Two. If you do not so find or are unable to say, then you would check the third box, No.

If, however, you find that there are some categories of phone numbers as to which Dr. Krakauer has proven all of the elements but that there are others where he has failed to prove that the numbers are residential, then you will need to check the middle box, "Yes as to Dr. Krakauer and the class, except as to the following." You will then need to go through each of those categories. For any and all categories as to which Dr. Krakauer has not proven that the numbers are residential, you would check the box. If he has proven the number is a residential for a particular category listed, then do not check that box. Any class members in the categories that you check will not recover any damages.

You will recall that the parties have entered into some stipulations about the number of calls that fall into each of these categories. You are to accept these stipulations as proven, as they are stated. You have seen and heard these stipulations throughout the trial, but let me read those stipulations to you now, in full.

READ STIPULATIONS

I will point out to you that there is a good bit of overlap between these categories, so that some telephone calls fall within more than one category.

So if you find that Dr. Krakauer has proved his case as to some but not all class members, you would check this second box, and then check the boxes beside each

12

category as to which Dr. Krakauer has not proven the number is residential. Again, if he has proven the number is a residential for a particular category listed, then do not check that category's box.

Now, if you answer this second issue Yes, either in whole or in part, that is, if you check the first or second box, you will then need to answer the third issue. If you answer this second issue No, then you skip the Third issue.

ISSUE THREE

3.     What amount, up to $500, do you award for each call made in violation of the TCPA?

The TCPA provides that up to $500 can be awarded for each call made in violation of the Act. You can award any amount from $0 to $500 per call. The overall purpose of the Act is to prevent unwanted telephone calls to those on the Do Not Call Registry and to reduce the invasion of privacy these calls cause. In determining the appropriate amount, you can consider the severity or minimal nature of the violation, as you decide in light of the total number of unlawful calls made, the duration of the individual calls and in total, and the nature of the privacy invasion that results from the unlawful calls generally. You can and should also consider the need to punish companies that violate the Act, and the need to deter future violations, as well as any other relevant circumstances. Dr. Krakauer is not required to prove that he or the class members

13

suffered monetary loss as a result of the violations, though as I stated you can consider the nature of the injury suffered in determining an appropriate award for each violation.

There will be additional proceedings in this case which won't involve you, where the Court and the parties will evaluate any individual issues that may arise as to class members, so that is why I am not asking you to determine a total amount of damages.

If you reach this issue, you should write the amount you find, by the greater weight of the evidence, to be an appropriate sum for each class member to receive for each call that violates the Act.

## EVIDENCE

In reaching your verdict, you must consider only the evidence admitted in the case. The term "evidence" includes the sworn testimony of witnesses, the exhibits admitted, and the stipulations. Remember that anything the lawyers said is not evidence in the case. A question to a witness is not evidence; rather, it is the witness's answer that is the evidence. Your own recollection and interpretation of the evidence is controlling. If I have excluded any evidence or directed you to disregard any evidence, you must not consider it.

Also, nothing that I have said is evidence. You should take what I say about the law and follow it, but you are the sole judges of the facts. The law, as indeed it should, requires the presiding judge to be impartial. You should not draw any inference from any ruling I have made, expression on my face, inflection in my voice, or anything I have said or done that I have any opinion about the facts or the evidence. It is your exclusive

14

province to find the facts in this case and to render a verdict reflecting the truth as you, the jury, find it.

In considering the evidence, you should apply your reason and common sense to the evidence. You may consider the direct evidence and the circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that a fact has or has not been proved. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. Both can be important, and either can be sufficient as a basis for your decision.

Now, in saying that you must consider all the evidence, this does not mean that you must accept all the evidence as true or accurate. You should decide whether you believe each witness's testimony and how much importance to give to that testimony. In making those decisions, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as someone who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he testified about? Did the witness appear to understand the

15

questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

In this case, you have heard from witnesses who have testified as expert witnesses. The law permits expert testimony if it concerns scientific, technical, or other specialized knowledge that will help you, the jury, to understand or resolve a fact at issue. Experts are allowed to give opinions about these matters. You should evaluate their testimony just as you do the testimony of other witnesses, with additional consideration given to the expert's education and experience and the bases and reasons for the expert's opinions.

You should consider the opinions of proffered expert witnesses, but you are not bound by those opinions. It is up to you whether to accept the opinions of expert witnesses and how much weight to give those opinions, considering the witness's education and experience, the basis and reasons given for the opinions, and all other evidence in the case.

You heard some testimony from witnesses who testified by deposition. These witnesses were questioned under oath, and you should consider their testimony just as if they were present in the courtroom, to the extent you can.

You also heard that some of the witnesses who appeared in front of you live had their depositions taken before trial. If in that deposition, you find that the witness gave testimony different from the witness's testimony in court, and if you think those differences are material, you can consider those contradictions in evaluating the witness's credibility.

16

After you decide whether you believe a witness, it is still up to you to decide how important that testimony is. Some testimony may be credible, but not particularly important. As I mentioned, you should not simply count up the number of witnesses on one side. It is your job to weigh the evidence.

In addition to the testimony of witnesses, you have before you the exhibits admitted into evidence. You may consider them as well, but they are neither more important nor less important than the testimony just because they are in writing. Each piece of evidence should be evaluated, and if you find it trustworthy and credible, it is up to you to decide how important it is. I will be sending the exhibits in to the jury room for your use during deliberations, but that does not make them more important than the testimony. While you should consider the exhibits, I encourage you not to get bogged down in the minutiae of every single exhibit. Use them as you find helpful and relevant.

Finally, there are a few stipulations, and you should consider those as proven, without any testimony, as the parties have agreed.

Now, in this case you have heard some evidence that complaints were made to Dish about SSN. Much of the evidence about complaints is admitted on the issue of agency, and you may consider the evidence of complaints in evaluating whether Dish's response to those complaints showed that SSN was or was not Dish's agent, and, if it was, whether SSN did or did not act within the scope of that agency. Otherwise, as I mentioned, an out-of-court statement is not admissible for the truth of that statement, so if someone complained outside of court and claimed that SSN made phone calls that violated the telemarketing laws, that out-of-court statement is not admissible to prove that

17

SSN did in fact violate the TCPA. If, however, Dish employees made statements in which they admitted the accuracy or truth of the complaint, then you may consider that admission as proof that SSN made the telephone calls complained of.

In some of the exhibits and in some of the testimony, folks have made statements about their understanding of the law. Some of these statements may be about the TCPA and some may be about agency. Obviously, you will take your instructions on the law from me and not from those persons. You may, however, consider those statements as to what the person understood the law to be as providing context or explanations for other statements, acts, or admissions by the person.

## CAUTIONS

Your deliberations are to be based only on the evidence. Do not look anything up online or in dictionaries. If you have questions about the meanings of any of the words I have used in these instructions, ask me. Words are used in their ordinary English meaning, unless I have defined a word or term for you, in which case you should apply the definition I have given you. If it isn't clear or you need some further guidance, let me know rather than conducting independent investigation.

I remind you that not everything on the internet and in the news media is true, and it is not fair to the parties to consider information which was not presented in the courtroom, because the parties have not had a chance to test that information for truthfulness and to point out any problems with the information for your consideration.

While you are deliberating and should there be any breaks or recesses, you should not discuss the case with anyone else, and you should continue to avoid contact with the

18

lawyers, parties, and witnesses. Do not read anything about the case or communicate about the matter in any way with any one.

You should treat the parties in the case the same, without regard to whether they are individuals or businesses. All parties are entitled to equal justice and fairness.

## DELIBERATIONS AND VERDICT

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all ten agree.

During your deliberations, you may not talk about the case with anyone other than your fellow jurors. I repeat: Do not look anything up online, talk or communicate about the case with anyone else, or conduct any independent investigation.

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. In a moment it will be sent into the jury room to you. Once you reach a unanimous agreement, you will have your foreperson fill in the verdict form in ink, sign and date it, and report to the Court Security Officer that you have a verdict. Do not hand the verdict to the Court Security Officer or tell anyone the verdict. We will have you return to the courtroom to deliver your verdict.

If you need to communicate with me at any time, please write down your message or question, have the foreperson write in the date and the time, sign it, and notify the Court Security Officer that you have a note. The Court Security Officer will call Ms.

19

Sanders, who will collect the note and bring it to my attention. I will then talk to the parties and respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with regard to any message or question you might send, you should not tell me your numerical division at that time. For example, do not tell me that a certain number favor answering an issue Yes or No.

You may take your notes with you, but you will remember that the notes of any one juror are not evidence and they are not more important than the memory of other jurors.

You should discuss the case only in the jury room and only when all ten of you are present. If you would like to take a break, I will be glad to let you do that, but please send a note to the court security officer and wait for my instruction before leaving the jury room.

Ladies and gentlemen of the jury, thank you for your patience, attentiveness, and continuing service. You will now retire to the jury room to select your foreperson. Shortly, I will send back the Verdict Sheet and you may begin your deliberations on your verdict. Soon thereafter, once we get them organized, I will send back the exhibits.

*Given orally 1/18/17 and provided to jury in hard copy 1/19/17*

*1/19/17*

20