DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**VISALUS, INC.**, a Nevada corporation,<br><br>Defendant. | No. 3:15-cv-01857<br><br>**Plaintiff's response in opposition to Defendant's motion to continue** |

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*

## Table of Contents

I.      Introduction. ................................................................................ 1

II.     The Court should deny ViSalus' motion to continue the trial date. ....................... 1

    A.      ViSalus was not diligent. ......................................................... 2

        1.      ViSalus was not diligent in selecting a new trial counsel at Quarles & Brady and getting that counsel up to speed. .................... 2

        2.      ViSalus was not diligent in hiring additional trial counsel. .............. 6

        3.      ViSalus was not diligent in pursuing settlement opportunities. ........ 7

        4.      ViSalus was not diligent in seeking a continuance. ......................... 8

    B.      ViSalus can reasonably meet the current deadlines. ................................... 9

    C.      Continuing the trial would prejudice Ms. Wakefield and the Certified Class. ........................................................ 11

III.    Conclusion. ................................................................................ 12

# Table of Authorities

**Cases**

*Docusign, Inc. v. Sertifi, Inc.*,
    468 F. Supp. 2d 1305 (W.D. Wash. 2006) ................................................................. 12

*Horner Equip. Int'l, Inc., v. Seascape Pool Ctr., Inc.*,
    Case No. 1987-329, 1990 U.S. Dist. LEXIS 12101 (D.V.I. Aug. 15, 1990) ............... 12

*Johnson v. Mammoth Recreations Inc.*,
    975 F.2d 604 (9th Cir. 1992) ........................................................................... 1, 2, 11

*Ojmar US, LLC v. Sec. People, Inc.*,
    Case No. 16-cv-04948-HSG, 2018 U.S. Dist. LEXIS 60975 (N.D. Cal. Apr. 10, 2018)
    ....................................................................................................................... 13

*United States v. Patterson*,
    230 F.3d 1168 (9th Cir. 2000) .................................................................................. 12

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1087 (9th Cir. 2002) .................................................................................. 1

## I.    Introduction.

ViSalus does not need a continuance.  It is simply seeking to delay judgment day.
Moreover, ViSalus cannot meet the controlling "good cause" standard.  Its motion should
be denied.

## II.    The Court should deny ViSalus' motion to continue the trial date.

Under controlling Ninth Circuit law, to continue the trial, ViSalus must
demonstrate "good cause."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.
2002) ("In general, the pretrial scheduling order can only be modified 'upon a showing of
good cause.'").  To demonstrate "good cause," ViSalus must show that, (A) "despite the
diligence of" ViSalus, (B) the current deadlines "cannot reasonably be met."  *Johnson v.
Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Proving that there is "good cause" to continue trial requires evidence: evidence
that ViSalus was diligent, and evidence that ViSalus cannot meet the current deadlines.
But even though ViSalus bears the burden of proof, ViSalus does not provide <u>any
evidence whatsoever</u> in support of its motion—not corporate records, not a declaration
from a corporate representative, not even a declaration from counsel. [1]

Moreover, as shown below, the evidence shows that ViSalus was *not* diligent and
that the current deadlines *can* be met.  Accordingly, ViSalus cannot carry its burden.  The
motion should be denied.

---

[1] The declaration from counsel attached to ViSalus' motion is limited to detailing
the parties' meet and confer efforts leading up to the filing of the motion—it is not a
declaration demonstrating that ViSalus was diligent or cannot meet the current deadlines.
*See* Mot. Ex. 1 (Declaration of Sarah Anchors).

A.      **ViSalus was not diligent.**

To prevail on its motion, ViSalus must demonstrate that it was diligent.  "If [ViSalus] was not diligent, the inquiry should end" and its motion should be denied. *Johnson*, 975 F.2d at 609; *Zivkovic*, 302 F.3d at 1087 ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.").  ViSalus cannot meet this standard.  Accordingly, the motion should be denied.

1.      **ViSalus was not diligent in selecting a new trial counsel at Quarles & Brady and getting that counsel up to speed.**

According to ViSalus, the primary reason why it needs a continuance is because its lead trial counsel, S. Douglas Knox, left the Quarles & Brady law firm. [2]  ViSalus contends that another lawyer at Quarles & Brady, John O'Neal, needs additional time to get up to speed on the case. [3]  Mot. 2-3.

ViSalus' motion is carefully drafted to give the impression that Mr. Knox only recently left the firm on January 9, 2019, and that Mr. O'Neal began the process of getting up to speed on this case immediately after Mr. Knox announced he was leaving:

> ViSalus's trial counsel, S. Douglas Knox, left the law firm of Quarles & Brady LLP ("Quarles") and therefore a notice of withdrawal was filed on January 9, 2019, pursuant to LR 83-11(b) . . . .  Withdrawing counsel and Quarles associate Zachary Foster (admitted *pro hac vice*) are working diligently with firm partner and experienced trial counsel John M. O'Neal

---

[2] ViSalus also notes that Sarah Anchors, another attorney at Quarles & Brady who worked on this case, recently left the firm.  Mot. 3.

[3] As ViSalus admits, Zachary Foster, yet another attorney at Quarles & Brady who has been working on the case, remains at the firm and will assist Mr. O'Neal in getting up to speed.  Mot. 3.  In addition, ViSalus' local counsel—who has been intimately involved in the case since day one—will continue to represent ViSalus.

to bring him up to speed in this matter.

Mot. 3. [4]

      The reality, however, is that ViSalus and its counsel knew that Mr. Knox was leaving Quarles & Brady well before January 9, but apparently waited almost a month to bring Mr. O'Neal on board and start getting him up to speed.

      In response to an inquiry by Plaintiff's counsel, Quarles & Brady acknowledged that Mr. Knox gave his official notice that he was leaving on December 12, 2018—four weeks before he withdrew from the case.  Moreover, Mr. Knox left the firm shortly after giving official notice, on December 17, 2018:

---

[4] Mr. O'Neal made his appearance in the case on January 10, 2019, one day after Mr. Knox withdrew from the case.  Dkt. 162 (*pro hac vice* application of John O'Neal).

**Simon Franzini**

| | |
|---|---|
| **From:** | Foster, Zachary S. <Zachary.Foster@quarles.com> |
| **Sent:** | Thursday, January 17, 2019 10:32 AM |
| **To:** | Simon Franzini; O'Neal, John M. |
| **Cc:** | Eve-Lynn Rapp; Lily Hough; Rafey Balabanian; Pyle, Nicholas; Sasaki, Joshua M. F.; Greg Dovel; Jonas Jacobson |
| **Subject:** | RE: Activity in Case 3:15-cv-01857-SI Wakefield v. Visalus, Inc. Motion to continue [QBLLP-ACTIVE.FID38267769] |

Simon,

1. Doug's last day was 12/17/2018
2. Doug put in his notice on 12/12/2018
3. ViSalus began the process of considering to hire additional counsel in early December and continues to work towards retaining an additional firm as part of its defense team.

Best,

Zac



Ex. 1 (email chain between counsel for Plaintiff and counsel for Defendant).

A company that is diligently working to select new trial counsel at its retained firm and bring that counsel up to speed for an imminent trial does not wait four weeks to settle on which lawyer is going to try the case.  It selects that new lawyer within days and immediately begins preparing him or her for trial.

ViSalus, however, waited four weeks to select an alternative lawyer at Quarles & Brady to represent it and begin preparing that lawyer for trial.  And even though ViSalus has the burden to prove diligence, ViSalus did not provide *any* evidence of what it was doing between December 12 and January 11 to select a new trial lawyer, or otherwise

explain this delay.  Instead, it attempted to sweep this issue under the rug with language in its brief designed to conceal the delay.

In addition, ViSalus has not established that it needs new trial counsel.  ViSalus could have continued to use Mr. Knox as trial counsel even after he switched firms.

Mr. Knox left Quarles & Brady to join the Spencer Fane law firm.  Ex. 2 (Doug Knox bio at Spencer Fane).  Spencer Fane is a firm that, among other things, defends companies like ViSalus against TCPA class actions just like this one.  *See, e.g.*, Ex. 3 (Joshua Dickinson bio at Spencer Fane) (stating that "Josh has developed significant experience in defending … class action claims brought under the … Telephone Consumer Protection Act (TCPA)," and listing defense-side experience in six TCPA class actions).  Although ViSalus has the burden of showing diligence, ViSalus does not provide any evidence that it even asked Mr. Knox to continue to represent ViSalus as trial counsel at his new firm.  Nor does ViSalus explain why it failed to do so, or articulate any reason (such as a conflict) why Mr. Knox could not continue to represent ViSalus at his new firm.

Notably, Mr. Knox's notice of withdrawal states that Mr. Knox withdrew his representation "because he is no longer affiliated with the defense firm Quarles & Brady LLP."  Dkt. 158 (Notice of Withdrawal).  The notice does not assert that Mr. Knox now has a conflict or that he would be unable or unwilling to continue representing ViSalus as trial counsel for any other reason.

Because ViSalus has not established that it needed to select new counsel at

Quarles & Brady and get that counsel up to speed, or that it was diligent in doing so, it

cannot establish the "good cause" necessary to continue trial.

### 2.    ViSalus was not diligent in hiring additional trial counsel.

ViSalus asserts that—separate and apart from the need for Mr. O'Neal to get up to

speed on the case—it needs a continuance for the additional reason that "ViSalus is

likewise considering adding an additional trial firm" in addition to Quarles & Brady.

Mot 3.  ViSalus further asserts that it "has diligently worked to obtain counsel to assist

with this matter."  Mot. 3.  In follow-up email correspondence, ViSalus explained that

"ViSalus began the process of considering to hire additional counsel in early December

and continues to work toward retaining an additional firm as part of its defense team."

Ex. 1 (email chain between counsel for Plaintiff and counsel for Defendant).  This

argument similarly lacks merit.

Despite its burden to show diligence, ViSalus does not support (or even elaborate

on) its assertion that it "has diligently worked" to obtain additional counsel for trial.

ViSalus does not provide a single example of even one thing that it did that would

support a finding that it acted diligently.  It does not provide evidence of how many hours

it spent "considering" hiring additional trial counsel; evidence of how many firms it

researched and interviewed; or evidence that, despite such efforts, it still has not been

able to retain adequate representation (e.g., due to extensive conflicts.)

Moreover, the current trial date in this case was set on September 6, 2018.  Dkt.

153 (Scheduling Order).  A party acting diligently to hire a second law firm to represent

it at trial would not wait until three months before the trial to begin "considering" hiring that second law firm. [5]  Moreover, once the "considering" process began, it would not wait more than six additional weeks to actually hire the additional firm.  Instead, it would begin the process well in advance of trial.  And it would conclude the process sufficiently in advance of trial to allow the lawyers at that additional firm to get up to speed on the case without the need for a continuance.  Indeed, that is exactly what Ms. Wakefield did: she began seeking additional trial counsel shortly after trial was set, and retained the Dovel & Luner law firm sufficiently in advance of trial to permit the lawyers at the firm to get fully up to speed on the case under the existing schedule.

In addition, ViSalus has not established that it needs an additional trial firm to support Mr. O'Neal.  As ViSalus admits, Mr. O'Neal is an "experienced trial counsel" who is perfectly capable of representing ViSalus at the upcoming trial.  Mot. 3.  In addition, Mr. O'Neal will be supported by other attorneys at his firm, as well as by two attorneys at Miller, Nash, Graham & Dunn, LLP, who have been actively involved in the case.  Accordingly, the supposed need to hire additional trial counsel from another firm cannot establish the "good cause" necessary to continue trial.

### 3.      ViSalus was not diligent in pursuing settlement opportunities.

ViSalus also asserts that "ViSalus also believes the continuance will enable the parties to engage in further meaningful settlement discussions."  Mot. 4.  This assertion lacks merit.

---

[5] Trial in this case was originally set for November 6, 2018.  Dkt. 153 (scheduling order).  Never once leading up to that trial did ViSalus claim that it needed to hire additional trial counsel to represent it.

First, at least in Plaintiff's counsel's experience, continuances do not promote settlement or settlement discussions—they hinder them by postponing judgment day.

Second, a party diligently pursuing settlement opportunities will take concrete steps to move the parties toward settlement. For example: proposing to mediate; requesting a settlement meeting; requesting or providing a settlement offer; or, at a minimum, requesting a phone call to discuss settlement.

However—other than vaguely mentioning settlement discussions as a reason for continuing the trial in its meet and confer and in its present motion—ViSalus did not raise the topic of settlement with Plaintiff once from well before the February 20, 2018, trial date was set until the afternoon of the day this opposition was due. [6] Rapp. decl. ¶3. Nor did it take any concrete steps to move the parties toward settlement. *Id.* at ¶¶3-4. Accordingly, ViSalus has not shown and would not be able to show diligence in pursuing settlement. It cannot establish "good cause" based on the need to "engage in further meaningful settlement discussions."

### 4.    ViSalus was not diligent in seeking a continuance.

Finally, ViSalus was not diligent in seeking the continuance itself. ViSalus knew about the departure of Mr. Knox, knew about the supposed need to hire a second law firm, and knew about the possibility of settlement no later than December 12, 2018. But ViSalus waited until Friday, January 4, 2019, to request a continuance from Plaintiff. And even after Plaintiff informed ViSalus that it opposed the request on the very next

---

[6] On January 18, 2019, just as counsel for Plaintiff was finalizing this opposition, a representative of ViSalus called counsel for Plaintiff to discuss, among other things, settlement. Rapp. decl. ¶5.

Monday (January 7), ViSalus waited the entire week until Friday (January 11) to actually bring a motion. [7]

A party diligently seeking a continuance of an imminent trial will not wait several weeks after the supposed need arises to request one.  It will request one right away.  ViSalus, however, waited over four weeks to move for a continuance, and provides no explanation for this delay.

* * *

Because ViSalus has failed to meet its burden of showing diligence, its motion must be denied.

**B.    ViSalus can reasonably meet the current deadlines.**

Despite its lack of diligence, ViSalus can still reasonably meet the current deadlines.  This is a second independent reason its motion should be denied.

This is not a case that requires months to get up to speed.  Although this is a class action, Plaintiff is only asserting two causes of action at trial, and only one on behalf of the class.  Dkt. 176 (Plaintiff's trial brief), 1-2.  Each involves only three elements.  *Id*. at 2-3, 8-9.  Those three elements are straightforward and involve simple proof, e.g.:

- Was a telephone call placed?

- Was the phone number a residential or mobile phone number?

- Did the call involve an artificial or prerecorded voice?

---

[7] Notably, as ViSalus was aware, Plaintiff's trial-related disclosures were due the following Wednesday, January 16.  ViSalus' additional delay prevented its motion from being resolved in advance of the deadline for those disclosures.

- Was the phone number on the National Do Not Call Registry?

*Id*. And many of those elements are undisputed. *Id*. There is no complex technology to learn, no experts (and, as a result, no expert reports or expert witnesses to examine), and no complex law to analyze.

Moreover, the pretrial record is limited and easy to digest. Only five depositions were taken in this case—two of the same person. *See* Mot. 4. And although ViSalus asserts that there were "thousands of pages of document production," Mot. 4, the vast majority of those pages are call log spreadsheets comprising thousands of rows of data, but only a handful of data fields. *See, e.g.*, Plaintiff's trial exhibit 38. Digesting these call log spreadsheets does not require studying thousands of pages, as ViSalus suggests— it requires only reading and understanding a handful of column headers.

Furthermore, the trial will be brief—three days, with four-and-a-half hours of testimony per side. Dkt. 154 (September 4, 2018 telephonic status conference transcript) at 3, 7. At most, four witnesses will testify, including one who will simply authenticate a summary under Rule 1006 of the Federal Rules of Evidence. Dkt. 174 (Plaintiff's witness list). And there are only 65 or so exhibits on Plaintiff's exhibit list. Dkt. 173 (Plaintiff's exhibit list). [8]

Finally, this motion will not be heard until after ViSalus prepares its pretrial disclosures, which are due next Wednesday, January 23. By then, most of the pretrial

---

[8] The exhibit list includes three compilation exhibits, each containing numerous spreadsheets. However, these spreadsheets contain largely overlapping fields and do not need to be individually examined.

work will have been completed, and it will have to be completed by ViSalus' new trial counsel.  Accordingly, by the time the Court hears this motion on January 24, ViSalus' new trial counsel will already be up to speed.  There is no need for additional time.

ViSalus states that "new counsel will need time to learn this case, review all of the filings, participate in pre-trial meet and confer sessions, participate in forming pre-trial filing and trial strategy, and prepare for trial."  Mot. 3.  But this sentence does not even say what the "good cause" standard actually requires—that the current deadlines "cannot reasonably be met."  *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  And even though it has the burden on its motion, ViSalus does not provide *any evidence*—not a declaration from new counsel or anything else—that would support such an assertion.

ViSalus can meet the current deadlines.  Its motion should be denied for this additional reason.

### C.    Continuing the trial would prejudice Ms. Wakefield and the Certified Class.

ViSalus argues that the Court should grant a continuance because "[t]he continuance would not prejudice Plaintiff."  Mot. 4.  This argument lacks merit.

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (emphasis added).  As explained above, ViSalus' "reasons for seeking modification" do not justify a continuance. Accordingly, lack of prejudice would not justify granting ViSalus' motion.

Moreover, there is prejudice here.

First, Ms. Wakefield and the Certified Class have been waiting since October 2015 to get their day in court.  It would be prejudicial for them to have to wait any longer, even if that delay were just a few months.  *Horner Equip. Int'l, Inc., v. Seascape Pool Ctr., Inc.*, Case No. 1987-329, 1990 U.S. Dist. LEXIS 12101, at *10 (D.V.I. Aug. 15, 1990) ("Justice delayed is justice denied.  When the delay is attributable to one of the parties rather than to some external factor, there is no basis for overlooking the prejudice that accrues with the delay.").

Second, Plaintiff and Plaintiff's counsel worked diligently—including over the holidays—to prepare for trial on the set date.  In addition, Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses have made arrangements for trial and have built their schedule around the set trial date.  Continuing that date on the eve of trial would interrupt Plaintiff's trial preparation, and require Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses to make different arrangements and rework their schedules to accommodate any new trial date.

## III.    Conclusion.

Because ViSalus fails to provide any evidence that it was diligent or that it needs a continuance, it cannot show "good cause" under controlling Ninth Circuit law. Moreover, ViSalus cannot present such evidence for the first time in reply.  *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (citing *United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000) ("It is well established that new arguments and evidence presented for the first time in Reply are waived.").  Accordingly,

ViSalus' motion should be denied. *Ojmar US, LLC v. Sec. People, Inc.*, Case No. 4:16-CV-04948-HSG, 2018 U.S. Dist. LEXIS 60975, at *7 (N.D. Cal. Apr. 10, 2018) (denying motion to continue trial) ("Defendants cannot now complain of prejudice based on the long-known court-ordered schedule.").


Date: January 18, 2019                                    Respectfully submitted,

                                                          By:  /s/ *Simon Franzini*

                                                          DOVEL & LUNER, LLP
                                                          Simon Franzini, Cal. Bar #287631*
                                                          simon@dovel.com
                                                          Gregory S. Dovel, Cal. Bar #135387*
                                                          greg@dovel.com
                                                          Jonas Jacobson, Cal. Bar #269912*
                                                          jonas@dovel.com
                                                          201 Santa Monica Blvd., Suite 600
                                                          Santa Monica, California 90401
                                                          Tel: (310) 656-7066
                                                          Fax: (310) 656-7069

                                                          EDELSON PC
                                                          Rafey S. Balabanian, ILB #6285687*
                                                          rbalabanian@edelson.com
                                                          Eve-Lynn J. Rapp, ILB #6300632*
                                                          erapp@edelson.com
                                                          Lily E. Hough, SBN #315277*
                                                          lhough@edelson.com
                                                          123 Townsend Street, Suite 100
                                                          San Francisco, California 94107
                                                          Tel: (415) 212-9300
                                                          Fax: (415) 373-9435

                                                          FORUM LAW GROUP
                                                          Scott F. Kocher, OSB #015088
                                                          Stephen J. Voorhees, OSB #150595
                                                          811 S.W. Naito Parkway, Suite 420
                                                          Portland, Oregon 97204

Tel/Fax: (503) 445-2120

\* admitted *pro hac vice*

**Attorneys for Plaintiff Wakefield and the Certified Class**

**CERTIFICATE OF SERVICE**

I, Simon Franzini, an attorney, certify that on January 18, 2019, I served the foregoing by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Simon Franzini*