Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily Hough, SBN #315277*
lhough@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
DOVEL & LUNER LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

Scott F. Kocher, OSB#015088
Stephen J. Voorhees, OSB#150595
FORUM LAW GROUP
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

* Admitted *pro hac vice*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, on behalf of themselves and a class of others similarly situated,<br><br>     *Plaintiff*,<br>     *v.*<br><br>**VISALUS, INC**., a Nevada Corporation,<br><br>     *Defendant.* | No. 3:15-cv-01857-BR<br><br>**DECLARATION OF EVE-LYNN J. RAPP IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE** |

1

I, Eve-Lynn J. Rapp, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney admitted to practice law in the State of Illinois, over the age of 18, and fully competent to make this Declaration. This Declaration is based upon my personal knowledge, except where expressly noted otherwise.

2. I am the Hiring Partner at Edelson PC, the law firm that has been retained to represent the named plaintiff in this matter, Lori Wakefield ("Plaintiff") and appointed as Class Counsel.

3. I have been actively working on this case since its inception and was actively working on this matter in September 2018 when a new trial date was set. Since that time, and—other than vaguely mentioning settlement discussions as a reason for continuing the trial during the parties' meet and confer on the underlying motion—up until this afternoon, ViSalus had not raised the topic of settlement with Plaintiff's counsel for many months.

4. Nor had ViSalus taken any concrete steps in that time to move the parties toward settlement. It had not not proposed a mediation; had not reached out to request a settlement meeting; had not requested or provided a settlement offer; and had not reached out to counsel for Plaintiff to discuss settlement in any way.

5. This afternoon, just as Plaintiff's counsel was finalizing their response to ViSalus's motion to continue, a representative of ViSalus called me to discuss, among other things, settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 18th day of January, 2019 at San Francisco, California.

/s/ Eve-Lynn J. Rapp