**Joshua M. Sasaki, P.C.**, OSB No. 964182
josh.sasaki@millernash.com
**Nicholas H. Pyle**, OSB No. 165175
Nicholas.pyle@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

**John M. O'Neal** (admitted pro hac vice)
john.oneal@quarles.com
**Zachary S. Foster** (admitted pro hac vice)
zachary.foster@quarles.com
QUARLES & BRADY LLP
2 N. Central Ave.
One Renaissance Square
Phoenix, AZ 85004
Telephone: 602.229.5200
Facsimile: 602.229.5690

Attorneys for Defendant ViSalus, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>**VISALUS, INC**., a Nevada corporation,<br><br>        Defendant. | CV No. 3:15-cv-01857-BR<br><br>**DEFENDANT'S MOTIONS *IN LIMINE* 1–5** |

Defendant, ViSalus, Inc., pursuant to this Court's Civil Trial Management Order (Dkt. 152), brings the following motions *in limine*:

## I. Legal Standard

District courts have broad discretion in ruling on motions *in limine*. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Motions *in limine* allow courts to resolve extraneous issues that would otherwise "clutter up" the trial. *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986). "[T]he purpose of a motion in limine is to allow the court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial." *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12746232, at *1 (C.D. Cal. Oct. 29, 2015) (quoting *Lee v. City of Columbus, OH*, No. 2:07-CV-1230, 2010 WL 333665, at *1 (S.D. Ohio Jan. 21, 2010), *clarified on denial of reconsideration,* No. CV 14-4242 SS, 2015 WL 12748277 (C.D. Cal. Nov. 5, 2015).

## II. Motions *in Limine*.

### A. **Motion *in limine* No. 1**: Testimony or argument claiming that ViSalus is a pyramid scheme or regarding its compensation structure should be excluded.

ViSalus is in the business of selling health, energy, and lifestyle products to consumers. ViSalus sells its products using a multi-level marketing ("MLM") platform, which allows individuals or entities to enroll as independent promoters of ViSalus products. The MLM model is a legal and well-established sales structure that involves millions of Americans. It is used by companies like Amway, Mary Kay Cosmetics, Pampered Chef, and Avon.

Pyramid schemes, by contrast, are "inherently fraudulent" organizations that "must eventually collapse." *Webster v. Omnitrition Int'l, Inc.*, 79 F.3d 776, 781 (9th Cir. 1996). A pyramid scheme is "characterized by the payment by participants of money to the company in return for which they receive (1) the right to sell a product and (2) the right to receive in return for recruiting other participants into the program rewards which are unrelated to sale of the product to

ultimate users." *Id.* Although frequently mislabeled, "[n]ot all MLM businesses are illegal pyramid schemes" *F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878, 883 (9th Cir. 2014). Distinguishing a legal MLM from an illicit pyramid requires an in-depth look into "how the MLM business operates in practice." *Id.*

Evidence is relevant if it has "any tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. A court can nevertheless exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. "'Unfair prejudice,' in turn, means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003) (quoting Fed. R. Evid. 403). Further, a trial court does not abuse its discretion when it excludes evidence that may confuse or mislead the jury. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1060 (9th Cir. 2008).

Whether ViSalus is or is not a pyramid scheme[1] is not relevant to this case and any such suggestion has no probative value. Whether ViSalus operated a legal MLM company or an illegal pyramid scheme has no bearing on Plaintiff or the class's TCPA claims because the TCPA regulates how companies place telemarketing calls, regardless of whether they are legally or illegally structured. Indeed, Plaintiff has previously conceded that "[t]he focus of this lawsuit . . . is not the alleged pyramid scheme described above." (Dkt. 69, p. 1.) Thus, arguments that ViSalus is a pyramid scheme or references or evidence relating to how ViSalus compensates its promoters (including to rewards like the "Bimmer Club") will confuse the jury and will have no "tendency

---

[1] ViSalus unequivocally and categorically denies that it is a pyramid scheme.

to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Allowing Plaintiff to inject these issues into an otherwise simple case will waste the little time set aside for this trial.

More importantly, accusations that ViSalus operates an illegal pyramid scheme is inflammatory and are highly prejudicial to ViSalus. It would signal to the jury that ViSalus is an inherently bad actor and suggest that it acted illegally in every aspect of its business. This has a very real danger of inducing the jury to decide the case on an improper basis.

Therefore, the Court should exclude any testimony or argument that ViSalus was a pyramid scheme.

### B. Motion *in limine* No. 2: Testimony regarding Plaintiff or her husband's dissatisfaction with ViSalus's products, services, or business opportunity is not relevant and is prejudicial to ViSalus.

In her Amended Complaint, Plaintiff alleges that she enrolled as a ViSalus promoter but cancelled her account because she "was not happy with the company or the products." (Dkt. 36, ¶ 20.) Further, Plaintiff intends to testify that her and her husband "never earned any money was ViSalus promoters" and that ViSalus's calls reminded "her of her poor experience and negative interactions she had with ViSalus." (Dkt. 174, pp. 4–5.) The Court should exclude this information because it is not relevant to Plaintiff or the class's claims.

The TCPA's purpose is to prohibit invasions of a consumer's privacy. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017). In the context of Plaintiff's claims, that supposed invasion of privacy arose from ViSalus telemarketing to Plaintiff without her prior express written consent and after Plaintiff registered her number on the Do-Not-Call registry. Any damages she suffered from this invasion stem from the lack of consent and failure to mind her Do-Not-Call registration and not from any previous animus towards ViSalus's products or services.

The jury must assess ViSalus based on relevant telemarketing conduct, if any, and not on Plaintiff's brief experiences as a promoter two years before the calls at issue.

Further, Plaintiff is seeking only statutory, and not actual, damages under the TCPA. (*See* Dkt. 176, p. 7 ("Because the amount of damages is set by statute, the jury need only determine the number of calls and need not determine the actual amount of the judgment.").) Under Count II, if Plaintiff establishes her claim, the TCPA automatically sets her statutory damages at $500, making any negative emotions she experienced all the less relevant. Likewise, any treble damages depend exclusively on whether ViSalus willfully or knowingly violated the statute and not on any actual damages.

Thus, Plaintiff's "poor experience and negative interactions" with ViSalus have no bearing on ViSalus's liability. Allowing Plaintiff to introduce testimony and argument on these issues will only serve to confuse the jury and will unnecessarily prejudice ViSalus.

      **C.**      <u>**Motion *in limine* No. 3**</u>**: Testimony and argument regarding other consumer complaints is not admissible.**

The Amended Complaint claims that "consumers have repeatedly spoken out against Defendant's pervasive and widespread telemarketing practices" and then quotes numerous supposed consumer complaints posted on various internet sites that claim ViSalus called the consumers without their consent and despite the consumers listing their numbers on the Do-Not-Call registry. (Dkt. 36, ¶ 17.) These complaints are inadmissible for several reasons.

First, the statements are hearsay to the extent that Plaintiff offers them as proof that ViSalus regularly called consumers without their consent. Rule 803, Federal Rules of Evidence, defines hearsay as a statement "that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement."

"[S]tatements taken from the internet are hearsay when offered to prove the truth of the matter asserted." *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-CV-00457-JST, 2014 WL 12644295, at *2 (N.D. Cal. Nov. 19, 2014); *see also Brown v. Collections Bureau of Am., Ltd*, 183 F. Supp. 3d 1004, 1006 (N.D. Cal. 2016) ("Internet complaints by anonymous third parties likely will not be admissible evidence, of course.").

Second, the information is not relevant. Whether ViSalus called other consumers who had listed their numbers on the Do-Not-Call registry does not make it any more or less likely that ViSalus violated the TCPA with respect to Plaintiff individually. The complaints also have no bearing on the class claims. Plaintiff has no way to identify the anonymous internet posters so there is no way to tell if they are class members or subject to the conduct at issue in this case.

Third, given their lack of relevance, introducing un-rebuttable complaints serves only to unfairly cast ViSalus in a negative light. Consequently, the Court should exclude the complaints because their probative value is greatly outweighed by the risk of prejudice to ViSalus.

### D. Motion *in limine* No. 4: Testimony regarding "GroupCast" has no bearing on individual or class liability.

Plaintiff has designated extensive testimony from John Laun, ViSalus's former Vice President of Marketing, regarding ViSalus's marketing department use of an outreach platform called "GroupCast" to place calls to its promoters. (Dkt. 175-4, pp. 12–19.) According to Mr. Laun's testimony, GroupCast was a "third-party tool where you can send a prerecorded audio message to a phone number." (Laun Depo., 55:11–17). Presumably, Plaintiff intends to present this testimony to the jury to show that ViSalus used GroupCast to call Plaintiff and the class members.

But testimony not designated by Plaintiff demonstrates that this is not true because ViSalus's use of GroupCast does not overlap with the alleged calls to Plaintiff or the class members. Plaintiff claims that ViSalus called her several times in April 2015. (Dkt. 36, ¶¶ 21–23.) Likewise, with respect to the certified class, Plaintiff intends to prove that ViSalus placed violative calls to class members "between 2014 and 2016." (Dkt. 176, p. 3.)

However, Mr. Laun stated that ViSalus's marketing department was the only department to use GroupCast and that they stopped using the system in 2012. (Laun Depo., 56:14–17, 59:17–20). Further, no other deposition testimony in this case -- designated or otherwise -- suggests that ViSalus used GroupCast to place any calls after 2012. When questioned by Plaintiff, Scott Gidley, ViSalus's Compliance Analyst, stated that he had "no idea" what GroupCast was. (Gidley Depo., 215:25–216:1.) Likewise, Justin Call, ViSalus's former Vice President of Sales and Global Support and who oversaw ViSalus's outbound call center beginning in 2012, was not aware of ViSalus using any system other than its Avaya Proactive Outreach Manager -- a complete different system than GroupCast -- to send prerecorded voice messages. (Call Depo., 70:25–73:8). Last, among the thousands of spreadsheets listed in Exhibits 38 and 41 that Plaintiff will purportedly use to show that ViSalus placed marketing calls to the class,[2] not one mentions "GroupCast," "Cast," or "Group" in its title.

Consequently, there is no overlap between ViSalus's use of GroupCast and the calls to Plaintiff and the class. The equipment that ViSalus stopped using several years before allegedly placing any of the alleged calls at issue is wholly irrelevant.

---

[2] ViSalus does not concede that the spreadsheets are admissible or are what Plaintiff claims them to be.

Further, there is a strong likelihood that the jury will confuse the GroupCast's use and functionalities with the use and functionalities of the system(s) that Plaintiff will claim that ViSalus actually used to call the class members.

Therefore, the Court should exclude all testimony regarding ViSalus's use of the GroupCast system.

  E. **Motion *in limine* No. 5: Plaintiff should be precluded from referring to ViSalus's telephone system as a "robodialer" or "autodialer," referring to the calls placed as "robocalls" or "automated calls," and arguing or inferring that ViSalus violated the autodialing portion of the TCPA.**

The class claims at issue deal with the narrow TCPA provision prohibiting delivery of prerecorded telemarketing messages to consumers' residential landline or cell phone without prior express written consent. Although different portions of the TCPA prohibit calls using automatic telephone dialing systems ("ATDS"),[3] Plaintiff has not claimed, individually or on a class basis, that ViSalus's use of its Progressive Outreach Manager ("POM") to call its customers violated these provision.

Whether ViSalus's POM system constitutes an ATDS is inconsequential in this case. Instead, ViSalus's liability turns on whether it delivered telemarketing recordings to the class members and not whether it used an ATDS to deliver those recordings. Therefore, to prevent jury confusion, the Court should preclude any argument, reference, or inference that ViSalus violated the TCPA's autodialer provisions[4] or that ViSalus is liable for calls it placed using its POM system where there is no evidence that ViSalus delivered an artificial or prerecorded message.

---

[3] Prohibitions that, because of its lucrative statutory damage awards, are the subject of frequent and pervasive legal advertising.

[4] 47 U.S.C. § 227(b)(1).

Similarly, under FRE 402 and 403, the Court should not permit Plaintiff to describe ViSalus's calls as "robocalls" or "automated calls" or to label ViSalus's POM system as a "robodialer" or "autodialer." "Autodialer" and "robocalls" are charged terms that lack a precise definition but nevertheless evoke strong negative reactions from the public at large. Because whether ViSalus used a "robodialer" or "autodialer" is not an element of Plaintiff or the class's claims, the risk of prejudice to ViSalus greatly outweighs any probative value gained by using the terms to describe the POM system. To the extent that the parties wish to distinguish between calls made using the POM system and otherwise manually dialed calls, the Court should order the parties to describe the calls as "manual calls" and "system or POM generated calls." This will allow the parties to describe the POM system's functionalities with sufficient detail without any prejudicial risk to ViSalus.

RESPECTFULLY SUBMITTED this 23rd day of January, 2019.

                QUARLES & BRADY LLP

                By */s/ John Maston O'Neal*

                John M. O'Neal (pro hac vice)
                john.oneal@quarles.com
                Zachary S. Foster (pro hac vice)
                zachary.foster@quarles.com
                For Mr. Foster:
                Telephone: 813.387.0300
                Facsimile: 813.387.1800
                For Mr. O'Neal:
                Telephone:  602.229.5200
                Facsimile:  602.229.5690

                MILLER NASH GRAHAM & DUNN LLP
                Joshua M. Sasaki, P.C., OSB No. 964182
                josh.sasaki@millernash.com
                Nicholas H. Pyle, OSB No. 165175
                nicholas.pyle@millernash.com
                Telephone:  503.224.5858
                Facsimile:  503.224.0155

                *Attorneys for Defendant ViSalus, Inc.*

I hereby certify that I served the foregoing on Plaintiff the foregoing document:

| | |
|---|---|
| Scott F. Kocher<br>Stephen J. Voorhees<br>FORUM LAW GROUP LLC<br>811 S.W. Naito Parkway, Suite 420<br>Portland, Oregon 97204<br>Telephone: 503.445.2102<br>Fax: 503.445.2120<br>E-mail: scott@forumlawgroup.com<br>       stephen@forumlawgroup.com<br>*Attorneys for Plaintiff* | Rafey S. Balabanian (*pro hac vice*)<br>Eve-Lynn Rapp (*pro hac vice*)<br>EDELSON PC<br>123 Townsend Street, Suite 100<br>San Francisco, CA 94107<br>Telephone: 415.212.9300<br>Fax: 415.373.9435<br>E-mail: rbalabanian@edelson.com<br>       erapp@edelson.com<br>*Attorneys for Plaintiff* |
| Simon Franzini (*pro hac vice*)<br>Gregory S. Dovel (*pro hac vice*)<br>Jonas Jacobson (*pro hac vice*)<br>Dovel & Luner LLP<br>201 Santa Monica Blvd., Ste. 600<br>Santa Monica, CA 90401<br>Telephone: 310 656-7066<br>Fax: 310.656.7069<br>E-mail: simon@dovel.com<br>       greg@dovel.com<br>       jonas@dovel.com<br>*Attorneys for Plaintiff* | Benjamin H. Richman (*pro hax vice*)<br>EDELSON PC<br>350 N. LaSalle Street, 14th Floor<br>Chicago, IL 60654<br>Telephone: 312.589.6370<br>Fax: 21.589.6378<br>E-mail: brichman@edelson.com<br>*Attorneys for Plaintiff* |
| Stefan Coleman<br>Law Offices of Stefan Coleman, LLC<br>1309 Jericho Tpke, 2nd Floor<br>New Hyde Park, NY 11040<br>Tel: 877.333.9427<br>Fax: 888.498.8946<br>E-mail: law@stefancoleman.com<br>*Attorneys for Plaintiff* | |

by the following indicated method or methods on the date set forth below:

☒    **CM/ECF system transmission.**

☐    **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

Defendant's Motions *in Limine*

1

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 23rd day of January, 2019.

/s/John Maston O'Neal

Attorneys for Defendant ViSalus, Inc.