IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VISALUS, INC.**,<br><br>Defendant. | Case No. 3:15-cv-1857-SI<br><br>**OPINION AND ORDER** |

Scott F. Kocher and Stephen J. Voorhees, FORUM LAW GROUP, 811 SW Naito Parkway, Suite 420, Portland, OR 97204; Benjamin H. Richman, Rafey S. Balabanian, Eve-Lynn J. Rapp, J. Aaron Lawson, and Lily E. Hough, EDELSON PC, 123 Townsend Street, Suite 100, San Francisco, CA 94107; Gregory S. Dovel, Simon Franzinim, and Jonas Jacobson, DOVEL & LUNER LLP, 201 Santa Monica Boulevard, Suite 600, Santa Monica, CA 90401. Of Attorneys for Plaintiff and the Certified Class.

Joshua M. Sasaki and Nicholas H. Pyle, MILLER NASH GRAHAM & DUNN LLP, 3400 U.S. Bancorp Tower, 111 SW Fifth Avenue, Portland, OR 97204; John M. O'Neal and Zachary S. Foster, QUARLES & BRADY LLP, 2 N. Central Avenue, One Renaissance Square, Phoenix, AZ 85004. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Trial is set to begin in this case in 19 days. Plaintiff recently served a trial subpoena on Defendant, a corporation, seeking the appearance at trial of a "corporate representative." Defendant has moved to quash. Along with her response to that motion, Plaintiff moved for

leave to take a "trial deposition" of Defendant's corporate representative. For the reasons stated below, Defendant's motion to quash is granted and Plaintiff's motion for leave is denied.

## BACKGROUND

Plaintiff Lori Wakefield brings two causes of action against Defendant ViSalus, Inc. The first is an individual claim under the general private right of action enforcement provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), alleging that Defendant violated the TCPA's implementing regulations, specifically 47 C.F.R. § 64.1200(c), by initiating more than one telemarketing call within a 12-month period to Plaintiff's landline telephone number that had been registered with the National Do Not Call Registry for at least 30 days. Plaintiff's second claim is a class claim, alleging that Defendant violated § 227(b)(1)(A)(iii) and (b)(1)(B)[1] of the TCPA by improperly using an artificial or prerecorded voice in telemarketing calls to people's residential landline or cellular telephones without their prior express consent. This case is scheduled for a jury trial, commencing on April 10, 2019.

In anticipation of trial, on February 22, 2019, Plaintiff issued a trial subpoena under Rule 45 of the Federal Rules of Civil Procedure to Defendant "ViSalus, Inc. and a corporate representative of ViSalus, Inc." ECF 236-1. On February 28, 2019, Plaintiff issued a nearly identical trial subpoena, with the only apparent difference being that Plaintiff tendered a witness fee and mileage in the amount of $1,040 with the second subpoena. ECF 236-1. On March 7, 2019, Defendant moved to quash. ECF 236. On March 14, 2019, Plaintiff filed her opposition to Defendant's motion to quash. ECF 241. On that same day, Plaintiff filed her own motion for leave to take trial deposition on a corporate representative of Defendant, in the event that the

---

[1] Although Plaintiff's First Amended Complaint references only 47 U.S.C. § (b)(1)(A)(iii) in the Second Cause of Action, Plaintiff and ViSalus's Joint Proposed Pretrial Order also includes (b)(1)(B) when discussing Plaintiff's class claim. The Court considers Plaintiff's class claim to assert allegations under both 47 U.S.C. § (b)(1)(A)(iii) and (b)(1)(B).

Court concludes that Defendant is beyond the Court's subpoena power and grants Defendant's motion to quash. ECF 243.

## DISCUSSION

### A. Defendant's Motion to Quash Trial Subpoena to Corporate Representative

Rule 45(c) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> (c) PLACE OF COMPLIANCE.
>
> (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition **only** as follows:
>
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
> (i) is a party or a party's officer; or
>
> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c) (bold emphasis added). Further, Rule 45(d)(3)(A)(ii) provides that upon timely motion, a court for the district where compliance is required "must quash or modify" a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii).

Rule 45 was amended in 2013 to add subdivision (c), among other things. As explained by the Advisory Committee:

> The goal of the present amendments is to clarify and simplify the rule. The amendments recognize the court where the action is pending as the issuing court, permit nationwide service of subpoena, and collect in a new subdivision (c) the previously scattered provisions regarding place of compliance. *These changes resolve a conflict that arose after the 1991 amendment about a court's authority to compel a party or party officer to travel long*

> *distances to testify at trial; such testimony may now be required only as specified in new Rule 45(c).*

Fed. R. Civ. P. 45 Advisory Committee Note to 2013 amendment (emphasis added)

Regarding the new Rule 45(c) specifically, the Advisory Committee explained:

> Because Rule 45(c) directs that compliance may be commanded only as it provides, these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers. *Compare In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006) (finding authority to compel a party officer from New Jersey to testify at trial in New Orleans), with *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that Rule 45 did not require attendance of plaintiffs at trial in New Orleans when they would have to travel more than 100 miles from outside the state). *Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state*.

*Id.* (emphasis added).

In its motion to quash, Defendant argues that neither ViSalus nor any of its "corporate representatives" reside, are employed, or regularly transact business in Oregon. Defendant is incorporated in the State of Nevada and headquartered in Detroit, Michigan. ECF 236-3. It does not maintain a physical presence within Oregon or within 100 miles of Portland, Oregon and does not maintain offices or property within Oregon or within 100 miles of Portland, Oregon. *Id*. Further, Defendant is not registered to do business in Oregon, and none of Defendant's employees reside, are employed, or regularly transact Defendant's business within Oregon or within 100 miles of Portland, Oregon. *Id*. Plaintiff does not refute these facts but responds that Defendant is a multi-level marketing company that uses "promoters" and that Defendant "has a substantial sales force of promoters who live and work in Oregon and, on behalf of the company, regularly sell the company's products to other people in Oregon." ECF 241. Defendant replies

that the promoters to whom Plaintiff refers are neither employees nor officers of Defendant but instead are independent businesspeople.

Plaintiff is welcome to serve a trial subpoena on any specific promoter assuming that the requirements of Rule 45(c) are otherwise satisfied for that person. But that is not what Plaintiff wants. Plaintiff seeks to require an officer of Defendant to travel more than 100 miles to attend trial in Oregon when that person does not reside, is not employed, and does not regularly transact business in person in Oregon. After 2013, that is not allowed under the new Rule 45(c). *See Fradella v. Coca-Cola Co.*, 2018 WL 3455707, at *2-3 (E.D. La. July 18, 2018); *Cervetto v. Powell*, 2016 WL 6582992, at *4 (W.D. Ky. Nov. 4, 2016). Further, under Rule 45(d)(3)(A)(ii) the Court is required to quash the subpoena.[2] The subpoena is quashed.

**B. Plaintiff's Motion to Take Trial Deposition of Defendant's Corporate Representative**

The deadline to complete discovery in this case or to file discovery motions was January 2, 2018, more than one year ago. On March 14, 2019, after the parties filed their pretrial documents, Plaintiff seeks leaves to take a "trial deposition" of a "corporate representative" of Defendant. "The Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial." *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999). As the court in that case explained:

> Based upon the lack of distinction in the Federal Rules between trial and discovery depositions, it has been held that there is no difference between the two, and that if a party wishes to introduce deposition testimony at trial, that testimony should [have been] procured during the time set by the court to conduct discovery *absent exceptional circumstances*.

---

[2] Defendant's motion was timely filed, and this is the court for the district where compliance is required.

*Id*. at 559 (emphasis added). In the pending case, Plaintiff has not shown that she has exercised diligence before the expiration of the discovery period (or even before the filing of final pretrial documents) in obtaining a deposition of Defendant's "corporate representative."[3]

## CONCLUSION

Defendant's Motion to Quash Trial Subpoena (ECF 236) is GRANTED, and Plaintiff's Motion for Leave to Take Trial Deposition (ECF 243) is DENIED.

**IT IS SO ORDERED.**

DATED this 22nd day of March, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] In addition, had Plaintiff timely sought the deposition of a "corporate representative" under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff would have been required "to designate, with *painstaking specificity*, the particular subject areas that are intended to be questioned." *See Memory Integrity, LLC v. Intel Corp*., 308 F.R.D. 656, 661 (D. Or. 2015) (citation and quotation marks omitted) (emphasis added). Plaintiff has not submitted any such designation either with Plaintiff's motion for leave to depose Defendant's corporate representative or with Plaintiff's trial subpoena for Defendant's corporate representative, discussed above.