IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD, individually and on behalf of a class of others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**VISALUS, INC.,**<br><br>Defendant. | Case No. 3:15-cv-1857-SI<br><br>**OPINION AND ORDER** |

Scott F. Kocher and Stephen J. Voorhees, FORUM LAW GROUP, 811 SW Naito Parkway, Suite 420, Portland, OR 97204; Benjamin H. Richman, Rafey S. Balabanian, Eve-Lynn J. Rapp, J. Aaron Lawson, and Lily E. Hough, EDELSON PC, 123 Townsend Street, Suite 100, San Francisco, CA 94107; Gregory S. Dovel, Simon Franzinim, and Jonas Jacobson, DOVEL & LUNER LLP, 201 Santa Monica Boulevard, Suite 600, Santa Monica, CA 90401. Of Attorneys for Plaintiff and the Certified Class.

Joshua M. Sasaki and Nicholas H. Pyle, MILLER NASH GRAHAM & DUNN LLP, 3400 U.S. Bancorp Tower, 111 SW Fifth Avenue, Portland, OR 97204; John M. O'Neal and Zachary S. Foster, QUARLES & BRADY LLP, 2 N. Central Avenue, One Renaissance Square, Phoenix, AZ 85004. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Trial is set to begin in this class action lawsuit on April 10, 2019. On February 25, 2019, Plaintiff filed a motion for sanctions, alleging spoliation of electronically stored information. Specifically, Plaintiff asks the Court to instruct the jury that Defendant deleted its call records,

which Plaintiff contends would have provided conclusive proof as to at least one of the elements of Plaintiff's class claim. Because Plaintiff waited more than two years after learning about the destruction of the call records to bring her motion for sanctions, Plaintiff's motion is DENIED.

**BACKGROUND**

Plaintiff Lori Wakefield brings two causes of action against Defendant ViSalus, Inc. The first is an individual claim under the general private right of action enforcement provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), alleging that Defendant violated the TCPA's implementing regulations, specifically 47 C.F.R. § 64.1200(c), by initiating more than one telemarketing call within a 12-month period to Plaintiff's landline telephone number that had been registered with the National Do Not Call Registry for at least 30 days. Plaintiff's second claim is a class claim, alleging that Defendant violated § 227(b)(1)(A)(iii) and (b)(1)(B)[1] of the TCPA by improperly using an artificial or prerecorded voice in telemarketing calls to people's residential landline or cellular telephones without their prior express consent.

Plaintiff filed this putative class action lawsuit in October 2015. The next day, Plaintiff's counsel sent a letter to Defendant to provide notice of Defendant's "instant and continuing duty to preserve all documents, records, data, information, and other tangible evidence." ECF 298-1 (Letter from Benjamin H. Richman to ViSalus, Inc.).

Defendant used an automated telephone system called the "Progressive Outreach Manager" ("POM"). Plaintiff contends that the POM system generated and maintained historical records of each calling campaign and each call attempted by Defendant and could generate "Campaign Detail" reports showing the name and telephone number of the contact, the time the

---

[1] Although Plaintiff's First Amended Complaint references only 47 U.S.C. § (b)(1)(A)(iii) in the Second Cause of Action, Plaintiff and ViSalus's Joint Proposed Pretrial Order also includes (b)(1)(B) when discussing Plaintiff's class claim. The Court considers Plaintiff's class claim to assert allegations under both 47 U.S.C. § (b)(1)(A)(iii) and (b)(1)(B).

call was placed, and the outcome of the call, including whether the call was answered by a live person or an answering machine. This information is all vital to Plaintiff's claims.

The POM system's electronically stored information about a calling campaign, however, was programmed to be automatically deleted after three months. Even though Defendant was on notice since October 2015 that it had a duty to preserve the information contained in the POM system, Plaintiff claims that Defendant failed to suspend the automatic deletion of the call records stored in the POM system. Plaintiff points to statements made by Scott Gidley, Defendant's corporate representative and compliance analyst, during his deposition on December 12, 2016 as evidence that these call records had been automatically deleted. Plaintiff asserts that Defendant could have programmed the POM system to maintain the call records forever or Defendant could have programmed the POM system to back up the call data so that it would be preserved. Defendant disputes Plaintiff's characterization of how the POM system stored data. Defendant contends that, although the POM system is *capable* of generating call reports if configured correctly, Defendant never programmed the POM system to generate and store the call records that Plaintiff claims existed and therefore Defendant never possessed the data that Plaintiff claims Defendant deleted.

For many of the calls, however, Defendant maintained contact information spreadsheets containing all of the information also available in the POM system. Thus, for many calls, the lost data from the POM system was replaced through other sources. Plaintiff contends that there are 1.7 million calls that were not recorded on the contact information spreadsheets and were deleted from the POM system. Plaintiff asserts that the lost call records would have provided Plaintiff with conclusive proof that 350,228 of those calls delivered a message using an artificial or prerecorded voice to class members. Plaintiff now asks the Court to order appropriate relief to

cure the prejudice caused to Plaintiff by Defendant's destruction of the call records, including instructing the jury that Defendant deleted call records and that the lost information was unfavorable to Defendant.

## DISCUSSION

### A. Spoliation Generally and Appropriate Relief

"Spoliation is the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." GREGORY P. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE, § 52 (5th ed. 2013) (quoting *Allstate v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 457 (2d Cir. 2007)). Rule 37(e)(2) of the Federal Rules of Civil Procedure permits the Court to impose sanctions "if electronically stored information that should have been preserved . . . is lost because a party failed to take reasonable steps to preserve it." Rule 37(e) directs that "the initial focus should be on whether the lost information can be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. If, however, the information lost cannot be restored or replaced by additional discovery, and the lost information causes a party prejudice, Rule 37(e)(1) allows a court to employ measures "no greater than necessary to cure the prejudice." This rule applies even if the electronically stored information was destroyed inadvertently, rather than intentionally. The Court may impose additional sanctions, including instructing the jury that it may or must presume that the lost information was unfavorable to the party who lost it, if the Court finds that a party intentionally spoliated evidence. Fed. R. Civ. P. 37(e)(2).

Defendant urges the Court to reject Plaintiff's motion for several reasons. First, Defendant argues that Plaintiff's motion is untimely because Plaintiff first learned that the POM system automatically deletes call records every three months in December 2016 but waited more

PAGE 4 – OPINION AND ORDER

than two years, until the eve of trial, to bring her motion. Second, Defendant argues that Plaintiff misunderstands the POM system configuration, and disputes that Defendant ever programmed the POM system to generate and store the reports in question. Third, Defendant rejects Plaintiff's calculations of how many of the 1.7 million lost calls actually played an artificial or prerecorded voice. Fourth, Defendant argues that Plaintiff failed to exercise appropriate diligence to recover or replace the lost information from other sources during discovery.

B.  **Timeliness of Plaintiff's Sanctions Motion**

Defendant argues that Plaintiff's motion should be denied as untimely. Plaintiff first learned that the POM system was not preserving call records as early as December 2016. She waited, however, until February 2019 to file her sanctions motion. "Delay in raising spoliation concerns or filing a spoliation motion — and any explanation for the delay — are factors considered by the courts in deciding whether to impose sanctions." SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE, § 53(I). An unreasonable delay in filing a motion for sanctions may render such a motion untimely. *See Shamis v. Ambassador Factors, Corp.*, 34 F. Supp. 2d 879, 886 (S.D.N.Y 1999). Although Rule 37 governs most motions for discovery sanctions, it is silent on the issue of the timing of the filing of a motion seeking spoliation sanctions. To fill the gap, courts have "identified a number of factors that can be used to assess the timeliness of spoliation motions." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 506-08 (D. Md. 2009) (collecting cases); *see also Long v. Howard Univ.*, 561 F. Supp. 2d 85, 91 (D.D.C. 2008).

First, "key to the discretionary timeliness assessment" is how long after the close of discovery the spoliation motion is made. *Goodman*, 632 F. Supp. 2d at 506 (citation and quotation omitted). Second, courts should consider the temporal proximity between the spoliation motion and any motions for summary judgment. *Id.* at 507. "Third, courts should be wary of any spoliation motion made on the eve of trial." *Id.* Fourth, courts should consider

whether there were any deadlines governing the filing of spoliation motions in the Rule 16 scheduling order. *Id.* And fifth, courts must give consideration to the explanation of the moving party as to why the motion was not filed earlier. *Id.* at 508; *see also Long*, 561 F. Supp. 2d at 91 (characterizing factors governing timeliness sanctions motion as "when the movant learned of the discovery violation, how long he waited before bringing it to the court's attention, and whether discovery has been completed"). Mindful that not all five factors are relevant to Plaintiff's motion, the Court finds that these factors nonetheless provide a helpful framework for the Court to begin its analysis.

Plaintiff learned no later than December 12, 2016 that Defendant's system deleted POM call records every three months. Discovery closed in December of 2017, one year later, and at that point Plaintiff had in her possession all call records produced by Defendant. Plaintiff acknowledges that she was aware in late 2016 that the call record data generated by the POM system had been "destroyed," but claims she continued to believe that the same information was available elsewhere. It was only when performing final trial preparation that Plaintiff organized her trial exhibits, compiled the evidence obtained in discovery, and realized that some of the call data "deleted" from the POM system had not been produced through other sources. ECF 248 at 7. Only then did Plaintiff file her motion for sanctions.

Plaintiff argues that she promptly moved for sanctions after discovering Defendant's spoliation, but this characterization is not quite correct. The spoliation that Plaintiff complains of is the destruction of the POM system's call records. *See* ECF 228 at 10-11. Plaintiff learned of this spoliation in December 2016. *See Permasteelisa CS Corp. v. Airolite Co.*, LLC, 2008 WL 2491747, at *2 (E.D. Ohio June 18, 2008) (finding plaintiff's sanctions motion untimely where plaintiff had known for more than a year that defendant discarded his computer). Plaintiff has

known for more than two years that the POM system deleted call records. That she continued until recently to believe that this alleged spoliation would cause her no prejudice because the information destroyed was available elsewhere does not change the date when Plaintiff first learned of the alleged spoliation.

The Court does not doubt that Plaintiff only recently realized that some call records were missing and does not presume that Plaintiff filed her sanctions motion in bad faith. Plaintiff has not provided any reason, however, for why she could not have discovered the missing call records sooner. Discovery closed more than 15 months ago, and Plaintiff has had more than a year to organize and assess the evidence produced by Defendant. Had Plaintiff timely undertaken to examine the evidence produced by Defendant, any deleted call records that could not be restored or replaced through additional discovery would have been apparent to Plaintiff at that time, and she could have sought sanctions for the alleged spoliation. *See Shamis*, 34 F. Supp. 2d at 886 (finding Defendant's motion timely because it was made "soon after the close of discovery" rather than "brought well after the close of discovery" as was the case in *Glenn v. Scott Paper Co.*, 1993 WL 431161, at *10 n.3 (D. N.J. October 20, 1993)).

Plaintiff waited until less than two months before trial to move for sanctions, and courts are cautioned to be "wary of any spoliation motion made on the eve of trial." *Goodman*, 632 F. Supp. 2d at 507. By waiting until mere weeks before trial to bring her motion, Plaintiff has denied the Court the opportunity to undertake the necessary fact-finding to resolve the issues Plaintiff raises. Plaintiff asserts that Defendant "destroyed" the POM system call records, but Defendant disputes that it ever "possessed" the records because it asserts that the POM system was not programmed to store that data. Dozens of pages of each party's respective briefs on the pending motion dispute various technical aspects of the POM system's data storage

programmable capabilities, as well as whether Plaintiff could have replaced the missing information through other sources, Plaintiff's methodology for calculating how many missing phone calls played an artificial or prerecorded voice, and whether Defendant's spoliation was intentional. *See* ECF 239 at 5-16; Ex. A, B, C; ECF 248 at 10-20. These complex issues would take some time to resolve with confidence.

Had Plaintiff filed her motion shortly after the close of discovery, the Court could have ordered additional discovery, held an evidentiary hearing, made credibility determinations, decided whether spoliation occurred, and formulated an appropriate remedy. Resolution of spoliation motions is often highly fact intensive. *See Goodman*, 632 F. Supp. 2d at 508. As other courts have concluded, "there is a particular need for [spoliation] motions to be filed as soon as reasonably possible after discovery of the facts that underlie the motion." *Id.* The wisdom of that observation is especially clear in the pending dispute. Plaintiff filed her spoliation motion more than a year after the close of discovery, more than two years after she first learned of the alleged destruction of call records, and less than two months before trial. Plaintiff's motion is untimely.

## CONCLUSION

Plaintiff's Motion for Sanctions (ECF 228) is DENIED.

**IT IS SO ORDERED.**

DATED this 27th day of March, 2019.

/s/ *Michael H. Simon*<br>
Michael H. Simon<br>
United States District Judge