DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**VISALUS, INC.**, a Nevada corporation,<br><br>Defendant. | No. 3:15-cv-01857-SI<br><br>**Ms. Wakefield's position statement regarding verdict form** |

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*

The verdict form should ask the jury to adjudicate the absent class members' claims, regardless of how it decides Ms. Wakefield's individual claims. [1]

There is no need for Ms. Wakefield to prevail on her individual claims in order to prevail on behalf of the class.  Under controlling Ninth Circuit law, "'[f]ailure of proof as to the named plaintiffs would not bar maintenance of the class action or entry of judgment awarding relief to the members of the class.'" *Harmsen v. Smith*, 693 F.2d 932, 942-43 (9th Cir. 1982) (quoting *Gibson v. Local 40, Supercargoes & Checkers, Etc.*, 543 F.2d 1259, 1263 (9th Cir. 1976).  "The disposition of the adjudicated claims of a properly certified class is not affected by the ultimate disposition of the individual claim of the named representative."  *Bernard v. City of Palo Alto*, 699 F.2d 1023, 1026 (9th Cir. 1983); *see East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 406 n.12 (1977) (if a case is tried as a class action, "the claims of the class members would not need to be mooted or destroyed because subsequent events or <u>the proof at trial had undermined the named plaintiffs' individual claims</u>"); *Sosna v. Iowa*, 419 U.S. 393, 399, 95 S. Ct. 553, 557 (1975) ("When the District Court certified the propriety of the class action, <u>the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by appellant</u>.")

Thus, the jury can adjudicate the absent class members' claims, regardless of how it decides Ms. Wakefield's.  And as shown below, asking it to do so will preserve judicial and jury resources.

---

[1] At the pretrial conference, the Court granted Ms. Wakefield leave to file a position statement addressing this topic by today.

Plaintiff's position statement regarding verdict form       1

### A.  Under controlling law, a class representative may prevail on behalf of absent class members even if her own claims fail or are mooted.

The Ninth Circuit has repeatedly held that class claims can go forward even if the class representatives' claims fail.

In *Harmsen*, a securities class action, the jury found against the named plaintiffs because the named plaintiffs bought their stock before the relevant fraud began (as found by the jury). *Harmsen v. Smith*, 693 F.2d 932, 942 (9th Cir. 1982). But the jury *did* find the defendant liable to class members who "who bought their shares after" the fraud began. *Id.* The district court entered judgment on behalf of the class. The Defendant appealed, arguing that because the class representatives lost on their individual claims, the class claims necessarily failed. The Ninth Circuit expressly rejected this argument. It held that the failure of the class representatives' individual claims "would not bar entry of judgment awarding relief to the members of the class." *Id.* at 943.

As a second example, in *Bernard*, the named plaintiff brought a class action challenging Palo Alto's policy of incarcerating arrested individuals for more than 48 hours without a warrant or a determination of probable cause by a magistrate. *Bernard v. Palo Alto*, 699 F.2d 1023, 1024 (9th Cir. 1983). The district court granted partial summary judgment on behalf of the class. *Id*. On appeal, Palo Alto argued that the class representative Bernard's individual claim failed because "probable cause for Bernard's detention had been established before his arrest." *Id*. at 26. It argued that, as a result, the class claims necessarily failed as well. *Id*.

The Ninth Circuit expressly rejected this argument. It explained: "The disposition of the adjudicated claims of a properly certified class is not affected by the ultimate

Plaintiff's position statement regarding verdict form    2

disposition of the individual claim of the named representative." *Id*.  Accordingly, "[e]ven if Bernard was not entitled to summary judgment, however, the class action and resulting remedial order would not be vitiated." *Id.*; *see Bates v. UPS*, 511 F.3d 974, 986 (9th Cir. 2007) (en banc) ("Even if UPS is correct that Oloyede [the class representative]'s claim is either not redressable or is moot because he is no longer in a driver-eligible position, questions we do not decide, the remaining class members are not foreclosed from attaining relief since the class was long ago duly certified.").

The Seventh circuit reached the same result in the recent *Bridgeview Healthcare Center, Ltd. v. Clark* case, involving a different subsection of the TCPA.  816 F.3d 935, 937 (7th Cir. 2016).  There, Bridgeview filed a class action on behalf of recipients of illegal, unsolicited fax ads.  *See* 47 U.S.C. § 227(b)(3).  The court found that the defendant was liable certain absent class members, but not to the class representative Bridgeview.  (The faxes were sent by a third party marketing company, and the defendant had never authorized the fax that was sent to the class representative.  *Bridgeview*, 816 F.3d 937.)

On appeal, the defendant argued that the judgement against the absent class members should be vacated because it was not liable to the class representative. *Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 941 (7th Cir. 2016).  The Seventh Circuit rejected this argument.  Citing *East Texas*, it held: "because 'the proof at trial had undermined' Bridgeview's claims, the Supreme Court's language [in *East Texas*] directly applies." *Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 942 (7th Cir.

Plaintiff's position statement regarding verdict form     3

2016). Accordingly, the Seventh Circuit affirmed the judgment in favor of the absent class members. *Id*.

Rule 23 requires this result. As the Ninth Circuit has held, intra-class factual variability does not preclude certification under Rule 23(b)(3). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) ("All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts couple with disparate legal remedies within a class."). Indeed, the text of Rule 23(b)(3), which requires only that common questions predominate over individual questions, contemplates the existence of individual questions in a money-damages class action. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). Inherent in the very possibility of factual variability is that the named plaintiff may lose (perhaps on an individual question affecting her case) while still convincing the jury of enough facts to permit absent class members to recover. As a result, those absent class members are not precluded from enjoying the fruits of the representative plaintiff's labor, even though the representative plaintiff loses her individual claim.

### B. Asking the jury to adjudicate the class claims will preserve judicial and jury resources.

At trial, the jury will hear not just Ms. Wakefield's evidence, but also the class-wide evidence. Accordingly, the jury will be in a position to adjudicate the class claims at the close of the evidence, without the need to hear any additional evidence.

If the jury is told to adjudicate the class claims regardless of whether it finds for Ms. Wakefield on her individual claims, then we will have the benefit of the jury's

Plaintiff's position statement regarding verdict form     4

verdict on the class claims.  The Court can then afford the parties a full opportunity to brief this issue, and make a decision based on a complete record.  If, in contrast, the jury is told now not to decide the class claims if it finds against Ms. Wakefield on her individual claim, and the jury does that, we cannot go backwards without calling a new jury and re-trying the class claims.

Accordingly, for this second reason, the verdict form should ask the jury to adjudicate the absent class members' claims, regardless of how it decides Ms. Wakefield's.

Date: April 4, 2019

Respectfully submitted,

By: /s/ *Simon Franzini*

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107


Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

\* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*


Plaintiff's position statement regarding verdict form     6