# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD, individually and on behalf of a class of others similarly situated**, | Case No. 3:15-cv-1857-SI |
| Plaintiff, | **ORDER ON PRETRIAL MOTIONS AND OBJECTIONS** |
| v. | |
| **VISALUS, INC.,** | |
| Defendant. | |

Scott F. Kocher and Stephen J. Voorhees, FORUM LAW GROUP, 811 SW Naito Parkway, Suite 420, Portland, OR 97204; Benjamin H. Richman, Rafey S. Balabanian, Eve-Lynn J. Rapp, J. Aaron Lawson, and Lily E. Hough, EDELSON PC, 123 Townsend Street, Suite 100, San Francisco, CA 94107; Gregory S. Dovel, Simon C. Franzini, Jonas B. Jacobson, Julien A. Adams, DOVEL & LUNER LLP, 201 Santa Monica Boulevard, Suite 600, Santa Monica, CA 90401; Stefan L. Coleman, LAW OFFICES OF STEFAN COLEMAN PA, 1072 Madison Avenue, Suite 1, Lakewood, NJ 08701. Of Attorneys for Plaintiff and the Certified Class.

Joshua M. Sasaki and Nicholas H. Pyle, MILLER NASH GRAHAM & DUNN LLP, 3400 U.S. Bancorp Tower, 111 SW Fifth Avenue, Portland, OR 97204; John M. O'Neal and Zachary S. Foster, QUARLES & BRADY LLP, 2 N. Central Avenue, One Renaissance Square, Phoenix, AZ 85004. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Lori Wakefield brings this class action lawsuit under the Telephone Consumer

Protection Act of 1991 ("TCPA") against Defendant ViSalus, Inc., a multi-level marketing

company that sells weight-loss products and dietary supplements. Plaintiff alleges that ViSalus

violated the TCPA by making telemarketing calls to cellular (or mobile) telephones or residential landlines using an artificial or prerecorded voice to deliver a message promoting ViSalus's products or services without the prior express consent of the person being called. 47 U.S.C. § 227(b)(1). ViSalus does not contend that it had the prior express consent to place such calls at the time when they were made. The Court has certified a class consisting of: "All individuals in the United States who received a telephone call made by or on behalf of ViSalus: (1) promoting ViSalus's products or services; (2) where such call featured an artificial or prerecorded voice; and (3) where neither ViSalus nor its agents had any current record of prior express written consent to place such call at the time such call was made." ECF 81 at 6.

A jury trial is scheduled to begin on April 10, 2019. The Court held a pretrial conference with the parties on April 3, 2019, and again on April 8, 2019. This Order addresses many of the parties' pending pretrial motions and objections, as well as the threshold question of whether the issue of willfulness under the TCPA is for the Court or the jury to determine.

## DISCUSSION

### A.  Whether Willfulness is Determined by the Court or the Jury

In 47 U.S.C. § 227(b)(3), the TCPA provides a private right of action for violations of subsection (b). A prevailing plaintiff may recover the greater of $500 per violation or the actual monetary loss for each violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). In addition,

> If *the court* finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3)(C). A threshold question is whether the statutory text "the court" refers to the judge presiding over a jury trial or the jury.

In a case interpreting similar statutory text in the Copyright Act, which allows "the court in its discretion" to increase damages if it finds "willful" violations, the Supreme Court held that "[t]he word 'court' in this context appears to mean judge, not jury." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998). In the context of the TCPA, numerous district courts similarly have concluded that the judge, rather than the jury, decides whether a TCPA violation was committed willfully or knowingly. *See, e.g., Krakauer v. Dish Network LLC*, 2017 WL 4417957, at *10 (M.D.N.C. Oct. 3, 2017) (concluding that the court, not the jury, determines whether to award up to treble damages for willful or knowing violations of the TCPA); *Asher & Simons, P.A. v. J2 Global Canada, Inc*., 965 F. Supp. 2d 701, 707 (D. Md. 2013) (same); *Adamcik v. Credit Control Servs., Inc*., 832 F. Supp. 2d 744, 755 (W.D. Tex. 2011) (same); *see generally Tull v. United States*, 481 U.S. 412, 425–27 (1987). The Court will follow this approach and, if there is a verdict in favor of Plaintiff, determine whether to award up to treble damages for any willful or knowing violation of the TCPA, as opposed to submitting that question, or any portion of it, to the jury.

Tis decision will have an effect on what evidence the jury may hear. Evidence that is only relevant to the issue of willful or knowing violation of the TCPA will be heard only by the Court outside of the presence of the jury because that evidence is not relevant to any issue properly before the jury. For example, although prior express consent is an affirmative defense to liability under the TCPA, ViSalus has disclaimed that affirmative defense. Instead, ViSalus contends that it may present evidence of its beliefs concerning prior express consent only to show the absence of willfulness or knowing violation. ViSalus may present that evidence but only to the Court and outside the presence of the jury. Similarly, Plaintiff may not present evidence before the jury that is relevant only to show that ViSalus did act willfully or knowingly. To allow otherwise would

risk unnecessarily confusing the jury on an issue not properly before it. With that threshold issue

resolved, the Court now turns to the parties' respective motions *in limine* and trial objections.

**B.  Plaintiff's Motions *in Limine***

### 1.  Plaintiff's First Motion in Limine: Whether ViSalus knew the requirements of the TCPA or misunderstood the requirements

GRANTED IN PART.

Defendant argues that evidence about ViSalus's understanding of the requirements of the

TCPA is necessary to determine whether ViSalus willfully or knowingly violated the TCPA.

Neither party may present evidence before the jury when the only relevance is whether ViSalus

willfully or knowingly violated the TCPA.

In addition, when Plaintiff presents evidence to the Court that ViSalus's conduct was

knowing or willful, Plaintiff is not be *required* to prove that ViSalus had knowledge that its

conduct violates the TCPA. Such evidence would likely be sufficient to show willfulness or

knowledge on the part of ViSalus, but it is not necessary. There is a split in authority among the

various courts that have addressed this provision of the TCPA over what qualifies as willful or

knowing conduct. Some courts have held that a defendant must know that it is violating the

TCPA, while other courts have held that it is sufficient for a plaintiff to show that the defendant

merely knew that a call was being made. *See J2 Global Comm'cns, Inc. v. Blue Jay Inc.*, 2009

WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009).

The Court concludes that the most persuasive case law and the most persuasive reading

of the relevant statutory text supports the position that a person need know that he, she, or it was

committing an unlawful act in order to act willfully or knowingly under the TCPA. The TCPA

does not define the terms "willfully" or "knowingly" but courts generally interpret these terms to

require only that an action is intentional, not that the party is aware that it is violating the law.

*See, e.g., Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 217, 226 (D. Mass. 2014);

*Sengenberger v. Credit Control Servs., Inc.*, 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010).

Further, although the TCPA does not define willfully, the Communications Act of 1943, "of

which the TCPA is a part, defines willful as 'the conscious or deliberate commission or omission

of such act, irrespective of any intent to violate any provision[], rule or regulation." *Id.* (quoting

the Communications Act of 1943); *see* 47 U.S.C. § 312(f)(1)("The term "willful," when used

with reference to the commission or omission of any act, means the conscious and deliberate

commission or omission of such act, irrespective of any intent to violate any provision of this

chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty

ratified by the United States."). Thus, the Court finds that "a person need not have intent to

commit an unlawful act in order to act willfully or knowingly under the TCPA." *Roylance v.

ALG Real Estate Servs., Inc.*, 2015 WL 1522244, at *10 (N.D. Cal. March 16, 2015). Thus,

evidence that ViSalus did not know that its actions violated the TCPA is not relevant to the

question of whether it acted willfully or knowingly. Because this evidence will not be presented

to the jury, however, and should not be unreasonably time-consuming to present, the Court will

allow ViSalus to present such evidence to the Court in order to preserve its appellate record.

**2. Plaintiff's Second Motion *in Limine*: Amount of statutory damages for violations of the "artificial or prerecorded voice" section of the TCPA**

GRANTED.

Defendant does not oppose this motion.

**3. Plaintiff's Third Motion *in Limine*: Prior express consent to call**

GRANTED IN PART.

ViSalus has expressly stated that it will not present evidence that it had prior express

consent to call Ms. Wakefield or any class members and that it will not raise prior express

consent as an affirmative defense. ECF 145 at 2 ("To set the record clear, ViSalus . . . does not claim that for Count II, Plaintiff's or the class's claims are barred by them giving ViSalus prior express written consent under 47 C.F.R. § 64.1200(a)(2)-(3)."). Defendant argues that consent is relevant to the determination of whether ViSalus violated the TCPA willfully and knowingly. Because the question of willfulness and knowledge is for the Court, not the jury, this evidence may not be presented to the jury but may be presented to the Court outside of the presence of the jury.

### 4.  Plaintiff's Fourth Motion *in Limine*: Retroactive waiver by the FCC

GRANTED IN PART.

ViSalus argues that its application to the Federal Communications Commission ("FCC") for a retroactive waiver is relevant to the question of whether it acted willfully and knowingly. Because the question of willfulness and knowledge is for the Court, not the jury, this evidence may not be presented to the jury but may be presented to the Court outside of the presence of the jury. The Court, however, notes that the FCC has not yet ruled on ViSalus's application.

### 5.  Plaintiff's Fifth Motion *in Limine*: ViSalus's financial condition

GRANTED IN PART.

Plaintiff argues that evidence of a party's financial condition is not relevant and can improperly seek to obtain the jury's sympathy and thus affect a damages award. ViSalus responds that evidence of a party's financial condition is not only relevant but must be considered in assessing "punitive damages." Because ViSalus does not dispute that its financial condition is relevant, if at all, only to the issue of whether the Court should increase damages if the jury finds liability, evidence of ViSalus's financial condition may not be presented to the jury. It may, however, be presented to the Court outside the presence of the jury.

This evidentiary ruling is made without deciding at this time whether the treble damages provision of the TCPA is compensatory or punitive. "Whether treble damages under a given statute are considered compensatory or punitive is an intensely fact-based inquiry that may vary statute-to-statute." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 777 (11th Cir. 2011) (collecting cases). In *Alea London*, the Eleventh Circuit concluded that, because the TCPA's $500 statutory damages provision was not punitive, and the statute permits, but does not require, an increase up to three times that amount, and given the "relatively small amount of statutory damages available under the TCPA, trebling these damages appears to be a mechanism to encourage victims" to file suit. *Id.* at 778. Relying on this decision from the Eleventh Circuit, several district courts in the Ninth Circuit similarly have concluded that the treble damages provision in the TCPA is "not punitive in nature," although the Ninth Circuit has not yet resolved that issue. *See Roylance v. Carney*, 2014 WL 1652440, at *5 (N.D. Cal. April 23, 2014). Further, the Second, Third, Sixth, Eighth, and Eleventh Circuits have all concluded that the TCPA is remedial in nature and, thus, that the treble damages provision is not punitive. *See Parchman v. SLM Corp.*, 896 F.3d 728, 740-41 (6th Cir. 2018) ("In all, then, we think that claims under the TCPA are best characterized as remedial. The fact that the statute allows for accumulated recovery does not convert an otherwise remedial statutory scheme into a penal one."); *Phys. Healthsource, Inc., v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92, 96 (2d Cir. 2017) ("Because the TCPA is a remedial statute, it should be construed to benefit consumers.") (quoting *Gager v. Dell Fin. Servs.*, LLC, 727 F.3d 265, 271 (3d Cir. 2013)); *Universal Underwriters Ins. Co., v. Lou Fusz Automotive Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005).

Other district courts and the Tenth Circuit, however, have concluded that the treble damages provision of the TCPA is "penal" in nature. *See Hannabury v. Hilton Grand Vacations*

*Co., LLC.*, 174 F. Supp. 3d 768, 774 (W.D.N.Y. 2016); *US Fax Law Ctr., Inc. v iHire, Inc.*, 362

F. Supp. 2d 1248, 1253 (D. Colo. 2005); *see also Ace Am. Ins. Co.*, 883 F.3d 881, 888 (10th Cir.

2018) (finding all statutory damages under TCPA penal in nature). This question is far from

settled. *See Sharp v. Ally Financial, Inc.*, 328 F. Supp. 3d 81, 91 (S.D.N.Y. 2018) (collecting

cases on each side of split but determining that the TCPA is remedial in nature). The Supreme

Court has noted that "[t]he very idea of treble damages reveals an intent to punish past, and deter

future, unlawful conduct, not to ameliorate the liability of wrongdoers." *Vermont Agency of Nat.

Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 786 (2000) (quoting *Texas Indus., Inc., v. Radcliff

Materials, Inc.*, 451 U.S. 630, 639 (1981)).

The parties will be allowed to present further argument, if needed, as to whether the

TCPA is punitive or remedial in nature. Pending the Court's final decision on that question,

ViSalus may present evidence of its financial condition to the Court outside the presence of the

jury. The Court also notes that in the context of patent litigation, a defendant's financial

condition is a mitigating factor in the consideration of whether to impose treble damages for a

willful violation. *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992); *see also

Halo Electronics, Inc., v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1935 (2016) (trebling of

damages in patent context requires case-specific consideration of circumstances).

### 6.  Plaintiff's Sixth Motion *in Limine*: Class counsel's attorneys' fees

GRANTED.

Defendant does not oppose this motion.

## C.  Defendant's Motions *in Limine*

### 1.  Defendant's First Motion *in Limine*: "Pyramid scheme" or ViSalus's compensation structure

GRANTED IN PART.

No party may refer to ViSalus as a "pyramid scheme" or suggest that its business model is illegal. ViSalus, however, refers to itself as a "multi-level direct marketing company." Accordingly, that is how the Court will refer to it and how Plaintiff may refer to it. The Court also will allow evidence about ViSalus's business operations sufficient to allow the jury to understand the relationship between ViSalus and the class members, including Plaintiff Wakefield.

### 2. Defendant's Second Motion *in Limine*: Dissatisfaction with ViSalus's products, services, or business opportunities

GRANTED IN PART.

The purpose of the TCPA is "to protect the interests of telephone users by placing restrictions on 'unsolicited, automated telephone calls.'" *Fober v. Mgmt. and Tech. Consultants, LLC*, 886 F.3d 789 (9th Cir. 2018). The harm that Congress sought to prevent was the invasion of privacy caused by unsolicited telephone calls. Plaintiff's subjective feelings towards ViSalus based on Plaintiff's experience as a ViSalus "promoter" have minimal probative value, at most. Plaintiff, however, may explain to the jury that she was a ViSalus promoter and briefly explain the reasons why she quit. This will provide sufficient context to ViSalus's later calls to Plaintiff.

### 3. Defendant's Third Motion *in Limine*: Other consumer complaints is not admissible

GRANTED IN PART.

Plaintiffs have stated that the online consumer complaints referenced in ViSalus's motion *in limine* and the Amended Complaint are not on Plaintiff's exhibit list and that Plaintiffs do not intend to introduce them or discuss them at trial. ViSalus's internal discussions prompted by consumer complaints, which Plaintiff claims include admissions by ViSalus that it used an artificial or prerecorded voice are not hearsay if they are statements of a party opponent. *See* Fed. R. Evid. 801(d)(2). The content of any consumer's complaint, however, would appear to be

PAGE 9 – ORDER

hearsay if offered to the truth of the matter asserted, even if discussed by ViSalus employees,

Any such complaints, therefore, require any independent basis for admissibility. Regarding two

specific exhibits, Plaintiff shall redact Ex. 47 as discussed on the record on April 3, 2019.

Plaintiff shall redact all instances of "BBB," "complaint," and "DNC" or "do not call." The

Court will reserve ruling on the admissibility of Ex. 47. The Court also will reserve ruling on the

admissibility of Ex. 45.

### 4.  Defendant's Fourth Motion *in Limine*: "GroupCast"

GRANTED.

Plaintiff does not oppose redacting or omitting all references to "GroupCast." No party

may introduce evidence referring to "GroupCast."

### 5.  Defendant's Fifth Motion *in Limine*: "Autodialer"

DENIED.

Plaintiff does not assert any claim that the use of an autodialer *per se* violated the TCPA.

Plaintiff's contention is ViSalus violated the recorded voice prohibition of the TCPA when

ViSalus used an autodialer referred to as a Proactive Outreach Manager ("POM") to make calls

to Plaintiff and the class. Plaintiff may present that evidence to the jury.

## D.  Plaintiff's Deposition Designations and Defendant's Cross-Designations

### 1.     Procedure to Reading Approved Deposition Designations

Plaintiff has designated excerpts from the depositions of Justin Call, Scott Gidley (2016),

Scott Gidley (2017), and John Laun to be read to the jury in lieu of live testimony. Defendant

cross-designated certain excerpts. After the Court's first pretrial conference, held on April 3,

2019, the Court directed the parties: (1) to remove from their designations to be read to the jury

all testimony that relates only to the issue of "willfulness or knowledge," which will be resolved

by the Court after the jury returns its verdict; and (2) after conferring, to file revised deposition

designations. The parties have done so. ECF 265. Defendant objects to several of Plaintiff's designations on various grounds. Plaintiff objects to several of Defendant's cross-designations primarily on the grounds that they are not required under the Rule of Completeness (Fed. R. Evid. 106) to be read to the jury "at the same time" that Plaintiff's designations are read.

When the Court has overruled Defendant's objection to a designation by Plaintiff, that testimony may be read to the jury. When the Court has overruled Plaintiff's objection to a cross-designation by Defendant, that cross-designation must be read to the jury *at the same time and in the same manner that Plaintiff's designation is read*. When, however, the Court has sustained Plaintiff's objection to a cross-designation, Plaintiff need not read that cross-designation at the same time Plaintiff's designation is read. Instead, Defendant may read any cross-designation for a witness (unless otherwise excluded on other grounds) after the Plaintiff has concluded her reading of all designations for that specific witness. Thus, the jury will hear Plaintiff's designations along with all cross-designations required under Rule 106 in a fashion analogous to direct examination. When Plaintiff has concluded a specific witness, then Defendant may read all appropriate cross-designations for that witness in a fashion analogous to cross examination.

### 2.    Defendant's Objections to Plaintiff's Designations

The Court's rulings on Defendant's objections to Plaintiff's designations are as follows:

#### a.    Justin Call's Deposition Testimony

| | |
|---|---|
| 42:16-21 | Overruled |
| 45:12-15 | Overruled |
| 45:16-17 | Overruled |
| 45:18-22 | Overruled |
| 45:23-46:2 | Overruled |
| 46:3-6 | Overruled |

47:17-22            Overruled

55:10-16           Overruled

55:17-20           Overruled

77:13-18           Overruled

77:19-23           Overruled

83:10-11           Overruled

83:15-20           Overruled

83:21-23           Overruled

83:24-84:3         Overruled

84:4-8             Overruled

84:13-20           Overruled

88:3-8             Overruled

**b.      Scott Gidley's Deposition Testimony (2016)**

136:14-20          Overruled

146:9-11           Overruled

146:12-14          Overruled

154:25-155:3       Overruled

155:4-6            Overruled

179:21-22          Overruled

179:23-180:02      Overruled

180:10-12          Overruled

180:13-22          Overruled

180:23-181:23      Overruled

181:25-182:01      Overruled

| | |
|---|---|
| 182:2-4 | Overruled |
| 182:5-8 | Overruled |
| 182:18-20 | Overruled |
| 184:17-185:2 | Overruled, *although Defendant may cross-designate 185:4-5* |
| 189:8-15 | Overruled |
| 189:16-19 | Overruled |
| 189:20-22 | Overruled |
| 189:23-190:02 | Overruled |
| 190:18-19 | Overruled |
| 190:20-22 | Overruled |
| 190:23-191:1 | Overruled |
| 191:2-4 | Overruled |
| 194:11-12 | Overruled |
| 194:14-16 | Overruled |
| 194:17-22 | Overruled |
| 194:23-195:1 | Overruled |
| 195:2-16 | Overruled |
| 195:21-24 | Overruled |
| 196:1-4 | Overruled |

### c. Scott Gidley's Deposition Testimony (2017)

| | |
|---|---|
| 29:2-6 | Overruled |
| 36:4-8 | Overruled |
| 71:14-20 | Overruled |
| 80:23-81:1 | Overruled |

### d.    John Laun's Deposition Testimony

| | |
|---|---|
| 85:18-19 | Overruled |
| 85:20-25 | Overruled |
| 86:1-4 | Overruled |
| 92:20-23 | Overruled |
| 98:25-99:6 | Overruled |

### 3.    Plaintiff's Objections to Defendant's Cross-Designations

The Court's rulings on Plaintiff's objections to Defendant's cross-designations are as follows:

### a.    Justin Call's Deposition Testimony

| | |
|---|---|
| 14:23-15:8 | Overruled |
| 15:12-16:11 | Sustained |
| 16:15-20:19 | Sustained |
| 28:19-29:1 | Overruled |
| 29:7-10 | Sustained |
| 29:17-32:20 | Sustained |
| 34:8-22 | Overruled |
| 38:16-39:6 | Sustained |
| 43:7-21 | Sustained |
| 43:23-25 | Sustained |
| 48:24-51:7 | Sustained |
| 56:10-22 | Sustained |
| 60:17-62:15 | Sustained |
| 67:6-10 | Sustained |

| | |
|---|---|
| 67:12-68:2 | Sustained |
| 68:7-16 | Sustained |
| 68:19-21 | Sustained |
| 68:23-24 | Sustained |
| 71:10-12 | Sustained |
| 76:22-77:12 | Sustained |
| 78:5-11 | Sustained |
| 81:17-82:2 | Sustained |
| 82:10-11 | Sustained |
| 84:21-85:1 | Overruled |
| 88:20-89:19 | Sustained |
| 90:8-91:12 | Sustained |
| 94:25-95:6 | Sustained |
| 98:14-18 | Overruled |
| 98:25-99:5 | Overruled |
| 99:9-100:23 | Sustained |
| 117:18-118:14 | Sustained *and excluded under Rule 403* |
| 123:3-24 | Sustained *and excluded under Rule 403* |

**b.  Scott Gidley's Deposition Testimony (2016)**

| | |
|---|---|
| 10:21-14:8 | Moot (nothing marked in blue) |
| 14:23-15:11 | Moot (nothing marked in blue) |
| 15:19-24 | Moot (nothing marked in blue) |
| 16:5 | Moot (nothing marked in blue) |
| 16:14-17:7 | Moot (nothing marked in blue) |

| | |
|---|---|
| 32:6-15 | Moot (nothing marked in blue) |
| 35:24-36:4 | Overruled |
| 37:2-38:12 | Sustained |
| 39:8-25 | Sustained |
| 53:9-13 | Sustained |
| 59:12-22 | Sustained |
| 60:14-22 | Sustained |
| 64:19-21 | Sustained |
| 65:3-13 | Sustained |
| 84:9-15 | Sustained |
| 84:24-85:15 | Sustained |
| 87:17-88:6 | Sustained |
| 88:16-89:13 | Sustained |
| 92:9-22 | Sustained |
| 93:12-94:12 | Sustained |
| 96:21-97:24 | Sustained |
| 101:11-103:8 | Sustained |
| 103:19-107:15 | Sustained |
| 108:11-110:25 | Sustained |
| 111:6-112:16 | Sustained |
| 126:23-25 | Sustained |
| 127:4-5 | Sustained |
| 135:18-136:13 | Sustained |

146:15-147:4        Sustained

167:14-22           Overruled

173:22-174:13       Sustained

183:13-16           Sustained

192:1-3             Sustained

210:11-18           Sustained

216:2-3             Sustained

216:6-11            Sustained

      **c.**      **Scott Gidley's Deposition Testimony (2017)**

21:2-6              Sustained

21:12-23            Sustained

22:16-23:11         Sustained

32:5-11             Sustained

51:2-8              Overruled

      **d.**      **John Laun's Deposition Testimony**

17:8-18:16          Sustained

28:25-29:5          Sustained

30:16-20            Sustained

39:14-40:5          Sustained

40:12-24            Sustained

43:15-24            Sustained

49:22-50:4          Sustained

81:4-23             Sustained

82:8-83:3           Sustained

99:7-101:6                  Overruled

**E. Defendant's Objections to Plaintiff's Exhibits**

The Court makes the following tentative rulings with leave to renew on Defendant's

objections to Plaintiff's trial exhibits:

| | |
|---|---|
| Ex. 1 | Plaintiff withdraws Ex. 1 and Ex. 63. Instead, the parties shall revise the format of their stipulations to include only the text of the actual stipulated facts, which will be given to the jury. |
| Ex. 2 | Defendant states that it will not object to this exhibit when offered by Plaintiff. |
| Ex. 3 | Defendant states that it will not object to this exhibit when offered by Plaintiff. |
| Ex. 4 | Defendant states that it will not object to this exhibit when offered by Plaintiff, after Plaintiff has removed page 4-3. |
| Ex. 5 | Ruling reserved until trial. |
| Ex. 6 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 7 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 8 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Exs. 9-10 | Ruling reserved until trial. |
| Ex. 11 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 12 | Ruling reserved until trial. |
| Ex. 13 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 14 | Ruling reserved until trial. |

| | |
|---|---|
| Ex. 15 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 16 | Ruling reserved until trial. |
| Ex. 17 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 18 | Ruling reserved until trial. |
| Exs. 19-20 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 21 | Ruling reserved until trial. |
| Ex. 22 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 23 | Withdrawn by Plaintiff; *see* Defendant's Ex. 214. |
| Ex. 24 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 25 | Ruling reserved until trial. |
| Exs.26-27 | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 28 | Ruling reserved until trial. |
| Ex. 29 | Withdrawn by Plaintiff; *see* Defendant's Ex. 215. |
| Exs. 30-33 | Ruling reserved until trial. |
| Exs. 34-34a | When offered by Plaintiff at trial, the Court anticipates receiving this document as Defendant's business record. *See* Fed. R. Evid. 803(6). |
| Ex. 35 | Ruling reserved until trial. |
| Exs. 36-36a | Plaintiff represents that Ex. 36 is a summary of voluminous record admissible under Fed. R. Evid. 1006. Defendant, however, challenges the accuracy of this summary and contends that it |

PAGE 19 – ORDER

does not that merely summarize Ex. 38. The Court reserves ruling until trial on the admissibility of this purported summary so that Plaintiff may present an adequate foundation.

Ex. 37          Ex. 37 is a declaration signed by Defendant's employee Scott Gidley. When offered by Plaintiff at trial, the Court anticipates receiving this exhibit as a statement of a party-opponent. *See* Fed. R. Evid. 801(d)(2)(D).

Ex. 38          Ex. 38 contains 405 sub-exhibits, marked 38-1 through 38-405. These documents are "contact lists" from Defendant's POM machine used to place the calls at issue. They were produced to Plaintiff by Defendant during discovery. When offered by Plaintiff at trial, the Court anticipates receiving these documents as Defendant's business records. *See* Fed. R. Evid. 803(6).

Ex. 39-42       Ruling reserved until trial.

Ex. 43          Ex. 43 contains 35 sub-exhibits, marked 43-1 through 43-35. These documents are "wav" files containing audio recordings used by Defendant. They were produced to Plaintiff by Defendant during discovery. When offered by Plaintiff at trial, the Court anticipates receiving these documents as Defendant's business records. *See* Fed. R. Evid. 803(6).

Exs. 44-46      Ruling reserved until trial.

Ex. 47          When offered by Plaintiff at trial, the Court anticipates receiving this document, without redaction, as Defendant's business record. *See* Fed. R. Evid. 803(6).

Exs. 48-57      Ruling reserved until trial.

Ex. 58          Ex. 58 is a screenshot with file names related to Ex. 43. This document was produced to Plaintiff by Defendant during discovery. When offered by Plaintiff at trial, the Court anticipates receiving this exhibit as Defendant's business record. *See* Fed. R. Evid. 803(6).

Exs. 59-62      Ruling reserved until trial.

Ex. 63          *See* ruling on Ex. 1.

## F.  Plaintiff's Objections to Defendant's Exhibits

Ex. 201         This exhibit may not be used with the jury.

Ex. 202         This exhibit may not be used with the jury.

Ex. 203                    This exhibit may not be used with the jury.

Ex. 204                    Ruling reserved until trial.

Ex. 205                    This exhibit may not be used with the jury.

Ex. 214                    (Formerly Plaintiff's Ex. 23.) When offered by Defendant at trial, the Court anticipates receiving this exhibit as Defendant's business record. *See* Fed. R. Evid. 803(6).

Ex. 215                    (Formerly Plaintiff's Ex. 29.) When offered by Defendant at trial, the Court anticipates receiving this exhibit as Defendant's business record. *See* Fed. R. Evid. 803(6).

**IT IS SO ORDERED**.

DATED this 8th day of April, 2019.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge