DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**VISALUS, INC.**, a Nevada corporation,<br><br>Defendant. | No. 3:15-cv-01857-SI<br><br>**Plaintiff's opposition to Defendant's motion to exclude Plaintiff's exhibits 36a, 36b, 36c, and 64** |

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*

## I.   Introduction.

Exhibits 36, 36a, 36b, and 36c are all summaries of the same data: the call data in 406 contact lists that Mr. Gidley identified as being relevant to this case. ViSalus has had this call data for years, because it is ViSalus' own data. And we told ViSalus in early January that we planned to present a summary of this data at trial, through Mr. Davis.

Exhibits 36a and 36b are summaries of exactly this same data and nothing more. They simply (1) provide additional summary information about the same underlying call data; and (2) update the call counts to exclude certain calls that ViSalus contends should not be counted. Moreover, we presented the new summary information to respond to new arguments and objections—and a new witness—that ViSalus did not disclose to us until a few days ago. And we updated the call counts to address new objections ViSalus never before raised. (Notably, the adjustment lowers the total number of violative calls we are alleging.)

Exhibit 36c adds one more piece of information: whether each of the numbers identified in the contact lists are cellular or landline numbers. We added this information because the verdict form asks us to identify how many calls to mobile numbers we have proven. And ViSalus is the one who brought up the need for us to do this, and who insisted on separately asking the jury about this information.

Finally, all of the underlying information is admissible.

**II.     The late disclosure of exhibits 36a-c is ViSalus' own doing and is not prejudicial.**

ViSalus contends that the Court should exclude exhibits 36a, 36b, and 36c because their late disclosure to ViSalus is prejudicial. This argument fails on two levels.

*First*, the only reason these exhibits were not disclosed months ago is that ViSalus waited until the eve of trial to disclose new objections, new arguments, and new witnesses that we needed to rebut. We presented the underlying data and the summary to ViSalus months ago. We answered every question that ViSalus had about the summary. And then we asked ViSalus if it had any objections. ViSalus responded only with general "foundation" and "hearsay" objections, and stated that it would "reserve" further objections. It chose to withhold its specific objections until the eve of trial. ViSalus cannot lay behind the log with its objections until the last minute and then complain that we addressed them at the last minute.

*Second*, ViSalus cannot show prejudice. It had the vast majority of the underlying data for years, and understands it well. (Indeed, it is ViSalus' own data). The new information—which is found only in exhibit 36c and consists of numbers on the list which are cellular and which are landlines—can easily be processed and understood.

**A.     Exhibits 36a-c respond to new arguments and objections ViSalus raised for the first time at (or after) the pretrial conference.**

We disclosed exhibit 36 to ViSalus in early January. At that time, we explained exactly how we prepared it and the data on which it was based.

In its objections to our exhibits, ViSalus did not raise any specific objections to exhibit 36. Instead, it stated:

| 36. | Object to proposed summary of testimony; Summary inadmissible because underlying documents are inadmissible for lack of foundation, hearsay, lack of relevance, and lack of authentication; all other objections reserved pending review of ostensibly summarized documents and disclosure by Plaintiff of methodology used to prepare summary |
|---|---|

Dkt. 212.

(Notably, by the time these objections were filed on February 15, 2019, ViSalus had exhibit 36, the underlying data, and an explanation of how exhibit 36 was prepared for over a month).

Until the April 3 pretrial conference, ViSalus never updated these objections. Nor did it raise any other objections.

Then, at the pretrial conference, ViSalus—for the first time—raised a new objection: that the KCC list that Mr. Davis had used to exclude from the count of calls ones to non-class members was hearsay. Then on April 6—in response to repeated requests from Plaintiff—ViSalus provided additional specific objections in an email. Finally, at the April 8 pretrial conference, ViSalus identified *additional* objections to exhibit 36. ViSalus' new objections included that the summary counted calls to businesses and that they included calls to Canadian numbers and invalid numbers.

In addition to these new objections—also on April 6—ViSalus disclosed a brand new witness, Blake Mallen. In its summary of his testimony, ViSalus stated that Mr. Mallen was going to testify that some of the campaigns Mr. Gidley identified—the ones other than winbacks—were not actually telemarketing campaigns after all. This is the first time in the entire case that ViSalus had ever made this argument. Indeed, Mr.

Plaintiff's opposition to Defendant's motion to exclude    3

Gidley submitted that declaration as part of the class notice process specifically to identify those contact lists that were relevant.

Finally, at the April 8 pretrial conference, ViSalus insisted that the verdict form separately ask the jury to identify which calls were made to mobile numbers and which were made to businesses.

Exhibits 36a, 36b, and 36c were created to address these objections and arguments as they came in. 36a excludes calls to business (to address ViSalus' objection that we counted calls to businesses) and breaks out winback campaigns from other campaigns (to address ViSalus' new argument that only winbacks are marketing campaigns). 36b additionally excludes calls to invalid numbers and Canadian numbers. And 36c identifies specifically those calls to mobile numbers, because this is what the verdict form is going to ask the jury to do.

### 1.    Exhibit 36a responded to ViSalus' late-disclosure of objections.

Mr. Gidley, on behalf of ViSalus, identified each of the 406 contact lists in his declaration as ones that were used for "marketing" campaigns that were run on the POM machine. We asked ViSalus to explain what criteria it was using to identify something as a "marketing" campaign. Counsel for ViSalus responded, "we are using the regulatory definition of introducing an advertisement and telemarketing." E-mail from Sarah Anchors, counsel for ViSalus (Mar. 23, 2018). Plaintiff reasonably relied on Gidley's sworn declaration and the written representation of counsel that each of these campaigns was a "marketing" campaign that met the relevant "regulatory definition."

Plaintiff's opposition to Defendant's motion to exclude    4

Before the pretrial conference, ViSalus never objected that Mr. Davis' summary was inaccurate because it included campaign contact lists that were not telemarketing campaigns. On April 6, ViSalus for the first time through Mr. O'Neal presented that objection. Accordingly, we promptly responded to the objection by carving the results into two categories: those for "winback" campaigns that ViSalus admits were telemarketing, and all other "marketing" campaigns identified by Mr. Gidley. That response was not untimely; it was done within a few days. It was ViSalus that raised the untimely objection to the summary.

ViSalus also for the first time disclosed that it objected to the summary because some of the calls were to telephone numbers associated with a business. Counsel for ViSalus pointed out the names on certain contact lists were businesses with "Inc." or "LLC" and the like. We promptly responded by removing call results for numbers associated with business names. That response was not untimely. It was ViSalus that raised the untimely objection to the summary.

### 2.     Exhibit 36b responded to ViSalus' late disclosure of objections.

At the hearing, on Monday, April 8, ViSalus again presented new objections for the first time. ViSalus asserted that the summaries included non-U.S. phone numbers and numbers to bad prefixes. ViSalus had never before raised that objection. Plaintiff promptly responded, within 24 hours, by presenting a revised version that removed phone numbers to non-U.S. numbers and numbers with bad prefixes.

### 3. Exhibit 36c responded to ViSalus' late disclosure.

During the preparation for trial and the submission of pretrial documents, ViSalus agreed with Plaintiff that there was no reason to distinguish between mobile and residential numbers in counting the number of phone calls. ViSalus never objected that the summary should treat mobile numbers separately from residential numbers. And both parties submitted jury instructions and verdict forms that did not distinguish between mobile and residential numbers.

On Monday, April 8, ViSalus *for the first time* announced that it had changed its position and advocated that the verdict form should ask the jury to account separately for mobile numbers and residential numbers. If so, Plaintiff would have to present separate evidence for mobile numbers. In response, Plaintiff announced at the hearing that it would look into determining which of the numbers were mobile numbers. Plaintiff promptly (the next day) obtained the data and produced to ViSalus Exhibit 64, which identified the cellular phones, and Exhibit 36c, which summarized the call outcomes for the cellular phones. There was no delay by Plaintiff.

### B. Admitting Exhibits 36a, 36b, and 36c would not be prejudicial.

There is no prejudice that results from the timing of the disclosure of exhibits 36a-36c.

There could not possibly be any prejudice to admitting exhibits 36a and 36b. These two exhibits are based on exactly the same data that ViSalus has had for months—and understands well, because it is ViSalus' own data. Moreover, exhibits 36a and 36b merely *remove* certain calls from the count of violative calls (i.e., reduce ViSalus'

potential liability in this case). They do so specifically for reasons that ViSalus contended they should not be counted. And Defendants can easily check the reliability of this process using whatever tool they have been using to process the underlying data for months (and if they disagree with how it was done, they can cross Mr. Davis about it).

As for exhibit 36c, the only new information is an identification of which numbers are mobile numbers and which numbers are landlines. The data is easy to understand. If it wants to, ViSalus can check the reliability of our results quickly through public sources (indeed, we were able to do this in less than 24 hours after first hearing about ViSalus' insistence on splitting out the mobile numbers). And ViSalus is of course welcome to cross Mr. Davis about this data (a simple cross that should not require more than a couple of hours to put together).

In sum, it would not be prejudicial to admit exhibits 36a, 36b, 36c. To the contrary, it would be prejudicial to preclude Plaintiff from responding to ViSalus' late-disclosed arguments about an exhibit it has had for months.

### III.   The underlying documents are admissible.

ViSalus cannot reasonably object to the admissibility of the contact lists that are summarized in the exhibits. The Court has already ruled that it intends to admit those contact lists in evidence if Plaintiff offers them. The only other data used was (1) a commercially available list of area codes and prefixes (the Google checker), and (2) a commercially available line type list for phone numbers (exhibit 64). Due to limited time available to prepare this brief, we will focus our arguments on exhibit 64, the line type list. But these arguments also readily apply to the list of area codes and prefixes.

**A.     The Court should take judicial notice of the relevant facts.**

The Court can and should take judicial notice that the numbers identified as "cellular" lines are cellular lines.

The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it" "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). An example of such a fact is what geographic area is covered by a particular telephone area code. *Hernandez v. Levy Premium Foodservice, LP*, No. CV 13-08790 MMM (SHx), 2014 U.S. Dist. LEXIS 190401, at *16 n.53 (C.D. Cal. Apr. 29, 2014) ("The court takes judicial notice of the fact that area code 415 is an area code covering the San Francisco area."); *Glob. Mfr. Grp., LLC v. Gadget Universe.com*, 417 F. Supp. 2d 1161, 1174 n.4 (S.D. Cal. 2006) ("The Court takes judicial notice of the fact that the 758 area code serves Hays and Topeka, Kansas."). A court can take judicial notice of this fact because the geographic area covered by an area code can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

The same is true for the fact of whether a particular telephone number is a mobile phone or a landline. The fact of whether a particular telephone number is a mobile number is not subject to reasonable dispute: it either is or it is not (there are no ambiguous gray areas of a "semi-landline"). Moreover, that information can be accurately and reliably obtained, because data services, such as Searchbug, maintain accurate and reliable compilations of that data for just that purpose.

Accordingly, the Court may and should take judicial notice of the line type for each of the telephone numbers identified in exhibit 64.

### B. Shawn Davis can authenticate exhibit 64.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "[E]vidence that satisfies the requirement" includes "Testimony of a Witness with Knowledge," i.e., "Testimony that an item is what it is claimed to be." Fed. R. Evid. 901(b)(1). The proponent, Plaintiff Wakefield, claims that exhibit 64 is the line type list from Searchbug for the phone numbers on the ViSalus contact lists. Shawn Davis has personal knowledge sufficient to identify exhibit 64 as the line type list from Searchbug for the phone numbers on the ViSalus contact lists.

In particular, Mr. Davis has knowledge of the set of phone numbers on the ViSalus contact list because he personally has worked with them in preparing summaries. Moreover, Mr. Davis personally uploaded the set of phone numbers to his batch account at Searchbug. In addition, Mr. Davis has personal knowledge that exhibit 64 is the Searchbug results for the phone numbers because Mr. Davis personally went to his account and downloaded the file from Searchbug. Also, Mr. Davis is personally familiar with the style and format of line type lists from Searchbug based on his experience using the service on prior occasions. Moreover, Mr. Davis verified that exhibit 64 is the line type list for the ViSalus phone numbers by personally comparing the numbers on exhibit 64 to the numbers on the ViSalus contact lists.

Accordingly, Mr. Davis is a witness with personal knowledge who can testify that exhibit 64 "is what the proponent claims it is," namely the line type list from Searchbug for the phone numbers on the ViSalus contact lists.  Fed. R. Evid. 901(a).

### C. Exhibit 64 is not excluded as hearsay because the data is a commercial compilation.

Contrary to Defendant's assertion, the Searchbug database is not information "posted on the internet."  Mot. 7.  It is a commercial database, just like Lexis-Nexis.  To get a line type list for a batch of phone numbers, a user must have an account, and must pay in advance for the list.

Rule 803(17) provides that "Market quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations" are "not excluded by the rule against hearsay."  Fed. R. Evid. 803(17). "That exception permits admission of facts compiled in a database as long as that database is 'relied on by the public or by persons in particular occupations.'  Fed. R. Evid. 803(17)."  *Hip Hop Bev. Corp. v. Michaux*, No. CV 16-03275-MWF-AGR, 2016 U.S. Dist. LEXIS 96753, at *8 (C.D. Cal. July 25, 2016).

"The commentary to FRE 803(17) explains that this exception is intended to allow the admission of information from lists of information which are generally reliable and contain information which is hard to prove another way, such as commodity prices printed in newspapers, or telephone numbers printed in telephone directories."  *Amini Innovation Corp. v. Anthony Cal., Inc.*, No. CV 03-8749, 2006 U.S. Dist. LEXIS 100800, at *8 (C.D. Cal. Sep. 21, 2006); Fed. R. Evid. 803, Advisory Committee Notes, 1972

Revision, Note to Paragraph 17 (listing "newspaper market reports, telephone directories, and city directories" as types of evidence admissible under Rule 803(17)).

A list of line types for telephone numbers is a list that links telephone numbers with their line type—which is directly analogous to a telephone directory that links telephone numbers with names and addresses. Such lists are commercially available, and, in fact, are offered for sale by commercial organizations such as Searchbug. Moreover, persons in particular occupations, in particular forensic investigators such as Mr. Davis, generally rely upon the compilation of line types compiled by data services, in particular, Searchbug's compilation. Accordingly, the line type list in exhibit 64 is admissible under the commercial compilation exception as "lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations." Fed. R. Evid. 803(17). *Hip Hop Bev. Corp. v. Michaux*, No. CV 16-03275-MWF-AGR, 2016 U.S. Dist. LEXIS 96753, at *7-8 (C.D. Cal. July 25, 2016) ("The information obtained from IRB Search falls within a well-established exception to the hearsay rule codified in the Federal Rule of Evidence 803(17). . . . Because Starr has adequately shown that experts in his field regularly use and rely on IRB Search (Starr Decl. ¶ 4), the facts contained in that database are admissible as evidence."); *United States v. Woods*, 321 F.3d 361, 362 (3d Cir. 2003) (admitting certain vehicle information contained in a database maintained by the National Insurance Crime Bureau);

IV.    Conclusion.

"Rule 1006 merely requires that the 'underlying records for which the summaries are made be admissible in evidence, and available to the opposing party for inspection.'

Plaintiff's opposition to Defendant's motion to exclude    11

This standard does not require expert testimony, nor does it require the proponent of the summary to provide its software or disclose the exact keystrokes used to perform the calculations." *FTC v. AMG Servs.*, No. 2:12-cv-00536-GMN-VCF, 2016 U.S. Dist. LEXIS 44625, at *17-19 n.5 (D. Nev. Mar. 31, 2016) (quoting *United States v. Rizk*, 660 F.3d 1125, 1130-31 (9th Cir. 2011)).

Here, the underlying records are ViSalus' own records, which it has had for years. And all of the information that the summaries are based on is admissible. Accordingly, for the foregoing reasons, and additional argument to be presented at the hearing, the Court should deny the motion of ViSalus to exclude exhibits 36a, 36b, 36c, and 64.

Date: April 10, 2019

Respectfully submitted,

By: /s/ *Simon Franzini*

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, SBN #315277*
lhough@edelson.com

123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

\* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*