**Joshua M. Sasaki, P.C.**, OSB No. 964182
josh.sasaki@millernash.com
**Nicholas H. Pyle**, OSB No. 165175
Nicholas.pyle@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

**John M. O'Neal** (admitted pro hac vice)
john.oneal@quarles.com
**Zachary S. Foster** (admitted pro hac vice)
zachary.foster@quarles.com
QUARLES & BRADY LLP
2 N. Central Ave.
One Renaissance Square
Phoenix, AZ 85004
Telephone: 602.229.5200
Facsimile: 602.229.5690

Attorneys for Defendant ViSalus, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LORI WAKEFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VISALUS, INC., a Nevada corporation,<br><br>Defendant. | No.  CV No. 3:15-cv-01857-BR<br><br><br>**DEFENDANT'S TRIAL MEMORANDUM RE VERDICT FORM AND DECERTIFICATION** |

Plaintiff Lori Wakefield ("Plaintiff") contends that if her individual claims fail at trial, the jury may still decide the class claims.  (Dkt. 264, Plaintiff's Position Statement Regarding Verdict Form ("Plaintiff's Position Statement").)  This is not so if decertification of the class is warranted.  As discussed herein, there are any number of pivotal grounds on which decertification of the "Robocall" class should be granted.[1]

---

[1] ViSalus will be filing a motion for decertification that discusses these issues at length.

Quarles & Brady LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

As a threshold matter, the "class" data that Plaintiff intends to submit at trial is completely unreliable and incapable of ascertaining a class, as it does not identify, among other things, dialed calls, prerecorded calls or whether the calls were actually received. In addition, the data contains thousands of foreign and business numbers as well as toll free and fake numbers. In some instances, a single phone number appears for hundreds or thousands of different names. Accordingly, the data upon which Plaintiff will rely cannot form the basis to establish class-wide allegations.

Next, Plaintiff cannot satisfy **any** of the requirements of Rule 23(a). Simply put, resolution of Plaintiff's claim will ***not*** resolve the claims of the class. There is no common proof for all class members in determining the elements of a TCPA violation, including whether a prerecorded message was sent <u>and</u> delivered, whether it qualifies as "telemarketing" under the TCPA, and whether the phone number is a mobile or residential landline (or, in the case of Plaintiff, neither). Further, Plaintiff's claim is not typical of class members who, *inter alia*, (i) did not receive prerecorded calls at all; (ii) may have received different prerecorded messages related to non-marketing matters; (iii) are/were active or inactive promoters <u>or</u> customers, (iv) received calls on their mobile devices, (v) provided consent or desired the calls; and (vi) were called on their residential landlines or mobile phones, unlike Plaintiff, who received calls on a business landline.

Likewise, Plaintiff cannot satisfy Rule 23(b)(3) requirements because the class is hopelessly riddled with numerous individual issues that will predominate over common ones, resulting in thousands of mini-trials. Some of the **more than a dozen** questions that will need to be answered as to ***each*** individual class member include, without limitation, (i) did the class member receive a phone call from ViSalus, (ii) was the call initiated with a prerecorded or "press 1" message, (iii) did the class member receive and hear the prerecorded or "press 1" message, (iv) did the prerecorded message constitute "telemarketing" under the TCPA, (v) was the phone number landline or mobile, (vi) was the phone number a business or residential number, and (vii) did the class member consent and/or desire to receive calls from ViSalus. Given that ViSalus' records do not answer these questions at all, let alone in a manner common to all class members,

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE,
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

2

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

thousands of mini-trials will be required, rendering this class unmanageable and class treatment inferior to other methods of adjudication.  Finally, the class is impermissibly fail-safe because it consists solely of persons who can establish that ViSalus violated the TCPA.

## I.   BECAUSE DECERTIFICATION IS APPROPRIATE, THE JURY SHOULD NOT DECIDE THE CLASS CLAIMS

Many of the cases upon which Plaintiff relies in her Position Statement contain quotes which are dicta.  But even if they were controlling law, these cases support the proposition that a jury can decide the class claims, **but only if the initial certification was proper and decertification not appropriate**.  Specifically, *East Texas Motor Freight Systems, Inc. v. Rodriguez*, 431 U.S. 395 (1977) states:

> Obviously, a different case would be presented if the District Court had certified a class and only later had it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives.  In such a case, the class claims would have already been tried, and, ***provided the initial certification was proper and decertification not appropriate***, the claims of the class members would not need to be mooted or destroyed because subsequent events or the proof at trial had undermined the named plaintiffs' individual claims.

*East Texas*, 431 U.S. at 406 n.12 (1977) (emphasis added).  Accordingly, because class certification was never proper and the class should be decertified (for the reasons discussed below), it is not appropriate for the jury to decide the class claims.

## II.   THE CLASS SHOULD BE DECERTIFIED

Federal Rule of Civil Procedure 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  Thus, a court's class certification order is "inherently tentative."  *Marlo v. United Parcel Serv., Inc.*, 251 F.R.D. 476, 479 (C.D. Cal. 2008) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)).  The Court remains under a continuing duty to ensure compliance with class action requirements, and it may decertify a class at any time.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation.").  "[A] district court reevaluating the basis for certification . . .  may 'consider the nature and range of proof necessary to establish the

Quarles & Brady LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

3

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

[class-wide] allegations.'" *Marlo*, 251 F.R.D. at 479–80.

It is now readily apparent—especially in light of the evidence adduced in discovery and designated by Plaintiff to be introduced at trial—that the "Robocall" class Plaintiff presented is no "class" at all and should be decertified. Plaintiff cannot sustain her burden of proof on Rule 23's requirements despite her continued obligation to do so. *Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 946–47 (9th Cir. 2011).

As a threshold matter, the "class" data that Plaintiff plans to submit at trial is completely unreliable. In particular, Plaintiff is trying to introduce a wholly unreliable "Summary of Call Outcomes" to demonstrate the number of prerecorded calls to the certified class. (Tr. Exhs. 36–36A.) The "Summary" purportedly compiles "ViSalus marketing campaign contact spreadsheets." However, these contact lists do **not** reflect dialed calls. Rather, they reflect an assortment of lists of various origins, most of which suggest they were not used for prerecorded messages or telemarketing purposes. In fact, most contacts on the spreadsheets do not have call disposition codes whatsoever, casting serious doubt as to whether these contacts received a call at all,[2] **let alone calls that were initiated with a prerecorded message, as is required for class membership**.

Further, the data contains thousands of Canadian phone numbers, even though the certified class is defined as "individuals in the United States." Even further, the data contains thousands of business numbers associated with corporations or other business entities, and not individuals. In addition, some entries list toll free numbers, while still others list obviously fake or "bad" numbers. The utter unreliability of this list is further demonstrated by the presence of single phone numbers appearing for hundreds or thousands of different names. The "data" is— for lack of a better term—"junk science." Remarkably, the summary and the spreadsheets on which it is based was not the work of a hired expert, as is typical in a class action of this nature. Rather, someone in Plaintiff counsel's back office prepared them. Simply put, Plaintiff's own "evidence" demonstrates that class resolution is not appropriate.

---

[2] Importantly, disposition codes do not signify that a call was successfully made or that a prerecorded message was sent and received. Disposition codes may reflect, for example, busy signals, technical issues, or answering machine.

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

4

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

### A. Plaintiff Cannot Satisfy the Requirements of Rule 23(a)

#### 1. Plaintiff Cannot Demonstrate Numerosity

Rule 23(a)(1) requires that plaintiffs demonstrate that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In order to establish numerosity, Plaintiff must provide a reliable means of estimating which individuals ***received*** and ***heard*** a prerecorded voice message. *Smith v. City of Corvallis*, No. 6:14-cv-01382, 2016 WL 3193190, at *10 (D. Or. June 6, 2016) (plaintiff must provide "reliable evidence" to show the number of potential class members).

Plaintiff will be unable to provide an objective manner to determine who received a prerecorded call. Even if she could, the numerosity requirement remains unmet unless she can also show that a sufficient number of those called actually heard a prerecorded voice and thus, are members of the class. **But there is simply no way to determine whether ViSalus called a contact, and if so, whether that call was initiated with a prerecorded message that was played and heard.** Thus, any "estimation" of numerosity would be plainly unreliable.

#### 2. There Are No Common Issues

Class certification is only appropriate when the case presents "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In order to satisfy the commonality requirement, Plaintiff must show that the class members suffered the "same injury." *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 353 (2011) (citation and quotation marks omitted).

This is one of the fundamental reasons this class must be decertified. There is no "standardized conduct" here. There is no common proof—no proof for one claimant (Wakefield) that is the proof for all members of the class. Indeed, the "proof" Plaintiff's counsel intends to offer is precisely the opposite of class proof, as each element of the TCPA is subject to individualized proof.

The certified class is a ginormous jambalaya of various data lists. In addition to not knowing if a call was made or a prerecorded message played and heard, the "class" list is comprised of both mobile and landline phones. **But Plaintiff does not even know, nor can she prove, which phone numbers are mobile and which are landline.** Plaintiff did not perform

Quarles & Brady LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

this analysis. And again, there is no expert to testify on this issue. This is significant because the different phone types implicate different sections of the TCPA with varying elements and defenses. For example, business landlines are *not* protected under the TCPA. *See* 47 U.S.C. § 227(b)(1)(B) (applies to "residential" telephone lines); *see also* 47 C.F.R. 64.1200(a)(3) (same).

There is also no common way to determine whether any call actually made was telemarketing, as defined by the TCPA, because **Plaintiff is unable to tie a specific telephone script or recording to any specific campaign or class member**. This is *not* a case where the company sent out the *same* prerecorded voice message to the *same* phone type with the *same* telephone script. Further, any calls may or may not have been expected or desired. Promoters and customers provided permission to be called and/or texted in a variety of ways. In short, none of these issues can be resolved on a class wide basis "in one stroke." *Wal-Mart*, 564 U.S. at 350.

### 3.     Plaintiff's Claims or Defenses Are Not Typical of the Class

Plaintiff must also show that her claims or defenses are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). In order to determine whether claims and defenses are typical, the court looks to "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (quotation marks omitted).

Plaintiff does not satisfy the typicality requirement for a multitude of reasons:

(1) Plaintiff's own claim is not typical of class members who may have received different prerecorded messages related to different campaigns (which may or may not have been telemarketing) or who did not receive and hear *any* prerecorded message at all.

(2) Plaintiff's own claim is not typical of class members who are/were active or inactive promoters because she is/was neither. Any calls made to Plaintiff, a *former* promoter of ViSalus, were an anomaly and against company policy because company policy was to remove cancelled accounts from contact lists, including any calling lists.

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

6

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

(3) Plaintiff's own claim is not typical of class members who are customers because Plaintiff was a promoter.   Promoters are independent business owners *selling* product in connection with their businesses whereas customers are consumers *purchasing* product for personal or household use.

(4) Plaintiff's own claim is not typical of class members who consented, requested, and/or otherwise desired to receive telemarketing calls.  Plaintiff repeatedly contends that she requested not to be called and to be placed on ViSalus' internal DNC list.  In contrast, many class members did *not* make such a request and/or desired telemarketing calls from ViSalus.

(5) Plaintiff's own claim is not typical of class members who are promoters or customers who were called on their residential landlines or mobile phones because she was called on a *business* landline, which does not qualify for protection under the TCPA.  In fact, her claim is based, in part, on the alleged interference the calls caused to her home daycare business.

(6) Plaintiff's own claim is not typical of class members generally because she shared the landline phone number at issue with her husband, who was also a promoter with ViSalus.  *It is entirely possible that any calls were intended for Plaintiff's husband, and not Plaintiff.*  This presents issues and defenses unique to Plaintiff and calls into question Plaintiff's standing to bring suit.

(7) Plaintiff's own claim is not typical of class members who received a call on their mobile devices.   Again, calls to mobile phones versus landlines involve entirely different subsections of the TCPA and have different elements and defenses.

In short, Plaintiff's claim is unique to her and she is unfit to represent the class.

### 4.    Plaintiff Is Not an Adequate Class Representative

Finally, Rule 23(a) requires that Plaintiff must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This requirement turns on two questions: (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members;" and (2) whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

As a disgruntled *former* promoter, Plaintiff is differently-situated from the rest of the

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

7

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

class, which consists of customers and promoters who ***did not*** cancel their accounts.  Plaintiff seeks to represent customers who enjoy and/or benefit from ViSalus' products and promoters whose home-based businesses and/or livelihoods depend on the company's continued operations. [3]   Also, and somewhat ironically, class promoters may have requested that prerecorded messages be sent on their behalf to their downline customers and/or promoters. Plaintiff's interests not only diverge from her fellow class members, but may be directly adverse to them.

### B.    Plaintiff Cannot Satisfy the Requirements of Rule 23(b)(3)

#### 1.    Individual Issues Predominate

Rule 23(b)(3) calls for two separate inquiries: (1) do issues of fact or law common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).

The class is hopelessly riddled with individual issues which will predominate over common issues, resulting in innumerable mini-trials.  Some of the questions that will need to be answered for each individual class member include, but are not limited to, the following:

(1) did the class member receive a phone call and is so, on what date and time;

(2) was the call initiated with a prerecorded or "press 1" message;

(3) did the class member receive and hear the prerecorded or "press 1" message;

(4) did the class member "press 1" and speak with a live agent and if so, what was said;

(5) was the prerecorded message from ViSalus or a promoter to his or her downline;

(6) did the prerecorded message constitute "telemarketing" under the TCPA;

(7) was the phone number landline or mobile at the time of the prerecorded call;

(8) was the number a business or residential landline at the time of the prerecorded call;

(9) was the class member a promoter or a customer at the time of the prerecorded call;

(10) was the class member a business entity or individual;

---

[3] A catastrophic statutory damages award against this financially struggling company would ensure its bankruptcy.

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

8

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

(11) was the class member located in the United States;

(12) did the class member have an active, inactive, or cancelled account at the time of the prerecorded call;

(13) did the class member provide consent or otherwise expect or desire to receive telemarketing calls from ViSalus;

(14) did the class member have verbal communications with promoters about ViSalus telephonic outreach during the enrollment/onboarding process and if so, what was verbally discussed;

(15) did the class member opt out of telephone communications prior to any prerecorded call;

(16) was the class member on an opt-out list at the time of the call; and,

(17) did the class member own the phone number called or otherwise have standing.

Accordingly, individual issues—not common issues of fact or law—predominate and separate adjudications of each class member's individual claim or defense to that claim will be required, resulting in mini-trials across the class.

### 2.    A Class Action Is Neither Manageable Nor Superior

A class action is only superior to other methods of adjudication if "class wide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Rule 23(b)(3)(D) mandates that a court consider the "likely difficulties in managing a class action" when evaluating whether class action treatment is superior to other methods of adjudications. Manageability "encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164 (1974). The Robocall class is unmanageable because thousands of mini-trials taking years to complete at great cost will be required to determine the answers to the individualized issues identified above, given that ViSalus' records do not establish the answers, including whether calls were made to any class members, whether a prerecorded message was sent, and whether a message was played and heard. As such, this case presents not just a manageability ***difficulty***, but a near ***impossibility***.

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

9

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

C.     **Plaintiff Cannot Satisfy Her Burden of Proving Class Liability Through Post-Trial Affidavits**

Plaintiff suggests that to establish liability on behalf of the entire class, she need only prove at trial that she received a telemarketing call using an artificial or prerecorded voice to her landline telephone number.  Not so.  Merely providing evidence to establish her own claim is insufficient to establish liability as to the class.  *See Gutierrez v. Wells Fargo & Co.*, No. C 07–05923 WHA, 2009 WL 1247040, at *6 (N.D. Cal. May 5, 2009).  Rather, the class cannot recover unless Plaintiff presents sufficient proof that ***each*** class member has a viable claim.  *See id*.  As such, for an individual class member to recover, Plaintiff must submit evidence sufficient to satisfy the individual class member's burden of proof for each of the elements of the class member's individual claim.

Plaintiff attempts to side-step the burden of class proof by suggesting that post-trial declarations may be submitted affirming that ViSalus called class members on their cellular telephone or residential landline and that they heard an artificial or prerecorded voice.  However, allowing such post-trial evidence (i) would violate ViSalus' Seventh Amendment right to a jury trial on all factual issues, *see Ross v. Bernhard*, 396 U.S. 531, 550 (1970) (holding that proceeding under Rule 23 does not alter this right), (ii) runs afoul of the Rules Enabling Act, by allowing the jury to assess class liability without evidence supporting each essential element of their TCPA claim, and (iii) would violate ViSalus' Due Process right to not pay in excess of its liability, which would occur without Plaintiff actually demonstrating at trial that the class members each received calls on a cell phone or residential landline and heard an artificial or prerecorded voice.  Cases approving the use of post-trial declarations focus on whether a class member is entitled to a share of the damages, and in what amount, but not whether the defendant is liable for damages in the first instance.  *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017) (noting that Rule 23 contemplates individual claims determinations "after a finding of liability").

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

10

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

### D.     The Certified Class Is Fail-Safe

A class is fail-safe if it is "defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010).  In other words, once it is determined that a potential class member cannot prevail against the defendant, the person "drops out of the class." *Id*.  Fail-safe classes are "palpably unfair" to defendants, as they "preclude[] the possibility of an adverse judgment against class members; the class members either win or are not in the class." *Genenbacher v. CenturyTel Fiber Co. II*, 244 F.R.D. 485, 488 (C.D. Ill. 2007); *Kamar*, 375 F. App'x at 736.

Here, the class definition is impermissibly fail-safe because class membership is entirely dependent on merit determinations, and consists solely of persons who can establish that ViSalus violated the TCPA.  *See, e.g., Olney v. Job.com, Inc.*, No. 1:12–CV–01724–LJO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013) (class defined as "anyone who received [a call from defendant to her cellular phone made through the use of an artificial or prerecorded voice] without prior express consent" was fail-safe because the class would consist of "only those potential members who would prevail").

Quarles & Brady LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE,
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

11

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

## III.     **CONCLUSION**

For the reasons stated, many of which we expect will be apparent at trial, the "Robocall" class should be decertified.

DATED this April 12th day of 2019.

QUARLES & BRADY LLP

By */s/ John Maston O'Neal*
_____

**John Maston O'Neal** (admitted *pro hac vice*)
john.oneal@quarles.com
**Zachary S. Foster** (admitted *pro hac vice*)
zachary.foster@quarles.com
QUARLES & BRADY LLP
101 E. Kennedy Blvd., Ste. 3400
Tampa, FL 33602
Telephone: 813.387.0300
Facsimile: 813.387.1800

MILLER NASH GRAHAM & DUNN LLP
Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
Nicholas H. Pyle, OSB No. 165175
nicholas.pyle@millernash.com
Telephone:  503.224.5858
Facsimile:  503.224.0155

*Attorneys for Defendant ViSalus, Inc.*

Quarles & Brady LLP
Attorneys at Law
Telephone: 602.229.5200
2 N. Central Ave.
Renaissance One
Phoenix, AZ 85004-2391

12

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION

I hereby certify that I served the foregoing on Plaintiff the foregoing document:

Scott F. Kocher
Stephen J. Voorhees
FORUM LAW GROUP LLC
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Telephone: 503.445.2102
Fax: 503.445.2120
E-mail: scott@forumlawgroup.com
          stephen@forumlawgroup.com
*Attorneys for Plaintiff*

Rafey S. Balabanian (*pro hac vice*)
Eve-Lynn Rapp (*pro hac vice*)
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, CA 94107
Telephone: 415.212.9300
Fax: 415.373.9435
E-mail: rbalabanian@edelson.com
          erapp@edelson.com
*Attorneys for Plaintiff*

Benjamin H. Richman (*pro hac vice*)
EDELSON PC
350 N. LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: 312.589.6370
Fax: 21.589.6378
E-mail: brichman@edelson.com
*Attorneys for Plaintiff*

Stefan Coleman
Law Offices of Stefan Coleman, LLC
1309 Jericho Tpke, 2nd Floor
New Hyde Park, NY 11040
Tel: 877.333.9427
Fax: 888.498.8946
E-mail: law@stefancoleman.com
*Attorneys for Plaintiff*

by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 12th day of April, 2019.

*/s/John Maston O'Neal*
Attorneys for Defendant ViSalus, Inc.

QUARLES & BRADY LLP
ATTORNEYS AT LAW
TELEPHONE: 602.229.5200
2 N. CENTRAL AVE.
RENAISSANCE ONE
PHOENIX, AZ 85004-2391

13

DEFENDANT'S TRIAL MEMORANDUM RE
VERDICT FORM AND DECERTIFICATION