IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD, individually and on behalf of a class of others similarly situated**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**VISALUS, INC.,**<br><br>　　　　　Defendant. | Case No. 3:15-cv-1857-SI<br><br>**FINAL JURY INSTRUCTIONS** |

DATED this 12th day of April, 2019.

　　　　　　　　　　　　　　　　　　　　*/s/ Michael H. Simon*
　　　　　　　　　　　　　　　　　　　　Michael H. Simon
　　　　　　　　　　　　　　　　　　　　United States District Judge

PAGE 1 – FINAL JURY INSTRUCTIONS

# INDEX OF FINAL JURY INSTRUCTIONS

**Instruction No. 1:** Duty of Jury ................................................................................................ 3

**Instruction No. 2:** Burden of Proof—Preponderance of the Evidence ............................. 4

**Instruction No. 3:** What Is Evidence ........................................................................................ 4

**Instruction No. 4:** What Is Not Evidence ................................................................................ 4

**Instruction No. 5:** Direct and Circumstantial Evidence ........................................................ 5

**Instruction No. 6:** Ruling on Objections .................................................................................. 6

**Instruction No. 7:** Summaries Received in Evidence ............................................................. 6

**Instruction No. 8:** Credibility of Witnesses ............................................................................. 6

**Instruction No. 9:** Fair Treatment ............................................................................................ 8

**Instruction No. 10:** Stipulations of Fact .................................................................................. 8

**Instruction No. 11:** Deposition in Lieu of Live Testimony ..................................................... 8

**Instruction No. 12:** Evidence in Electronic Format ............................................................... 9

**Instruction No. 13:** The Telephone Consumer Protection Act ........................................... 10

**Instruction No. 14:** Both Individual Claim and Class Action Claim Asserted .................. 11

**Instruction No. 15:** Count I: Plaintiff's Individual TCPA Claim ........................................ 12

**Instruction No. 16:** Count II: The Class TCPA Claim .......................................................... 12

**Instruction No. 17:** "Residential Telephone Line" Defined ................................................ 13

**Instruction No. 18:** "Telemarketing Call" Defined ............................................................... 14

**Instruction No. 19:** "Used an Artificial or Pre-Recorded Voice" Defined ........................ 14

**Instruction No. 20:** Prior Express Written Consent Not at Issue ...................................... 15

**Instruction No. 21:** Jury to Determine Number of Violations, If Any .............................. 15

**Instruction No. 22:** Duty to Deliberate .................................................................................. 16

**Instruction No. 23:** Consideration of Evidence—Conduct of the Jury ............................. 16

**Instruction No. 24:** Communication with Court .................................................................. 18

**Instruction No. 25:** Return of Special Verdict ...................................................................... 19

Members of the Jury:

Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions. You may take them with you to the jury room to consult during your deliberations. If any of these instructions are inconsistent with or different from anything that I said in my preliminary instructions at the beginning of the trial, these written Final Jury Instructions control and are what you must apply.

**Instruction No. 1:   Duty of Jury**

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be. Your verdict is for you to decide. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Instruction No. 2:   Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all the evidence, regardless of which party presented it.

**Instruction No. 3:   What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are received into evidence; and

3. any facts to which the lawyers have agreed, which are also called stipulations.

**Instruction No. 4:   What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements or at other times or will soon say in their closing arguments is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose. If I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

**Instruction No. 5:  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Instruction No. 6:   Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Instruction No. 7:   Summaries Received in Evidence**

Certain summaries have been received in evidence to illustrate information brought out in the trial. Summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Instruction No. 8:   Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the

number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witnesse's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

If you decide, however, that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness

PAGE 7 – FINAL JURY INSTRUCTIONS

said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction No. 9:   Fair Treatment**

All parties are equal before the law. A corporation is entitled to the same fair and conscientious consideration by you as any party.

**Instruction No. 10: Stipulations of Fact**

The parties have agreed to certain facts that were given to you in a document titled "Stipulations." You must treat these facts as having been proved.

**Instruction No. 11: Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Excerpts from the deposition of three witnesses, Justin Call, John Laun, and Scott Gidley, have been read to you. Insofar as possible, you should consider deposition testimony, presented to you in court instead of live testimony, in the same way as if the witness had been present to testify. Do not place any

significance on the behavior or tone of voice of any person reading the questions or answers.

**Instruction No. 12: Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer and monitor will be available to you in the jury room.

Either the Courtroom Deputy or a court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room,

PAGE 9 – FINAL JURY INSTRUCTIONS

the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Instruction No. 13: The Telephone Consumer Protection Act**

The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, is a federal law that, among other things, makes it unlawful for any person or entity to make a telemarketing call to a mobile (or cellular) telephone number or to a residential telephone line (or residential landline) when that call uses an artificial or prerecorded voice to deliver or play a message, unless the person or entity making the call has the prior express written consent of the party being called.

**Instruction No. 14: Both Individual Claim and Class Action Claim Asserted**

The Named Plaintiff, Ms. Lori Wakefield, asserts one claim for herself (Count I) and a separate claim on behalf of a class of similarly situated individuals (Count II). Ms. Wakefield alleges that Defendant, ViSalus, Inc. ("ViSalus"), violated the TCPA by making one or more telemarketing calls to mobile (or cellular) telephones or residential telephone lines (or residential landlines) of class members and that in making these calls ViSalus used an artificial or prerecorded voice to play messages without having the prior express written consent of the called party.

As I mentioned to you at the outset of the trial, this case includes a class action claim. A class action is a procedure that allows the filing of one lawsuit by a representative (or a small number of representatives) on behalf of a group of plaintiffs who have similar claims. This procedure is intended to avoid duplication of effort or expense from multiple lawsuits asserting the same claim by many people in different locations. Ms. Wakefield is the representative of the class in this case. The Plaintiff Class is comprised of:

> All individuals in the United States who received a telephone call made by or on behalf of ViSalus: (1) promoting ViSalus's products or services; (2) where such call featured an artificial or prerecorded voice; and (3) where neither ViSalus nor its agents had any current record of prior express written consent to place such call at the time such call was made.

PAGE 11 – FINAL JURY INSTRUCTIONS

You should not hold the physical absence of any class member from trial against Plaintiff or any class member, and you should not think that it reflects a lack of concern or interest by any class member in the outcome of this litigation. Also, the fact that this case is proceeding as a class action does not mean that any decision has been made about the merits of the case. You must make that decision. Also, your verdict here will be binding on all class members.

**Instruction No. 15: Count I: Plaintiff's Individual TCPA Claim**

To prove her individual claim, Count I, Ms. Wakefield must prove each of the following elements by a preponderance of the evidence:

1. ViSalus made one or more telemarketing telephone calls to Ms. Wakefield;

2. the call or calls used an artificial or prerecorded voice; and

3. the call or calls was or were made to Ms. Wakefield's residential telephone line (or residential landline).

**Instruction No. 16: Count II: The Class TCPA Claim**

To prove her class action claim, Count II, Ms. Wakefield must prove each of the following by a preponderance of the evidence:

1. ViSalus made one or more telemarketing telephone calls to one or more members of the class other than Ms. Wakefield;

2. those calls used an artificial or prerecorded voice; and

    3.    those calls were made either to a class member's (other than Ms. Wakefield's) mobile (or cellular) telephone or to that class member's residential telephone line (or residential landline).

**Instruction No. 17: "Residential Telephone Line" Defined**

The prohibitions of the TCPA apply both to mobile (or cellular) telephones (regardless of whether they are business telephone numbers) and also to residential telephone lines (also known as residential telephone landlines). The TCPA does not apply to any call made to a business telephone line (or business telephone landline).

The parties have agreed, or stipulated, that Ms. Wakefield's telephone number was a landline telephone number (and not a mobile or cellular telephone). The parties disagree, however, over whether Ms. Wakefield's landline telephone was a "residential" or a "business" landline telephone. You must decide this issue based on the evidence presented at trial.

In deciding whether a landline telephone is "residential" or "business," you must give the word "residential" its usual and ordinary meaning. You may consider whether Ms. Wakefield's telephone number was registered as a residential number or as a business number. You also may consider whether that number was publicized or held out to the general public as a business telephone number, even if it was registered as a residential number. The fact that a landline telephone is used

PAGE 13 – FINAL JURY INSTRUCTIONS

for some business calls does not necessarily make it a business telephone. The key point is that a residential landline telephone is used primarily as a residential telephone.

**Instruction No. 18: "Telemarketing Call" Defined**

The term "telemarketing call" means the making or initiation of a telephone call or message for the purpose of encouraging the purchase of or investment in property, goods, or services to any person. In determining whether a call is a telemarketing call, you should consider whether the purpose of the call was to encourage the purchase of or investment in property, goods, or services.

**Instruction No. 19: "Used an Artificial or Pre-Recorded Voice" Defined**

To be liable under the "artificial or prerecorded voice" prohibition of the TCPA, a person must prove that a defendant made a call and either "used" an artificial or prerecorded voice during that call or "used" an artificial or prerecorded voice to play a message during that call. A call "uses" an artificial or prerecorded voice if, during a call, the prerecorded or artificial voice actually begins to "speak" or begins to play a message. If a defendant made a call intending to use an artificial or prerecorded voice but that voice never actually "spoke" or the message never "played," that is not a violation of the TCPA.

PAGE 14 – FINAL JURY INSTRUCTIONS

**Instruction No. 20: Prior Express Written Consent Not at Issue**

The TCPA prohibits making telephone calls to residential telephone lines (landlines) or to mobile (or cellular) telephones using an artificial or prerecorded voice to deliver a message, without the prior express written consent of the party being called. "Prior express written consent" means a signed, written agreement that clearly authorizes the caller to place telemarketing calls using an artificial or prerecorded voice. ViSalus does not contend that it had the prior express written consent to call Ms. Wakefield or any other class member.

**Instruction No. 21: Jury to Determine Number of Violations, If Any**

If you find that ViSalus violated the TCPA by making one or more telemarketing calls that used an artificial or prerecorded voice to one or more residential telephone lines or mobile (or cellular) telephones for any class member (including Ms. Wakefield), you will be asked to determine the number of times that ViSalus violated the TCPA. Each telephone call made in violation of the TCPA is a separate violation of the TCPA. There will be places on the verdict form for you to indicate how many times, if any, ViSalus violated the TCPA in Count I (Ms. Wakefield's individual claim) and in Count II (the class claim for class members other than Ms. Wakefield).

You must decide this issue based on the evidence presented at trial and not guess or speculate. For both Count I and Count II, Ms. Wakefield has the burden of

PAGE 15 – FINAL JURY INSTRUCTIONS

proving the number of TCPA violations, if any, by a preponderance of the evidence.

## CLOSING ARGUMENTS

**Instruction No. 22: Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 23: Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the

PAGE 16 – FINAL JURY INSTRUCTIONS

case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not do any research about this case, the issues, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in

PAGE 17 – FINAL JURY INSTRUCTIONS

the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction No. 24: Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate

PAGE 18 – FINAL JURY INSTRUCTIONS

with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Instruction No. 25: Return of Special Verdict**

A form titled "Special Verdict" has been prepared for you. After you have reached unanimous agreement on each applicable question on that Special Verdict form, your presiding juror should fill in the form, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.