IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD, individually and on behalf of a class of others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**VISALUS, INC.,**<br><br>Defendant. | Case No. 3:15-cv-1857-SI<br><br>**OPINION AND ORDER** |

Scott F. Kocher and Stephen J. Voorhees, FORUM LAW GROUP, 811 SW Naito Parkway, Suite 420, Portland, OR 97204; Benjamin H. Richman, Rafey S. Balabanian, Eve-Lynn J. Rapp, J. Aaron Lawson, and Lily E. Hough, EDELSON PC, 123 Townsend Street, Suite 100, San Francisco, CA 94107; and Gregory S. Dovel, Simon Franzini, and Jonas Jacobson, DOVEL & LUNER LLP, 201 Santa Monica Boulevard, Suite 600, Santa Monica, CA 90401. Of Attorneys for Plaintiff and the Certified Class.

Joshua M. Sasaki. Jonathan H. Singer, and Nicholas H. Pyle, MILLER NASH GRAHAM & DUNN LLP, 3400 U.S. Bancorp Tower, 111 SW Fifth Avenue, Portland, OR 97204; John M. O'Neal and Zachary S. Foster, QUARLES & BRADY LLP, 2 N. Central Avenue, One Renaissance Square, Phoenix, AZ 85004; and Christine M. Reilly, MANATT, PHELPS & PHILLIPS LLP, 11355 W. Olympic Boulevard, Los Angeles, CA 90064. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Lori Wakefield, on behalf of herself and a certified class of similarly situated individuals, sued Defendant ViSalus, Inc., for violations of the Telephone Consumer Protection Act ("TCPA") after Plaintiff and class members received multiple telephone calls advertising

PAGE 1 – OPINION AND ORDER

Defendant's products. After three days of trial, the jury returned a verdict finding that Defendant placed four violative calls to Plaintiff Lori Wakefield and 1,850,436 violative calls to the other class members. The statutory minimum damages under the TCPA is $500 per call. Therefore, the minimum statutory damages award totals $925,220,000. Plaintiff now asks the Court to find that Defendant willfully or knowingly violated the TCPA when it made the violative calls and exercise its discretion to award enhanced damages. *See* 47 U.S.C. § 227(b)(3)(C). For the reasons discussed below, Plaintiff's request is denied.

## DISCUSSION

The TCPA provides that a person may "recover for actual monetary loss [for each] violation . . . [or] receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). A court has the option, however, to award up to three times this amount if it finds that the defendant committed the violation "willfully or knowingly." *Id.* § 227(b)(3)(C). The TCPA does not define "willful" or explain what constitutes a willful or knowing violation of the TCPA. Courts have divided on the issue of what is required to show willful or knowing conduct under the TCPA. Some courts have held that a defendant must know that it is violating the TCPA, while other courts have held that it is sufficient for a plaintiff merely to show that the defendant knew that it was engaging in the conduct at issue. *See J2 Global Comm'cns, Inc. v. Blue Jay Inc.*, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting that "there appears to be a split in authority as to what predicate conduct is required before a treble damages award may be issued") (collecting cases).

Plaintiff urges the Court to interpret willfulness to require only that the violative calls were made intentionally not inadvertently, that a telemarketing message played intentionally not inadvertently, or that Defendant omitted prior express written consent from its sign-up forms not due to an accident or printing error. Defendant, on the other hand, argues that the Court should

PAGE 2 – OPINION AND ORDER

adopt a standard that requires proof that Defendant knew or had reason to know that it was violating the TCPA to sustain an award for treble damages.

As explained in the Court's previous Order, the Court adopts the more common interpretation that "willfully" or "knowingly" requires only that an unlawful act be done intentionally or volitionally, as opposed to inadvertently, and not that Defendant must have known that its conduct would violate the statute. *See, e.g., Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011) (holding that the treble damages TCPA requires mere "knowing" conduct, not wanton or malicious conduct); *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 226-27 (D. Mass. 2014), *Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888, 896-97 (E.D. Mich. 2012); *Sengenberger v. Credit Control Servs., Inc.*, 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, at *7 (N.D. Ill. Mar. 19, 2013); *but see, e.g., Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001).

Because the plain text of the TCPA makes a caller strictly liable for making any violative calls, interpreting "willfully" to require a volitional act does not render the enhanced damages provision redundant with the basic liability framework of the TCPA. *Davis*, 36 F. Supp. 3d at 226-27; *see N.L. by Lemos v. Credit One Bank, N.A.*, 2019 WL 1428122, at *1 (E.D. Cal. March 29, 2019). This conclusion is consistent with the definition of "willfully" provided in Section 212 of the Communications Act of 1943, which although not directly controlling here, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision . . . , rule or regulation." 47 U.S.C. § 312(f)(1). Thus, the Court finds that "a person need not have intent to commit an unlawful act in order to act willfully

or knowingly under the TCPA." *Roylance v. ALG Real Estate Servs., Inc.*, 2015 WL 1522244, at *10 (N.D. Cal. March 16, 2015).

The Court disagrees, however, with Plaintiff's formulation of what Defendant must know for its conduct to be willful. To find that Defendant acted willfully, Plaintiff must show that Defendant knew that it was engaging in the conduct that gave rise to liability. This means that Defendant must have known the following: (1) that it was placing telemarketing calls; (2) to a mobile (or cellular) telephone number or to a residential telephone landline; (3) the call used an artificial or prerecorded voice, and (4) the person being called had not given prior express written consent. "For the calls to have been deliberate violations, Plaintiff needed to demonstrate that [Defendant] should have known that [it was] calling a person who did not provide prior express consent." *N.L. by Lemos*, 2019 WL 1428122, at *1; *see Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106-07 (11th Cir. 2015) (finding plaintiff failed to establish a willful or knowing violation of the TCPA because he did not prove that the defendants sent the advertisement knowing it was unsolicited).

Defendant disputes that it knew it called class members without their consent. Defendant asserts that the written consents that it obtained from its customers and promoters were legally compliant under the TCPA until at least October 2013, when the FCC implemented a rule change to impose new, more stringent requirements for consent. Defendant claims that the shifting legal landscape for what qualifies as legally sufficient consent for automated telemarketing calls has led to confusion in the industry. Defendant claims that it believed that consents obtained under the pre-2013 standards would continue to be valid despite the FCC's rule change.[1]

---

[1] The Court notes that on June 13, 2019, the FCC granted Defendant's application for a limited retroactive waiver of the prior express written consent requirements implemented in the

Plaintiff argues that Defendant's misunderstanding of the FCC's consent requirements amounts to willful blindness, and Defendant should have undertaken the proper due diligence to know that it was violating the TCPA when it intentionally sent automated pre-recorded telemarketing messages to cell phones and residential landline phones. The Court need not resolve whether Defendant's conduct, in light of the shifting FCC requirements, amounts to a willful violation of the TCPA because the Court finds that the circumstances of this case do not call for the imposition of enhanced damages.

There is no evidence that Defendant has been previously sued for violating the TCPA. Although Plaintiff introduced evidence that ViSalus called people even after those individuals had asked for the telephone calls to stop, in the form of one consumer complaint and the trial testimony of Ms. Wakefield, two complaints for out of more than 1.8 million calls might not have put ViSalus on notice that it had a serious legal problem with its outbound marketing program. TR. 226-27. Defendant ceased making outbound marketing calls in early 2016, shortly after this lawsuit was filed. The Court finds that enhanced damages in this case would serve no further deterrent purpose because Defendant ceased making unlawful calls almost as soon as it learned of Plaintiff's claims. Finally, the minimum statutory damages award in this case exceeds $925 million dollars, and Plaintiff cannot credibly argue that this amount of damages would be trivial to Defendant or insufficient to deter unlawful conduct by others. *See Ellis v. Energy Enter. USA, Inc.*, 2018 WL 6816112, at *6 (N.D. Cal. Nov. 20, 2018) (declining to award enhanced damages under the TCPA when no evidence that defendant had previously been sued for violating the TCPA, that it continues to violate the TCPA, or that it would consider minimum statutory damages of $8,000 trivial); *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 WL

---

FCC's 2015 clarification of the written consent rules. In particular, the FCC granted the limited waiver "in light of confusion about the rules." ECF 321-1 at 2.

6571629, at *17 (N.D. Cal. Aug. 19, 2013) (holding that although plaintiff's allegations established that defendant acted willfully, the $11,000 statutory damage award was sufficient to accomplish the purposes of the TCPA and plaintiff had not provided evidence that defendant had been sued before). The damage award in this case of more than $925 million is more than sufficient to accomplish the purposes of the TCPA, and Defendant has stopped making the type of violative calls at issue in this case. The Court believes that an award of statutory minimum damages is sufficient to deter Defendant, and others, from committing future violations of the TCPA and that a further award of enhanced damages are not warranted.

## CONCLUSION

The Court DENIES Plaintiff's request for enhanced damages (ECF 297).

**IT IS SO ORDERED.**

DATED this 24th day of June, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge