Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
Nicholas H. Pyle, OSB No. 165175
nicholas.pyle@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Christine M. Reilly (pro hac vice)
creilly@manatt.com
John W. McGuinness (pro hac vice)
jmcguinness@manatt.com
MANATT, PHELPS & PHILLIPS LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Telephone: 310.312.4000
Facsimile: 310.312.4224

John Maston O'Neal (pro hac vice)
john.oneal@quarles.com
Zachary S. Foster (pro hac vice)
zachary.foster@quarles.com
QUARLES & BRADY LLP
Two N. Central Avenue
One Renaissance Square
Phoenix, Arizona 85004-2391
Telephone: 602.229.5200
Facsimile: 602.229.5690

*Attorneys for Defendant*
ViSalus, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LORI WAKEFIELD, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>VISALUS, INC., a Nevada corporation,<br><br>        Defendant. | No. CV No. 3:15-cv-01857-SI<br><br>**DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE**<br><br>Oral Argument Requested |

I.      **INTRODUCTION**

This Court's July 31st Order directed Plaintiff to address two discrete issues: (1) waiver and (2) the appropriateness of a new trial regarding calls made after October 7, 2015.  Dkt. 337. Plaintiff's 28-page sur-reply to these two simple questions exceeds the scope of these questions by raising new issues and proposals and by proffering new and objectionable evidence.  This Court should ignore and strike Shawn Davis' declaration, (Dkt. 341), and pages 11–20 of Plaintiff's sur-reply, (Dkt. 340).  Further, assuming that this Court were to entertain Plaintiff's new suggestion to enter a partial judgment now, this Court should reject that proposal because it is unworkable and ignores *all* the meritorious reasons for decertification, previously briefed at length, which apply equally to *all* calls, whether before or after October 7, 2015.

II.     **DISCUSSION**

**Waiver.**  Plaintiff's response to the issue of waiver rehashes prior arguments, relies on non-binding out-of-circuit authority, and ignores the binding precedent Visalus cited.  Dkt. 327 at 12, n.28; Dkt. 335 at 21-24.  ViSalus relies on its prior briefing and will not burden the Court with further briefing unless it has further questions..

**New Trial for Post-October 2015 calls.**  On the second issue, Plaintiff asserts that "there is no need for … a new trial for the calls made after October 7, 2015."  Dkt. 340 at 1.  That was all Plaintiff needed to say.  But Plaintiff could not resist going further, thereby raising new matters requiring objections and responses.

Plaintiff requests that the Court enter a "partial judgment" for over $61 million "without any further proceedings," based on the purportedly "uncontradicted evidence" that the jury's verdict "necessarily" includes at least 123,758 calls made after October 7, 2015.  Dkt. 340 at 1, 11, 17, 20.  Plaintiff supports this request with a declaration from Shawn Davis, Edelson PC's staff employee, purporting to testify as to how many "Winback" calls with an "Answering Machine" disposition code were made to phone numbers with valid U.S. area codes after October 7, 2015.  Dkt. 341; Dkt. 340 at 1.  Plaintiff's request and supporting declaration are unfounded and should be stricken or ignored.

First, this Court should not enter any judgment—partial or otherwise—before deciding ViSalus' motion to decertify the class. Plaintiff's request for partial judgment seeks to sweep ViSalus' decertification motion under the rug. Also, despite Plaintiff's steadfast focus on a consent argument arising from the FCC's retroactive waiver (in the context of merit issues rather than decertification issues no less), individual consent issues are merely one reason, among many others as previously briefed, demonstrating why the class must be decertified. *See* Dkts. 306, 323, 327, 335.

Second, the Davis declaration is improper and objectionable on numerous grounds. This Court did not invite Plaintiff to submit evidence or expert testimony on how many calls were made after October 7, 2015. Plaintiff's evidence raises factual disputes that have no bearing on the decertification issues pending before the Court. The merits of a consent defense or whether a judgment should be entered, and in what amount, is simply not relevant at this juncture.

The Davis declaration also lacks foundation, is speculative, contains inadmissible hearsay, constitutes improper expert testimony, and perhaps most importantly, is simply wrong. Once again, Mr. Davis is attempting to rely on third-party tools to render an improper expert opinion. He does not identify which Google tool he used, nor is he qualified to testify as to its reliability. *See* Davis Decl. ¶ 7, Dkt. 341 (relying on a Google phone number library to determine the number of post-October 7, 2015 calls and stating that "[a] large number of software developers throughout the world rely on and embed this library into their applications"). This Court already rejected a similar attempt to provide improper expert testimony at trial.

Additionally, Plaintiff is attempting to present new evidence never introduced at trial. The thrust of Plaintiff's argument is that the Court can identify the calls supposedly made to class members after October 7, 2015, by simply referencing Exhibit 31, which Mr. Davis asserts contains "the start and end time of each campaign" and thus can be used to determine which calls post-date October 7, 2015. But Mr. Davis is not a ViSalus employee and has no personal knowledge regarding how to read or interpret Exhibit 31. Plaintiff produced no evidence or testimony at trial explaining if or how Exhibit 31 could be used to determine the date of any

alleged call.  That was simply not how Plaintiff tried her case.  Call dates were not part of

Plaintiff's evidentiary presentation and not an issue she asked the jury to determine.  Instead,

Plaintiff simply asserted that all calls presented, irrespective of date, violated the TCPA.

Plaintiff cannot rely on a narrative entirely from Mr. Davis and her counsel's unsubstantiated

post-trial testimony to attempt to retroactively prove facts and issues never addressed at trial.

Even if the Court accepted Plaintiff's assertion that the campaigns listed in Mr. Davis'

declaration corresponded to calls placed after October 7, 2015, the Court cannot reconcile the

jury's verdict with Plaintiff's request for a partial judgment.  Plaintiff asked the jury to find that

ViSalus violated the TCPA for 1,927,928 calls, but the jury returned a verdict for 1,850,336

calls.  Plaintiff's speculation aside, the jury was not asked to, and did not explain, the 77,592-call

disparity.  No one can credibly determine which calls the jury determined did not violate the

TCPA.  It is plausible that some or all of these calls occurred after October 7, 2015, and any

assertion to the contrary is based on nothing more than pure conjecture.  Moreover, because the

jury did not explain the 77,592 call disparity, it cannot be assumed that every "answer machine"

call is necessarily violative, which is a critical (and flawed) assumption upon which the Davis

declaration relies in arriving at its $61 million "partial judgment" figure.  Finally, there is a high

likelihood that a substantial number of the landlines called after October 7, 2015 were home

business lines, for which there is no TCPA violation.[1]  Consequently, notwithstanding

Mr. Davis' declaration, the Court cannot enter a judgment in Plaintiff's favor as to any post-

October 7, 2015 calls.

Plaintiff's remaining arguments only further demonstrate the complexities of the issues

regarding the class and reinforce why decertification is required.  For example, Plaintiff argues

that additional discovery "is also likely to show that many (if not most) class members who used

such a[n] [application] form did not check the 'phone' box."  Dkt. 340 at 23.  Assuming this

---

[1] There are numerous other problems with the Davis declaration, including the fact that it is unclear exactly how the spreadsheets were culled.  There could still be duplicates, foreign phone numbers, entities, test contacts, etc. included in that tally.

inquiry is relevant, this alone demonstrates that an individualized inquiry would need to be undertaken for every class member to determine which communication preferences each member may or may not have selected.  Plaintiff's discussion of various "possible scenarios and possible ways to address them" in order to make the case "manageable" also proves this very point.  Dkt. 340 at 24.

Lastly, Plaintiff attempts to delay this case by requesting that the Court reopen discovery or grant an indefinite stay while its petition for reconsideration is pending before the FCC.  This request should be denied.  Further discovery is not necessary or appropriate to decide ViSalus' decertification motion.  ViSalus has already submitted examples of consent in the form of application forms pertaining to certain class members who enrolled with ViSalus before October 16, 2013.  *See* Dkt. 328-1 through 328-36 (filled-out enrollment forms attached to the Gidley Declaration); Dkt. 329 (Haule declaration, confirming each enrollment form attached to the Gidley Declaration matches a member of the KCC Class List).  There is nothing more to be gained through further discovery on decertification issues.  Similarly, Plaintiff's belated attempt to clawback the FCC's Order granting a retroactive waiver is also not grounds to delay a ruling on ViSalus' motion for decertification.  As Plaintiff concedes, "[i]t is not possible to say how long it will take the Commission to resolve that petition."  Dkt. 340 at 27.  After all, it took the FCC nearly two years to decide ViSalus' initial petition requesting a retroactive waiver.  It is possible that the FCC may never rule on Plaintiff's petition for reconsideration.

## III.    <u>CONCLUSION</u>

The Court should strike or ignore the Davis declaration, (Dkt. 341), and pages 11–20 of Plaintiff's sur-reply, (Dkt. 340).  The Court should also decertify the class for all the reasons presented in ViSalus' decertification briefing.  (Dkts. 306, 323, 327, 335).

Dated: August 16, 2019                    MANATT, PHELPS & PHILLIPS, LLP


                                          By:  /s/ Christine M. Reilly
                                               CHRISTINE M. REILLY
                                               *Attorneys for Defendant*
                                               VISALUS, INC.

                                               John W. McGuinness (pro hac vice)
                                               jmcguinness@manatt.com
                                               MANATT, PHELPS & PHILLIPS LLP
                                               11355 W. Olympic Blvd
                                               Los Angeles, CA  90064
                                               Telephone: 310.312.4000
                                               Facsimile: 310.312.4224

                                               Joshua M. Sasaki, P.C., OSB No. 964182
                                               josh.sasaki@millernash.com
                                               Nicholas H. Pyle, OSB No. 165175
                                               nicholas.pyle@millernash.com
                                               MILLER NASH GRAHAM & DUNN LLP
                                               3400 U.S. Bancorp Tower
                                               111 S.W. Fifth Avenue
                                               Portland, Oregon 97204
                                               Telephone: 503.224.5858
                                               Facsimile: 503.224.0155

                                               John Maston O'Neal (pro hac vice)
                                               john.oneal@quarles.com
                                               Zachary S. Foster (pro hac vice)
                                               zachary.foster@quarles.com
                                               QUARLES & BRADY LLP
                                               Two N. Central Avenue
                                               One Renaissance Square
                                               Phoenix, Arizona 85004-2391
                                               Telephone: 602.229.5200
                                               Facsimile: 602.229.5690