IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD, individually and on behalf of a class of others similarly situated,**<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**VISALUS, INC.,**<br><br>　　　　Defendant. | Case No. 3:15-cv-1857-SI<br><br>**JUDGMENT** |

**Michael H. Simon, District Judge.**

　　Based on the Special Verdict of the jury (ECF 282), the Court hereby enters Judgment in favor of the Certified Class, defined as follows:

> All individuals in the United States who received a telephone call made by or on behalf of ViSalus: (1) promoting ViSalus's products or services; (2) where such call featured an artificial or prerecorded voice; and (3) where neither ViSalus nor its agents had any current record of prior express written consent to place such call at the time such call was made.

ECF 81; ECF 69 at 2. The following people are excluded from the Certified Class: (1) any United States Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (4) persons who properly executed and filed a

PAGE 1 – JUDGMENT

timely request for exclusion from the Certified Class; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

The dissemination of Class Notice (ECF 106): (a) constituted the best practicable notice to Class Members; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, their right to exclude themselves, and the binding effect of the Judgment; and (c) met all applicable requirements of law, including the Federal Rules of Civil Procedure, the United States Constitution, and the Rules of this Court.

Consistent with Special Verdict of the Jury (ECF 282), (a) the Certified Class shall recover from Defendant ViSalus, Inc. ("ViSalus") $500 per call made in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, for an aggregate amount not to exceed $925,218,000; and (b) Plaintiff Lori Wakefield, for her individual claim, shall recover from ViSalus the amount of $2,000. Pursuant to 28 U.S.C. § 1961(a), Plaintiff and the Certified Class shall recover from ViSalus post-judgment simple interest payable at the statutory rate of 0.13 percent per year commencing as of the date of this Judgment. Any motion for attorneys' fees, expenses, costs, or incentive awards shall be filed not later than 14 days after entry of this Judgment. Notice of the motion shall be directed to Class Members pursuant to Fed. R. Civ. P. 23(h)(1), and any Class Member may object to the motion pursuant to Fed. R. Civ. P. 23(h)(2). Plaintiff shall file a motion for a proposed notice plan in accordance with Fed. R. Civ. P. 23(h)(2) within 28 days of the entry of this Judgment.

**IT IS SO ORDERED.**

DATED this 27th day of August, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge