Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower, 111 S.W. Fifth Ave
Portland, OR 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Benjamin G. Shatz (pro hac vice)
bshatz@manatt.com
Christine M. Reilly (pro hac vice)
creilly@manatt.com
John W. McGuinness (pro hac vice)
jmcguinness@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

Attorneys for Defendant
ViSalus, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LORI WAKEFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VISALUS, INC., a Nevada corporation,<br><br>Defendant. | No. CV No. 3:15-cv-01857-SI<br><br>**DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL AND FOR RELIEF FROM BONDING** |

## MOTION FOR STAY OF EXECUTION OF JUDGMENT

Defendant ViSalus moves for a stay of execution of the judgment pending resolution of post-judgment motions and appeal without the posting of a bond. Fed. R. Civ. Proc. 62; Fed. R. App. Proc. 8(a)(1).

This motion to stay "execution" is sadly literal: Without a stay of execution of the potentially enormous judgment entered in this action, ViSalus will be incapable of pursuing its appeal and will be forced into bankruptcy should collection efforts occur. Highly legitimate and important legal questions have arisen from this litigation with far reaching implications for this case and others, which deserve to be considered and addressed by the Ninth Circuit Court of Appeals. These issues could result in a reversal, a new trial, or class decertification. Some of the more significant legal issues include the propriety of class certification, due process concerns stemming from the catastrophic judgment (and the largest TCPA verdict of all time), and failure of proof issues (e.g., the significance of the jury's "we cannot tell" verdict, the failure to establish class liability at trial, whether calls were made to landlines used primarily for residential and not business purposes, and other trial issues).

But if Plaintiff is allowed to take steps to collect on the judgment (upon expiration of the 30-day automatic stay on September 26, 2020), ViSalus' operations will have to cease operating entirely, including having to stop pursuit of its intended appeal raising serious legal questions. This should come as no surprise. A judgment of nearly a billion dollars would have devastating consequences on any company. The consequences on ViSalus—a small and struggling multi-level marketing company selling nutritional products—are fatal.

ViSalus is already on financial life-support. In earlier motion practice, ViSalus presented economic evidence that it has no capacity to pay even a tiny fraction of this enormous judgment, let alone bond it for an appeal. (E.g., Dkt. No. 359.) Additional information confirms ViSalus' current financial condition. As set forth in the declaration of Blake Mallen, ViSalus' Cofounder, ViSalus has not posted a profit for several years. (Mallen Decl. ¶ 4.) ViSalus' founders have also

deferred their salaries, commissions and expenses since 2014 in order to keep the company afloat and are owed millions from the company. (Mallen Decl. ¶¶ 6, 10.)

Moreover, ViSalus has investigated the possibility of posting a bond by contacting several surety companies. (Mallen Decl. ¶ 11.) These companies said, understandably, that they would only write such a bond if it was fully collateralized against an equal amount of cash or cash equivalents or secured by a letter of credit from an acceptable bank. (Mallen Decl. ¶ 11.) But ViSalus does not have sufficient cash or cash equivalents sufficient to collateralize such a bond, nor does it have any available collateral that it can use to secure a letter of credit from either its existing lender or a new lender. In short, ViSalus does not have the financial ability to post a bond.

Execution measures would almost certainly force ViSalus to declare bankruptcy, impacting not just the company but also its loyal customers and promoters. This impact would hit ViSalus' promoters particularly hard, because they rely on ViSalus' continued operation to maintain their small businesses. As of September 2020, ViSalus employs only two individuals in the United States, neither of whom is paid, and only seven in Europe. (*See* Mallen Decl. ¶ 3.) Further, with global operations that depend on person-to-person interaction, ViSalus has been hit hard by the global pandemic, which has disrupted manufacturing, packaging, and ViSalus' client and promoter base. (*See* Mallen Decl. ¶ 9.)

Notwithstanding the financial difficulties it has faced over the past several years, ViSalus believes it is positioned to grow its business and restore profitability with time. (*See* Mallen Decl. ¶ 10.) Denying the relief sought now—essentially forcing ViSalus into bankruptcy—would likely prevent Plaintiff and the class from recovering anything, since ViSalus would be liquidated by its bank, which holds a security interest in all of ViSalus' assets worldwide, leaving nothing for ViSalus' unsecured creditors, including Plaintiff and the class. In contrast, if a stay is granted, ViSalus would continue to operate and could be in a better position financially in the future, while the appeals process plays out.

Rightly or wrongly, the Court's judgment is a corporate death sentence on ViSalus. But ViSalus has legitimate hopes that it might obtain relief on appeal. The only way to pursue (i.e., fund) that appeal, however, is for ViSalus to have protection from enforcement proceedings.

ViSalus acknowledges that the ordinary practice is for a judgment-debtor to file a bond to stay execution pending appeal. But this judgment is far from ordinary. A judgment of up to $925,218,000 is exceptional—indeed, it is the largest jury verdict in a TCPA case to date. This is exactly the type of case that is ripe for an appeal.

The purpose of an appeal bond is to ensure that a judgment-creditor will be able to collect the judgment should post-judgment motions and appeal leave the judgment intact. *Rachel v. Banana Republic*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). Here, however, that purpose cannot be served—with or without a bond requirement—because ViSalus cannot pay even a tiny fraction of the enormous judgment. ViSalus has no means to pay the judgment, let alone assets or collateral with which to obtain a bond. Thus, imposing a bond requirement would accomplish nothing other than hastening ViSalus' demise, and preventing it from pursuing an appeal.

The law does not require absurdities. Rather, this Court has unfettered discretion to waive the bond requirement altogether. *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796 (9th Cir. 1989) ("district court has broad discretionary power to waive the bond requirement if it sees fit" and courts have properly deviated from the bonding rule "when the equities so required"), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (en banc); *In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) ("the grant or denial of [a stay of execution is] a matter strictly within the judge's discretion"); *Richmark Corp. v. Timber Falling Consultants*, No. 88–1203–FR., 1991 WL 3054, at *1 (D. Or. 1991); *Brooktree Corp v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990) (court has discretion to "waive the bond requirement").

Unsecured stays are appropriate "if they do not unduly endanger the judgment creditor's interest in ultimate recovery." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755,

759-61 (D.C. Cir. 1980). Relieving ViSalus of a bonding requirement does not diminish Plaintiffs' potential recovery of the judgment, because ViSalus has no means with which to cover the judgment anyway. In fact, waiving the bond requirement in this particular situation would permit the company time to move past the current global pandemic, get back on its feet and potentially return to profitability. It is the only hope for any potential recovery in this case.

      ViSalus intends to file post-judgment motions to preserve its appellate rights and then pursue an appeal. While post-judgment motions and appeal are pending, ViSalus requests that this Court stay enforcement of the judgment. If the judgment is wholly affirmed on appeal, ViSalus will be destroyed. If the judgment is not affirmed, ViSalus may continue to be a viable entity worldwide. Absent the relief sought here, however, ViSalus will be destroyed before having a chance to exercise its right to appeal. That would be inherently unjust, especially in light of the serious legal questions presented by this case, where a win on even one of the many legal issues could result in a reversal and/or a new trial. The equities under these unusual circumstances, and in the context of the largest TCPA jury verdict on record, weigh in favor of a stay of execution pending appeal and waiver of the bond requirement.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: September 11, 2020 | MANATT, PHELPS & PHILLIPS, LLP |
|  | By *s/Benjamin G. Shatz* |

Christine M. Reilly (pro hac vice)
creilly@manatt.com
Benjamin G. Shatz (pro hac vice)
bshatz@manatt.com
John W. McGuinness (pro hac vice)
jmcguinness@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 310.312.4000  Fax: 310.312.4224

MILLER NASH GRAHAM & DUNN LLP
Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
Nicholas H. Pyle, OSB No. 165175
nicholas.pyle@millernash.com
Tel: 503.224.5858  Fax: 503.224.0155

Attorneys for Defendant ViSalus, Inc.