DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

(additional counsel listed on signature page)

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**VISALUS, INC.,**<br>a Nevada corporation,<br><br>Defendant. | No. 3:15-cv-01857-SI<br><br>**Statement Regarding Time Records** |

In accordance with the Court's previous order of September 11, 2020 (Dkt. 391), Plaintiff hereby submits time and expense records for counsel. (*See* Declarations of Eve-Lynn Rapp; Greg Dovel, Scott Kocher, and Stefan Coleman, which have been concurrently filed.) To protect privileged information, redacted versions of these records are being filed publicly. Unredacted versions will be submitted for in camera review.[1] Altogether, along with costs, counsel's lodestar is $3,801,747.94. This includes $3,443,397.75 in fees and $358,350.19 in costs. Plaintiff makes the following statement regarding these records:

1.      As the Court can see, the hours expended on this case were reasonable. The case was leanly staffed by the relevant firms at all times, minimizing the possibility that any work was duplicated. Tasks also were designated to individuals of appropriate levels of seniority, minimizing any billing inflation. Further, Class Counsel largely divided the work in this case according to their expertise: Edelson PC primarily focused on the pre-trial litigation pleadings, discovery, class certification and other pre-trial matters. When it came time to present the class case to a jury, high-stakes trial experts Dovel & Luner, LLP took the helm and steered the Class to a record-setting verdict. Here, as in other cases, Class Counsel worked smart and hard to achieve a beneficial result for the certified class. *See Aranda v. Caribbean Cruise Line, Inc.*, No. 12-cv-4069, 2017 WL 1369741, at *3 (N.D. Ill. Apr. 10, 2017), *aff'd sub nom. Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018) ("Similarly, only two firms served as class counsel, and the expertise of each firm [Edelson's expertise in TCPA cases and [trial counsel's] expertise in conducting class action trials] appeared to complement the other's.").

---

[1]      Plaintiff's counsel has conferred with counsel for Defendant about submitting certain of their records for *in camera*, and Defendant's counsel has indicated they do not object.

Statement Regarding
Time Records                    1

2.      As explained in the concurrently filed declarations, the hourly rates charged by counsel are reasonable for lawyers in the communities within which counsel work. Plaintiff submits that these rates, which may be higher than the prevailing rates within this District, should be used here. This was a complex class action, requiring specialized experience and skill, as well as significant resources, that culminated in a trial. A paying client acting rationally would have looked to counsel like Edelson PC and Dovel & Luner, LLP to handle this matter, particularly given the reputations of these firms, regardless of location. Thus, counsel's home rates should be used in the lodestar calculation. *See Gates v. Deukmajian*, 987 F.2d 1392, 1405-06 (9th Cir. 1992) (approving use of San Francisco rates in case tried in Sacramento); *Azar v. Blount, Int'l*, No. 3:16-cv-0483-SI, 2019 WL 7372658, at *12 (D. Or. Dec. 31, 2019) (using New York and California rates to conduct lodestar crosscheck). Moreover, although the case is five years old, the lodestar is calculated at Counsel's currents rates.[2] The Ninth Circuit had held that this is appropriate to account for inflation, the time value of money, and other work that was foregone in order to focus on the instant litigation. *See Gates*, 987 F.2d at 1406-07.

3.      Counsel's lodestar will undoubtedly grow in the coming weeks and months. Just yesterday Defendant moved for a new trial (Dkt. 395) and have renewed settlement efforts, with a mediation scheduled for October 5. And any settlement or post-trial proceedings will require a serious investment of time and resources, whether it be shepherding class members through the claims process, defending the verdict on appeal, or fighting for the class's rights in any bankruptcy proceedings.

---

[2]      The rates reflected for those individuals who are no longer working at Edelson PC, are those existing at the time of their departure from the firm.

Statement Regarding
Time Records                              2

4.    In any event, as explained in the fee petition (Dkt. 388), a cross-check is unnecessary here. Percentage-based awards are the norm in TCPA class actions, and in each of the recent TCPA class actions that went to trial, the fee award was based on a percentage of the jury verdict. A cross-check is especially unnecessary here given the general agreement that Defendant lacks the funds to pay out the entire judgment (or anything remotely close to it), and may enter bankruptcy unless the parties reach a resolution of the case soon. If ViSalus enters bankruptcy or if the Parties are able to settle the case,[3] the Class's recovery will undoubtedly be reduced, changing any cross-check calculation.

Date:    September 25, 2020

Respectfully submitted,

/s/ Eve-Lynn J. Rapp

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
J. Aaron Lawson, Cal. Bar SBN #319306*

---

[3]    In the event the case settles, Class Counsel will of course provide class members with additional notice and the opportunity to opt out or object to any fee award requested.

Statement Regarding
Time Records                3

alawson@edelson.com
Lily E. Hough, Cal Bar SBN #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the
Certified Class*