Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower, 111 S.W. Fifth Ave
Portland, OR 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Benjamin G. Shatz (pro hac vice)
bshatz@manatt.com
Christine M. Reilly (pro hac vice)
creilly@manatt.com
John W. McGuinness (pro hac vice)
jmcguinness@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

Attorneys for Defendant
ViSalus, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LORI WAKEFIELD, individually and on behalf of all others similarly situated, | No. CV No. 3:15-cv-01857-SI |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & INCENTIVE AWARD** |
| vs. | |
| VISALUS, INC., a Nevada corporation, | Request for Oral Argument |
| Defendant. | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES & INCENTIVE AWARD**

Defendants oppose Plaintiff's motion for absurdly large awards of attorneys' fees of over $231 million and an incentive award for Plaintiff of $50,000.

**I.     Plaintiff's request for over $231 million in fees for winning a three-day trial is outlandish.**

Plaintiff's motion for attorneys' fees seeks a "percentage fee award of 25%" of the judgment because that is supposedly the "standard" benchmark for counsel in class actions. (Mot. at 1.) But Plaintiff's motion never does the math to show that what Plaintiff is really asking for is 25% of $925,218,000, which equals **$231,304,500**. Such a request is astounding. Plaintiff's attempt to bury the lede in no way should disguise how imperative it is for this Court to enter a more reasonable sum of fees.

ViSalus does not dispute that this case has resulted in the largest TCPA judgment in history. But that is not a function of Plaintiff's counsels' purportedly remarkable work. Rather, the enormous judgment figure results merely from the mathematical calculation of a large number of purported statutory violations (1,850,436) times $500 in statutory damages.

The results obtained in this case were not exceptional: Plaintiff simply established calls in violation of the TCPA, and the only reason the judgment became so astronomical is the mechanical application of the statutory award. Plaintiff failed to establish that ViSalus acted willfully or knowingly so as to warrant treble damages. The "risks" of this litigation were no different than a typical TCPA case, nor was the motion practice or discovery in the case unusual from any similar case. Given the importance of class certification in class action cases, significant motion practice on that topic is normal.

As this Court has noted, the goal in awarding attorneys' fees is to achieve a "reasonable" result, and in common fund cases like this, the Court has discretion to use either the percentage-of-recovery method or the lodestar method (reasonable hours times reasonable rate). *Azar v. Blount Int'l, Inc.*, No. 16-cv-0483-SI, 2019 WL 7372658, *2 (D. Or. Dec. 31, 2019), citing *In re*

*Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Moreover, because reasonableness is the goal, a "mechanical or formulaic" calculation that yields an unreasonable result can be an abuse of discretion. *Id.* (citing *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002)).

Plaintiff recognizes that a downward departure is appropriate based on comparing the 25% benchmark with counsel's lodestar. (Mot. at p. 7.) Yet, Plaintiff's motion originally included no lodestar figure, prompting the Court to order Plaintiff to file lodestar data. Courts typically use the lodestar amount as a "cross-check" on the reasonableness of a percentage award. *Azar*, 2019 WL 7372658, *12.

Once provided, Plaintiff's lodestar data here calculates to attorneys' fees of just under $3.5 million. Thus, Plaintiff's $231 million fees request is *67 times greater* than Plaintiff's own lodestar. Given that "there is a strong presumption that the lodestar amount represents a reasonable fee" (*Fischel*, 307 F.3d at 1007), this means that Plaintiff's percentage recovery of $231 million is not just beyond what is prima facie reasonable, but it is 67 times beyond what is reasonable.

Moreover, Plaintiff's lodestar figure is calculated using hourly rates of up to $1,500 that Plaintiff concedes are "higher than the prevailing rates within this District." (Dkt. 398 at 2; *see* Dkt. 400 at p. 5 [using hourly rates of $1,500, $1,200, $1,000, and $750 for partners, and $550 for associates]; Dkt. 399 at p. 5 [using hourly rates of $1,150, $875, $750, and $725 for partners, and $350 to $550 for associates].) Yet the very authority Plaintiff cites makes clear that this Court "usually applies the billing rates within the District of Oregon," which are "far lower" than those charged by firms in California and elsewhere. *Azar*, 2019 WL 7372658, *12. Similarly, this Court has noted that it usually only awards $100 per hour for paralegals (*ibid.*), yet Plaintiff's lodestar uses hourly rates of $250 to $395 for non-lawyer staff. (*See* Dkt. 399 at p. 5; Dkt. 400 at p. 5.)

Defendant's Opposition to Attorney's Fees and Incentive Award

Plaintiffs also repeatedly emphasize that this litigation has lasted five years. But that is not uncommon. In *Azar*, this Court found that an award of less than $765,000 was fair, reasonable, and adequate compensation for litigation that lasted three years. *Azar*, 2019 WL 7372658, *12-13.

In sum, given the admittedly unprecedent enormous judgment, this case presents a situation where a formulaic percentage recovery would yield an absurdly high attorneys' fees figure. Rather than over $230 million in fees, this Court should exercise its discretion to use the lodestar analysis rather than a percentage analysis. Moreover, Plaintiff should be awarded a figure less than the lodestar sought, given how Plaintiff's lodestar is inflated by rates far in excess of what Courts in this District would ordinarily award.

## II.    No incentive award should be granted because such awards violate Supreme Court precedent.

In the 1980s courts began allowing payments to the named plaintiffs in class actions, known as "incentive awards." But just last month, the Court of Appeals for the Eleventh Circuit reversed and vacated a district court's award of a $6,000 "incentive payment" to a TCPA class action representative on the basis that Supreme Court precedent prohibits such awards. *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 2020 WL 5553312 (11th Cir. Sept. 17, 2020), citing *Trustees v. Greenough*, 105 U.S. 527 (1882) and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885). The Eleventh Circuit majority concluded that the district court violated the Supreme Court's rule from *Greenough* and *Pettus*: "A plaintiff suing on behalf of a class can be reimbursed for attorneys' fees and expenses incurred in carrying on the litigation, but he cannot be paid a salary or be reimbursed for his personal expenses." *Id.* at *9. The court noted that incentive awards today pose even more risks than the concerns from the past, promoting "litigation by providing a prize to be won." *Id.*

Plaintiff's request here for an incentive award is essentially payment for her "personal services"—"part salary and part bounty" (*id.* at *10)—precisely what *Greenough* and *Pettus*

prohibit. This Court should follow the Eleventh Circuit's analysis, premised on Supreme Court precedent, and decline to make any incentive award.

### III. If any incentive award is awarded, it should be drastically reduced from Plaintiff's $50,000 request.

Assuming that a discretionary incentive award is allowed and warranted at all, the amount sought by Plaintiff—like the amount of attorneys' fees requested—is grossly excessive and should be drastically reduced. Plaintiff seeks $50,000. This amount equals the annual salary of the average Oregonian. *See* Or. Secretary of State, *Oregon's Economy: Wages* ("Oregon workers earned an annual average of $51,132 in 2017). This large figure is far above the typical incentive award. A 2006 study reported the average incentive award per class representative was $15,992, the median award was $4,357, and the average in consumer cases (like Plaintiff's TCPA case here) was only about $2,000. *See* Theodore Eisenberg & Geoffrey Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1333-34 (2006).

Incentive awards are, of course, discretionary, and subject to an analysis of many factors. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). Here, there was zero risk (financial or otherwise) to Plaintiff in commencing suit and there was no risk of notoriety or personal difficulties that interfered with her life. The time and effort she expended was not extraordinary, but completely typical for such litigation. Plaintiff attempts to downplay how significant a $50,000 award is by contrasting it with the $925 million overall judgment. (Mot. at 14.) But that is a false and meaningless comparison, especially in light of the astronomical judgment. The more relevant question to ask is whether Plaintiff deserves an entire average yearly salary for her rather pedestrian participation in a short trial. The answer is no. Any "incentive award" should be within the usual range of a couple thousand dollars at most.

In *Bell v. Consumer Cellular, Inc.*, No. 15-cv-941-SI, 2017 WL 2672073 (D. Or. June 21, 2017), cited by Plaintiff, this Court found that the plaintiff actively participated in the litigation: "Plaintiff contributed considerable time and effort and personal resources" into the case and she

"traveled a considerable distance at her own expense." As a result, this Court allowed an incentive award of $2,500. That sounds about right here too.

Respectfully submitted,

Dated: October 22, 2020

MANATT, PHELPS & PHILLIPS, LLP

By *s/Benjamin G. Shatz*

Christine M. Reilly (pro hac vice)
creilly@manatt.com
Benjamin G. Shatz (pro hac vice)
bshatz@manatt.com
John W. McGuinness (pro hac vice)
jmcguinness@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 310.312.4000 Fax: 310.312.4224

MILLER NASH GRAHAM & DUNN LLP
Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
Nicholas H. Pyle, OSB No. 165175
nicholas.pyle@millernash.com
Tel: 503.224.5858 Fax: 503.224.0155

Attorneys for Defendant ViSalus, Inc.

Defendant's Opposition to Attorney's Fees and Incentive Award