DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of a class of others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**VISALUS, INC.**,<br>a Nevada corporation,<br><br>　　　　　　Defendant. | No. 3:15-cv-01857-SI<br><br>**Reply in Support of Motion for Attorneys' Fees under Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 54(d)(2) and an Incentive Award.** |

EDELSON PC
Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
J. Aaron Lawson, Cal. Bar #319306*
alawson@edelson.com
Lily E. Hough, Cal. Bar #315277*
lhough@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
Stephen J. Voorhees, OSB #150595
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel/Fax: (503) 445-2120

*admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*

Beyond decrying Plaintiff's request for this Circuit's benchmark fee award as "outlandish," ViSalus provides only a facile opposition to Plaintiff's requested attorneys' fees and service award. Unless ViSalus has repeatedly misrepresented its financials, the Class will receive far less than the $925 million judgment and Class Counsel will receive fees in proportion to what aggregate amount is eventually recovered through settlement or bankruptcy. As for what Class Counsel's proportionate share should ultimately end up being, an award consistent with the benchmark in the Ninth Circuit is most appropriate here. Regardless, when analyzing the appropriateness of class counsel's request, the Court should employ the percentage of the fund method, the prevailing method in the Ninth Circuit. The percentage method appropriately incentivizes and rewards counsel for their efforts to maximize the recovery for the Class, as should be the goal in litigation of this sort. And, while ViSalus pleads for the Court to utilize the lodestar method for calculating fees, it fails to cite any legal authority that calls for the Court to deviate from the percentage method in favor of the lodestar.

Ultimately, the Court's fee award should ensure that the incentives of the class and class counsel are aligned and stay aligned for future cases. Applying the percentage method and awarding the Ninth Circuit's benchmark of 25% of the recovery the class achieves would accomplish those ends. And, Ninth Circuit precedent undoubtedly supports such an outcome. Defendant's half-hearted and barely developed arguments to the contrary should be rejected.

**I.     A benchmark fee award is appropriate.**

Ninth Circuit precedent establishes a benchmark fee award of 25% of any common fund created in a class action. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). Precedent from the Ninth Circuit and this Court also establishes several factors that are relevant to determining what constitutes a reasonable fee award:

> (1) the results obtained; (2) the risks involved in the litigation; (3) counsel's skill and the complexity of the issues; (4) the effort expended by counsel; (5) the reaction of the class; (6) non-monetary or incidental benefits, including helping similarly situated persons nationwide by clarifying certain laws; (7) awards in similar cases; and (8) comparison with counsel's lodestar.

*Demmings v. KKW Trucking, Inc.*, No. 3:14-cv-0494-SI, 2018 WL 4495461, at *13 (D. Or. Sept. 19, 2018). Factor 5 concerns reaction to the value of a settlement negotiated by counsel and so is inapplicable here because this case does not involve a settlement. And factor 6 is neutral because the litigation here bore only monetary benefits. *See Azar v. Blount Int'l, Inc.*, No. 3:16-cv-0483-SI, 2019 WL 7372658, at *11 (D. Or. Dec. 31, 2019). As Wakefield explained in her petition for fees, the results obtained, risks faced, counsel's skill, effort expended by counsel, and awards in similar cases all militate in favor of an above-benchmark award. (Dkt. 388, at 7-13.) Plaintiff recognized, however, that counsel's lodestar would not support an upward deviation from the benchmark. That said, an award of the benchmark fee doesn't require a crosscheck and there is ample support for it on this record. (*Id.*) The fact of the matter is, and ViSalus does not argue otherwise, that Wakefield retained skilled counsel with deep experience in TCPA litigation and in trying complex cases, who achieved the largest TCPA verdict in history on behalf of a certified class. In both of the recent TCPA class actions to go to trial, the courts awarded the lawyers one-third of the total verdict. Here, too, a percentage award is appropriate, but in recognition of the Ninth Circuit's benchmark, Plaintiff asks for an award to Class Counsel of 25%.

ViSalus's opposition to the requested benchmark fee award rests principally on two points: Winning a TCPA case at trial is "not exceptional," and the effective multiplier when performing a lodestar crosscheck here is too high. (Dkt. 412 at 1-4.) To be clear, these points address factors 1 and 8 in the reasonableness analysis. ViSalus has therefore waived any

argument that the remaining factors do not support an above-benchmark award. *See LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020) ("Failure to respond meaningfully in an answering brief to [a party's] argument waives any point to the contrary.").

Regarding the arguments ViSalus does make, ViSalus's decision to downplay the results achieved by Class Counsel is disappointing, though understandable. After all, ViSalus's lawyers were on the other side of this defeat. One can hardly expect them to agree that a trial victory is everything it's cracked up to be. But, of course, it is. Any trial necessarily involves significant uncertainty and substantial risk. ViSalus highlights that the trial lasted "only" three days, but that's true in substantial part because of ViSalus's own strategic decisions to, for example, not call any witnesses. It would be bizarre to essentially penalize the winning side for ViSalus's own error. Deciding to take a case to trial, and then to navigate the resulting minefield, leads, and has led, to outstanding results.

Moreover, ViSalus's attempt to diminish any TCPA victory at trial ("Plaintiff simply established calls in violation of the TCPA") (Dkt. 412 at 1), is at odds with reality: If it were so easy to win TCPA trials, then most TCPA cases would not settle for pennies on the dollar, which most do. This argument also fails to account for either of the two recent TCPA class action trials, *Krakauer v. DISH Network* and *Perez v. Rash Curtis & Associates*, both of which go unmentioned in ViSalus's brief. As Wakefield previously explained, after the lawyers in those cases "established calls in violation of the TCPA," the respective courts recognized this as a significant achievement for the two certified classes, and awarded the lawyers one-third of the funds created by the verdicts. *Perez*, 4:16-cv-3396, 2020 WL 1904533, at *17 (N.D. Cal. Apr. 17, 2020); *Krakauer*, 1:14-cv-333, 2018 WL 6305785, at *5 (M.D.N.C. Dec. 3, 2018). ViSalus cannot explain why such awards were appropriate in those cases, but an award of only 3.8% is

appropriate here. And ViSalus makes no attempt to argue that such a drastic departure from the benchmark would be warranted here, because it plainly is not.

ViSalus does, however, make an undeveloped plea for application of the lodestar, rather than percentage, method for calculating the fee. But a lodestar award would not comport with the goal of achieving a "reasonable" fee. Reasonableness is not measured in a vacuum. In setting a fee award, "courts try to ensure faithful representation by tying together the interests of class members and class counsel." *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 (9th Cir. 2016); *see also Kirchoff v. Flynn*, 786 F.2d 320, 325-26 (7th Cir. 1986) (Easterbrook, J.) ("The contingent fee uses private incentives rather than careful monitoring to align the interests of lawyer and client. The lawyer gains only to the extent his client gains . . . . The unscrupulous lawyer paid by the hour may be willing to settle for a lower recovery coupled with a payment for more hours. Contingent fees eliminate this incentive and also ensure a reasonable proportion between the recovery and the fees assessed to defendants . . . . At the same time as it automatically aligns interests of lawyer and client, rewards exceptional success, and penalizes failure, the contingent fee automatically handles compensation for the uncertainty of litigation."). Courts typically achieve that by "tether[ing] the value of an attorneys' fees award to the value of the class recovery." *In re HP Inkjet Printer Litig.*, 716 F.3d at 1178.

As such, "the use of the percentage-of-the-fund method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees." *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, No. CV 07-05107 SJO AGRX, 2013 WL 7985367, at *1 (C.D. Cal. Dec. 23, 2013). And, it makes sense because where a fee is negotiated in advance, most high-value plaintiff's litigation is performed on a contingency basis in which the lawyers recover a percentage of recovery for their services. *See* David L. Schwartz, *The Rise of Contingent Fee*

*Representation in Patent Litigation*, 64 ALA. L. REV. 335, 360 (2012). Moreover, the percentage method is virtually always applied in TCPA cases. *See Ikuseghan v. Multicare Health Sys.*, No. C14-5539, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016). In the end, ViSalus offers no legal justification for why a lodestar award is preferable in this instance. The Court should therefore decline to deviate from the Ninth Circuit's stated preference of the percentage method.

A lodestar award here is also particularly inappropriate given that Class Counsel is not finished investing time and resources into this case. Class Counsel will no doubt spend hundreds if not thousands of hours helping class members through the claims process, and defending the judgment on appeal. In fact, just since the filing of their original fee brief, Class Counsel has already expended time responding to ViSalus's array of post-trial arguments and ensuring that the post-trial notice and claims process is fair and comports with the requirements of Fed. R. Civ. P. 23 and Due Process. (*See, e.g.*, Dkts. 396, 408.) A lodestar award would unfairly prevent Class Counsel from being compensated at all for that time. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 746 F. App'x 655, 659 (9th Cir. 2018) (holding that "[t]he district court did not err in including projected time in its lodestar cross-check; the court reasonably concluded that class counsel would, among other things, defend against appeals and assist in implementing the settlement").

Finally, ViSalus focuses on the remote possibility that the size of the requested award will exceed $231 million should an aggregate common fund for the Class actually be established for the full judgment amount. But as Wakefield noted in her request for fees, this adopts the fiction that such an amount will be recovered and that the full award survives bankruptcy or a that a settlement for a lesser amount is not reached. While Wakefield agrees that the aggregate amount of whatever pot of money is made available to class members is the correct denominator

from which to calculate the percentage, Class Counsel will undoubtedly be receiving fees from a much smaller pot than the judgment amount (if any amount of money is recovered at all). That's why Wakefield sought a percentage award. Such an award not only acknowledges the success Class Counsel already has achieved for the Class, it also appropriately incentivizes Class Counsel to continue working to maximize the amount the Class recovers during the claims process, on appeal, or in a bankruptcy proceeding. Wakefield's lawyers should be awarded 25% of the aggregate fund recovered for the benefit of the Class. ViSalus' "going-through-the-motions" arguments to the contrary should be summarily rejected.

## II. The requested service award should be granted

ViSalus makes two arguments in opposition to Wakefield's requested service award. The first, which appears to be simply an attempt to preserve an argument for appeal, is that service awards are impermissible. (Dkt. 412, at 3-4 (relying on *Johnson v. NPAS*, 975 F.3d 1244 (11th Cir. 2020).) But service awards have been approved in the Ninth Circuit. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) ("Nevertheless, named plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments."). Indeed, by 2009 the Ninth Circuit had recognized that "incentive awards are fairly typical in class action cases." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). The Court should follow that precedent here. *See Somogyi v. Freedom Mortg. Corp.*, No. 17-6546 (RMB/JS), 2020 WL 6146875, at *9 (D.N.J. Oct. 20, 2020) (disagreeing with *Johnson* because "there is substantial precedent from [the Third] Circuit supporting approval of incentive payments").

The second argument attacks the size of the requested award. ViSalus contends that an appropriate award is $2,500. In addition to continuing to downplay the success achieved on

behalf of the Class, ViSalus now also demeans Wakefield's participation in the lawsuit. But Wakefield's service to the Class was not "pedestrian." As Wakefield explained in her declaration, she was extensively involved with the case, keeping up to date with key details, and invested substantial time preparing for trial, including going over the evidence in detail with her lawyers, sitting for a mock examination, meeting with her lawyers 12 times prior to trial, and ultimately taking the witness stand on behalf of the absent class. (Dkt. 394.) This type of involvement from a named plaintiff is anything but "pedestrian."

Indeed, ViSalus's strained analogy to *Bell v. Consumer Cellular, Inc.*, No. 3:15-cv-941-SI, 2017 WL 2672073 (D. Or. June 21, 2017), shows how wrongheaded its argument is. The plaintiff in *Bell* provided counsel with documentation that allowed it to pursue the case, answered follow-up questions from counsel, and attended a mediation. *Id.* at *8-9. No doubt this was valuable service to the putative class in that case. But it pales in comparison to the efforts undertaken by Wakefield here. Wakefield sat for a deposition and gave trial testimony in this case, both of which were key to allowing the Class to recover here. Given *Bell* as a relevant data point, Wakefield quite clearly deserves much more than $2,500 for her efforts on behalf of the Class.

As another district court has observed, incentive awards of $25,000 to $35,000 fall "solidly in the middle of the range" of awards given to representatives "across a variety of class actions." *McBean v. City of New York*, 233 F.R.D. 377, 391 (S.D.N.Y. 2006). Indeed, Wakefield provided several examples of even larger such awards in cases in which representative plaintiffs had been critical in helping to achieve outstanding results on behalf of the classes they represent. (*See* Dkt. 388 at 14.) As those cases show, when a representative plaintiff contributes

significantly to a favorable result for an absent class, courts have not hesitated to award them $50,000 for their service. That sounds about right here too.

## CONCLUSION

Plaintiff and Class Counsel respectfully request that the Court grant the requested fees and service award.

Respectfully submitted,

**LORI WAKEFIELD, individually and on behalf of all similarly situated individuals,**

Dated: November 12, 2020　　　　　　　/s/J. Aaron Lawson

Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
J. Aaron Lawson, Cal. Bar # 319306*
alawson@edelson.com
Lily E. Hough, Cal. Bar #315277*
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

Scott F. Kocher, OSB#015088
Stephen J. Voorhees, OSB#150595
FORUM LAW GROUP

811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

*Attorneys for Plaintiff and the Class*