Scott F. Kocher, OSB #015088
FORUM LAW GROUP
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily E. Hough, Cal. SBN #315277*
lhough@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Admitted *pro hac vice*

(additional counsel appear on next page)

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, on behalf of themselves and a class of others similarly situated,<br><br>   *Plaintiff*,<br> v.<br><br>**VISALUS, INC.**, a Nevada Corporation,<br><br>   *Defendant*. | No. 3:15-cv-01857-SI<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF POST-JUDGMENT NOTICE PLAN AND CLAIMS PROCEDURE**<br><br>*Oral Argument Requested* |

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

* admitted *pro hac vice*

*Attorneys for Plaintiff Wakefield and the Certified Class*

Given the jury verdict in favor of the certified class in this case, the only thing remaining to do is to determine who is entitled to make a claim against the resulting common fund. To that end, Plaintiff has proposed a notice and claims process designed to identify those individuals. As Plaintiff pointed out in moving the Court to approve this process, there is no "need to reinvent the wheel." Notice already went out to individuals on the Class List, so a similar notice program should suffice here, modified to take account of the jury's verdict. And because class member identification is all that remains, a claims process can be relatively simple. ViSalus's counterproposal not only seeks to reinvent the wheel, but essentially to build an entirely new car. As ViSalus apparently sees things, the present need to notify the Class of the jury's verdict and permit class members to make claims is another opportunity to relitigate nearly everything that has been settled by the jury's verdict. ViSalus's opposition raises the same tired arguments that it has sounded in nearly every post-trial brief it has filed. These arguments have not succeeded before, and fare no better here.

Still refusing to accept its fate as a class action defendant, ViSalus now essentially seeks to convert a straight-forward claims administration plan in a TCPA case into a series of individual summary judgment proceedings. But ViSalus cannot try and force into the claims administration process what it failed to do at trial, and its attempts to overcomplicate the process in order to thwart its results are not well taken. Raising only baseless concerns about the mere possibility of false claims, ViSalus attempts to pack the claim forms with questions that have already been answered by the jury, a shameless attempt to suppress injured class members from filing valid claims. ViSalus's objections should be rejected.

I.    **Absent class members need not submit additional information to "verify" or "substantiate" their claims.**

The jury in this case already decided the elements of class members' claims under the TCPA. The jury was presented with a list of calls that ViSalus agreed were made to market its products (Dkt. 271-1; Pl. Trial Exs. 37-38), and it decided (1) how many of these calls were made to "residential" landlines or to cell phones (Dkt. 283 at 13), and (2) on how many of those calls an artificial or pre-recorded voice "spoke" (*id.* at 14). The jury was likewise informed that "ViSalus does not contend that it had the prior express written consent to call Ms. Wakefield or any other class member." (*id.* at 15.) The jury ultimately found that ViSalus initiated 1,850,436 telemarketing calls to residential landlines and cell phones. (Dkt. 282 at 2.) Thus, all that remains is to determine who can recover for these 1.85 million calls. To that end, Plaintiff proposed a claims process utilizing a form that asks persons associated with the telephone numbers on the class list, to affirm, under penalty of perjury, that the number was theirs during the class period and that it is either a cell phone or a residential landline (*i.e.*, not one of the non-residential landlines that, as ViSalus contends, the jury excluded from its verdict). (Dkt. 396-1 at 17.) From this, the claims administrator can determine whether that individual is entitled to receive payment from the judgment fund, and the number of calls the identified number received, subject to challenges by ViSalus.[1]

Even though the jury resolved all of the relevant issues, ViSalus insists that the claim form should ask class members to identify the phone number that received a prerecorded message, recall how many calls they received over five years ago, testify under penalty of

---

[1]    Plaintiff does not oppose ViSalus's proposal to amend the claim form's perjury declaration to include "under the laws of the United States." (Opp. at 9.) Plaintiff also does not oppose appointing a Special Master to resolve any disputes over identifying class members entitled to receive a portion of the judgment.

perjury that they heard a prerecorded message on each call and that it was "marketing in nature," produce some documentation showing that the claimant was the subscriber of the phone number during the period in question, identify their telephone provider, and state that they did not consent to receive the calls. (Opp. at 3-4.) This is ridiculous. The jury already concluded, based on the evidence presented at trial, that the violative calls constituted "telemarketing" under the TCPA. Further, the TCPA requires that the prerecorded voice "speak," not that it be heard, as this Court's instructions to the jury stated. And this Court already has found that ViSalus waived any consent defense, as the jury was instructed. (Dkt. 344 at 11.) Other requests, like provider information, are simply superfluous and serve no legitimate purpose. And the Class List already tells the parties and claims administrator how many calls a given number received. Requests for additional documentation during the claims process "should be no more burdensome than necessary." MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.66 (2004). What ViSalus proposes is significantly more burdensome than necessary. There is simply no reason to require class members to substantiate facts that the jury has already determined, beyond the desire to discourage and make it more difficult for injured class members to file valid claims. While Plaintiff does not desire to overburden the Court with yet another summary of the class-wide proof of liability in this case, suffice to say, the call logs and summaries, disposition codes, message recordings, call campaign trackers, calling equipment information, and testimony from ViSalus's employees that was presented to the jury at trial carried the class's burden of proof to establish liability for absent class members. Put otherwise, ViSalus already had its day in court and lost. The jury's verdict thus obviates the mini trials that ViSalus now demands.

      ViSalus's insinuations that its proposed additions to the claim form are necessary because class members will otherwise falsify their affidavits to ensure their recovery are not well taken.

The notion that non-class members will submit fraudulent affidavits in the hope of collecting a few hundred dollars is far-fetched to begin with. *Briseno v, ConAgra Foods, Inc.*, 844 F.3d 1121, 1130 ("The fraud concern may be valid in theory, but in practice, the risk of dilution based on fraudulent or mistaken claims seems low, perhaps to the point of being negligible.") (internal quotation marks omitted). And smaller claims are generally accepted on the basis of the sworn claim forms alone. MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.66 (2004). Thus, the claim form's instructions that "you must check at least one box" does not "encourage[] the submission of false or inaccurate claims," as ViSalus suggests. (Opp. at 6.) Indeed, similar claim forms with check boxes are commonplace in the administration of class action benefits.

In short, Plaintiff's proposed claim form properly obtains the facts needed to identify class members, and nothing more. The Court should approve it.

## II.     The claims procedure comports with due process.

ViSalus argues that its due process rights are being violated by the proposed claims process because the claims administrator is making factual determinations about whether a landline was residential and the number of violative calls each claiming class member received. This objection goes nowhere.

First, it isn't even clear that ViSalus's due process rights will be implicated at all. The jury found that ViSalus made a little more than 1.85 million unlawful calls. That has resulted in a judgment fund of $925 million. "In this situation, the identity of particular class members does not implicate the defendant's due process interest at all. The addition or subtraction of individual class members affects neither the defendant's liability nor the total amount of damages it owes to the class." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 670 (7th Cir. 2015); *see Hilao v. Estate of Marcos*, 103 F.3d 767, 786 (9th Cir. 1996) (abrogated on other grounds in *Wal-Mart Stores,*

*Inc. v. Dukes*, 564 U.S. 338, 356 (2011)) ("In fact, however, the Estate's interest is only in the total amount of damages for which it will be liable."); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) ("Where the only question is how to distribute the damages, the interests affected are not the defendant's but rather those of the silent class members."). At best, "[ViSalus] has an interest in not paying damages to persons who are not [entitled to recover under the verdict]." *Krakauer v. Dish Network, LLC*, No. 14-cv-333, Memorandum Opinion and Order, Dkt. 351 at 14, (M.D.N.C. July 27, 2017) ("Krakauer I"). Even this interest is uncertain: In *Hilao* the Ninth Circuit concluded that this interest was only "legitimate" where it affects the total damages a defendant will have to pay. *See* 103 F.3d at 786. But assuming that ViSalus does have a "legitimate" interest in not paying damages to those who are not entitled, this interest does not justify unbridled participation in the claims process or an overly burdensome claim form. *See Krakauer I*, Dkt. 351 at 10-11 ("So long as Dish's participation is helpful to confirm identification of class members, does not delay the proceedings, and is not obstructive, the Court anticipates allowing Dish to have some input."); *Allapattah Servs., Inc. v. Exxon Corp.*, 124 F. Supp. 2d 1291, 1324 (S.D. Fla. 2001) ("[Exxon] has the right to appear and participate, including to object and oppose any unfounded or incorrect claim.").

And even putting this issue to one side, ViSalus's objection is ill-founded. The proposed claims procedure offers injured class members an opportunity to identify themselves as having a right to recover, consistent with the Ninth Circuit's approach to certifying consumer class actions similar to this case. *See Briseno*, 844 F.3d at 1128. Class members' self-sworn affidavits will resolve any doubts about whether they own one of the cellular or residential telephone numbers in the jury's verdict, thus entitling them to share in the class's judgment fund. Affidavits are a

well-established and reliable form of proof in civil litigation, and here they offer a feasible means for confirming the eligibility of injured class members to recover from a class settlement or verdict. *See Krakauer v. Dish Network, LLC*, No. 14-cv-333, Memorandum Opinion and Order, Dkt. 515 at 9 (M.D.N.C. July 10, 2019) ("Krakauer II") ("A claim form in which a claimant attests he is entitled to relief for a specific telephone number he provides is strong evidence that this person is a proper claimant for that number. The lack of any credible indicia of fraud further supports the claim."). Class members who identify their telephones as a cell phone or residential telephone by checking the appropriate box on their claim form (and affirming it under the penalty of perjury) will be entitled to recover for the number of calls that were associated with their telephone number in ViSalus's call logs, a mechanical determination that can be readily made by a claims administrator. *See Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1030 (7th Cir. 2018) ("Defendants' due process rights are not harmed by" identifying such claims by using "case-management tools" like "affidavits and proper auditing procedures."). On the other hand, class members who do not submit a claim form identifying their telephone as a residential landline or a mobile phone will not be able to recover their share of the jury's award.

      ViSalus objects that affidavits cannot be used, alone, to identify injured class members with respect to the "essential element of establishing that any landline at issue was used primarily for residential and not business purposes." (Opp. at 4.) But that misunderstands what is happening here. The claims procedure will be used to identify persons entitled to make a claim against the judgment fund, not to litigate the claims of absent class members. That task has already been completed, and while ViSalus has gone to great lengths to get another day in court, that due process right has already been vindicated. ViSalus cites the Third Circuit's opinion in *Marcus v. BMW of North America, LLC* for the proposition that "[f]orcing [defendants] to accept

as true absent persons' declarations that they are members of the class, without further indicia of reliability, would have serious due process implications." 687 F.3d 583, 594 (3d Cir. 2012). The Ninth Circuit's decision in *Briseno* expressed serious doubts about the persuasiveness of the *Marcus* court's logic, but in any event, in the circumstances here, ViSalus's argument may well be a non-sequitur. If the Court determines that ViSalus can participate in the claims process, ViSalus isn't "forced" to accept any claimant's sworn statements at face value. It may investigate claims and, if it has a non-frivolous basis to do so, challenge a claim. Thus, as the Ninth Circuit explained in *Briseno*, there are no due process concerns. *See* 844 F.3d at 1131.

For similar reasons, ViSalus's contention that Plaintiff's proposal shifts the burden to ViSalus to disprove damages (Opp. at 8), is incorrect. Damages already have been proven. The issue now is simply determining how those damages will be allocated. Moreover, it is incorrect to say that ViSalus bears the burden of disproving anything, since under Plaintiff's proposal no class member can recover unless they first come forward with competent evidence (a sworn statement) tending to establish their own right to claim a portion of the class's judgment fund. That ViSalus may need to present evidence showing that a particular claim is inaccurate or fraudulent doesn't mean that ViSalus is "disproving" damages; it is simply a recognition that when competent evidence is unrebutted, that evidence tends to prevail.

Finally, ViSalus makes some specific challenges to the form of the proposed notice and claim form, but these go nowhere. For instance, ViSalus argues that "class members are left to guesswork and their own factual and legal conclusions" regarding whether their landline is residential. (*id.* at 4.) But the language of the proposed claim form—"a landline that is used primarily as a residential telephone"— is easily understood and consistent with the instructions that were presented to the jury at trial. (Dkt. 283 at 13-14 ("[Y]ou must give the word

'residential' its usual and ordinary meaning . . . The key point is that a residential landline telephone is used primarily as a residential telephone.").) In fact, there is no reason to think that class members would need anything beyond the statute's plain language to properly interpret these undefined terms.[2] ViSalus, also claims due process is offended by not forcing claiming class members to list the number of calls received so that ViSalus can challenge that total with its records. (Opp. 7.) But, as noted above, the claims process requires that the administrator use the class members' phone numbers to determine the number of calls they received based on ViSalus's records. Of course, ViSalus is welcome to point out any instances where the claims administrator has mis-tallied the number of calls, but the proposed process already gives ViSalus what it claims would cure the due process defect.

In short, the Court should not indulge another thinly veiled attempt by ViSalus to evade the result of trial, this time by overcomplicating the claims procedure in the name of due process. Due process does not, as ViSalus suggests, compel absent class members with class-wide jury verdicts to win summary judgment on individual issues.

**III.    The notice plan comports with due process.**

ViSalus makes only a few half-hearted arguments in opposition to the notice plan, but none warrant serious consideration.

First, ViSalus argues that the notice plan is overinclusive because it may include individuals who received calls to landlines that were not "residential." The Court rejected a similar "overbreadth" objection at the certification stage. (Dkt. 106 at 1.) As Plaintiff pointed out

---

[2]    Still, out of an abundance of caution, Plaintiff would not object to some additional language to explain these terms in the claim form, such as "a landline used for primarily residential, as opposed to business, purposes" or other wording that is consistent with the jury instructions.

then, supposedly overly broad individual notice is permissible if most or all of the class is included within the list of individuals to be individually noticed. *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 61 (D. Conn. 2001). And courts are also willing to tolerate overbreadth if the effort required to further narrow the list is unreasonable in proportion to the expected benefit. *Loef v. First Am. Title Ins. Co.*, 281 F.R.D. 58, 60-61 (D. Me. 2012). There is no reason to impose a more precise standard at this stage. The proposed notice plan properly gives notice to all of the telephone numbers that were presented to the jury, including those for which the jury found no injury.

ViSalus's contention that "notice cannot be provided to those who may be entitled to damages based on the jury's verdict" (Opp. at 2) is also misguided both because it is not true (the notice list includes the complete universe of those who may be entitled to relief) and it does not matter that uninjured class members will receive it. Indeed, notice under Fed. R. Civ. P. 23(h)(1) is due to injured and uninjured class members alike, for the latter group remains bound by the outcome of the case.

Second, ViSalus contends the notice should not refer to a "total judgment of $925,218,000." (Opp. at 7.) While Plaintiff disagrees with this objection, she does not oppose ViSalus's proposal to refer instead to "a total judgment *not to exceed* $925,218,000." However, by this same token, it's unnecessary to attach a specific dollar amount to the attorneys' fees, as ViSalus later suggests. The notice's reference to the fee request as a "fee of 25% of the judgment" is perfectly forthright about the amount of fees at stake (indeed, the notice describes the judgment first, using a specific dollar amount), and class members who may be inclined to object to fees can (and will) readily do the math. And as explained in Plaintiff's reply in support of fees, the 25% request for fees will necessarily follow what is likely to be a smaller aggregate

amount that is eventually recovered though settlement or bankruptcy so the notice need not commit the fees to a dollar amount that's unlikely to ever actually be recovered.

### IV. ViSalus likely cannot exhaust appellate avenues of relief until a more final judgment is entered against it.

ViSalus asks the Court to stay consideration of any class notice and class administration issues until after appeal. But it's unlikely that ViSalus will be able to obtain appellate review of the judgment in this case until the claims process has concluded. *See Allapattah Servs.*, 157 F. Supp. 2d at 1304 ("No final judgment can be entered until after individual class members have made claims and both the validity and the amount of the claims have been determined; that is, to be 'final,' the judgment must adjudicate all aspects of the claim, including compensatory damages and prejudgment interest for each class member.") It is *possible* that the limit on the aggregate judgment coupled with the mechanical claims process proposed will be sufficient to allow ViSalus's appeal to go forward. (See Dkt. 362 (citing *United States v. King Mountain Tobacco Co., Inc.*, 899 F.3d 954, 959 (9th Cir. 2018), *cert. denied,* 139 S. Ct. 2691 (2019) ("At the very least, therefore, a money judgment lacks finality when it fails to specify either the amount of money due the plaintiff or a formula by which the amount of money could be computed in mechanical fashion.") (internal quotation marks omitted).) But it would be a waste to brief the appeal only to learn in a year on the eve of oral argument that the Ninth Circuit doesn't believe it has jurisdiction.

Respectfully submitted,

**LORI WAKEFIELD, individually and on behalf of all similarly situated individuals,**

Dated: November 12, 2020              /s/ Lily E. Hough

Rafey S. Balabanian, ILB #6285687*
rbalabanian@edelson.com
Eve-Lynn J. Rapp, ILB #6300632*
erapp@edelson.com
Lily Hough, Cal. SBN #315277*
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Scott F. Kocher, OSB #015088
FORUM LAW GROUP
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
Jonas Jacobson, Cal. Bar #269912*
jonas@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

*Admitted *pro hac vice*

*Attorneys for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I, Lily E. Hough, an attorney, certify that on November 12, 2020, I served the foregoing by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Lily E. Hough