FORUM LAW GROUP
Scott F. Kocher, OSB #015088
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: 310.656.7066
Fax: 310.656.7069

EDELSON PC
Rafey S. Balabanian, Cal. Bar #315962*
rbalabanian@edelson.com
J. Aaron Lawson, Cal. Bar #319306*
alawson@edelson.com
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Eve-Lynn Rapp, Cal. Bar #342892*
erapp@edelson.com
Edelson PC
2101 Pearl Street
Boulder, Colorado 80302
Tel: 720.741.0076

\* Admitted *pro hac vice*

(additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, on behalf of themselves and a class of others similarly situated,<br><br>    *Plaintiff*,<br>    v.<br><br>**VISALUS, INC**., a Nevada Corporation,<br><br>    *Defendant*. | No. 3:15-cv-01857-SI<br><br>**PLAINTIFF'S REPLY REGARDING SCHEDULING ISSUES (*SEE* DKTS. 451, 455, 456)** |

In her statement regarding the appropriate next steps in this case, Plaintiff Lori Wakefield explained the benefits of conducting a claims process before assessing the constitutionality of the judgment amount in this case. Principally, it permits the Court to reduce the judgment without reducing the amount paid out to claiming class members. This would be a fair process (as the individual per-call award is not challenged by ViSalus on constitutional grounds), and would allow the Court to avoid selecting some arbitrary, per-call award. Moreover, doing a claims process first would allow the parties and the Court to fix a particular judgment amount to gauge against the limits of Due Process, rather than picking some constitutional ceiling out of thin air. (Dkt. 455.)

ViSalus's statement regarding scheduling issues focuses largely on the fact that the case law does not *require* the Court to adopt Wakefield's proposed procedure. On this point, the parties appear to be in general agreement: the Court has the discretion either to consider the constitutional issues at this point or to order notice disseminated and a claims process conducted. As to *why* the Court should exercise its discretion to consider constitutional issues first, ViSalus offers almost nothing of substance.

As Wakefield pointed out, given that (1) it is undisputed that the $500 per-call award is constitutional, (2) the current judgment is not for a fixed amount, and (3) it is unlikely that more than about 10 or 15% of the certified class would make claims, it is most fair and efficient to conduct a claims process before grappling with any due process questions presented by the judgment. By conducting a claims process first, the parties could fix a specific judgment amount, and determine whether there would be any unclaimed funds. This would squarely present the constitutional question, while also allowing the Court to reduce the judgment without permaturely reducing the amounts claimed by members of the certified class. Indeed, at typical

PLAINTIFF'S REPLY REGARDING                                  1
SCHEDULING ISSUES

claims rates the amount payable to the class will already provide ViSalus with the reduction it seeks, but without reducing the $500 per-call amount or needing to address the Due Process question until deciding what to do about any unclaimed funds.[1]

ViSalus's response essentially ignores all of this, except to contend that constitutional questions can be resolved before statutory questions (Dkt. 456, at 4), and to concede that "it is likely true" that at typical claims rates the claimed portion of the judgment will not bump up against constitutional limits (*Id.* at 6). ViSalus does not make any affirmative case for addressing the due process issues now; all it can muster is the half-hearted assertion that it would be "irresponsible" to "promise" class members $500 per-call. (*Id.*) Of course, that is not what Plaintiff proposes: her proposed notice forms explicitly say the $500 per-call amount "may be reduced by further order of the Court." (Dkts. 455-2, 455-3, 455-4.) ViSalus cannot explain why this approach is measurably worse than one in which the parties provide a range of possible recovery (likely up to $500), which is what would be required under ViSalus's proposed approach. And this is all weak tea, anyway, given, as the Ninth Circuit stated, and as the Court acknowledged at the April 25 hearing, "that only *very rarely* will an aggregated statutory damages award meet the exacting *Williams* standard and exceed constitutional limitations where the per-violation amount does not." *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022) (emphasis added).

---

[1] Although the Ninth Circuit has suggested that at 10-15% claim rate is typical, *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1130 (9th Cir. 2017), an FTC analysis suggests that rate is 4-9% for consumer class actions. *See* Fed. Trade Comm'n, *Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns* 11 (2019) ("Across all cases in our sample requiring a claims process, the median calculated claims rate was 9%, and the weighted mean (*i.e.*, cases weighted by the number of notice recipients) was 4%."); see also *Shuman v. SquareTrade Inc.*, No. 20-CV-02725-JCS, 2023 WL 2311950, at *4 (N.D. Cal. Mar. 1, 2023) (listing claims rates within and less that these ranges).

All this said, two additional things are clear (though only implicit) in ViSalus's statement: (1) it intends to argue that the $500 statutory damages set by congress are unconstitutional and must be lowered before determining what total amount ViSalus is liable to pay; and (2) regardless of the amount and when it is determined, it will argue that it can't even afford to pay the costs of notice let alone damages to the class resulting from the verdict.

As to the first point, the practical effect of ViSalus's position is to punish class members by reducing the amount per call to some to-be-determined fraction of the statutory amount *before* determining the aggregate amount that it has to pay or what component of the maximum judgment may revert or go to cy pres. This would be unfair to class members. Moreover, it would appear that ViSalus's argument may have come too late, as the appeal in this case was decided on the premise that the $500 per-call award in the TCPA is constitutional. *See Wakefield*, 51 F.4th at 1120 ("ViSalus does not challenge the TCPA's statutory framework as to the $500 amount for a single violation."). ViSalus has already made *and abandoned* this argument, and should not get an additional bite at the apple.

As to the second point, all ViSalus has put forth at this stage about its financial condition is a three-year old declaration that was accompanied by virtually no meaningful supporting evidence, plus some new representations by their counsel. Of course, it is doubtful whether ViSalus's financial condition is relevant to the constitutional issues presented here. A defendant's ability to pay is not one of the factors discussed in the Ninth Circuit's opinion in this case. *See generally Wakefield,* 51 F.4th at 1120-24. Other cases that have considered the constitutionality of aggregate damages awards have likewise omitted discussion of the defendant's ability to pay. *See, e.g.*, *Montera v. Premier Nutrition Corp.*, 621 F. Supp. 3d 1012, 1019-21(N.D. Cal. 2022); *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 962-63 (8th Cir. 2019). Indeed, so far as Wakefield

can tell, the only case that *did* consider the defendant's ability to pay, *United States v. Dish Network LLC*, was reversed on exactly that point by the Seventh Circuit. *See United States v. Dish Network LLC*, 954 F.3d 970, 980 (7th Cir. 2020) (observing that "normally the legal system bases civil damages and penalties on harm done, not on the depth of the wrongdoer's pocket," and that while "legislatures can change this norm," the TCPA does not, and thus the right way to fashion a penalty is to "start from harm rather than wealth"). *Accord Motorola Credit Corp. v. Uzan*, 509 F.3d 74, 85 (2d Cir. 2007) ("[T]he defendant's financial status has occupied no place in the Supreme Court's due process review."). Some states have charted a different course, *see, e.g.*, *Uzan*, 509 F.3d at 81 (defendant's ability to pay relevant under Illinois law), but this case is governed by federal law.

No doubt, though, the parties will ultimately make a record concerning ViSalus's financial condition, whether or not it is relevant to the constitutional question. But the issue has more immediate importance given ViSalus's insistence that it cannot pay for a notice campaign. As Wakefield has urged, this is an expense typically imposed on losing class action defendants, such as ViSalus, as the Court should require ViSalus to pay for notice here, as well. Given ViSalus's pleas of poverty, the Court should permit a brief discovery period in which Wakefield can test ViSalus's claim of destitution. Should the Court ultimately decline, based upon any record made during that discovery period, to order ViSalus to pay the costs of notice, it should at the very least order ViSalus to post a bond.

|  | Respectfully submitted, |
|---|---|
|  | **LORI WAKEFIELD,** on behalf of themselves and a class of others similarly situated, |
| Dated: June 6, 2023 | /s/ J. Aaron Lawson |

PLAINTIFF'S REPLY REGARDING                    4
SCHEDULING ISSUES

EDELSON PC
Rafey S. Balabanian, Cal. Bar #315962*
rbalabanian@edelson.com
J. Aaron Lawson, Cal. Bar #319306*
alawson@edelson.com
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Eve-Lynn Rapp Cal. Bar #342892*
erapp@edelson.com
Edelson PC
2101 Pearl Street
Boulder, Colorado 80302
Tel: 720.741.0076
Fax: 720.741.0081

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: 310.656.7066
Fax: 310.656.7069

## CERTIFICATE OF SERVICE

    I, J. Aaron Lawson, an attorney, certify that on June 6, 2023, I served the foregoing by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                       /s/ J. Aaron Lawson