**Joshua M. Sasaki, P.C.**, OSB No. 964182
josh.sasaki@millernash.com
MILLER NASH LLP
US Bancorp Tower
111 SW Fifth Ave, Ste 3400
Portland, OR  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

Lisa M. Burnett (Admitted *pro hac vice*)
lburnett@sacrowalker.com
SACRO & WALKER LLP
700 North Brand Blvd., Ste. 610
Glendale, CA 91203
Telephone: 726.201.3555
Facsimile: 818.721.9670

    Attorneys for Defendant
    Visalus, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LORI WAKEFIELD, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>VISALUS, INC.,<br><br>    Defendant. | CV No. 3:15-cv-01857<br><br>DEFENDANT'S SURREPLY REGARDING PROCEDURE ON REMAND |

In response to the Court's order of April 25, 2023, ECF 451, and Plaintiff's statements regarding scheduling issues, ECF 455 and 457, Defendant ViSalus, Inc. ("ViSalus") hereby submits its surreply brief regarding appropriate next steps in this litigation.

Page 1 -    DEFENDANT'S BRIEF REGARDING PROCEDURE ON REMAND

## ARGUMENT

Plaintiff's reply brief misreads the case law cited by ViSalus as standing for the proposition that "the law does not *require* the Court to adopt Wakefield's proposed procedure." ECF 457 at 1. In fact, what case law there is on this subject *uniformly* supports proceeding with a reduction in damages first, before beginning the claims process. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311–12 (9th Cir. 1990); *Montera v. Premier Nutrition Corp.*, 621 F.Supp.3d 1012, 1021 (N.D. Cal. 2022). *Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 WL 3923162, at *4 (E.D. Mo. Sep. 7, 2017), *aff'd sub nom. Golan v. FreeEats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019); *Perez v. Rash Curtis & Assocs.*, No. 4:16-cv-03396-YGR, 2020 WL 1904533, at *1, (N.D. Cal. Apr. 17, 2020). Plaintiff has not cited a single post-class-certification case in which a court assessed damages after a notice and claims procedure had been completed and the claims return percentage was known, nor is any such case apparent to defense counsel. As ViSalus noted in its initial brief, ECF 456, it sensible to analyze a damages reduction *ex ante*, because constitutional and other legal principles do not and should not depend on the whims of class members keeping their contact information up to date and deciding whether to return a claim form.

Plaintiff also misstates the significance of the holding that the $500 penalty per call is not unconstitutional by itself. This does *not* mean that the Court is prohibited from reducing the per-call violation amount where, as here, the aggregate award resulting from $500 per call challenges the limits of due process. Indeed, in such situations the Court *must* either reduce the per-violation penalty or depend on a critical percentage of would-be claimants ignoring their claim forms. As noted above and discussed more fully in ViSalus's initial statement on remand, courts have consistently chosen the former, and there is no authority supporting the latter. The Court

Page 2 -   DEFENDANT'S SURREPLY BRIEF REGARDING PROCEDURE ON REMAND

should not embark on an unprecedented course of action based on the incorrect notion that it cannot deviate from the $500 per-call penalty.

Finally, ViSalus reiterates its request that any payment obligation on its part, including covering the costs of claims administration and any bond requirement, be deferred until after the constitutional analysis is completed. Although ability to pay may not be an expressly recognized element of the due process question, as a practical matter if ViSalus cannot pay and is forced to file for bankruptcy, the constitutional issue will be moot. Since it last submitted financial information to this Court, ECF 393, ViSalus has not hired any additional employees, has incurred additional penalties and fees on outstanding liabilities, suffered additional substantial operating losses in the wake of the Covid-19 pandemic, and is working to resolve outstanding tax liabilities in amounts upward of $35 million. Accordingly, should the Court decline to defer payment until after the constitutional question has been settled, ViSalus respectfully requests that the Court allow for briefing on (1) whether and in what amount any bond is necessary and (2) allocation of expenses relating to the claims administration process.

## CONCLUSION

For all of the foregoing reasons, ViSalus respectfully requests that the Court allow discovery and briefing on the constitutional limit of damages in this case before beginning the notice and claims procedure. Alternatively, should the Court elect to proceed with notice to class members and defer the constitutional analysis until after all claims have been processed, ViSalus respectfully requests that any payment obligation as to claims by class members, attorney's fees, and the incentive award be deferred until such time as all constitutional questions have been settled, or alternatively that the parties be allowed briefing on cost

allocation and the appropriateness of any bond.

DATED this 20th day of June, 2023.

SACRO & WALKER LLP

*s/ Lisa M. Burnett*

Lisa M. Burnett (Admitted *pro hac vice*)
lburnett@sacrowalker.com
700 North Brand Blvd., Ste. 610
Glendale, CA 91203
Telephone: 726.201.3555
Facsimile: 818.721.9670

Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
MILLER NASH LLP
Telephone: 503.224.5858
Facsimile: 503.224.0155

Attorneys for Defendant ViSalus, Inc.