FORUM LAW GROUP
Scott F. Kocher, OSB #015088
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

EDELSON PC
Eve-Lynn J. Rapp, Cal. Bar #342892*
erapp@edelson.com
Edelson PC
2101 Pearl Street
Boulder, Colorado 80302
Tel: 720.741.0076
Fax: 720.741.0081

* Admitted *pro hac vice*

(additional counsel listed on signature page)

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, on behalf of themselves and a class of others similarly situated,<br><br>                     *Plaintiff*,<br>     v.<br><br>**VISALUS, INC.**, a Nevada Corporation,<br><br>                     *Defendant.* | No. 3:15-cv-01857-SI<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S LATE PRODUCTION OF FINANCIAL DOCUMENTS** |

After willfully violating this Court's order by failing to produce documentation "sufficient to disclose its financial condition over the past three years" by March 1, *see* dkt. 459 at 4,

Defendant ViSalus, Inc. attached a hand-picked set of documents to its March 15 filing.[1] As Plaintiff asserted in her March 15 filing, ViSalus's failure to comply with the Court's order should result in waiver of its arguments in opposition to payment of notice costs or posting of a bond. The Court's March 1 disclosure deadline provided Plaintiff with an opportunity to assess ViSalus's filing and provide any necessary response. And ViSalus's filing demonstrates the wisdom of the Court's approach. If these documents demonstrate anything, it is that something's off and more questions need to be answered. To wit:

- ViSalus states that it has $0 in sales revenue, yet it claims to owe nearly $18 million Euro in Italian taxes (presumably on sales of its products)? It also states that it has no assets in the U.S., but its products are still available for sale in the U.S. at multiple sites. *See* VI, https://vi.com/ (last visited Mar. 18, 2024) and VISALUS STORE, https://www.visalus-store.com/ (last visited Mar. 18, 2024). At a minimum this suggests that ViSalus has some assets beyond the two Italian accounts listed in the March 15 filing.

- Does the company have any contingent or unliquidated claims for relief against third parties? These would be considered an asset, and could theoretically be assigned to the Class, to cover costs or a judgment.

- Should Pruvit Ventures, Inc. be responsible for any of these costs? Any user who attempts to purchase ViSalus products is redirected to the Pruvit website. Further, Declarant Nick Sarnicola states on his own website, *About*, NICK SARNICOLA, https://nicksarnicola.com/about (last visited Mar. 18, 2024), that "Recently, Vi sold to

---

[1] This information is relevant not only to the current issue of whether ViSalus should cover the costs of notice or post a bond to secure a future payment, but also to whether Class Members will be able to recover following a claims process. Plaintiff and her counsel are not inclined to front the costs of notice and additional time if at the end of the day neither they nor the class are able to recover what they are entitled to from the jury's verdict.

Pruvit International and Lacore Nutraceuticals concluding their 15 year run." Reporting in 2019 suggests this clam is true. *ViSalus Quietly sold off to Pruvit?*, BEHINDMLM (Dec. 16, 2019), https://behindmlm.com/companies/visalus/visalus-quietly-sold-off-to-pruvit/. Ordinarily, of course, an equity purchaser also assumes a company's debts, but that depends on the structure of the sale. How is this sale structured? And what happened to any funds that ViSalus received for this sale?

- While ViSalus provides limited information about its U.S. and Italian assets, it provides nothing about its "various subsidiaries headquartered outside of the United States, dkt. 460-2 ¶ 19, and Mr. Sarnicola indicates on his website there are 16 that are unaccounted for. *About*, NICK SARNICOLA, https://nicksarnicola.com/about (last visited Mar. 18, 2024) ("Body By Vi produced 3.5 million health transformations in 18 countries on its run").

- Ultimately, the main question is how is it that ViSalus—a company that has made over $2 billion dollars and was still making $9 million a year when it lost the jury trial in this case—can state with a straight face that it can't bond class notice, let alone pay the class members' claims for which it was found liable? It seems obvious that there have been a series of (likely fraudulent and offshore) transactions that it is afraid will be clawed back by the U.S. Bankruptcy Trustee should it file under Chapter 11.

ViSalus's self-serving, barebones submission hints at no legitimate answers to these questions.

Because it flouted this Court's order, ViSalus should be deemed to have waived any argument that it cannot pay a bond or notice costs. And the documents submitted by ViSalus likewise do not carry its burden to avoid payment of notice costs or a bond. Plaintiff believes that just like it has continued to find the funds necessary to pay their counsel to litigate this case to the Supreme Court, if the Court orders ViSalus to pay for the claims process or bond the amount

PLAINTIFF'S RESPONSE TO DEFENDANT'S LATE   3
PRODUCTION OF FINANCIAL DOCUMENTS

necessary the money will be posted. Indeed, why else would it care about the number of claims or the manner of their submission?

                                           Respectfully submitted,

                                           **LORI WAKEFIELD,** on behalf of themselves and a class of others similarly situated,

Dated: March 18, 2024                 /s/ J. Aaron Lawson
                                           EDELSON PC
                                           Rafey S. Balabanian, Cal. Bar #315962*
                                           rbalabanian@edelson.com
                                           J. Aaron Lawson, Cal. Bar #319306*
                                           alawson@edelson.com
                                           150 California Street, 18th Floor
                                           San Francisco, California 94111
                                           Tel: 415.212.9300
                                           Fax: 415.373.9435

                                           Eve-Lynn J. Rapp Cal. Bar #342892*
                                           erapp@edelson.com
                                           Edelson PC
                                           2101 Pearl Street
                                           Boulder, Colorado 80302
                                           Tel: 720.741.0076
                                           Fax: 720.741.0081

                                           FORUM LAW GROUP
                                           Scott F. Kocher, OSB #015088
                                           811 S.W. Naito Parkway, Suite 420
                                           Portland, Oregon 97204
                                           Tel: 503.445.2120
                                           Fax: 503.445.2120

                                           DOVEL & LUNER, LLP
                                           Simon Franzini, Cal. Bar #287631*
                                           simon@dovel.com
                                           Gregory S. Dovel, Cal. Bar #135387*
                                           greg@dovel.com
                                           201 Santa Monica Blvd., Suite 600
                                           Santa Monica, California 90401
                                           Tel: (310) 656-7066
                                           Fax: (310) 656-7069

**CERTIFICATE OF SERVICE**

    I, J. Aaron Lawson, an attorney, certify that on March 18, 2024, I served the foregoing by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ J. Aaron Lawson