**Joshua M. Sasaki, P.C.**, OSB No. 964182
josh.sasaki@millernash.com
MILLER NASH LLP
US Bancorp Tower
111 SW Fifth Ave, Ste 3400
Portland, OR  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

Lisa M. Burnett (Admitted *pro hac vice*)
lburnett@sacrowalker.com
SACRO & WALKER LLP
700 North Brand Blvd., Ste. 610
Glendale, CA 91203
Telephone: 726.201.3555
Facsimile: 818.721.9670

      Attorneys for Defendant
      Visalus, Inc.


## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION


| | |
|---|---|
| LORI WAKEFIELD, on behalf of herself and others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>VISALUS, INC.,<br><br>      Defendant. | CV No. 3:15-cv-01857<br><br><br>DEFENDANT'S REPLY BRIEF IN RESPONSE TO COURT ORDER OF FEBRUARY 16, 2024 |


In response to the Court's order of February 16, 2024, ECF 459, and Plaintiff's briefs filed on March 15 and March 18, 2024 Defendant ViSalus, Inc. ("ViSalus") respectfully submits this reply regarding (1) edits to the sample claim form submitted by Plaintiff to the Court and (2)

Page 1 -    DEFENDANT'S REPLY BRIEF IN RESPONSE TO FEBRUARY 16, 2024 ORDER

ViSalus's current financial condition and its implications regarding the company's ability to finance the claims administration process or post a bond.   For the reasons set forth below, ViSalus objects to certain wording on Plaintiff's proposed claim form and reiterates that it does not have the resources to fund the claims administration process or post a bond.  This brief is based on the below memorandum of points and authorities, the further Declaration of Nick Sarnicola submitted concurrently herewith, the files and records in this case, matters that are subject to judicial notice, and such other and further evidence as the Court may in its discretion admit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **Plaintiff's Proposed Claim Form Contains Inaccurate and Misleading Information**

Plaintiff's proposed edits to the sample claim form add unnecessary detail regarding ViSalus's appeals in this matter and effectively promise $500 per call when in reality it is unlikely that sufficient resources will be available to pay the full statutory amount to all claimants.  Additionally, it does not contain sufficient information for ViSalus to be able to verify that each claimant received (1) a marketing phone call (2) initiated with a prerecorded voice (3) at a residential or cell phone number (4) without consent.  ViSalus therefore objects to these additions and requests that the Court adopt ViSalus's proposed claim form, as submitted with its brief of March 15, 2024.[1]

At several places on the proposed claim form, Plaintiff has added language to the effect that, "[a]fter trial, ViSalus appealed to the appellate court and the U.S. Supreme Court.  The court of appeals affirmed the class's victory at trial, but vacated the $925,218,000 judgment and

---

[1] Plaintiff's proposed claim form also contains minor edits to the contact information for Plaintiff's counsel.  ViSalus does not object to those alterations.

Page 2 -    DEFENDANT'S REPLY BRIEF IN RESPONSE TO FEBRUARY 16, 2024 ORDER

asked the Court to reconsider the total amount." This language is wholly irrelevant to the claims process. It does not provide claimants with information needed to determine whether to fill out the form, nor does it seek information from claimants as to whether they meet the four criteria for class membership outlined above. Rather, it appears to be an attempt to impugn ViSalus for merely exercising its legal rights to appellate review. This is improper. ViSalus requests that the Court decline to add this language to the claim form.

Plaintiff's proposed edits also fail to make it clear to putative claimants that the per-call amount may be significantly less than the statutory penalty of $500. Throughout the proposed form, Plaintiff has removed reference to the $925 million upper bar on the judgment and the various costs and obligations which are likely to result in a reduced award. She has replaced this accurate language with misleading descriptions such as "each valid claim for $500 per call," "[t]he court ordered ViSalus to pay $500 per call," and so forth. Absent the limiting language regarding the judgment's upper bound and the contemplated constitutional analysis, these statements are not factually correct and are likely to create inflated expectations for recovery on the part of would-be class members.

ViSalus has submitted a proposed claim form that includes all information necessary to determine whether putative claimants are valid class members and which contains an accurate description of the available recovery in this matter. Accordingly, ViSalus reiterates its request that the Court use the sample claim form submitted with its brief of March 15, 2024.

## II.    ViSalus Does Not Have the Resources to Fund the Claims Process or Post a Bond

ViSalus cannot pay the costs associated with the notice and claims process and is not able to post a bond. "The usual rule is that a plaintiff must initially bear the cost of notice to the class." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). "[C]ourts must not stray too far from

the principle underlying [*Eisen*] that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978). ViSalus understands that there is precedent for shifting those costs to the defendant after there has been a finding of liability. However, even in that situation, the Court has discretion to shift costs of the notice and claims process under a "totality of the circumstances" test. *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1144 (9th Cir. 2009). Here, ViSalus requests that the Court exercise that discretion because its financial condition is such that it cannot bear the costs associated with the claims process itself, much less pay those costs and also pay out $500 per call plus attorney's fees and Plaintiff's incentive award.

Plaintiff's March 18, 2024, filing makes numerous inflammatory allegations about ViSalus and its founders in an attempt to avoid confronting the reality of ViSalus's financial situation. ViSalus addresses those allegations here and in the further Declaration of Nick Sarnicola, filed concurrently herewith. ViSalus has never disputed that it was, over a decade ago, profitable, reaching a high of over $600 million in *gross* sales in 2012. (March 27 Decl. Sarnicola ¶ 3.) ViSalus also once operated in 18 countries. (March 27 Decl. Sarnicola ¶ 14.) ViSalus's outstanding obligations to the Italian government stem from previous years when the company was operating at full capacity. (March 27 Decl. Sarnicola ¶ 4.) When sales began to decline, ViSalus elected to invest its remaining resources into maintaining its operational infrastructure in the hope that sales would recover and it could remit all taxes owed upon such recovery. (March 27 Decl. Sarnicola ¶ 4.)

Unfortunately, ViSalus has not been able to recapture its previous levels of sales or profitability. ViSalus's financial struggles are not new and have been public knowledge for

Page 4 -    DEFENDANT'S REPLY BRIEF IN RESPONSE TO FEBRUARY 16, 2024 ORDER

many years.  (March 27 Decl. Sarnicola ¶ 10.) ViSalus had $9 million in *gross* sales revenue in 2019, however, due to the cost of the company's operational infrastructure at the time, declining sales, and various issues with debts, tax obligations, bad publicity, and other legal and financial challenges, it suffered a substantial *net* operating *loss* in 2019 from which it has not been able to recover.  (March 27 Decl. Sarnicola ¶ 5.)  ViSalus has had $0 in sales since 2021.  (March 27 Decl. Sarnicola ¶ 12.)  As part of an overall attempt to enable a softer landing for its community of customers and distributors in light of declining sales, ViSalus and Pruvit Ventures, Inc. entered into an asset purchase agreement whereby Pruvit acquired certain assets of ViSalus in exchange for satisfying liabilities needed to use those assets.  (March 27 Decl. Sarnicola ¶¶ 6–9.) Pruvit did not acquire ViSalus and ViSalus did not receive any cash from this transaction. (March 27 Decl. Sarnicola ¶¶ 7–8.) The websites cited by Plaintiff in her brief are not owned or operated by ViSalus and include outdated or broken links.  (March 27 Decl. Sarnicola ¶ 12.)

ViSalus no longer operates in 18 countries and has wound up its international infrastructure with the exception of those related to the Italy subsidiary, which exists solely in order for the company to resolve its debts to the Italian tax and social security authorities. (March 27 Decl. Sarnicola ¶¶ 15–16.) ViSalus is not concerned about clawback in the event of a Chapter 11 filing and does not have any contingent or unliquidated claims against third parties. (March 27 Decl. Sarnicola ¶¶ 11, 19.)  ViSalus's only assets are two escrow accounts worth approximately $400,000.  (Feb. 29 Decl. Sarnicola ¶¶ 5–7; March 27 Decl. Sarnicola ¶ 20.)  At the same time, its debts and obligations are in the tens of millions.  (Feb. 29 Decl. Sarnicola ¶¶ 8–15.)  Plaintiff has submitted with her March 15, 2024 briefing a declaration estimating total costs of the claims process to be approximately $638,125.  (Decl. Lana Cooper ¶ 5.)  Plainly, ViSalus does not have the resources to fund the notice and claims process.  Moreover, ViSalus

Page 5 -    DEFENDANT'S REPLY BRIEF IN RESPONSE TO FEBRUARY 16, 2024 ORDER

has approached bond companies and lenders with respect to the judgment in this matter and has been told that it does not have sufficient credit or collateral to secure a bond or loan.  (March 27 Decl. Sarnicola ¶ 21.)

## CONCLUSION

For all of the foregoing reasons, ViSalus respectfully requests that the Court amend the proposed claim form as discussed above and in ViSalus's March 15, 2024 filing, and order Plaintiff to bear the costs of claims administration.

DATED this 29th day of March, 2024.

SACRO & WALKER LLP

*s/ Lisa M. Burnett*

Lisa M. Burnett (Admitted *pro hac vice*)
lburnett@sacrowalker.com
700 North Brand Blvd., Ste. 610
Glendale, CA 91203
Telephone: 726.201.3555
Facsimile: 818.721.9670

Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
MILLER NASH LLP
Telephone: 503.224.5858
Facsimile: 503.224.0155

Attorneys for Defendant ViSalus, Inc.