IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LORI WAKEFIELD, individually and on behalf of a class of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VISALUS, INC., <br><br> Defendant. | Case No. 3:15-cv-1857-SI <br><br> ORDER |

Michael H. Simon, District Judge.

Lori Wakefield (Wakefield), on behalf of herself and a certified class of similarly situated individuals (collectively, Plaintiffs), sued ViSalus, Inc. (ViSalus), alleging that ViSalus violated the Telephone Consumer Protection Act (TCPA). After a three-day trial, the jury returned a verdict finding that Defendant placed four prerecorded calls to Wakefield that violated the TCPA and 1,850,436 prerecorded calls to other class members that similarly violated the TCPA. Because the minimum amount of statutory damages for each violation of the TCPA is $500, the total maximum amount of aggregated statutory damages against ViSalus is $925,220,000 (1,850,440 times $500). The Court, therefore, entered judgment against ViSalus "for an

PAGE 1 – ORDER

aggregate amount not to exceed $925,218,000," plus $2,000 to Wakefield for her personal claim. ECF 383.

ViSalus appealed the judgment arguing, among other grounds, that an aggregate statutory damages award of $925,220,000 violates its right to due process. The Ninth Circuit rejected all of ViSalus's grounds for appeal except its due process argument. Regarding that argument, the Ninth Circuit held, as a matter of first impression, that aggregated statutory damages "even where the per-violation penalty is constitutional, are subject to constitutional limitation in extreme situations—that is, when they are 'wholly disproportioned' and 'obviously unreasonable' in relation to the goals of the statute and the conduct the statute prohibits." *Wakefield v. ViSalus, Inc.* (*Wakefield II*), 51 F.4th 1109, 1123 (9th Cir. 2022) (quoting *St. Louis, I. M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919)). The Ninth Circuit, however, "stress[ed] that only very rarely will an aggregated statutory damages award meet the exacting *Williams* standard and exceed constitutional limitations where the per-violation amount does not. Legislatures are empowered to prescribe purely punitive penalties for violations of statutes." *Id.* The Ninth Circuit remanded to this Court to assess whether the maximum award in this case is so "severe and oppressive" as to violate ViSalus's due process rights. *Id.* at 1125.

Upon remand, and after supplemental briefing, the Court concluded that under the unique circumstances of this case, the best procedure is to proceed with claims processing and evaluate the constitutionality of the judgment against ViSalus considering its actual liability, particularly given the Court's discretion to allow ViSalus to retain unclaimed funds. ECF 459. The Court provided draft updated claims notification documents and allowed additional briefing on those proposed documents and the issue of whether ViSalus should be required to pay for claims processing costs or to post a bond. *Id.*

PAGE 2 – ORDER

**A. Proposed Claims Documents**

Both Plaintiff and ViSalus propose changes to the Court's proposed claims notification documents. ViSalus repeats requested changes that the Court previously rejected in preparing its draft documents. ViSalus urges that class members must identify whether they "heard" a prerecorded message "begin" a call, must identify the number of calls they received and the number at which they received such calls, must affirm that they did not consent to receive calls, must affirm that the calls were for marketing purposes, and must affirm that the calls were to a non-business number. ViSalus argues that without this information, it will be unable to determine whether persons who respond are properly within the class, because the jury concluded that of the 1,927,928 calls on Plaintiff's list, only 1,850,436 violated the TCPA. ViSalus contends that unless a purported class member provides these details in a claim form, ViSalus will be unable to determine which calls are the approximately 77,500 the jury found did not violate the TCPA and thus challenge persons associated with those calls as not properly within the class. ViSalus also contends that requiring class members to fill in the phone number that received the call and the number of calls received nearly ten years ago is necessary to prevent "opportunistic" claims by persons who are not "in fact" members of the class.

Class Counsel responds that the jury has already concluded that ViSalus made telemarketing calls in violation of the TCPA, the statute does not require that the call be "heard" but only that the prerecorded voice "spoke" and the jury made that determination, ViSalus waived any defense based on consent, and that Plaintiff's call list contains the associated phone number for each class member. Class Counsel also argues that requiring this level of detail on a claim form is an attempt to relitigate issues that ViSalus lost at trial and on appeal, makes the claims process more burdensome than necessary, and is an improper attempt to reduce the rate of return for claims submissions.

PAGE 3 – ORDER

This Court has already concluded that ViSalus waived its consent defense. *Wakefield v. ViSalus, Inc.* (*Wakefield I*), 2021 WL 602710, at \*4 (D. Or. Feb. 16, 2021). The Ninth Circuit affirmed. *Wakefield II*, 51 F.4th at 1118-19. Thus, class members need not affirm that they did not consent to receive the calls.

The Court also concluded that Wakefield proved by a preponderance of the evidence that: (1) *each* of the 1,850,436 calls made to the class was to a residential, non-business line or a mobile phone; (2) each call was telemarketing in nature; (3) the spreadsheet available to the jury on which it could have "counted the disposition codes documenting that a message actually played and used that number to estimate the number of calls" was sufficient to support the jury's verdict that a message played, and during claims administration "the spreadsheets documenting the outcome of each call provide[] an easily manageable answer" to the individualized determination of whether a message actually played to each purported class member. *Wakefield II*, 2021 WL 602710, at \*3. The Court finds that requiring a class claimant to provide the information requested by ViSalus on their own is unnecessary, but that class members should confirm to the best of their recollection that the information associated with the claimant as identified by Plaintiff from ViSalus's records is accurate.[1]

The Court therefore adds to the claim form so that it will be "auto-populated" with the number of calls received based on the information available, in addition to the telephone number, and that claimants must confirm the accuracy of that information to the best of their recollection or provide replacement information if that information is inaccurate. ViSalus may challenge

---

[1] The Court rejects ViSalus's concern of fraudulent or "opportunistic" submissions. *See Briseno v. ConAgra Foos, Inc.*, 844 F.3d 1121, 1130 (stating that concerns that "individuals will submit illegitimate claims . . . . may be valid in theory, but in practice, the risk of dilution based on fraudulent or mistaken claims seems low, perhaps to the point of being negligible" (quotation marks omitted)).

PAGE 4 – ORDER

class members whose information it believes does not support damages or a class member's

participation in the class based on the claim form or the information in the claimant's record,

such as the campaign and disposition codes.

ViSalus also challenges the emphasis on the "illegal" nature of ViSalus's conduct as

"painting a sinister picture" of ViSalus. The jury found that ViSalus made 1,850,436 calls that

violated the TCPA. Thus, the jury concluded that ViSalus engaged in significant illegal conduct.

Nonetheless, the Court will reduce the number of times of "illegal" is used in the forms.

Finally, ViSalus argues that references to the $500 per call damages amount should be

referenced as "up to $500" because there are circumstances where the per call statutory award

may have to be reduced. The Court will make it clear on the forms that the per call award may be

reduced.

Class Counsel also proposes revising the draft claims notification documents. Class

Counsel first requests a change to explain that they have modified their attorney's fee request to

only the amount equaling 25 percent of the total of all valid submitted claims. This change is

acceptable, but then counsel must also file an amendment to their motion for attorney's fees

stating as much and must post that amendment on the claims website so that class members will

have access to accurate information regarding requested attorney's fees in time to lodge any

objection. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010).

Wakefield also proposes changes that explain that ViSalus appealed the judgment to the

Ninth Circuit and the Supreme Court. The Court finds these changes unnecessary and confusing.

If counsel wishes to emphasize its general success on appeal for purposes of supporting its

request for attorney's fees, it may do so in the amendment to the attorney's fee motion.

PAGE 5 – ORDER

Wakefield also proposes some non-substantive changes, most of which the Court has accepted.

## B.  Claims Expenses

ViSalus argues that it should not be required to pay claims expenses or to post a bond. ViSalus argues that Wakefield should pay for expenses because a plaintiff "generally" pays for the costs of class notice. ViSalus also asserts that the company is nearly bankrupt, with only approximately $400,000 in cash but millions in liabilities.

The general requirement that a plaintiff pays for class notice typically does not apply after a defendant has been found liable. *See, e.g.*, *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143-44 (9th Cir. 2009) (describing how district courts generally shift costs after liability has been determined and concluding that a district court may do so even while the issue of liability remains on appeal). ViSalus's only argument, thus, is that it does not have the resources to pay the costs of notice and claims administration.

ViSalus cites no authority for the proposition that its financial resources should be the determining factor in the Court's exercise of discretion in determining shifting of the notice and claims administration costs. In this case, liability has not only been determined by the jury, but has been upheld on appeal. The only remaining potential issue is whether the damages ultimately may be so high as to implicate ViSalus's due process rights, but that would not implicate ViSalus's liability to pay the costs of notice and claims processing. Regardless of any future aspect of this litigation, ViSalus ultimately will be liable for these costs, so there is no reasonable benefit to be gained by delaying assigning responsibility to ViSalus. The Court requires ViSalus to pay the costs of notice and claims administration. The Court, however, waives the requirement for any bond from ViSalus for the ultimate damages.

PAGE 6 – ORDER

The Court resolves the issue of class notification and claims processing, including fee shifting, as discussed in this Order. Attached to this Order are claims documents after taking into consideration the parties' suggestions.

**IT IS SO ORDERED.**

DATED this 26th day of April, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 7 – ORDER