FORUM LAW GROUP
Scott F. Kocher, OSB #015088
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

EDELSON PC
Eve-Lynn J. Rapp, Cal. Bar #342892*
erapp@edelson.com
1728 16th Street
Suite 210
Boulder, CO 80302
Tel: 720.741.0076
Fax: 720.741.0081

\* Admitted *pro hac vice*

*(additional counsel listed on signature page)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **LORI WAKEFIELD**, individually and on behalf of a class of others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>**VISALUS, INC.**, a Nevada corporation,<br><br>                    Defendant. | No. 3:15-cv-01857-SI<br><br>**Motion for Entry of a Limited Judgment or, in the alternative, an Order to Show Cause** |

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, counsel for Plaintiff and the certified Class certifies that they have made good faith efforts to resolve the issues in this motion, but despite those efforts have been unable to do so.

**INTRODUCTION**

Over three months ago, after extensive briefing, this Court ordered Defendant ViSalus, Inc. "to pay the costs of notice and claims administration." (Dkt. 467.) Three days after the Court's order, Class Counsel transmitted to counsel for ViSalus an invoice prepared the notice administrator, KCC, LLC, for the costs of notice and claims administration, in the amount of $638,125. More than three months have passed since that date. But ViSalus has neither paid any portion of the invoice nor agreed to a payment plan. This despite the fact that ViSalus has tendered evidence to the Court showing that it has *at least* $407,638.31 sitting in two escrow accounts at a New York law firm (Dkt. 460-2 ¶ 14) and public reporting that ViSalus was recently acquired for some undisclosed amount of money. (Dkt. 462 at 2-3.) The certified class cannot tolerate this delay. The Court should enter a limited judgment in the amount of $638,125, to permit the class to begin proceedings to collect, and pay for notice and claims administration. In the alternative, the Court should order ViSalus to show cause why it should not be held in contempt for violating the Court's order.

**BACKGROUND**

On remand from the Ninth Circuit in this case, the parties have litigated several key issues. Relevant here is who should pay for notice and claims administration. The parties had contested that issue (along with the form of notice), which dispute the Court largely resolved by order dated February 16, 2024. (Dkt. 459.) But in that order, the Court provided the parties 28

days to file "simultaneous opening briefs addressing (1) the Court's proposed changes to the notice and claims documents, and (2) any new issues regarding the claims process the parties wish to raise, and (3) ViSalus's financial condition and its implication, if any, on the payment of claims notice and processing expenses and whether ViSalus should be required to post a bond." (*Id.* at 5.)

On March 15, ViSalus submitted to the Court some financial documentation. (Dkt. 460-2.) As Plaintiff pointed out (Dkt. 462), these documents leave many questions unanswered, and potentially obscure other sources ViSalus might draw upon to pay a judgment (or notice costs). But at the least, they show, as ViSalus acknowledged, around $400,000 in assets held in escrow by a law firm headquartered on Long Island. (Dkt. 460-2 ¶¶ 6-7 & Exhibit A.) The tax forms submitted by ViSalus also showed cash income of nearly $200,000 and investments worth over $4 million. (*Id.* Exhibit B.)

By order dated April 26, 2024, this Court ordered Defendant ViSalus, Inc. to pay the costs of notifying the class of the judgment entered in this case and of administering the claims process. (Dkt. 467.) On April 29, 2024, counsel for the class forwarded to counsel for ViSalus, Inc., Lisa Burnett, an invoice from KCC, LLC, who was retained to provide notice and process claims, demanding payment. (*See* Declaration of J. Aaron Lawson ("Lawson Decl."), which is being filed simultaneously, Exhibit A.)[1] That invoice was in the amount of $638,125. (Lawson Decl., Exhibit B.) Counsel for ViSalus represented that she had passed the invoice along to her client. (Lawson Decl. Exhibit A.)

---

[1] KCC recently was renamed "Verita Global." Because the firm was known as KCC during nearly all of the period described in this brief, we use the old nomenclature.

MOTION FOR ENTRY OF A LIMITED                    2
JUDGMENT OR, IN THE ALTERNATIVE,
AN ORDER TO SHOW CAUSE

Class counsel followed up on May 3, 2024, seeking information on whether the invoice was paid, or when it might be paid. (Lawson Decl. Exhibit A.) Ms. Burnett represented that she had no further information but assumed that ViSalus would likely need to raise the funds or negotiate a payment plan; she made clear, however, that she was not involved in those hypothetical efforts. (*Id.*) So Class Counsel asked for the contact information of anyone who was involved. (*Id.*) Having received no information by May 8, Class Counsel followed up a second time. Ms. Burnett had no updates. (*Id.*) Class Counsel followed up again on May 15. (*Id.*) On May 16, Ms. Burnett responded that ViSalus had engaged her to negotiate a payment plan with KCC, and that she had "a call in to KCC." (*Id.*)

When Class Counsel heard nothing further, they reached out to KCC by emailing Carla Peak and Lana Cooper, the two KCC employees who are assigned to this matter. (Lawson Decl. Exhibit D.)[2] Ms. Cooper represented that KCC had no record of being contacted by Ms. Burnett. Upon investigation, KCC discovered that Ms. Burnett inexplicably had attempted to contact them through a case-specific email assigned to a settlement that was administered in 2022 and 2023 (specifically, the email was "info@westernunionremissionphase2.com"). (*Id.*; *see also* Lawson Decl. Exhibit C.) At that point, Ms. Cooper reached out to Ms. Burnett on KCC's behalf.

Class counsel followed up again on June 17, asking KCC if they were able to reach Ms. Burnett. (Lawson Decl. Exhibit D.) Ms. Cooper represented that a call had been scheduled for June 21, five weeks after Ms. Burnett had informed Class Counsel that she would seek to negotiate a payment plan with KCC on ViSalus's behalf, and nearly 3 months after ViSalus was ordered to pay. (*Id.*)

---

[2]     Ms. Peak and Ms. Cooper both have filed declarations in this lawsuit. (Dkts. 461-1 (Declaration of Lana Cooper), 396-1 (Declaration of Carla Peak).)

MOTION FOR ENTRY OF A LIMITED                3
JUDGMENT OR, IN THE ALTERNATIVE,
AN ORDER TO SHOW CAUSE

Class counsel followed up with KCC again on July 11, to see if any progress had been made. (Lawson Decl. Exhibit D.) KCC reported that there was "[n]ot much progress." (*Id.*) KCC also indicated that Ms. Burnett had told them she would reach out to Class Counsel. Rather than wait, Class Counsel emailed Ms. Burnett. Ms. Burnett informed Class Counsel that ViSalus "[doesn't] have a definite proposal at this point," but suggested some elements of a workable payment plan, including "deferring some of the more expensive items until later in the process and adopting a segmented pay-as-you-go arrangement." She said she would "reach out again when we have a more concrete sense of what we would be proposing." (Lawson Decl. Exhibit A.) Since then, according to KCC, "there has not been any movement from ViSalus." (Lawson Decl. Exhibit D.)

## ARGUMENT

Action from this Court is necessary, and Plaintiff therefore proposes two paths forward. First, the Court should enter a limited judgment in the amount of $638,125 in order to facilitate collection efforts that will get the ball rolling on giving notice to the class, administering the verdict, and getting money to class members.

In the alternative (or additionally), the Court should order ViSalus to show cause why it should not be held in civil contempt. Three months have passed since the Court ordered ViSalus to pay for notice. Two months have passed since ViSalus first represented that it intended to negotiate a payment plan with KCC. ViSalus's actions are those of a litigant who is not inclined to comply with that order.

## I.     The Court should enter an interim judgment of $638,125.

First, under authority provided by Fed. R. Civ. P. 54 and 58(a), the Court should enter a judgment in the amount of $638,125. The Court's order requiring ViSalus to pay for notice and

claims is an interim order shifting costs in this litigation. *See Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009). Rules 54 and 58 treat items like litigation costs and attorneys' fees as separate types of relief a plaintiff can pray for. *See* Fed. R. Civ. P. 54(d)(1); (*see also* Dkt. 36, First Am. Compl., Prayer for Relief ¶ 6). The Court should memorialize these costs in a judgment to facilitate collection. State-law remedies, *see* Fed. R. Civ. P. 64(a), 69, including writs of garnishment, require a judgment, *see* ORS 18.605(1)(a), N.Y. C.P.L.R. § 5201, as do supplemental proceedings in federal court, *see* Fed. R. Civ. P. 69.[3] Indeed, while examples of similar failures to pay such costs are relatively rare, another district court in this Circuit has entered a separate judgment to facilitate the collection of similarly ordered fees. *See BoxNic Anstalt v. Gallerie degli Uffizi*, No. CV-18-1263-PHX-DGC, 2020 WL 6321580, at *1–2 (D. Ariz. July 23, 2020) ("enter[ing] [] a separate judgment on the fee and cost award to facilitate appropriate collection efforts against Plaintiff in Lichtenstein and Italy"). This Court should do likewise.

## II.     The Court should order ViSalus to show cause why it should not be held in contempt.

### A.     Legal standard for civil contempt

"Civil contempt ... consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)); *see also*

---

[3]     *See* 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in any … district court … may be registered … in any other district … . … A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.").

MOTION FOR ENTRY OF A LIMITED
JUDGMENT OR, IN THE ALTERNATIVE,
AN ORDER TO SHOW CAUSE

5

*Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) ("Civil contempt is characterized by the court's desire to compel obedience to a court order.").

"[T]o succeed on a motion for civil contempt, the movant must show that the alleged contemnor: '(1) violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.'" *Don't Shoot Portland v. City of Portland*, 503 F. Supp. 3d 1022, 1032 (D. Or. 2020) (quoting *Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009)). If the movant demonstrates violation of a specific court order, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply with such order." *LHF Prods., Inc. v. Doe-73.37.70.66*, No. 3:17-CV-241-AC, 2017 WL 3130121, at *2 (D. Or. July 21, 2017). This showing, too, must be made by "clear and convincing evidence." *Id.* at *2–3. "A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (citations omitted).

    **B.**    **ViSalus has violated a court order.**

The Court ordered ViSalus to pay the cost of providing notice to the class. ViSalus has not done so. It appears that any steps taken by ViSalus that even look like an attempt to comply with the Court's order are calculated merely to delay matters. ViSalus's counsel has reported token, piecemeal progress, but to date little has materially changed, and ViSalus does not appear any closer to actually complying with the Court's order.

This delay matters. To provide notice and process claims is not a cost-free endeavor. It is unreasonable to expect KCC to spend more than $600,000 to disseminate notice or conduct a

Motion for Entry of a Limited
Judgment or, in the alternative,
an Order to Show Cause

6

claims process without assurances that it will be paid. (*See also* Dkt. 462 at 2 n.1.) Allowing ViSalus to welch on its Court-ordered obligation to pay at this point would deny KCC those assurances and delay the administration of this class action.

Plaintiff appreciates that ViSalus may wish to arrange some sort of payment plan (and can agree that a payment plan would constitute, at the least, substantial compliance with the Court's order). But ViSalus does not appear to be taking steps to accomplish even that. Defense counsel's first step of emailing an address with no conceivable relevance to this case reveals these efforts to be a sham. And defendant's failure to have a "concrete" idea of what it might even *propose* as a payment plan more than two months after it was ordered to pay the cost of notice does not suggest a litigant eager, or even willing, to comply with the Court's order.

The order to show cause should extend to ViSalus's CEO, as well. "A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself" may be liable for contempt. *Inst. of Cetacean Rsch.*, 774 F.3d at 955 (citation omitted). Here, Mr. Sarnicola explained under oath that he is the CEO of the company, that the company has no other employees, and that the funds in the bank account may be disbursed "in accordance with instructions given by the company." (Dkt. 460-2 ¶¶ 1, 4-6.) The only logical conclusion is that Mr. Sarnicola could have given the instruction to disburse those funds in accordance with the Court's order but failed to do so. That is contempt.

ViSalus may well suggest that it cannot comply with the Court's order because it lacks the funds. The Court should not be moved. First, the Court already has considered ViSalus's financial position when it ordered ViSalus to pay. There is no need to reconsider that decision

just a few months later. Second, the information ViSalus already has submitted shows that it has access to assets that would at least allow it to begin the process of paying for notice. (*See* Dkt. 460-2 Exhibits A, B.) Moreover, as Plaintiff pointed out, publicly available information concerning ViSalus and its founders suggest that ViSalus, or the individuals that control ViSalus, likely have access to additional assets. (Dkt. 462 at 2-3.) And the idea of raising funds to satisfy a court order or a judgment is not a foreign one.

ViSalus may also suggest that it has not violated a Court order because the order requiring it to pay for notice and claims does not contain a deadline for payment. If the Court does not wish to enter a limited judgment at this time, it should set a short deadline for payment, or the establishment of a payment plan.

## CONCLUSION

The Court should enter a judgment in the amount of $638,125, or, in the alternative, should order ViSalus to show cause why it should not be held in contempt.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **LORI WAKEFIELD, individually and on behalf of all similarly situated individuals,** |
| Dated: July 31, 2024 | /s/ J. Aaron Lawson |
|  | EDELSON PC<br>Rafey S. Balabanian, Cal. Bar #315962*<br>rbalabanian@edelson.com<br>J. Aaron Lawson, Cal. Bar #319306*<br>alawson@edelson.com<br>150 California Street, 18th Floor<br>San Francisco, California 94111<br>Tel: 415.212.9300<br>Fax: 415.373.9435 |
|  | Eve-Lynn J. Rapp, Cal. Bar #342892*<br>erapp@edelson.com<br>Edelson PC |

MOTION FOR ENTRY OF A LIMITED JUDGMENT OR, IN THE ALTERNATIVE, AN ORDER TO SHOW CAUSE        8

1728 16th Street
Suite 210
Boulder, CO 80302
Tel: 720.741.0076
Fax: 720.741.0081

FORUM LAW GROUP
Scott F. Kocher, OSB #015088
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
Tel: 503.445.2120
Fax: 503.445.2120

DOVEL & LUNER, LLP
Simon Franzini, Cal. Bar #287631*
simon@dovel.com
Gregory S. Dovel, Cal. Bar #135387*
greg@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Tel: (310) 656-7066
Fax: (310) 656-7069

* Admitted *pro hac vice*

*Attorneys for Plaintiff and the Class*