**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **LORI WAKEFIELD, individually and on behalf of a class of others similarly situated**, <br><br> Plaintiff, <br><br> v. <br><br> **VISALUS, INC., a Nevada corporation**, <br><br> Defendant. | Case No. 3:15-cv-1857-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Lori Wakefield, on behalf of herself and a certified class of similarly situated individuals (collectively, "Plaintiffs"), sued ViSalus, Inc. ("ViSalus"), alleging that ViSalus violated the Telephone Consumer Protection Act ("TCPA"). The jury returned a verdict for Plaintiffs, finding that ViSalus placed 1,850,440 prerecorded calls to class members that violated the TCPA. Because the minimum amount of statutory damages for each violation of the TCPA is $500, the Court entered judgment against ViSalus for an aggregate amount not to exceed $925,220,000 (1,850,440 times $500). ViSalus appealed the judgment, and the Ninth Circuit remanded to this Court to assess only whether the maximum award is so "severe and oppressive" as to violate ViSalus's due process rights. Upon remand, the Court concluded that it would proceed with claims processing and afterward evaluate the constitutionality of the judgment. ECF 459. On April 26, 2024, the Court further ordered ViSalus to pay claims expenses, including notice and

PAGE 1 – ORDER

claims administration costs ("claims processing costs"). ECF 467. Plaintiffs invoiced ViSalus for the expected claims processing costs, but ViSalus has not paid these costs.

On July 31, 2024, Wakefield filed a motion for entry of a limited judgment in the amount of $638,125 for claims processing costs, or, in the alternative, an order for ViSalus to show cause as to why it should not be held in contempt for violating the Court's April 2024 Order by failing to pay these costs. ECF 473. Wakefield argues that a limited judgment is necessary to begin its proceedings to collect from ViSalus and eventually pay for the claims processing costs, so that class members can receive their damages.

ViSalus responds that it does not have the resources to pay the claims processing costs, and therefore a judgment would not affect the process of serving notice or further the goals of the litigation. ViSalus, however, cites no authority establishing that inability to pay a judgment is a proper basis for denying entry of a judgment. Further, ViSalus does not establish that a judgment would not assist in resolving this litigation. As Wakefield argues, a limited judgment would, at the very least, allow Wakefield to begin the collection process and discover ViSalus's available assets.

The Court agrees with Wakefield that there is good cause for a partial judgment under Rule 54(b) of the Federal Rules of Civil Procedure. The Court therefore GRANTS Wakefield's motion for a partial judgment, ECF 473.

**IT IS SO ORDERED.**

DATED this 2nd day of October, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER